# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE M. ALRED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ELI LILLY AND COMPANY, an Indiana ) | Civil Action No. _____ |
| Corporation, and MICHAEL ANDERSON, ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## COMPLAINT

By this action, plaintiff Catherine M. Alred (herein, "Alred") seeks damages from the above-named defendants for discrimination and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* resulting in the termination of her employment.

## PARTIES

1.　　Plaintiff Alred is an adult individual who is a citizen of the State of Delaware and who was formerly employed in Delaware by Eli Lilly and Company ("Lilly").

2.　　Defendant Lilly is an Indiana corporation with operations in the State of Delaware.

3.　　Defendant Michael Anderson ("Anderson") is an adult individual who is a citizen of the State of Maryland and who, during the times relevant in this Complaint, was an employee of Lilly, in the State of Delaware.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this lawsuit occurred in this District.

## ALRED'S EXEMPLARY EMPLOYMENT RECORD

6.      Alred commenced her employment with Lilly on May 24, 2001.  Because of her prior experience and education, she was hired in the position of Senior Sales Representative I instead of an entry level position.  From that time until Lilly terminated her employment on March 27, 2007, Alred was employed by Lilly as a sales representative.  Her duties included visiting doctors, hospitals, and other clients of Lilly to market its pharmaceutical products.

7.      In 2001, her first year of employment at Lilly, Alred received a District Achievement award for superior performance.

8.      In 2002, Alred again received a District Achievement award and was promoted to Senior Sales Representative II.  This promotion reflected Alred's superior performance in that most promotions at Lilly occur only after three years at the previous level.

9.      In 2003, sales attributed by Lilly to Alred were 120% of her quota, and Alred earned a Lilly's President's Council Award for top 1% in sales.

10.     In 2004, sales attributed by Lilly to Alred were 123% of her quota and she was ranked in the top 7% of sales.  In 2004, Lilly recognized Alred as a "Private Practice Champion" for her work marketing Lilly's top-selling drug, Zyprexa.  In 2004, Lilly also selected Alred as an Active Mentor for her District, signifying that Lilly recognized that she possessed the skills and experience necessary to mentor other less-experienced Lilly employees.

11.     In 2005, despite a work-related automobile accident (described below), Alred

2

achieved sales that exceeded 152% of her quota. In 2005, Lilly again named Alred "Private Practice Champion" for her work marketing Lilly's top-selling drug, Zyprexa.

## ALRED'S WORK-RELATED ACCIDENT

12.    On September 29, 2005, Alred was injured in a work-related automobile accident that resulted in a concussion and herniated disks in her spine (the "Accident"). Lilly acknowledged the Accident as a workers' compensation matter.

13.    On and after October 2, 2005, Alred consulted several doctors. On or about October 7, 2005, Alred's physician, Dr. David Estock, advised Lilly in writing that Alred required time off to seek medical care for her serious medical condition. Alred took time off due to her serious medical condition, which Lilly chose not to designate as FMLA leave. Alred's company-owned automobile, a sedan, was damaged in the Accident. Upon the advice of Alred's physician that Alred's back condition required an automobile that would minimize bending over movements, Lilly issued Alred an SUV for use in connection with her employment.

## DEFENDANTS' DISCRIMINATORY CONDUCT

14.    On or about January 1, 2006, Lilly appointed Defendant Anderson as Alred's new district manager and direct supervisor. At a national sales meeting held on January 4-6, 2006, Anderson announced that he would be taking unspecified actions to ensure a "fully productive team."

15.    Shortly thereafter, Anderson accompanied Alred on a daily field visit. Anderson questioned Alred about the Accident and questioned why she was driving an SUV without his approval. Alred explained that she had been permitted to drive the SUV as an accommodation for her back condition. During the questioning, Anderson asked her, "Aren't you getting too old to do this job?" Alred was forty-nine years old at the time.

16. At that time, Alred's territory was limited such that she was not required to drive in more than one hour increments. On January 16, 2006, Alred faxed to Lilly Dr. Estock's medical opinion that Alred should drive in no more than one hour increments (the "Restriction").

17. Shortly after that opinion, Anderson again questioned Alred about the Accident and again questioned why Lilly had permitted Alred the use of an SUV.

18. On or about February 13, 2006, Anderson presented Alred with a new job description that imposed on her a duty to drive more than 2.5 hours (one way) for sales purposes. Through this job description, Lilly required Alred to perform tasks that he knew she could not perform due to her medical condition. At that time, Lilly did not impose the same travel requirements upon similarly situated, Wilmington-based, younger colleagues who had not recently taken medical leave.

19. In presenting the new job description to Alred, Anderson advised Alred that he would rate her performance "below standard" if she refused to comply with the extended driving requirements. At that same time, Anderson also demanded that Alred advance the date of her next doctor's appointment. Anderson further warned Alred that there was "no guarantee" that he would hold her job open if she were to exercise her right to take FMLA leave as a result of the expanding driving requirements that Anderson was imposing on her.

20. On February 17, 2006, Alred complained internally, to Bill Brown, HR Specialist at Lilly, that she believed Anderson was attempting unlawfully to set her up for the termination of her employment. Brown agreed that Anderson should not have threatened Alred with a bad performance review. Brown encouraged Alred to comply with Anderson's demand that she reschedule her doctor's appointment. Following Brown's advice, Alred rescheduled her doctor's appointment as Anderson had requested.

21.    On February 18, 2006, Anderson stated to Alred that if her doctor opined that she could not perform the new requirement that he had imposed on her, Anderson would require her removal from the work place (and to take FMLA leave on account of not being able to do satisfy the new work requirements that he had imposed on her).

22.    As Defendants' anticipated, Alred's doctor stated that Alred could not drive the new, expanded distance.  Lilly then placed Alred on FMLA leave, which began officially on February 25, 2006.  During Alred's FMLA leave, she frequently saw Dr. Estock and her pain specialist, Dr. James Moran.  Throughout her leave, Alred relayed doctors' notes to Lilly's point of contact for workers' compensation, Joyce Shaw.

23.    During the same time frame, Anderson also targeted other Lilly employees who had taken, or would need to take, FMLA leave.  For example, Danie Roser took FMLA leave in 2005 for an injury.  Subsequent to Anderson speaking with Roser about her FMLA leave in February 2006, Anderson played a key role in denying Roser's return to her position after she took additional leave in 2006 for pregnancy.  Upon information and belief, Roser's position was filled during her leave and remains filled today.

24.    Although Alred's doctors continued to opine that Anderson's newly-imposed extended driving requirements were problematic given her medical condition, the Defendants' conduct in threatening her job deterred Alred from taking the full FMLA leave that she had a right to take.  Accordingly, at Alred's request, her doctors authorized her to return to work on a "trial basis."  Alred returned to work on March 27, 2006.

### DICRIMINATORY CONDUCT ESCALATES UPON ALRED'S RETURN FROM FMLA LEAVE

25.    Upon Alred's return from FMLA leave, Defendants imposed additional unrealistic demands on her in furtherance of their intent to interfere with Alred's rights under the

5

FMLA and to retaliate against Alred based on her need for and exercise of such rights. To an extent to be determined through discovery, Defendants had a combination of illegal and discriminatory motives with regard to their actions against Alred, in that their intent to interfere with Alred's exercise of her rights under the FMLA and to retaliate against Alred for exercise of those rights was combined with an intent to discriminate and retaliate against her because of her age and her real or perceived disability arising out of the Accident. For all these discriminatory and illegal reasons, Defendants concluded that Alred did not qualify for membership on Anderson's "fully productive team" and therefore must be fired if she could not be forced to resign.

26.     Among other things, Anderson made clear that he disapproved of Alred taking time from work to undergo physical therapy, which she had been undergoing since January 2006, shortly after the Accident. Anderson's conduct again deterred Alred from taking FMLA leave to which she was entitled and constituted a refusal to afford a reasonable accommodation to her.

27.     Still, health care professionals (e.g., Charlene Bowser, R.N., of Lilly's workers' compensation carrier) insisted that Alred continue with physical therapy. Alred discussed the need to care for herself with Brown, but based on Anderson's disapproval of her seeking physical therapy as she was entitled to do under the FMLA, and to avoid further retaliation from Anderson for any exercise of her FMLA rights, she informed Brown that she would go to therapy off hours, which she did throughout 2006 and into 2007.

28.     When Defendants' discriminatory and illegal conduct proved unsuccessful in persuading Alred to quit her job, Defendants created a bogus paper-trail in order to obfuscate the true reason for their desire to terminate the employment of Alred and in attempt to shield Defendants from liability for their discriminatory and illegal conduct.

29.    Anderson's tactics became so transparent and abusive that Alred sought relief through the formal filing of an internal complaint of harassment, which she submitted on September 6, 2006.

30.    Anderson's treatment of Alred continued to worsen after she filed her internal claim of discrimination.    After Alred filed her internal claim of discrimination, Anderson retaliated against her by increasing her evening assignments and imposing numerous unrealistic deadlines and by the heightening of her every-day conduct.

31.    Lilly terminated Alred's employment on or about March 21, 2007, without providing a reason.

32.    At that same time that Defendants were taking discriminatory and illegal actions leading up to the termination of Alred's employment, Mr. Anderson was playing a significant role both in the harassment and/ or termination of at least three other Lilly employees who were over 40 years old.  During that same time period, he participated in the hiring of at least seven employees who were under 40 years old and were not in need of exercising their rights under the FMLA and had no real or perceived disability that would require reasonable accommodation.

33.    On April 24, 2007, Alred filed a Charge of Discrimination (the "Charge") based on age and retaliation with the Delaware Department of Labor.  That charge is still pending. Alred will seek to amend this complaint to add those claims after she has exhausted her administrative remedies as to those claims.

**COUNT ONE**
**VIOLATION OF RIGHTS UNDER FMLA**

34.    Alred incorporates the preceding paragraphs herein the same as though pleaded in full.

35.    Alred was eligible for protection under FMLA.

36.     Under 29 U.S.C. § 2615(a), it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the FMLA, and it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA.

37.     Lilly and Anderson, who acted directly or indirectly in the interests of Lilly, interfered with Alred's exercise or attempted exercise of FMLA rights; and discriminated and retaliated against Alred for the rights under FMLA that she did assert.

38.     Pursuant to 29 U.S.C. § 2617, Alred prays for an award of all damages and other relief allowed by the FMLA including, without limitation, liquidated damages.

**WHEREFORE,** Alred requests that the Court enter a judgment in her favor and against Defendants on all of her claims, as follows:

(a)     declaring judgment in favor Alred as to each count in the Complaint;

(b)     directing Lilly to pay Alred appropriate back pay in an amount to be proven at trial;

(c)     directing Lilly to pay Alred appropriate front pay in an amount to be proven at trial;

(d)     directing Lilly to pay Alred interest, costs, and attorneys' fees; and

(e)     granting such other and further relief as this Court should deem just and proper.

CONNOLLY BOVE LODGE & HUTZ LLP

_Tiy M. Holly_

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for Plaintiff Catherine M. Alred*

Date: February 12, 2008
CBLH: 591321

# UNITED STATES DISTRICT COURT

_____ District of _____DELAWARE_____

CATHERINE M. ALRED.,                    )       **SUMMONS IN A CIVIL CASE**
                                        )
      Plaintiff                    )
                                        )
                                        )
V.                                      )
                                        )
                                        )       CASE NUMBER: C.A. No.
                                        )
ELI LILLY AND COMPANY, an Indiana       )
Corporation, and MICHAEL ANDERSON,      )
                                        )
      Defendant.                   )


TO:     ELI LILLY AND COMPANY
        c/o its registered agent, National Registered Agents, Inc.
        160 Greentree Drive Suite 101
        Dover, DE  19904


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEY (name and address)

        Matthew F. Boyer (Del. Bar No. 2564)
        Timothy M. Holly (Del. Bar. No. 4106)
        Connolly Bove Lodge & Hutz LLP
        1007 North Orange Street
        Wilmington, DE  19899-2207


an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.


_____     _____

CLERK                                 DATE


_____

(By) DEPUTY CLERK

AO 440 (Rev. 10/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (*PRINT*) | TITLE |

*Check one box below to indicate appropriate method of service*

⭘    Served personally upon the defendant.  Place where served: _____
_____

⭘    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
Discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

⭘    Returned unexecuted: _____
_____
_____

[x]    Other (specify):  <u>Served summons and complaint upon defendant by delivering copies to the defendant's
registered agent, National Registered Agents, Inc., 160 Greentree Drive Suite 101 Dover, DE 19904.</u>

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____         _____
            Date                                *Signature of Server*



Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
<u>Wilmington, DE  19801-2207</u>
*Address of Server*

224388

---

[1]  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____ DELAWARE _____

| | |
|---|---|
| KENNETH BECKER, WILLIAM., ) | **SUMMONS IN A CIVIL CASE** |
| YOUNGER, MARK RUSHING, WILLIAM ) | |
| BOYD, RICHARD GALUSKI, FRANK ) | |
| OWEN, NATHAN BUTLER, JAMES ) | |
| JARVAIS and ANDY COON, individually ) | |
| and on behalf of other similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| V. ) | CASE NUMBER: C.A. No. |
| ) | |
| MARATHON PETROLEUM COMPANY ) | |
| LLC, MURPHY OIL CORPORATION, THE ) | |
| PANTRY, INC., SPEEDWAY ) | |
| SUPERAMERICA, LLC and WILCO HESS LLC, ) | |
| ) | |
| Defendant. ) | |

TO:     MURPHY OIL CORPORATION
c/o its registered agent, The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEY (name and address)

Collins J. Seitz, Jr.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899-2207

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____

CLERK                                              DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 10/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[2] | DATE |
| NAME OF SERVER (*PRINT*) | TITLE |

*Check one box below to indicate appropriate method of service*

O   Served personally upon the defendant.  Place where served: _____
_____

O   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
Discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

O   Returned unexecuted: _____
_____
_____

[x]   Other (specify):  <u>Served summons and complaint upon defendant by delivering copies to the defendant's
registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE  19801.</u>

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____            _____
　　　　　　　　　　Date                                    *Signature of Server*



Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
<u>Wilmington, DE  19801-2207</u>
*Address of Server*

224388

---

[2]  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

_____ District of _____ DELAWARE _____

| | | |
|---|---|---|
| KENNETH BECKER, WILLIAM., YOUNGER, MARK RUSHING, WILLIAM BOYD, RICHARD GALUSKI, FRANK OWEN, NATHAN BUTLER, JAMES JARVAIS and ANDY COON, individually and on behalf of other similarly situated, | ) ) ) ) ) ) ) | **SUMMONS IN A CIVIL CASE** |
| Plaintiffs, | ) | |
| V. | ) ) | CASE NUMBER: C.A. No. |
| MARATHON PETROLEUM COMPANY LLC, MURPHY OIL CORPORATION, THE PANTRY, INC., SPEEDWAY SUPERAMERICA, LLC and WILCO HESS LLC, | ) ) ) ) ) | |
| Defendant. | ) | |

TO:     THE PANTRY, INC.
c/o its registered agent, The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEY (name and address)

Collins J. Seitz, Jr.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19899-2207

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                                                              DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 10/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[3] | DATE |
| NAME OF SERVER (*PRINT*) | TITLE |

*Check one box below to indicate appropriate method of service*

O    Served personally upon the defendant.  Place where served: _____

         _____

O    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
         Discretion then residing therein.
         Name of person with whom the summons and complaint were left: _____

O    Returned unexecuted: _____
         _____
         _____

[x]    Other (specify):  <u>Served summons and complaint upon defendant by delivering copies to the defendant's
      registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE  19801.</u>

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____         _____
            Date                      *Signature of Server*



          Connolly Bove Lodge & Hutz LLP
          1007 North Orange Street
          <u>Wilmington, DE  19801-2207</u>
          *Address of Server*


224388

---

[3]  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____ DELAWARE _____

| | | |
|---|---|---|
| KENNETH BECKER, WILLIAM., | ) | **SUMMONS IN A CIVIL CASE** |
| YOUNGER, MARK RUSHING, WILLIAM | ) | |
| BOYD, RICHARD GALUSKI, FRANK | ) | |
| OWEN, NATHAN BUTLER, JAMES | ) | |
| JARVAIS and ANDY COON, individually | ) | |
| and on behalf of other similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| V. | ) | CASE NUMBER: C.A. No. |
| | ) | |
| MARATHON PETROLEUM COMPANY | ) | |
| LLC, MURPHY OIL CORPORATION, THE | ) | |
| PANTRY, INC., SPEEDWAY | ) | |
| SUPERAMERICA, LLC and WILCO HESS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

TO:  SPEEDWAY SUPERAMERICA LLC
c/o its registered agent, The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEY (name and address)

Collins J. Seitz, Jr.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19899-2207

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                              DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 10/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[4] | DATE |
| NAME OF SERVER (*PRINT*) | TITLE |

*Check one box below to indicate appropriate method of service*

⭘    Served personally upon the defendant.  Place where served: _____

_____

⭘    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
Discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

⭘    Returned unexecuted: _____

_____

_____

[x]    Other (specify):  <u>Served summons and complaint upon defendant by delivering copies to the defendant's</u>
<u>registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE  19801.</u>

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____        _____
              Date                             *Signature of Server*



                         Connolly Bove Lodge & Hutz LLP
                         1007 North Orange Street
                         <u>Wilmington, DE  19801-2207</u>
                         *Address of Server*


224388

---

[4]  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

_____ District of _____ DELAWARE _____

| | | |
|---|---|---|
| KENNETH BECKER, WILLIAM., | ) | **SUMMONS IN A CIVIL CASE** |
| YOUNGER, MARK RUSHING, WILLIAM | ) | |
| BOYD, RICHARD GALUSKI, FRANK | ) | |
| OWEN, NATHAN BUTLER, JAMES | ) | |
| JARVAIS and ANDY COON, individually | ) | |
| and on behalf of other similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| V. | ) | CASE NUMBER: C.A. No. |
| | ) | |
| MARATHON PETROLEUM COMPANY | ) | |
| LLC, MURPHY OIL CORPORATION, THE | ) | |
| PANTRY, INC., SPEEDWAY | ) | |
| SUPERAMERICA, LLC and WILCO HESS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

TO:     WILCO HESS, LLC
c/o its registered agent, The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEY (name and address)

Collins J. Seitz, Jr.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19899-2207

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____

CLERK                                                                           DATE


_____

(By) DEPUTY CLERK

AO 440 (Rev. 10/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[5] | DATE |
|---|---|
| NAME OF SERVER (*PRINT*) | TITLE |

*Check one box below to indicate appropriate method of service*

O    Served personally upon the defendant.  Place where served: _____
_____

O    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
Discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

O    Returned unexecuted: _____
_____
_____

[x]    Other (specify):  <u>Served summons and complaint upon defendant by delivering copies to the defendant's</u>
<u>registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE  19801.</u>

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____            _____
Date                    *Signature of Server*



Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
<u>Wilmington, DE  19801-2207</u>
*Address of Server*

---

[5]  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Catherine M. Alred

**DEFENDANTS**
Eli Lilly and Company and
Michael Anderson

**(b)** County Of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County Of Residence Of First Listed Defendant:  Kent
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:　　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
MATTHEW F. BOYER (2564)
TIMOTHY M. HOLLY (4106)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street, P.O. Box 2207
Wilmington, Delaware 19899　　Telephone: (302) 658-9141

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (Place an "X" In One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)　　　　　　　　　　　　and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault. Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☒ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/ Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☒ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

Appeal to District
Judge from

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §2601

Brief description of cause:
**Discrimination and retaliation in violation of the Family Medical Leave Act**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND: $

CHECK YES only if demanded in complaint:
JURY DEMAND:　☒ YES　☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):　　JUDGE　　　　　DOCKET NUMBER

DATE
**2/12/078**

SIGNATURE OF ATTORNEY OF RECORD
**/s/Matthew F Boyer, Esquire**

## FOR OFFICE USE ONLY

RECEIPT #　　　　　AMOUNT　　　　　APPLYING IFP　　　　　JUDGE　　　　　MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS–44

Authority For Civil Cover Sheet

The JS–44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.          (a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

          (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

          (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.          Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below: federal question actions take precedence over diversity cases.)

**III.          Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.          Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.          Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.          Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statues unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                              Brief Description: Unauthorized reception of cable service.

**VII.          Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.          Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.