IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, and )  Civil Action No. _____
STATE OF COLORADO, )
 )
          Plaintiffs, )
 )
     vs. )
 )
HOME DEPOT USA, INC., )
 )
          Defendant. )
_____ )

## COMPLAINT

Plaintiffs, the United States of America, by authority of the Attorney General of the

United States, at the request of the Administrator of the United States Environmental Protection

Agency ("EPA"), and the State of Colorado ("State"), by the authority of the Colorado Attorney

General's Office, at the request of the Colorado Department of Public Health and Environment,

by and through their undersigned attorneys, allege as follows:

## INTRODUCTION

1.      This is a civil action for injunctive relief and civil penalties brought pursuant to

the Clean Water Act, 33 U.S.C. § 1319(b) and (d), and the Colorado Water Quality Control Act

("CWQCA"), §§ 25-8-607 and -608, C.R.S., against Home Depot USA, Inc. ("Home Depot" or

"Defendant") for the discharge of pollutants in storm water without a permit in violation of 33

U.S.C. § 1311 and § 25-8-501(1), C.R.S.; for failing to provide information in violation of 33

U.S.C. § 1318 and § 25-8-304(1), C.R.S.; and for violations of the conditions of permits issued

pursuant to 33 U.S.C. § 1342 for discharge of pollutants in storm water from construction sites in

violation of 33 U.S.C. § 1311, including, among others, the conditions of the Colorado General

Permit issued by the State of Colorado pursuant to §§ 25-8-501 to -503, C.R.S. and the federal

Clean Water Act, 33 U.S.C. § 1342.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331, 1345 and 1355 and 33 U.S.C. § 1319(b).  This Court has jurisdiction over the

claims of the State pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      Venue is proper in this District pursuant to 33 U.S.C. § 1319(b), and 28 U.S.C.

§§ 1391 and 1395, because Home Depot conducts business in this District, and because certain

of the violations occurred in this District.

4.      Notice of the commencement of this action has been given to the States of

Alabama, Alaska, Arizona, California, Colorado, Florida, Georgia, Indiana, Kansas, Kentucky,

Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, New Hampshire,

New Jersey, New Mexico, New York, North Carolina, Oklahoma, Oregon, Rhode Island, Texas,

Utah, and Wisconsin, in accordance with 33 U.S.C. § 1319(b).

## DEFENDANT

5.      Home Depot is a corporation organized under the laws of Delaware and is a

"person" as defined in 33 U.S.C. § 1362(5) and 40 C.F.R. § 122.2, and in § 25-8-103(13), C.R.S.

of the CWQCA.

6.      Home Depot is a corporation doing business in stores in all 50 states of the United

States, the District of Columbia, Puerto Rico, U.S. Virgin Islands, 10 Canadian provinces, Mexico and China. Home Depot's principal place of business is in Atlanta, Georgia.

7.    Home Depot has constructed and is currently constructing home improvement retail stores for its ownership and/or operation on various pieces of property owned and/or operated by Home Depot throughout the United States, including in this District. Home Depot operates over 1800 stores in the United States and constructs numerous new stores each year.

## STATUTORY AND REGULATORY AUTHORITY

8.    The Clean Water Act is designed to restore and maintain the chemical, physical and biological integrity of the nation's waters. 33 U.S.C. § 1251(a).

9.    To accomplish the objectives of the Act, 33 U.S.C. § 1311(a) prohibits the discharge of pollutants by any person except in certain circumstances, including in compliance with a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402, 33 U.S.C. § 1342. See also CWQCA, §§ 25-8-501 to 503, C.R.S., and the "Colorado Discharge Permit System Regulations," Regulation No. 61 (5 C.C.R. 1002-61).

10.    Section 308 of the Clean Water Act, 33 U.S.C. § 1318, requires owners and operators of point sources to submit information to the EPA as needed to carry out the objectives of the Clean Water Act, including the NPDES permit program of Section 402. See also CWQCA §§ 25-8-304(1) and -501(1).

11.    The Clean Water Act requires a permit for storm water discharges associated with industrial activity. 33 U.S.C. § 1342(p). See also Regulation No. 61 (5 C.C.R. 1002-61), § 61.3(2).

12.    Under EPA's regulations, persons who discharge or who propose to discharge

"storm water associated with industrial activity" are required to apply for an individual permit or seek coverage under a promulgated storm water general permit. 40 C.F.R. §§ 122.26(c), 122.21(a), (c), 122.28. The regulations define the term "storm water discharge associated with industrial activity" to include storm water discharges from construction activity, including clearing, grading, and excavation activities, that result in a disturbance of five or more acres of total land area. 40 C.F.R. § 122.26(b)(14)(x). Construction activity also includes the disturbance of less than five acres of total land area that is part of a larger common plan of development or sale if the larger common plan will ultimately disturb equal to or greater than five acres. Id. In applying for coverage under a storm water individual or general permit, a potential permittee must provide the necessary information on the basis of which EPA or the state permitting agency may evaluate the appropriateness of the issuance of and the terms of any such permit.

13.    Under 40 C.F.R. § 122.21(c), a discharger proposing a new discharge of storm water associated with construction activity covered by § 122.26(b)(14)(x) must submit an application 90 days before the date construction is to commence, or by the deadlines provided by the terms of any applicable general permit. See 40 C.F.R. § 122.28(b)(2).

14.    In 1992, EPA issued a Final NPDES General Permit for Storm Water Discharges from Construction Sites. 57 Fed. Reg. 41176, 41209 (Sept. 9, 1992). EPA has, on various occasions, subsequently modified and reissued this general permit. See 63 Fed. Reg. 7858-7906 (Feb. 17, 1998); 63 Fed. Reg. 36490-36519 (July 6, 1998); 65 Fed. Reg. 25122-25145 (Apr. 28, 2000); 68 Fed. Reg. 39087-01 (July 1, 2003) (generally "Applicable Permit").

15.    Pursuant to the Act, states may issue their own storm water permits if they are authorized by EPA to do so. 33 U.S.C. § 1342(b). Most states are so authorized and have issued

-4-

their own general permits governing discharges of storm water associated with construction activities (generally, "Applicable Permit"). For example, Colorado has been so authorized and has issued its own general permit. See Colorado General Permit for Storm Water Discharges Associated with Construction Activity No. COR - 030000 (the "Colorado General Permit"). For states that have not been authorized, EPA remains the permitting authority, and the federal general permit applies (generally, "Applicable Permit").

16.    Though they differ in some of the details, in general, both the federal and state general permits impose similar requirements on the owners and operators of construction sites. Generally, a person must obtain coverage under a general permit for discharging storm water if that person engages in construction that meets the definition of "industrial activity" by 40 C.F.R. § 122.26(b)(14)(x), and either has operational control of construction project plans and specifications or has day-to-day operational control of those activities which are necessary to ensure compliance with permit conditions. 33 U.S.C. § 1311(a); 1342(p); 40 C.F.R. § 122.21; 40 C.F.R. Part 122. See also CWQCA §§ 25-8-501(1), C.R.S., and Regulation No. 61 (5 C.C.R. 1002-61), § 61.3(2).

17.    In general, a person described in Paragraph 16 must submit a complete Notice of Intent ("NOI") to be covered by the general permit by a specific deadline. The Federal General Permit requires the NOI to be submitted at least seven days prior to the commencement of construction activities. Federal General Permit, ¶¶ 2.1B, 2.3A. The Colorado General Permit, for example, requires the NOI (referred to as an "application") to be submitted at least ten calendar days prior to the commencement of construction activities. Colorado General Permit, Part 1.A.4.

18.    In general, under the general permits, any person subject to the permit is required to develop a storm water pollution prevention plan ("SWPPP"; in Colorado, referred to as a "storm water management plan" or "SWMP") which sets forth a plan for minimizing and eliminating to the extent feasible discharges of pollutants in storm water associated with construction activities.  Under each permit, the SWPPP must meet specific requirements and include certain information.  See, e.g., Colorado General Permit, Parts I.B and I.C.

19.    A central requirement of the SWPPP is the selection of best management practices ("BMPs").  BMPs are management practices implemented "to prevent or reduce the discharge of pollutants to waters of the United States."  Federal CGP, Appendix A.  These practices include measures to prevent erosion (such as the scheduling of the project to minimize the amount of land that is being graded at any particular time) and measures to capture sediment before it leaves the site (such as silt fences and sedimentation basins).

20.    The permits also require the permittee to implement the SWPPP and to properly operate and maintain the BMPs.

21.    The permits impose additional requirements, including inter alia:  inspection of the site during construction; maintenance of the SWPPP and sometimes other records at the site; and final stabilization of the site followed by termination of permit coverage.

22.    The Act authorizes the Administrator of EPA "to commence a civil action for appropriate relief, including a permanent or temporary injunction," when any person is in violation of 33 U.S.C. §§ 1311, 1318, or of any permit issued pursuant to 33 U.S.C. § 1342.  33 U.S.C. § 1319(b).  The CWQCA authorizes injunctive relief at § 25-8-607, C.R.S.

23.    The Act provides, in part, that any person who violates 33 U.S.C. §§ 1311, 1318,

or any permit issued pursuant to 33 U.S.C. § 1342, shall be subject to a civil penalty not to

exceed $27,500 per day for each such violation occurring after January 31, 1997 through and

including March 15, 2004, and $32,500 per day for each such violation thereafter.  33 U.S.C. §

1319(d); 40 C.F.R. § 19.4; 62 Fed. Reg. 7121-01 (Feb. 13, 2004) (codified at 40 C.F.R. pt. 19).

Section 25-8-608(1), C.R.S., provides that violations of the CWQCA shall be subject to civil

penalties not to exceed $10,000 per day for each violation.


## FACTUAL ALLEGATIONS

24.    In inspections at Home Depot construction sites conducted primarily between

2000 and 2003, EPA found a pattern of failures to obtain coverage under Applicable Permits and

to comply with the requirements of Applicable Permits for the discharge of storm water from

these construction sites.  This pattern was evident from inspections of 15 construction sites in 7

states.  Additional information was obtained from Home Depot's responses to information

requests issued by EPA pursuant to Section 308 of the Act, which provided evidence of

additional violations at Home Depot Sites.  Attachment A lists the Home Depot sites for which

EPA has information from inspections, information request responses, or otherwise concerning

violations of the storm water requirements of the Clean Water Act.

25.    Home Depot constructed a store on each of the sites listed on Appendix A, which

construction activity resulted in the disturbance of at least 5 acres at each of these sites.

26.    Home Depot controlled the plans and specifications for the construction of its

stores, or otherwise met the definition of operator under 40 C.F.R. § 122.2, and the Applicable

Permit, and was therefore required to obtain NPDES permit coverage for its storm water

discharges from construction activities, and to comply with all applicable requirements and conditions under the Act, its regulations, and the Applicable Permit. 33 U.S.C. § 1342; 40 C.F.R. §§ 122.21, 122.26.

27.    The construction of Home Depot stores resulted in the addition of "pollutants," including rock, sand, cellar dirt, industrial waste, solid waste, and other pollutants, to storm sewers, ditches, or other conveyances that discharge to streams, creeks, and other water bodies that, on information and belief, are "waters of the United States," within the meanings of Section 502(6) and (7), of the Act, 33 U.S.C. § 1362(6), (7), and 40 C.F.R. § 122.2, and "state waters" in Colorado, within the meaning of CWQCA §§ 25-8-103(15) and 25-8-103(19), C.R.S.

28.    Home Depot sites, themselves, as well as the storm sewers, ditches, or other conveyances referenced in Paragraph 27 above, constitute "point source[s]" within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14), and CWQCA at § 25-8-103(14), C.R.S.

29.    By causing the addition of such pollutants to waters of the United States or the State through point source(s), Home Depot has engaged in the "discharge of pollutants" within the meanings of Sections 301 and 502(12) of the Act, 33 U.S.C. §§ 1311 and 1362(12), 40 C.F.R. § 122.2, and CWQCA at § 25-8-103(3), C.R.S.

30.    At the stores listed on Appendix A and at times relevant to this complaint, Home Depot was a person that proposed to discharge or who otherwise was required to timely apply for coverage under the Applicable Permit. 33 U.S.C. § 1342(p), 40 C.F.R. §§ 122.21(a), (c), 122.26(c), and 122.28.

31.    Home Depot failed to timely submit the information required to apply for or obtain coverage under the Applicable Permit at some of the stores listed on Appendix A,

including, but not necessarily limited to, Home Depot sites in Seabrook, NH, Austin, TX, Garden

City, KS, Blue Springs, MO, Porterville, CA, Provo, UT, Aurora, CO (Saddlerock), and Aurora,

CO (Pioneer Hills). At certain sites, including, but not necessarily limited to, Home Depot sites

in Ellsworth, ME, Plymouth, MI, American Fork, UT, and Surprise, AZ, Home Depot never

applied for or obtained coverage under the Applicable Permit at all.

      32.     EPA obtained evidence, through inspections, information requests or otherwise, of

violations of the Applicable Permit at some or all of the sites listed on Appendix A for which

Home Depot did obtain coverage under the Applicable Permit, including but not limited to the

Evergreen, CO site, the Pioneer Hills store in Aurora, CO, and the Saddlerock store in Aurora,

CO. Violations of storm water requirements at these and other sites include, but are not

necessarily limited to: failure to install and maintain storm water controls (such as a vehicle

track out pad, inlet protection, silt fencing to minimize off-site sediment and erosion runoff);

failure to properly design or implement BMPs; failure to prepare an adequate SWPPP; failure to

conduct inspections; and failure to conduct inspections in accordance with the permit

requirements.

<u>FIRST CLAIM FOR RELIEF</u>

DEFENDANT VIOLATED THE
<u>REQUIREMENTS OF THE APPLICABLE PERMITS</u>

      33.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 32.

      34.     On information and belief, Home Depot violated the terms and conditions of the

Applicable Permit at sites listed in Appendix A.

      35.     Unless enjoined, these violations will continue or will recur at other construction

sites.

36.    Pursuant to 33 U.S.C. § 1319, Home Depot is liable for injunctive relief and civil penalties of up to $27,500 per day for each such violation occurring after January 31, 1997 through and including March 15, 2004 and $32,500 per day for each such violation thereafter per day per violation.

37.    Pursuant to Colorado law, Home Depot is liable for injunctive relief and civil penalties of not more than $10,000 per day for each violation that occurred at a site within Colorado that is listed on Appendix A.

<u>SECOND CLAIM FOR RELIEF</u>

DEFENDANT DISCHARGED POLLUTANTS IN
<u>STORM WATER WITHOUT AN APPLICABLE PERMIT</u>

38.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 32.

39.    On information and belief, Home Depot discharged pollutants in storm water to waters of the United States without coverage under an Applicable Permit in violation of CWA Section 301, 33 U.S.C. § 1311 at one or more sites listed in Appendix A.

40.    Unless enjoined, these violations will continue or will recur at other construction sites.

41.    Pursuant to 33 U.S.C.§ 1319, Home Depot is liable for injunctive relief and civil penalties of up to $27,500 per day for each such violation occurring after January 31, 1997 through and including March 15, 2004 and $32,500 per day for each such violation thereafter per day per violation.

42.    Pursuant to Colorado law, Home Depot is liable for injunctive relief and civil

penalties of not more than $10,000 per day for each violation that occurred at a site within

Colorado that is listed on Appendix A

### THIRD CLAIM FOR RELIEF

### DEFENDANT FAILED TO TIMELY SUBMIT THE INFORMATION
### REQUIRED TO OBTAIN COVERAGE UNDER AN APPLICABLE PERMIT

43.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 32.

44.     On information and belief, Home Depot failed to timely submit the information

required to obtain coverage under an Applicable Permit for the discharge of storm water

associated with its construction activities from certain sites listed in Appendix A by the deadline

required by EPA's NPDES regulations and the Applicable Permit in violation of CWA Section

308, 33 U.S.C. § 1318.

45.     Pursuant to 33 U.S.C.§ 1319, Home Depot is liable for injunctive relief and civil

penalties of up to $27,500 per day for each such violation occurring after January 31, 1997

through and including March 15, 2004 and $32,500 per day for each such violation thereafter per

day per violation.

46.     Pursuant to Colorado law, Home Depot is liable for injunctive relief and civil

penalties of not more than $10,000 per day for each violation that occurred at a site within

Colorado that is listed on Appendix A.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs the United States of America and the State of Colorado

respectfully requests that this Court:

      A.     Order Defendant to comply with the terms of the Act and the conditions of Applicable Permits at its construction sites, including by, among other things, the development and implementation of appropriate storm water pollution prevention plans, the application of BMPs to minimize or eliminate discharges of pollutants from the site, and the implementation of corporate policies designed to achieve and assure compliance with the Applicable Permit and the Act;

      B.     Assess civil penalties against Defendant of up to $27,500 per day for each such violation occurring after January 31, 1997 through and including March 15, 2004 and $32,500 per day for each such violation thereafter per day for each violation;

      C.     Award the United States and Colorado their costs and disbursements in this action; and

      D.     Grant any such further relief as this Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES:

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

LESLIE ALLEN
Senior Attorney
Environmental Enforcement Section
Environment & Natural Resources Division

-12-

P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-4114
leslie.allen@usdoj.gov


COLM F. CONNOLLY
United States Attorney


By: _____
PATRICIA HANNIGAN
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899-2046
(302) 573-6277
patricia.hannigan@usdoj.gov


OF COUNSEL:

KELLY BRANTNER
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W
MC 2243A Room 3120A
Washington, DC 20460
202-564-9933

-13-

FOR THE STATE OF COLORADO

ANNETTE M. QUILL
Assistant Attorney General
Natural Resources and Environment Section
Colorado Attorney General's Office
1525 Sherman Street, 5th Floor
Denver, Colorado  80203
(303) 866-4500

# Appendix A
# List of Sites

Home Depot Cities/Sites
Source of discovered violation
EPA Region where site/city located

| | | |
|---|---|---|
| Ellsworth, ME | 308 | 1 |
| Middletown, RI | 308 | 1 |
| Somerset, MA | 308 | 1 |
| Seabrook, NH | 308 | 1 |
| Londonderry, NH | 308 | 1 |
| Nashua, NH | 308 | 1 |
| N. Hampton, NH | 308 | 1 |
| S. Merrimack, NH | 308 | 1 |
| Rockland, MA | 308 | 1 |
| W. Roxbury, MA | 308 | 1 |
| Tewksbury, MA | 308 | 1 |
| Natick, MA | 308 | 1 |
| Avon, MA | 308 | 1 |
| N. Dartmouth, MA | 308 | 1 |
| Waltham, MA | 308 | 1 |
| Leominster, MA | 308 | 1 |
| Taunton, MA | 308 | 1 |
| E. Springfield, Wilbraham, MA | 308 | 1 |
| Plymouth, MA | 308 | 1 |
| Concord, NH | 308 | 1 |
| Manchester, NH | 308 | 1 |
| Auburn, MA | 308 | 1 |
| Methuen, MA | 308 | 1 |
| Salem, MA | 308 | 1 |
| Rochester, NH | 308 | 1 |
| Tilton, NH | 308 | 1 |
| Mahwah, NJ | 308 | 2 |
| Thompson/Monticello, NY | 308 | 2 |
| Ft. Lauderdale, FL | 308 | 4 |
| Fuquay-Varina, NC | 308 | 4 |
| Palm Coast, FL | 308 | 4 |
| Suwannee, GA | 308 | 4 |

| | | |
|---|---|---|
| Owensboro, KY | 308 | 4 |
| S. Huntsville, AL | 308 | 4 |
| Mishawaka, IN | 308 | 5 |
| Willmar, MN | 308 | 5 |
| Auburn Hills, MI | 308 | 5 |
| Crawfordsville IN | 308 | 5 |
| Fond Du Lac, WI | 308 | 5 |
| Alamogordo, NM | 308 | 6 |
| Lawton, OK | 308 | 6 |
| Garden City, KS | 308 | 7 |
| Omaha, NE | 308 | 7 |
| Blue Springs, MO | 308 | 7 |
| Provo, UT | 308 | 8 |
| Helena, MT | 308 | 8 |
| Surprise, AZ | 308 | 9 |
| Bullhead City, AZ | 308 | 9 |
| Beaverton, OR | 308 | 10 |
| Hattiesburg, MS | inspection | 4 |
| Plymouth, MI | inspection | 5 |
| Woodhaven, MI | inspection | 5 |
| Harper Woods, MI | inspection | 5 |
| Canton Twp., MI | inspection | 5 |
| College Station, TX | inspection | 6 |
| Lewisville, TX | inspection | 6 |
| Wylie, TX | inspection | 6 |
| Austin, TX | inspection | 6 |
| American Fork, UT | inspection | 8 |
| Aurora, CO (Pioneer Hills) | inspection | 8 |
| Evergreen, CO | inspection | 8 |
| Aurora, CO (Saddlerock) | inspection | 8 |
| Porterville, CA | inspection | 9 |
| Juneau, AK | inspection | 10 |

Total 64 sites

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF COLORADO, | ) Civil Action No. _____ ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| HOME DEPOT USA, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Consistent with the requirements of 28 C.F.R. § 50.7, a proposed Consent Decree is being

lodged with the Court in this civil action, after having been concurred to and signed by plaintiffs

and defendant in this matter.  After the requisite Federal Register Notice is published, the time

period for comments has run, and the comments, if any, have been evaluated, the Court will be

further advised as to any action which may be required by the Court at that time.  During the

pendency of the Federal Register Notice comment period, no action is required of the Court.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

*Leslie Allen* (signature)

LESLIE ALLEN
Senior Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-4114
leslie.allen@usdoj.gov


COLM F. CONNOLLY
United States Attorney


By: _____
PATRICIA HANNIGAN
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899-2046
(302) 573-6277
patricia.hannigan@usdoj.gov


OF COUNSEL:

KELLY BRANTNER
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W
MC 2243A Room 3120A
Washington, DC 20460
202-564-9933

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| STATE OF COLORADO, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

CONSENT DECREE

## TABLE OF CONTENTS

I.    DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.    Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   HOME DEPOT'S COMPLIANCE PROGRAM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    2.    Compliance with Clean Water Act . . . . . . . . . . . . . . . . . . . . . . . . 8

    3.    Notice to Plaintiffs of Construction Projects . . . . . . . . . . . . . . . . . . . . . . 8

    4.    Designation of Home Depot's Storm Water Coordinator . . . . . . . . . . . . . . . . . 9

    5.    Designation of Home Depot's Storm Water Managers . . . . . . . . . . . . . . . . . 10

    6.    Storm Water Consultant Providing Compliance Assistance . . . . . . . . . . . . . . 13

    7.    Provision of Decree to Bidding Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    8.    Permits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    9.    SWPPPs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    10.   Selection and Implementation of Post-Construction BMPs . . . . . . . . . . . . . . 18

    11.   Update of SWPPPs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    12.   Availability of SWPPP and Permit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    13.   Notice of Home Depot's Storm Water Coordinator's Contact Information . . . . . 19

    14.   Provision of Guidance Materials . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    15.   Pre-Construction Contractor Acknowledgment . . . . . . . . . . . . . . . . . . . . . . 20

    16.   Designation of General Contractor's Compliance Officer . . . . . . . . . . . . . . . 20

    17.   Designation of General Contractor's Project Superintendent . . . . . . . . . . . . . 21

    18.   General Contractor's Employees and Subcontractor Training . . . . . . . . . . . . . 22

i

19.   Pre-Construction Inspection and Certification of BMPs by
      General Contractor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

20.   Additional General Contractor Certifications. . . . . . . . . . . . . . . . . . . 26

21.   Pre-Construction Conference. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

22.   Weekly Meetings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

23.   Inspections and Remediation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

24.   Increased Home Depot Compliance Inspection and Oversight of
      Non-Compliant Sites. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

25.   Home Depot's Storm Water Coordinator Review and Quarterly
      Compliance Report and Document Submittal . . . . . . . . . . . . . . . . . . 35

26.   Temporary Alteration of BMPs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

27.   Final Home Depot Inspection. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

28.   Home Depot Storm Water Professional Training Program. . . . . . . . . 38

III.  CIVIL PENALTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

29.   Civil Penalty. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

30.   Agreement Not to Seek Indemnification or Insurance Coverage. . . . . . . . . . . 40

31.   Method of Payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

IV.   GENERAL PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

32.   Jurisdiction and Venue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

33.   Parties Bound. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

34.   Responsibility for Acts of Contractors or Agents. . . . . . . . . . . . . . . . 42

35.   Claims of Confidentiality. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

36.   No Warranty by Plaintiffs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

37.   Headings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

38.   Final Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

39.   Purpose of Consent Decree. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

40.   Right of Entry. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

41.   No Limitation on Other Rights of Entry. . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

42.   Preservation of Records. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

43.   Authority to Sign Decree. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

44.   Designation of Agent for Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

45.   Notification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

46.   Certification of Reports and Submissions. . . . . . . . . . . . . . . . . . . . . . . . . . 47

47.   Entire Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

48.   Modification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

49.   Costs of Suit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

50.   Public Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

51.   Agreement to Entry of Decree. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

52.   Request to Terminate Decree. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

53.   Response to Request for Termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

54.   Termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

V.   EFFECT OF DECREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

55.   Covenants Not to Sue by Plaintiffs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

56.   No Effect on Third Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

57.   Plaintiffs' Reservations of Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

58.   Home Depot's Reservation of Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

      59.    Not a Permit Modification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

VI.    STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

      60.    Stipulated Penalty Amounts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

      61.    Reservation of Dispute Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

      62.    Payment of Stipulated Penalties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

      63.    Accrual of Stipulated Penalties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

      64.    No Effect on Obligation to Comply. . . . . . . . . . . . . . . . . . . . . . . . . . . 57

      65.    Effect of Dispute Resolution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

      66.    Interest on Late Payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

      67.    Non-Exclusivity of Remedy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

VII.   DISPUTE RESOLUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

      68.    Exclusive Remedy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

      69.    Informal Dispute Resolution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

      70.    Formal Dispute Resolution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

      71.    Petitions to the Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

      72.    Effect on Other Obligations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

VIII.  FORCE MAJEURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

      73.    Definition of Force Majeure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

      74.    Required Notification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

      75.    Procedures for Extension. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

      76.    Effect on Other Obligations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

IX.     APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

77.    Appendices. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

APPENDIX A:  Information for Subcontractor Briefing

APPENDIX B:  Pre-Construction Conference Call Checklist

APPENDIX C:  Inspection Report

APPENDIX D:  Action Item Log

APPENDIX E:  Home Depot Storm Water Professional Training Program Syllabus

A.      The United States of America, on behalf of the United States Environmental
Protection Agency ("EPA"), has filed a Complaint in this matter alleging that Home Depot USA,
Inc. ("Home Depot") has violated the Clean Water Act and the regulations promulgated pursuant
to that statute, including the conditions and limitations of various applicable Permits.

B.      The State of Colorado has filed a Complaint in intervention alleging violations of
the Colorado General Permit.

C.      Home Depot neither admits nor denies the allegations in the Complaints, and
nothing in this Decree shall constitute or be construed as an admission of liability, fact or law, or
of any wrongdoing on the part of Home Depot.

D.      The Plaintiffs and Home Depot have consented to the entry of this Decree without
trial of any issues.

E.      The Parties recognize, and this Court finds by entering this Consent Decree, that
the Parties have negotiated this Consent Decree in good faith, that implementation of the
Consent Decree will avoid prolonged and complicated litigation between the Parties, and that it
is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, upon the pleadings, without
adjudication or admission of any issue of fact or law and upon consent and agreement of the
Parties, it is hereby ORDERED, DECREED, and ADJUDGED as follows:

I.      DEFINITIONS

1.      <u>Definitions</u>.  Except as specifically provided in this Decree, definitions for the
terms used in this Decree shall be incorporated from the Clean Water Act, the regulations
promulgated pursuant to that Act, and the Federal General Permit.  Whenever terms listed below

1

are used in this Decree the following definitions apply:

Action Item – a storm water related issue that requires action to be taken to achieve or maintain compliance with Storm Water Requirements. This definition includes BMP Action Items.

BMPs – ("Best Management Practices") – schedules of activities, prohibitions of practices, maintenance procedures, and other management practices to prevent or reduce the discharge of pollutants in storm water to waters of the United States (and, additionally, in Colorado, to State Waters), as well as treatment requirements, operating procedures, and practices to control site runoff, spillage or leaks or waste disposal or drainage from raw material storage.

Building Foundation Start Date – the date upon which pouring the concrete foundation of a building begins.

Clean Water Act – the Federal Water Pollution Control Act, as amended, 33 U.S.C. §§ 1251-1387.

Compliance Officer - the employee designated by the General Contractor under Paragraph 16 (Designation of General Contractor's Compliance Officer).

Commencement of Construction Activities (or "Commence Construction Activities") - the initial disturbance of soils associated with clearing, grading, or excavating activities or other construction-related activities.

Construction Manager(s) – the Home Depot employee(s) designated under subparagraph 5.b (Designation of Home Depot's Storm Water Managers).

Day – a calendar day. In computing any period of time under this Consent Decree, where

2

the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

Federal General Permit – Construction Storm Water General Permits of Sept. 9, 1992 (57 Fed. Reg. 41217- 26), Feb. 17, 1998 (63 Fed. Reg. 7858 - 20), July 6, 1998 (63 Fed. Reg. 36489 - 19), July 1, 2003 (68 Fed. Reg. 39087 - 91) and any predecessors, amendments, or reissuances thereto.

General Contractor -- the general contractor of Home Depot with operational control of a Site and responsible for the supervision of or completion of construction at said Site.  If there is no general contractor for a Site, the General Contractor shall be each contractor retained by Home Depot responsible for ground-disturbing activities at the Site.

Home Depot – Home Depot USA, Inc. and its successors and assigns, as well as any subsidiaries or related companies of Home Depot USA, Inc. responsible for the construction of a Home Depot Store, a Home Depot Expo Store, a Home Depot Distribution Center, a Home Depot Transit Facility, or a Home Depot Lumber Distribution Center.

Home Depot Inspector – shall mean either the Home Depot Project Manager assigned to each Site or Home Depot's Storm Water Consultant.  The Home Depot Inspector shall perform the duties set forth in subparagraph 23.e and Paragraph 27.  At the time a Home Depot Inspector performs such duties, the Home Depot Inspector shall meet the qualifications set forth in subparagraph 5.d or 6.b, as applicable.

Notice of Intent – a request for coverage under a General Permit.

Parties - the Plaintiffs and Home Depot.

Permit – as applicable for a particular Site:  the Federal General Permit, a federally-

issued individual permit governing storm water discharges from construction activities pursuant

to 33 U.S.C. § 1342(a), or any permit governing storm water discharges from construction

activities pursuant to any state law that is part of a program EPA has approved under 33 U.S.C. §

1342(b).

Plaintiffs – the United States of America and the State of Colorado.

Pre-Entry Site – any location in the United States other than a Site (i) for which there has

been Commencement of Construction Activities but for which a Notice of Termination has not

been filed prior to the date of entry of this Consent Decree and (ii) for which Home Depot or a

Home Depot contractor, in the construction of a Home Depot Store, a Home Depot Expo Store, a

Home Depot Distribution Center, a Home Depot Transit Facility, or a Home Depot Lumber

Distribution Center, either:

> a) has operational control over construction plans and specifications, including
> the ability to make modifications to those plans and specifications or b) has day-to-day
> operational control of those activities that are necessary to ensure compliance with a
> SWPPP for the site or other permit conditions,

and at which there is or will be disturbance of soils associated with clearing, grading, or

excavating activities or other construction activities over an area greater than or equal to one

acre, or the disturbance of less than one acre of total land area that is a part of a larger common

plan of development or sale if the larger common plan will ultimately disturb one acre or more,

or which is otherwise subject to the NPDES storm water construction regulations by virtue of the

definitions set forth at 40 C.F.R. § 122.26(b)(14)(x) or 40 C.F.R. § 122.26(b)(15), or, in the

alternative, by storm water construction regulations that are part of a state program EPA has

approved under 33 U.S.C. § 1342(b).  The term Pre-Entry Site shall not include joint

development construction sites for which Home Depot or a Home Depot contractor does not (i)

have operational control over construction plans and specifications, including the ability to make

modifications to those plans and specifications, or (ii) have day-to-day operational control of

those activities at a project which are necessary to ensure compliance with a SWPPP for the site

or other permit conditions.

Project Manager(s) – the Home Depot employee(s) designated under subparagraph 5.c

(Designation of Home Depot's Storm Water Managers).

Project Superintendent – the employee designated by the General Contractor under

Paragraph 17 (Designation of General Contractor's Project Superintendent).

Regional Director(s) – the Home Depot employee(s) designated under subparagraph 5.a

(Designation of Home Depot's Storm Water Managers).

Remediate or Remediation - take action to achieve and maintain compliance with Storm

Water Requirements.

Require – shall mean to impose an obligation in the contract between Home Depot and its

General Contractor and to enforce such contractual obligations in a manner reasonably

calculated (i) to ensure that each General Contractor fully and timely meets the requirements

imposed in the contract pursuant to this Decree and (ii) to identify, respond to, and prevent non-

compliance with such requirements by the General Contractor.

Responsible Official – an official of Home Depot who is in charge of a principal business

function, or any other person who performs similar policy or decision making functions for

Home Depot and would be authorized pursuant to 40 C.F.R. § 122.22 to sign permit applications

and reports.

Site – any location in the United States for which 1) Home Depot has awarded a
construction contract after the later of the date of entry of this Consent Decree or February 1,
2008; 2) for which a notice of termination has not been filed; and 3) for which Home Depot or a
Home Depot contractor, in the construction of a Home Depot Store, a Home Depot Expo Store, a
Home Depot Distribution Center, a Home Depot Transit Facility, or a Home Depot Lumber
Distribution Center either:

> (i) has operational control over construction plans and specifications, including the
> ability to make modifications to those plans and specifications or (ii) has day-to-day
> operational control of those activities that are necessary to ensure compliance with a
> SWPPP for the site or other permit conditions,

and at which there is or will be disturbance of soils associated with clearing, grading, or
excavating activities or other construction activities over an area greater than or equal to one
acre, or the disturbance of less than one acre of total land area that is a part of a larger common
plan of development or sale if the larger common plan will ultimately disturb one acre or more,
or which is otherwise subject to the NPDES storm water construction regulations by virtue of the
definitions set forth at 40 C.F.R. § 122.26(b)(14)(x) or 40 C.F.R. § 122.26(b)(15), or, in the
alternative, by storm water construction regulations that are part of a state program EPA has
approved under 33 U.S.C. § 1342(b).  The term Site shall not include joint development
construction sites for which Home Depot or a Home Depot contractor does not (i) have
operational control over construction plans and specifications, including the ability to make
modifications to those plans and specifications, or (ii) have day-to-day operational control of

those activities at a project which are necessary to ensure compliance with a SWPPP for the site or other permit conditions.

State Waters –"State Waters" as defined at Colorado Revised Statutes § 25-8-103(19).

Storm Water Coordinator - the Home Depot employee, designated under  Paragraph 4 (Designation of Home Depot's Storm Water Coordinator).

Storm Water Consultant – a contractor of Home Depot that assists Storm Water Managers in complying with Storm Water Requirements, and whose personnel so engaged possess the qualifications set forth in Paragraph 6.

Storm Water Managers – the Home Depot employees, designated under Paragraph 5, and including Project Managers, Construction Managers, and Regional Directors.

Storm Water Professional – an individual who is currently certified by (i) CPESC, Inc. under the Certified Professional in Erosion & Sediment Control program; or (ii) the training and certification program developed and implemented by Home Depot, in accordance with Paragraph 28.  A Storm Water Professional shall maintain his or her certification as current throughout his or her involvement under this Decree.

Storm Water Requirements – the requirements set forth in: (i) this Consent Decree that must be performed by Home Depot or that Home Depot must Require of its General Contractor; (ii) applicable Permits; (iii) the storm water requirements of the Clean Water Act,  state statutes, and federal and state regulations that are applicable to a particular Site.

SWPPP – ("Storm Water Pollution Prevention Plan") – a plan for controlling pollutants in storm water and non-storm water discharges from Sites that meets the requirements of the applicable Permit and Paragraph 9 (SWPPPs).

7

II.    HOME DEPOT'S COMPLIANCE PROGRAM

2.    <u>Compliance with Clean Water Act</u>.  Home Depot shall fully comply with, and shall Require that its General Contractor fully comply with, all requirements of the Clean Water Act relating to the discharge of storm water from Sites and Pre-Entry Sites, as well as with any applicable Permits.

3.    <u>Notice to Plaintiffs of Construction Projects</u>.

a.    Within 30 Days following the date of entry of this Decree, Home Depot shall provide EPA and Colorado by electronic mail to the addresses specified in Paragraph 45 (Notification) a report of all Sites and Pre-Entry Sites in existence as of a date 5 Days before the submission of the report.

b.    By the 15th Day of every month, beginning one month after submission of the initial notification described above, Home Depot shall provide EPA and Colorado by electronic mail at the addresses specified in Paragraph 45 (Notification) a report of all additional Sites for which Home Depot has awarded a construction contract as of 5 Days before the submission of the report.

c.    Each report required by this Paragraph shall include the following information for each Site or Pre-Entry Site, to the extent available: (i) Home Depot's NPDES permit number, (ii) the name of the General Contractor (and its NPDES permit number(s) if different from Home Depot's NPDES permit number), (iii) the location of the Site or Pre-Entry Site, including the physical address and the latitude and longitude, (iv) Home Depot's Project Manager and the General Contractor's Project Superintendent for the Site or Pre-Entry Site (including telephone number and/or e-mail), and (v) if

8

construction has begun, the actual date of Commencement of Construction Activities, or if construction has not yet begun, the best estimate for the Commencement of Construction Activities. If any of this information is not available at the time of the preparation of the report, Home Depot shall update the information in the next report after the information becomes available.

4.    <u>Designation of Home Depot's Storm Water Coordinator</u>. Within 14 Days of lodging of this Decree, Home Depot shall submit in writing a notice to EPA and Colorado identifying a Home Depot Storm Water Coordinator who shall be responsible for coordinating oversight of compliance with Storm Water Requirements by Home Depot and its General Contractors at all Sites. The notice shall certify that the Home Depot Storm Water Coordinator (i) is an employee of Home Depot of at least the Director level; (ii) is a Storm Water Professional or, for Home Depot's initial Storm Water Coordinator, will receive the training necessary to qualify as a Storm Water Professional (and once trained shall so certify to EPA and Colorado) within 90 Days after lodging of this Consent Decree; (iii) has at least 5 years of construction-related experience; (iv) is able to evaluate BMPs; and (v) has the authority to direct Home Depot employees and to instruct contractors in connection with storm water compliance activities. If, at any time, Home Depot wishes to change its Storm Water Coordinator, Home Depot shall notify EPA and Colorado in writing, and certify to Plaintiffs that the designated replacement meets these same qualifications. Other employees in the Home Depot Construction Division, including Storm Water Managers, shall assist Home Depot's Storm Water Coordinator in ensuring Home Depot's compliance with Storm Water Requirements.

5.    <u>Designation of Home Depot's Storm Water Managers</u>.

    a.    <u>Home Depot Regional Directors of Construction</u>.  Home Depot Regional Directors of Construction ("Regional Directors") are Home Depot employees assigned to one or more geographic regions, to oversee and manage one or more regional offices. Regional Directors oversee and manage one or more Construction Managers and are responsible for the Construction Manager(s)' performance at the Sites within that Regional Director's region.  For each Site, Home Depot shall have a Regional Director who shall (i) oversee the Construction Manager and the Home Depot Project Manager for the Site; (ii) assist the Home Depot Storm Water Coordinator in overseeing compliance with Storm Water Requirements at that Site; and, iii) together with the other Storm Water Managers, perform the duties assigned to Storm Water Managers under this Consent Decree.  Home Depot Regional Directors shall receive the training necessary to qualify as a Storm Water Professional within 90 Days after lodging of this Consent Decree. Except as provided in subparagraph .e, after that time, for each Site, prior to the Commencement of Construction Activities at that Site, the Home Depot Regional Director responsible for Sites in that Region shall have the qualifications set forth in subparagraph .d..

    b.    <u>Home Depot Construction Managers</u>.  Home Depot Construction Managers are Home Depot employees assigned to one or more geographic areas within a region, who oversee and manage a group of Project Managers within that geographic area, and are responsible for their performance at the Sites within that Construction Manager's region.  For each Site, Home Depot shall have a Construction Manager who

shall (i) oversee the Home Depot Project Manager for the Site; (ii) assist the Home Depot Storm Water Coordinator in overseeing compliance with Storm Water Requirements at that Site; and, (iii) together with the other Storm Water Managers, perform the duties assigned to Storm Water Managers under this Consent Decree. Home Depot Construction Managers shall receive the training necessary to qualify as a Storm Water Professional within 90 Days after lodging of this Consent Decree. Except as provided in subparagraph .e, after that time, for each Site, prior to the Commencement of Construction Activities at that Site, the Home Depot Construction Manager responsible for Sites in that geographic area shall have the qualifications set forth in subparagraph .d.

      c.      <u>Home Depot Project Managers</u>. Home Depot Project Managers are Home Depot employees assigned to one or more Sites within a geographic area to oversee construction at those Site(s). For each Site, Home Depot shall assign a Project Manager who shall: (i) oversee and be primarily responsible for compliance by Home Depot and its General Contractor with Storm Water Requirements at the Site; (ii) in combination with other Home Depot Storm Water Managers, visit the Site with sufficient frequency during the performance of ground disturbing activities to ensure that the inspections and the Remediation required to be performed under this Consent Decree are being performed in a timely and satisfactory manner; (iii) be the primary Home Depot employee responsible for conducting or providing for the conduct by a Storm Water Consultant of the monthly inspections required by subparagraph 23.e (Monthly Inspections by Home Depot); (iv) perform the duties assigned to Project Managers under this Consent Decree; and (v) together with the other Storm Water Managers, perform the

duties assigned to Storm Water Managers under this Consent Decree. Home Depot Project Managers shall receive the training necessary to qualify as a Storm Water Professional within 90 Days after lodging of this Consent Decree. Except as provided in subparagraph .e, after that time, for each Site, prior to the Commencement of Construction Activities at that Site, the Home Depot Project Manager assigned to the Site shall have the qualifications set forth in subparagraph .d.

      d.      Each Home Depot Storm Water Manager shall (i) be a Storm Water Professional; (ii) have at least 2 years of construction-related experience; (iii) be able to evaluate BMPs; and (iv) and have the authority to direct Home Depot employees and to instruct contractors in connection with storm water compliance activities.

      e.      Home Depot may change its Storm Water Manager(s) for a Site as long as the designated replacement meets these same qualifications; provided, however, that new designees may receive the training necessary to qualify as a Storm Water Professional within 30 Days after the designation.

      f.      Home Depot may alter the organizational structure described in this Paragraph in response to business needs. In the event that either the position of Regional Director or that of Construction Manager ceases to exist in the Home Depot organization, the responsibilities of the position eliminated shall be added to the responsibilities of the remaining position or to those of an equivalent position under a new title. If the responsibilities are transferred to an equivalent position under a new title, persons in that position must meet the qualifications set forth in subparagraph .d, above, provided, however, that such persons may receive the training necessary to qualify as a Storm

Water Professional within 30 Days after the designation.  Within 30 Days after the change has taken effect or in the next Quarterly Compliance Report (required by Paragraph 25), whichever is sooner, Home Depot shall send the United States and Colorado notice of the reorganization and the title and general job description of the person(s) to whom the responsibilities have been given.

6.     Storm Water Consultant Providing Compliance Assistance

        a.     As set forth in this Consent Decree, Home Depot may use a Storm Water Consultant to assist in the performance of certain storm water compliance duties required by this Consent Decree.

        b.     A Storm Water Consultant shall (i) possess the skills necessary to assess conditions at a Site that could affect storm water quality and compliance with Storm Water Requirements; and (ii) be knowledgeable in the principles and practices of sediment and erosion control.  Home Depot may use a Storm Water Consultant to perform the inspections required by subparagraph 23.e (Inspections and Remediation: Monthly Inspection by Home Depot) or Paragraph 27 (Final Home Depot Inspection); provided that, each such inspector shall be (i) a Storm Water Professional; (ii) have at least 2 years of construction-related experience; (iii) be able to evaluate BMPs; and (iv) and have the authority to direct its employees and to instruct Home Depot employees and contractors in connection with storm water compliance activities.  In addition, Home Depot shall ensure that, to the extent practicable, all inspections at a Site are conducted by the same inspector.  Home Depot also may use a Storm Water Consultant to perform or assist it in the performance of the requirements of Paragraph 9 (SWPPP Preparation

13

and Site Visit),  Paragraph 10 (Selection and Implementation of Post-Construction

BMPs), Paragraph 14 (Provision of Guidance Materials), Paragraph 21 (Pre-Construction

Conference), Paragraph 25 (Home Depot's Storm Water Coordinator Review and

Quarterly Compliance Report), and Paragraph 28 (Storm Water Professional Training

Program).

        c.     Assistance provided by the Storm Water Consultant does not relieve

Home Depot from responsibility for the proper performance of any such duties or tasks,

or from responsibility for compliance with Storm Water Requirements.

    7.     <u>Provision of Decree to Bidding Parties</u>.  Home Depot shall ensure that each

bidding party has a copy of this Consent Decree prior to the submission of bids for any Site.

    8.     <u>Permits</u>.  Home Depot shall not Commence Construction Activities or direct any

contractor or subcontractor to Commence Construction Activities at a Site until all required

storm water authorizations have been issued by the local, state, and/or federal authorities, or until

coverage has been obtained pursuant to any applicable Permit, and shall, by contract, prohibit

such initiation by its contractors or subcontractors and render any such work non-compensable.

Home Depot shall not continue, or allow its contractors or subcontractors to continue, ground-

disturbing activity at a Pre-Entry Site, where the Commencement of Construction Activity has

already occurred, until all required storm water authorizations have been issued by the local,

state, and/or federal authorities, or until coverage has been obtained pursuant to any applicable

Permit.  Home Depot shall obtain permit coverage, transfer any permit, and terminate permit

coverage only as required or authorized by the applicable Permit.

    9.     <u>SWPPPs</u>.  Home Depot shall prepare, or cause to be prepared, a SWPPP for each

Site.  Home Depot shall ensure that the SWPPP for each Site complies with the requirements of

the applicable Permit, including all applicable federal, state, tribal, and local requirements for

soil and erosion control and storm water management.  In addition, Home Depot shall ensure that

the SWPPP for each Site meets at least the following requirements; provided, however, that in

the event of any irreconcilable inconsistency between the following requirements in this

Paragraph and those imposed by the applicable Permit, the conditions of the Permit shall prevail

to the extent necessary to resolve the inconsistency:

      a.    <u>SWPPP Preparation</u>:  The SWPPP shall be prepared by a registered

professional engineer or Storm Water Professional and signed in accordance with the

requirements of the applicable storm water regulations or Permit.

      b.    <u>SWPPP Site Visit</u>:  Prior to the preparation of the SWPPP, the registered

professional engineer or Storm Water Professional who will assist in the preparation of

the SWPPP shall visit the Site to inspect it to aid in the preparation of the SWPPP.

      c.    The SWPPP shall include:

      (i)    an identification of, to the extent known at the time of initial

preparation of the SWPPP and updated within 7 Days of new information

becoming available:

      a)    the Home Depot Storm Water Coordinator and Project

Manager for the Site;

      b)    the General Contractor's Compliance Officer and Project

Superintendent for the Site, with a description of each person's duties; and

      c)    contractors and subcontractors (including their addresses

and telephone numbers) responsible for implementing each BMP contained in the SWPPP;

(ii)    A detailed description of the Site and the nature of the construction, including the location, existing Site conditions, construction type, estimates of the total area of the Site that is expected to be disturbed, the intended sequence and timing of activities that disturb soils at the Site and estimates of the Site's run-off volume, peak flow, and sediment yield using an appropriate method;

(iii)    Site maps appropriate to the complexity of the Site and construction sequence including:

a)    a map or maps indicating drainage patterns and slopes, areas of soil disturbance; locations of major structural and nonstructural BMPs; locations of all planned stabilization measures; locations of likely discharge points to and locations of receiving waters, including surface waters, wetlands and inlets to municipal separate storm sewer systems leading to surface waters, and, additionally, in Colorado, State Waters; and the location of potential pollutant sources;

b)    a map or maps indicating on- and off-Site locations of equipment storage, material storage, waste storage and borrow/fill areas;

c)    maps or plan sheets identifying different phases or stages of development that will require changes to storm water controls, including, at least, a map or plan sheet showing the storm water controls to be

16

employed during initial clearing and grading and a separate map or plan sheet showing the storm water controls to be employed during construction of the buildings;

(iv)     A description of BMPs that will be used to assure compliance with terms and conditions of the Permit.  The BMPs identified in the SWPPP shall:

a)     be based on and appropriate for Site conditions;

b)     be effective in eliminating or significantly minimizing pollutants in storm water discharges from the Site;

c)     include the use of erosion management controls, including construction sequencing and temporary and permanent stabilization practices; sediment management controls; and housekeeping control measures, such as materials management and litter control, in combination, as appropriate, at the Site; and

d)     where required by any applicable Permit or other law, include measures to protect species listed under the federal Endangered Species Act or any state counterpart law as endangered or threatened species.

(v)     A description of all post-construction storm water management measures that will be installed during construction to reduce pollutants in storm water discharged from the Site after construction is complete, a description of how they have been designed and will be installed in accordance with applicable federal, local, state or tribal requirements and how they will be maintained.

17

(vi)    A description of maintenance procedures for all BMPs to ensure that they are maintained in effective operating condition.

(vii)    A description of the inspection procedures and documentation requirements set forth in the Permit and Paragraph 23 of this Decree.

10.    <u>Selection and Implementation of Post-Construction BMPs</u>.  At each Site, Home Depot shall design, implement, and properly maintain post-construction BMPs in accordance with the terms of the applicable Permit and of any applicable state or federal law or regulation.

11.    <u>Update of SWPPPs</u>.  Home Depot shall Require its General Contractor for each Site to revise the SWPPP, including, as necessary, the Site maps or plan sheets required by Paragraph 9.c.iiii:

a.    if there is a change in design, construction method, operation, or maintenance at the Site that has or could have a significant effect on the discharge of pollutants to surface waters including wetlands and municipal separate storm sewer systems leading to surface waters, or, additionally, in Colorado, to State Waters, that has not previously been addressed in the SWPPP.  Except as provided in subparagraph .c, such revisions shall be completed within 7 Days following such change at the Site, or within the time frame established by the applicable Permit, whichever is sooner; or

b.    to record any changes to the BMPs that result from the inspections required by Paragraph 23 or as otherwise identified.  Except as provided in subparagraph .c, such revisions shall be completed within 7 Days following the date on which the need for change(s) to the BMPs was identified, or within the time frame established by the applicable Permit, whichever is sooner.

c.    If State-specific procedures or program requirements governing changes to SWPPPs prevent the revision of the SWPPP by the sooner of 7 Days or the applicable Permit, Home Depot shall complete the revisions in accordance with the procedures and the time frame established by the Permit.

12.    <u>Availability of SWPPP and Permit</u>.  Throughout the period during which Permit coverage is required at any Site, Home Depot shall ensure that the Permit and the entire SWPPP (including Site maps) are readily available at the Site for review by any contractor or employee, as well as by any local, state, or federal inspector in accordance with Paragraph 40 (Right of Entry) or any other permit, law, or regulation then in effect.

13.    <u>Notice of Home Depot's Storm Water Coordinator's Contact Information</u>.  Home Depot shall post a conspicuous notice providing the name and email address of Home Depot's Storm Water Coordinator in the construction office at each Site.  Home Depot shall authorize all employees and contractors to contact its Storm Water Coordinator with any questions or to report problems relating to erosion control at any Site.  Such messages shall be retrieved and addressed within a reasonable time.

14.    <u>Provision of Guidance Materials</u>.  Home Depot shall Require the General Contractor for each Site to maintain on-Site (or provide ready access to, such as through a web link) up-to-date technical guidance materials for the design and maintenance of SWPPPs and BMPs.  Maintenance on-Site or through web access of a copy of U.S. EPA's "Developing your Stormwater Pollution Prevention Plan: A Guide for Construction Sites" May 2007 (EPA 833-R-060-04) and any additional guidance material referenced by the applicable Permit shall constitute compliance with the requirements of this Paragraph.

19

15.    <u>Pre-Construction Contractor Acknowledgment</u>. As part of the award of a

construction contract by Home Depot for any Site, Home Depot shall obtain a written

acknowledgment from the General Contractor that it:

a.    is aware of its obligation to obtain a copy of the applicable Permit;

b.    will file any Notice of Intent required in addition to the Notice of Intent

required to be filed by Home Depot;

c.    has a copy of, understands, and will comply with the requirements of this

Decree, including, but not limited to, briefing its employees and its subcontractors and

their employees (Paragraph 18), qualifications of its Compliance Officer and Project

Superintendent (Paragraphs 16 and 17), updating SWPPPs (Paragraph 11), performing

inspections, recording results of the inspection, and Remediating Action Items

(Paragraph 23);

d.    must implement all BMPs identified in the initial SWPPP prior to the

Commencement of Construction Activities (except for activities associated with the

initial installation of BMPs at a Site) to the extent that such BMPs have not already been

implemented;

e.    must certify to Home Depot that all such BMPs have been put in place

prior to the Commencement of Construction Activities (except for activities associated

with the initial installation of BMPs at a Site) as required by Paragraph 19 (Pre-

Construction Inspection and Certification of BMPs by General Contractor).

16.    <u>Designation of General Contractor's Compliance Officer</u>. Home Depot shall

Require its General Contractor for each Site to designate a Compliance Officer and to certify to

20

Home Depot in writing prior to the Commencement of Construction Activities at that Site that the designated Compliance Officer: (i) is a Storm Water Professional; (ii) has at least 5 years of construction-related experience; and (iii) is able to identify and has the authority on the Site(s) for which he or she is designated to implement BMPs and instruct employees and contractors in the implementation of such practices. Home Depot may allow the General Contractor to change its Compliance Officer for a Site as long as the General Contractor certifies to Home Depot in writing, prior to the change, that the replacement meets these same qualifications.

17.    <u>Designation of General Contractor's Project Superintendent</u>. Home Depot shall Require its General Contractor for each Site to designate a Project Superintendent who (i) is responsible for overseeing activities and work at a Site; and (ii) has the authority to direct employees and contractors to undertake actions to comply with a Permit, the Clean Water Act, and the Site's SWPPP. Home Depot shall Require the General Contractor to certify to Home Depot in writing before the Commencement of Construction Activities at that Site that the Project Superintendent: (i) is a Storm Water Professional, or will become a Storm Water Professional, within 30 Days of the Commencement of Construction Activities and will be accompanied by the Compliance Officer or any other Storm Water Professional until becoming a Storm Water Professional; (ii) has at least 2 years of construction-related experience; and (iii) is able to identify and has the authority on the Site for which he or she is designated to implement BMPs and effectively instruct employees and contractors in the implementation of such practices. Home Depot may allow the General Contractor to change its Project Superintendent for a Site as long as the General Contractor certifies to Home Depot in writing, prior to the change, that the replacement meets these same qualifications.

18.    <u>General Contractor's Employees and Subcontractor Training</u>.  Home Depot shall Require the General Contractor's Project Superintendent for each Site to provide a Site-specific briefing to its employees and all subcontractors and their employees as follows:

a.    <u>Initial Meeting for General Contractors' Employees</u>.  Home Depot shall Require the General Contractor's Project Superintendent for each Site to hold a meeting with its employees prior to Commencement of Construction Activities at the Site (except for activities associated with the initial installation of BMPs at the Site); and

(i)    at such meeting, explain the Storm Water Requirements for the Site; an overview of the SWPPP for the Site; and potential consequences for failure to comply with Storm Water Requirements;

(ii)    obtain the signature of each attendee on an attendance sheet at the conclusion of the meeting.

b.    <u>Initial Meeting for Subcontractors Involved in Ground-Disturbing Activities</u>.  Home Depot shall Require the General Contractor's Project Superintendent for each Site to hold a meeting with the foremen of all then-contracted subcontractors involved in ground-disturbing activities prior to Commencement of Construction Activities at the Site (except for activities associated with the initial installation of BMPs at the Site); and

(i)    at such meeting, explain the Storm Water Requirements and any other environmental requirements for the Site that are specific to each subcontractor's work at the Site; an overview of the SWPPP for the Site; and potential consequences for failure to comply with Storm Water Requirements;

22

and

       (ii)     obtain the signature of each attendee on an attendance sheet at the conclusion of the meeting.

    c.    <u>Initial Meeting for Subcontractors Not Involved in Ground-Disturbing Activities</u>.  Home Depot shall Require the General Contractor's Project Superintendent for each Site to hold a meeting with the foremen of all subcontractors who are not involved in ground-disturbing activities on or before the Building Foundation Start Date; and

       (i)     at such meeting, distribute a Subcontractor Briefing Sheet containing the information listed in Appendix A (Information for Subcontractor Briefing) and explain the Site access and waste disposal measures contained in the SWPPP, and

       (ii)     obtain the signature of each attendee on an attendance sheet at the conclusion of the meeting.

    d.    <u>General Contractor Employee and Subcontractor Briefing After the Initial Meeting</u>.  If a General Contractor employee or a subcontractor who was not present at the initial meeting required by subparagraph .a, .b, or .c, as applicable, will begin construction work after the initial meeting has occurred, Home Depot shall Require the General Contractor's Project Superintendent to brief that employee or the subcontractor's job site foreman before the employee or subcontractor begins work at the Site.  Such briefing shall meet the requirements for an initial meeting set forth in subparagraph .a, .b, or .c, as applicable, including a signature from the attendee attesting to the briefing.

e.    <u>Training of Subcontractors' Employees</u>.  Home Depot shall Require that the General Contractor train or ensure that the subcontractors' job site foremen train the subcontractors' employees as follows:

(i)    For employees of subcontractors involved in ground-disturbing activities, such training may occur either by the subcontractors' employees attending the pre-construction meeting required by subparagraph .b or an appropriate briefing, as required by subparagraph .d, or by the subcontractors' job site foremen conveying the information required to be presented at the pre-construction meeting to the subcontractors' employees prior to each employee's commencement of work at the Site.  Each employee shall sign an attendance sheet attesting to his or her attendance at the pre-construction meeting or subsequent briefing by the General Contractor's Project Superintendent pursuant to subparagraph .c or this subparagraph, as applicable.

(ii)    For employees of subcontractors who are not involved in ground-disturbing activities, such training may occur either by the subcontractors' employees attending the initial meeting required by subparagraph .c or an appropriate briefing, as required by subparagraph .d, or by the subcontractor's job site foremen distributing the Subcontractor Briefing Sheet to the employee and explaining the Site access and waste disposal measures contained in the SWPPP prior to each employee's commencement of work at the Site.

f.    <u>Certification to Home Depot</u>.  Home Depot shall require that the General Contractor certify to Home Depot that its employees and all subcontractors and their

employees have been trained pursuant to this Paragraph. With respect to the General

Contractor employee and subcontractor training required by subparagraphs 18.a. and .b

(and any subcontractor employees who attended such meeting pursuant to subparagraph

.e), Home Depot shall Require that this certification be provided to Home Depot pursuant

to Paragraph 20 (Additional General Contractor Certifications). With respect to the

training of General Contractor employees and subcontractors and their employees that

occurs after the pre-construction meeting pursuant to subparagraphs 18.c, .d, and .e,

Home Depot shall Require that the General Contractor's Compliance Officer review the

attendance sheets during the monthly inspection required by subparagraph 23.d (Monthly

Inspections by General Contractor) and certify that any General Contractor employees or

subcontractors or their employees that had commenced work at the Site since the prior

monthly inspection had been trained as required by subparagraphs 18.c, .d, or .e, as

applicable. The General Contractor shall maintain these certifications and attendance

lists on-Site, and they shall be available to the Home Depot Inspector to review during

the monthly inspection required by subparagraph 23.e..

19.    Pre-Construction Inspection and Certification of BMPs by General Contractor.

Home Depot shall Require that the General Contractor's Compliance Officer inspect the Site

prior to the Commencement of Construction Activities at any Site (except for activities

associated with the initial installation of BMPs at the Site), to determine whether the BMPs

required by the SWPPP have been installed correctly and in the correct locations. Home Depot

shall Require the Compliance Officer to certify to Home Depot that, based upon his or her

personal pre-construction inspection of the Site, all BMPs required by the SWPPP have been

installed correctly and in the correct locations prior to the Commencement of Construction Activities (other than those activities associated with the initial installation of BMPs at the Site), or to specifically describe any Action Items identified during the inspection. Home Depot shall Require the General Contractor to Remediate any Action Items found during the pre-construction inspection and to certify to Home Depot that they have been Remediated prior to the Commencement of Construction Activities (other than those activities associated with the initial installation of BMPs at the Site).

20.    <u>Additional General Contractor Certifications</u>.  Prior to the Commencement of Construction Activities at any Site (other than those activities associated with the initial installation of BMPs at the Site), Home Depot shall obtain the following certifications from its General Contractor:

a.    the Permits and the SWPPP are available at the Site as required by Paragraph 12;

b.    a notice providing the name and email address of Home Depot's Storm Water Coordinator is available at the Site as required by Paragraph 13;

c.    guidance materials are available at the Site as required by Paragraph 14;

d.    the General Contractor has designated a qualified Compliance Officer and Project Superintendent as required by Paragraphs 16 and 17; and

e.    the General Contractor has held pre-construction Site-specific briefings for its employees and for subcontractors and their employees as required by subparagraphs 18.a, .b, and .e(i).

21.    <u>Pre-Construction Conference</u>.  Prior to the Commencement of Construction

Activities at any Site (except for activities associated with the initial installation of BMPs at the Site), the Home Depot Project Manager, or its Storm Water Consultant, shall conduct a pre-construction conference (by telephone or in person) with the General Contractor's Compliance Officer and Project Superintendent to discuss the pre-construction and other Storm Water Requirements. The person who conducts the conference shall record the results of the conference on the Pre-Construction Conference Checklist (in the form set forth in Appendix B).

22.    <u>Weekly Meetings</u>. In addition to the pre-construction meeting, Home Depot shall Require its General Contractor for each Site to hold weekly meetings with its employees and all subcontractors involved in ground-disturbing activities and their employees at the Site to review the requirements of any applicable Permits, the SWPPP, and this Decree and to address any problems that have arisen in implementing the SWPPP or maintaining BMPs.

23.    <u>Inspections and Remediation</u>. Inspection and Remediation at each Site shall be performed as follows:

a.    <u>Weekly and Rain-Related Inspections</u>. Home Depot shall Require each General Contractor's Project Superintendent to conduct an inspection of the Site for which that Project Superintendent is responsible at least once each calendar week (Monday to Sunday) and within 24 hours of the end of a storm event of 0.5 inches or greater, and in accordance with any more frequent time frames required by the applicable Permit. Home Depot shall Require the General Contractor's Project Superintendent to inspect the entire Site, including all disturbed areas, areas used for storage of materials exposed to precipitation, locations where vehicles enter or exit the site, discharge points or if inaccessible, nearby downstream locations, and all erosion and sediment controls, to

27

monitor the Site's compliance with Storm Water Requirements, including to:

      (i)      determine whether the SWPPP is being implemented in accordance with the requirements of applicable Permit(s) and this Consent Decree;

      (ii)      identify and record any repairs made to, or needed for, existing BMPs to ensure that they are maintained in effective operating condition;

      (iii)      identify and record the need to modify and/or to implement additional BMPs to eliminate or significantly minimize discharges of pollutants from the Site into waters of the United States or, additionally, in Colorado, to State Waters; and

      (iv)      identify and record any discharges, including non-storm water discharges, from the Site into waters of the United States, or, additionally, in Colorado, to State Waters, without a Permit or in violation of a Permit.

If authorized by the applicable Permit, Home Depot may authorize the Project Superintendent to reduce the frequency of his or her inspections to once each month (and within 24 hours of the end of a storm event of 0.5 inches or greater) if one of the following conditions is met: (i) the entire Site is temporarily stabilized; or (ii) runoff is unlikely due to winter conditions (e.g., snow cover exists at the Site for an extended period and temperatures at the Site are continuously depressed such that melting conditions do not exist); or (iii) construction is occurring during seasonal arid periods in arid areas and semi-arid areas. Home Depot shall Require the Project Superintendent to resume weekly inspections as soon as the Site no longer meets any of these conditions.

      b.      Home Depot shall Require the General Contractor's Project

Superintendent to record the results of each weekly and rain-related inspection completely in the form set forth in Appendix C (Inspection Report), to certify the information contained in the Inspection Report by signing in the area provided on the Inspection Report, and to record all Action Items in the form set forth in Appendix D (Action Item Log).

      c.     Home Depot shall Require its General Contractor to ensure that all Action Items identified through the inspections required by subparagraphs a, d, or e of this Paragraph, or that are otherwise necessary to achieve compliance with Storm Water Requirements, are Remediated as soon as possible after the date on which they were identified and, for BMP Action Items, wherever practicable, before the next storm event, or more expeditiously if required by the Applicable Permit.  If Remediation of a BMP Action Item before the next storm event is impracticable, Home Depot shall Require its General Contractor to Remediate the Action Item as soon as possible, to document the situation in the SWPPP, and to implement alternative (e.g., temporary) BMPs as soon as practicable to minimize any discharge in the interim.  Home Depot shall Require its General Contractor to record the corrective measures taken and the date each Action Item was Remediated in the Action Item Log.  In addition, Home Depot shall Require its General Contractor to revise the SWPPP to incorporate any significant changes made to BMPs (e.g., significant change in design, installation, operation or location of controls, significant change in disturbed area or topography, or addition or deletion of outfall points) in accordance with Paragraph 11 (Update of SWPPPs).  If an Action Item is identified by some means other than during an inspection required by subparagraph .a,

.d., or .e of this Paragraph, Home Depot shall Require its General Contractor to Remediate the Action Item within the time frames set forth in this subparagraph .c.

        d.      <u>Monthly Inspections by General Contractor</u>.  At least once each month, Home Depot shall Require the General Contractor's Compliance Officer for each Site to inspect the Site, accompanied by the Project Superintendent.  (This inspection may qualify as one of the weekly or rain-related inspections required by subparagraph .a.) These inspections shall be scheduled so that, together with the inspections required by subparagraph .e, below, the Site will be inspected approximately bi-weekly by either Home Depot (pursuant to subparagraph .e, below) or the General Contractor's Compliance Officer.  Home Depot shall Require the General Contractor's Compliance Officer, in addition to performing an inspection, to review the Inspection Reports prepared since the Compliance Officer's last inspection and the Action Item Log and to determine whether the inspections have been performed and documented correctly and whether all Action Items noted as necessary on the Inspection Reports have been timely Remediated and documented as such as required by subparagraphs .b and .c of this Paragraph.  If all Action Items have not been Remediated, Home Depot shall Require the General Contractor to Remediate any such Action Item(s) as soon as practicable and to note the date that the Action Item was Remediated on the Action Item Log.  Home Depot shall also Require the Compliance Officer to discuss any inadequacies in inspection practices or documentation with the Project Superintendent, to note any such inspection-related Action Items on the Action Item Log, and to ensure that any such inspection-related Action Items are Remediated by the next weekly or rain-related inspection.

Home Depot shall Require the General Contractor's Compliance Officer to record the results of each monthly inspection by completing the Inspection Report, and, if necessary, the Action Item Log, and to certify the information contained in the Inspection Report by signing in the area provided on the Inspection Report. In the event that Home Depot has authorized the Project Superintendent to reduce inspection frequency to once per month in accordance with the terms of subparagraph .a of this Paragraph, Home Depot shall Require the Compliance Officer to accompany the Project Superintendent on such monthly inspections of the Site.

e.    Monthly Inspections by Home Depot.

(i)    At least once a month, with the first inspection to occur within 7 days of the Commencement of Construction Activities (except for activities associated with the initial installation of BMPs at the Site), the Home Depot Inspector shall perform an independent inspection of the Site. The Home Depot Inspector shall be accompanied by the Project Superintendent if available. Thereafter, the monthly inspections by the Home Depot Inspector shall be scheduled so that, together with the inspections required by subparagraph d., above, the Site will be inspected approximately bi-weekly by either the Home Depot Inspector or the General Contractor Compliance Officer. Prior to the inspections, Home Depot shall not notify the Project Superintendent or any other representative of the General Contractor regarding the day on which the Home Depot Inspector will perform the inspection. In addition to performing the inspection, the Home Depot Inspector shall review the Inspection Reports

31

prepared since the Home Depot Inspector's last inspection and the Action Item Log and determine whether the inspections have been performed and documented correctly and whether all Action Items have been timely Remediated and documented as required by subparagraphs .b and .c of this Paragraph. The Home Depot Inspector shall record the results of the monthly inspection by completing the Inspection Report and certify the information contained in the Inspection Report by signing in the area provided on the Inspection Report. The Home Depot Inspector shall also: identify on the Home Depot Monthly Inspection Report any changes in inspection, documentation, and/or oversight procedures that are deemed necessary to comply with Storm Water Requirements; shall note any recurring deficiencies identified in the General Contractor's implementation of the SWPPP or maintenance of the BMPs and recommend changes to address the problem; shall discuss any such changes with the General Contractor; and shall record any such changes as Action Items on the Action Item Log.

(ii)    During the inspection that occurs within one week of Commencement of Construction Activities (except for activities associated with the initial installation of BMPs at the Site), a) the Home Depot Inspector shall confirm and certify that the items for which Home Depot obtained the General Contractor's certifications pursuant to Paragraphs 19-20 have in fact been satisfactorily performed; b) the Home Depot Inspector shall be accompanied by the person who participated in the preparation of the SWPPP or an engineer retained by Home Depot who reviews and becomes familiar with the SWPPP,

who shall also certify that all BMPs required by the SWPPP have been installed correctly and in the correct locations as required by Paragraph 19.

(iii)    Home Depot may suspend its monthly inspections during any period in which subparagraph .a of this Paragraph allows Home Depot to authorize the Project Superintendent to conduct monthly rather than weekly inspections. Home Depot shall resume its monthly inspections as soon as the Site no longer meets any of the conditions set forth in that subparagraph.

f.    <u>Identification of an Action Item by Home Depot Other than During a Monthly Inspection</u>.    If Home Depot identifies an Action Item at a Site or Pre-Entry Site by some means other than through an inspection required by subparagraph 23.e (Monthly Inspection by Home Depot) or Paragraph 27 (Home Depot Final Inspection), such as during a Home Depot Project Manager's visit, Home Depot shall communicate this to the General Contractor for inclusion on the Action Item Log and for Remediation as set forth in subparagraph .c of this Paragraph.

g.    <u>Storm Water Compliance Reporting</u>

(i)    <u>Transmittal of Inspection Reports</u>.    For each Site, Home Depot shall obtain a copy of the completed Inspection Report(s) generated during each calendar week (Monday to Sunday) and a copy of the most current Action Item Log.

(ii)    <u>Weekly Compliance Report</u>.    Home Depot shall review and collate the data contained in the Inspection Reports and Action Item Log from the prior week for each Site and shall produce a Weekly Compliance

33

Report for all Sites.  The Weekly Compliance Report shall be transmitted to the Home Depot Storm Water Coordinator, and all Home Depot Storm Water Managers no later than the Friday of the week following the week in which the inspections were performed.

h.        Notwithstanding the requirements of this Paragraph or Paragraph 11 (Update of SWPPPs), and as provided in Paragraphs 2 (Compliance with Clean Water Act) and 36 (No Warranty by Plaintiffs), Home Depot shall fully comply with, and shall Require that its General Contractor fully comply with, all inspection, repair, and operation and maintenance requirements in the applicable Permit for any Site.

24.    Increased Home Depot Compliance Inspection and Oversight of Non-Compliant Sites.

a.        Home Depot shall implement increased inspection and oversight at a Site, as described in subparagraph .b of this Paragraph, if any of the following events have occurred at a Site since the last Home Depot monthly inspection:

(i)        a state or federal notice of violation, administrative order, or judicial action has been initiated based on allegations that: a) Home Depot or the General Contractor has failed to conduct or document an inspection as required by Storm Water Requirements; b) Home Depot or the General Contractor has failed to repair, maintain, or modify BMP(s) as required by Storm Water Requirements; or c) a discharge without a Permit has occurred at or from the Site; or

(ii)        Home Depot determines that the General Contractor has failed on

.three or more occasions: a) to conduct or document an inspection as required by Storm Water Requirements; or b) to repair, maintain, or modify BMP(s) as required by Storm Water Requirements.

b.      Within seven (7) Days of the time that any criterion in subparagraph .a is triggered for a Site, Home Depot shall conduct an unannounced inspection at the Site. Within five (5) Days of the inspection, Home Depot shall submit to EPA and, for any Site located in Colorado, to Colorado, a plan for increased inspection and oversight at the Site that is focused on resolving compliance issues and preventing recurrence. The plan shall be immediately implemented.

25.   Home Depot's Storm Water Coordinator Review and Quarterly Compliance Report and Document Submittal.

a.      Within 45 Days of the end of each calendar quarter, Home Depot shall prepare and submit to the United States and the State of Colorado a Quarterly Compliance Report (in a form to be agreed to by the parties prior to the first submission). The first Quarterly Compliance Report shall be due within 45 days of the first quarter after entry of this Consent Decree; provided, however, that if this Decree is entered prior to April 1, 2008, the first Report: (i) shall not be due until August 14, 2008 (i.e., 45 days from the end of the first full calendar quarter), and (ii) shall report as to Sites from their existence through June 30, 2008, and as to Pre-Entry Sites from the date of lodging until June 30, 2008. Home Depot may use its Storm Water Consultant to assist in the preparation of the Quarterly Compliance Report, but the Report must be reviewed and certified by Home Depot's Storm Water Coordinator. The Quarterly Compliance Report

35

shall: (i) identify any instances of apparent non-compliance during the calendar quarter by Home Depot or its General Contractor with Storm Water Requirements, including at a minimum, the name and location of the Site, the General Contractor (if applicable), and a description of the apparent non-compliance; (ii) include a copy of any government inspection reports or enforcement action documents concerning Storm Water Requirements received during the calendar quarter, and a discussion of how Home Depot and/or its General Contractor addressed or plans to address any identified deficiencies; (iii) identify any recurring compliance issues and solutions to them that Home Depot has implemented or will implement; (iv) a discussion of whether the steps that were identified in any plan for increased inspection and oversight submitted during the calendar quarter pursuant to subparagraph 24.b or in the previous Quarterly Compliance Report as taken or to be taken to address any deficiencies or recurring compliance issues identified in (ii) or (iii) of this subparagraph or subparagraph 24.a were successful, and if not, how Home Depot plans to bring the Site into consistent compliance with Storm Water Requirements; (v) an accounting of the receipts and expenditures in the escrow account established pursuant to subparagraph 62(b) (Payment of Stipulated Penalties); and (vi) annually, a review of the Home Depot Storm Water Training Program as required by subparagraph 28.e.

   b.  Home Depot need not submit supporting documentation with the Quarterly Compliance Report, except as specified in subparagraph .a; provided, however, that Plaintiffs may request any record, report, information, document, or photograph ("information") required to be created or maintained pursuant to Storm Water

Requirements, and Home Depot shall supply the requested information within 15 Days, or within such other time frame as the Parties mutually agree.

26.    <u>Temporary Alteration of BMPs</u>.  If, during the course of construction at a Site, the temporary removal or alteration of a BMP is necessary to accomplish the construction or to protect health and safety, Home Depot shall Require the General Contractor's Project Superintendent to provide contemporaneous email notification of such removal or alteration to the Home Depot Inspector for the Site, and to note such removal and alteration on the Inspection Report, including specific information regarding the changes made and the day and time such changes were made or were reported to have been made.  Home Depot shall Require its General Contractor to restore the BMP as soon as practicable and no later than 24 hours after the completion of the activity that required the change.  Home Depot shall Require the General Contractor's Project Superintendent to note the restoration on the Inspection Report, including specific information regarding the day and time at which the restoration was completed.  Home Depot shall Require its General Contractor to take all reasonable measures to prevent discharges of pollutants in storm water from the Site to the waters of the United States and, additionally, in Colorado, to State Waters, during the time that the BMP has been altered or removed, including, but not necessarily limited to timing the removal or alteration of the BMP so that it occurs when precipitation is not forecast and installing new or alternate BMPs elsewhere on the Site or outside the affected area.

27.    <u>Final Home Depot Inspection</u>.  At each Site or Pre-Entry Site, the Home Depot Inspector shall perform an inspection of the Site at the conclusion of the construction project to ascertain whether:  all areas of the Site or Pre-Entry Site have been finally stabilized in

accordance with Permit conditions and requirements; all post-construction BMPs required by the Permit or any applicable state or federal law or regulation have been designed and installed as required; and the Site or Pre-Entry Site is eligible for termination of Permit coverage. Home Depot's Construction Project Manager shall sign and certify a report on the inspection. The certified final inspection report shall be retained by Home Depot with the SWPPP as required by this Decree and any applicable Permit or other requirement of law. If all areas of the Site or Pre-Entry Site have been finally stabilized in accordance with Permit conditions and requirements, Home Depot shall file a notice of termination of Permit coverage if required by the applicable Permit.

     28.   <u>Home Depot Storm Water Professional Training Program.</u>

         a.    Home Depot may, at its sole election, certify Home Depot's Storm Water Managers, Storm Water Coordinator, and Storm Water Consultant(s), General Contractors' Compliance Officers and Project Superintendents working at any Site as Storm Water Professionals upon their successful completion of the Home Depot Storm Water Professional Training Program ("Home Depot Training Program" or "the Program") conducted by Home Depot or by its Storm Water Consultant.

         b.    The Home Depot Training Program shall conform to the syllabus appended hereto as Appendix E. EPA has reviewed the Home Depot Training Program submitted to EPA on March 3, 2005, and finds that the content of that program conforms to that syllabus.

         c.    Successful completion of the Home Depot Storm Water Training Program shall require an attainment of a grade of 75% or higher on a written test administered at

the conclusion of the training portion of the Program, and shall be evidenced by a Certificate of Completion issued by Home Depot or its Storm Water Consultant. The test shall be designed to determine proficiency in the principles, practices, and regulatory requirements of erosion and sediment control and other Storm Water Requirements.

d.      Where certification as a Storm Water Professional is based upon the Home Depot Training Program, that certification shall be maintained by the successful completion of the Program at least every 12 months, either through an in-person session or a computer-based course.

e.      The Home Depot Storm Water Coordinator shall evaluate the Home Depot Storm Water Training Program annually and shall determine whether any changes are necessary. A written evaluation of the Storm Water Professional Training Program and a description of any significant proposed revisions to the Program or the syllabus shall be included in the Quarterly Compliance Report that is submitted for the quarter that ends one year after entry of this Decree, and shall be included in that Quarterly Compliance Report annually thereafter. In addition, the Parties may consult from time to time concerning revisions of the Storm Water Training Program or its syllabus. Home Depot may revise the Storm Water Training Program without receiving Plaintiffs' approval as long as the Program conforms to the syllabus attached as Appendix E. Home Depot may revise the Program syllabus only with the consent of the Plaintiffs. Any revisions to the syllabus that are consented to by all Parties shall supplant the prior syllabus on a date established by mutual consent of the Parties, and Home Depot shall conform the Program to the revised syllabus as expeditiously as possible.

III.   CIVIL PENALTY

29.   <u>Civil Penalty</u>.  Within 30 Days after entry of this Consent Decree, Home Depot shall pay a civil penalty of $1.3 million to Plaintiffs, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

30.   <u>Agreement Not to Seek Indemnification or Insurance Coverage</u>.  Home Depot shall pay the civil penalty out of its own funds and shall not seek indemnification or insurance coverage for the civil penalty from any contractor or third party. Except as expressly provided in subaragraph 62(b) (Payment of Stipulated Penalties), nothing in this Paragraph shall prevent Home Depot from seeking contractual indemnification, insurance coverage, stipulated penalties or liquidated damages from any General Contractor at any Site in connection with violations of any applicable Permit or the Clean Water Act committed by any General Contractor or Home Depot.  Nothing in this Paragraph shall be construed to prevent any Plaintiff from asserting in any future action that Home Depot must pay a civil penalty out of its own funds.

31.   <u>Method of Payment</u>.

a.   Home Depot shall pay $1,269,531.00 of the civil penalty (plus interest as described in Paragraph 29) to the United States by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Defendant, following lodging of the Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of Georgia, 600 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, GA 30303-3309, (404) 581- 6350.  At the time of payment, Home Depot shall send a copy of the EFT authorization form and

40

the EFT transaction record, together with a transmittal letter, which shall state that the

payment is for the civil penalty owed pursuant to the Consent Decree in <u>United States v.</u>

<u>Home Deport USA, Inc.</u>, and shall reference the civil action number and DOJ case

number 90-5-1-1-08058, to the United States in accordance with Paragraph 45 of this

Decree (Notification); by email to acctsreceivable.CINWD@epa.gov; and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio  45268.

      b.    Home Depot shall pay the remaining $30,469 of the civil penalty (plus

interest as described in Paragraph 29) by certified check made out to the Colorado

Department of Public Health and Environment.  Home Depot shall mail the check

together with a transmittal letter (which shall state that the payment is for the civil

penalty owed pursuant to the Consent Decree in <u>United States v. Home Deport USA,</u>

<u>Inc.</u>, and shall reference the civil action number) to:

> Enforcement Work Group Leader
> Colorado Department of Public Health and Environment
> Water Quality Control Division
> 4300 Cherry Creek Drive, South, Bldg. B
> Denver, CO  80246-1530.

Home Depot shall send a copy of the check and cover letter to Colorado in accordance

with Paragraph 45 (Notification).

IV.    GENERAL PROVISIONS

      32.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over the subject matter of this

action and over the Parties pursuant to 33 U.S.C. § 1319 and 28 U.S.C. §§ 1331, 1345 and 1355.

The Complaint states a claim upon which relief may be granted under 33 U.S.C. § 1319.  Venue

is proper under 28 U.S.C. § 1391(b) and (c).  For purposes of the Decree, Home Depot consents

to and will not contest the jurisdiction of this Court over this matter.  The Court shall retain

jurisdiction to enforce the terms and conditions of this Decree, to resolve disputes arising

hereunder and for such other action as may be necessary or appropriate for construction or

execution of the Decree.

33.    Parties Bound.  In accordance with the provisions of Federal Rule of Civil

Procedure 65, the provisions of this Decree shall apply to and be binding upon the United States

and upon Home Depot, its officers, directors, agents, trustees, servants, employees, successors,

assigns, attorneys, and upon those persons, firms and corporations in active concert or

participation with Home Depot who receive actual notice of the order by personal service or

otherwise.  Within 10 Days of entry of this Decree, Home Depot shall provide a copy of this

Decree to each Responsible Official, each General Contractor, each Project Superintendent, and

each person or firm retained by Home Depot to implement this Decree or designated in

accordance with the terms of this Decree.  If a Responsible Official, General Contractor, Project

Superintendent, or person or firm is retained by Home Depot or designated more than 10 Days

after entry of the Decree, Home Depot shall provide such person or firm a copy of the Decree

within 10 Days of retention or designation.

34.    Responsibility for Acts of Contractors or Agents.  In any action to enforce this

Decree, Home Depot shall not assert as a defense the failure of its officers, directors, agents,

trustees, servants, employees, successors, assigns, and contractors to take actions necessary to

comply with this Decree unless Home Depot establishes that the failure resulted from a Force

Majeure event as defined in Section VIII (Force Majeure).

35.     Claims of Confidentiality.  Home Depot may assert business confidentiality claims covering part or all of any documents or information submitted by Home Depot under this Decree to the extent permitted by and in accordance with 40 C.F.R. Part 2, or state or tribal law as applicable.  Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies documents or information when they are submitted to any Plaintiff, or if EPA has notified Home Depot of its determination that any specific documents or information is not confidential under the standards of 40 C.F.R. Part 2, the public may be given access to such information under the Freedom of Information Act without further notice to Home Depot.

36.     No Warranty by Plaintiffs.  Plaintiffs do not, by their consent to entry of this Decree, warrant or aver in any manner that Home Depot's compliance with this Decree will result in compliance with the provisions of applicable federal or state laws, regulations, or Permit conditions.  Notwithstanding Plaintiffs' review and approval of any data, reports or plans formulated pursuant to this Decree, Home Depot shall remain solely responsible for compliance with this Decree and with the provisions of applicable federal and state laws, regulations, and Permit conditions.

37.     Headings.  Headings in this Decree are provided for convenience only and shall not affect the substance of any provision.

38.     Final Judgment.  Upon approval and entry of this Decree by the Court, this Decree shall constitute a final judgment between and among the Parties.

39.     Purpose of Consent Decree.  It is the express purpose of this Decree to further the objectives of the Clean Water Act as well as regulations and Permits issued pursuant to that Act.

All obligations in this Decree shall have the objective of causing Home Depot to be and remain in full compliance with the Act, the regulations and Permits issued pursuant to the Clean Water Act, as well as state laws, regulations, and Permits authorized pursuant to the Clean Water Act.

40.    Right of Entry.  Until termination of this Decree, Plaintiffs, their representatives, contractors, consultants and attorneys shall each have the authority to enter, at reasonable times and upon presentation of credentials, any Site subject to this Decree or any location at which records relating to this Decree are kept for the purposes of:

    a.      monitoring the progress of activities required by this Decree;

    b.      verifying any data or information submitted to Plaintiffs or any other federal, state or local agency in accordance with the terms of this Decree;

    c.      obtaining samples and, upon request, splits or duplicates of any samples taken by Home Depot, its contractors or consultants; and

    d.      reviewing and copying any records required to be kept by Home Depot pursuant to this Decree.

To the extent that Plaintiffs seek to review records maintained at a location other than a Site, Plaintiffs shall contact Home Depot's Storm Water Coordinator 48 hours before such review. Home Depot shall make such records available to the Plaintiffs at a reasonable time and location at Home Depot's offices in Atlanta, Georgia or within a reasonable time provide copies of such records to Plaintiffs at Plaintiffs' offices.  Nothing in this subparagraph shall be construed to restrict Plaintiffs' right to review records at a Site.

41.    No Limitation on Other Rights of Entry.  Nothing in Paragraph 40 (Right of Entry) or any other provision of this Decree shall be construed to limit any right of entry or

44

access or other information gathering authority pursuant to any federal, state, or local law.

    42.    <u>Preservation of Records</u>. In addition to complying with any other applicable local, state, or federal records preservation requirements, until one calendar year after termination of this Decree, Home Depot shall preserve at least one legible copy of all documents in its possession, custody, or control that relate to the performance of Home Depot's obligations under this Decree. Within 30 Days of retaining or employing any agent, consultant, or contractor for the purpose of carrying out the terms of this Decree, Home Depot shall enter into an agreement with any such agent, consultant, or contractors requiring such person to provide Home Depot a copy of all documents relating to the performance of Home Depot's obligations under this Decree.

    43.    <u>Authority to Sign Decree</u>. The undersigned representative of Home Depot certifies that he or she is authorized to enter into this Decree and to execute and legally bind Home Depot to the terms and conditions of this Decree and is a Responsible Official.

    44.    <u>Designation of Agent for Service</u>. Home Depot shall identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on Home Depot's behalf with respect to all matters arising under or relating to this Decree. Home Depot agrees to accept service in that manner and to waive the formal service requirements of Federal Rule of Civil Procedure 4 and any applicable local rules of this Court, including, but not limited to, service of summons.

    45.    <u>Notification</u>.

        a.    When written notification is required by the terms of this Decree, such notification shall be addressed to the following individuals at the addresses specified

45

below (or to such other addresses as may be designated by written notice to the Parties):

**As to the United States:**

Department of Justice

Chief, Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC  20044-7611
Reference Case No. 90-5-1-1-08058

*and*

EPA

Kenneth Kwan
U.S. EPA, Region 4
61 Forsyth Street, SW
Atlanta, GA 30303-8960
(404) 562-9752

Kelly Brantner
U.S. EPA, OECA/ORE/WED
1200 Pennsylvania Avenue, NW
Mailstop 2243A
Washington, DC  20460
(202) 564-9933

**As to the State of Colorado:**

Enforcement Work Group Leader
Colorado Department of Public Health and Environment
Water Quality Control Division
4300 Cherry Creek Drive, South, Bldg. B
Denver, CO  80246-1530
(303) 692-3564

**As to Home Depot:**

David G. Oshinski
Director of Construction
The Home Depot, C-19
2455 Paces Ferry Road
Atlanta GA 30339-4024
(770) 384-4139

Marcia K. Cowan, Esq.
Senior Corporate Counsel
The Home Depot, Inc.
C-20
2455 Paces Ferry Road
Atlanta GA 30339-4024
(770) 384-2343

Richard S. Davis
Beveridge & Diamond, P.C.
1350 I Street, N.W.
Washington, D.C. 20005
(202) 789-6025

   b.  Notifications to the United States or State of Colorado shall be deemed

submitted on the date they are postmarked and sent by certified mail, return receipt

requested.

   46.  Certification of Reports and Submissions.  Except as otherwise expressly

provided in this Consent Decree, any report or other document submitted by Home Depot

pursuant to this Decree which makes any representation concerning compliance or

noncompliance with any requirement of this Decree shall be certified by a Responsible Official

of Home Depot.  The certification shall be in the following form:

   I certify under penalty of law that this document and all attachments were
   prepared  under my direction or supervision in accordance with a system designed
   to assure that qualified personnel properly gather and evaluate the information
   submitted.  Based on my inquiry of the person or persons who manage the system,

or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Name: _____

Title: _____

Date: _____

47.    <u>Entire Agreement</u>. This Decree is the final, complete, and exclusive agreement between the Parties. The Parties acknowledge that there are no inducements, promises, representations, agreements, or understandings relating to the settlement other than those expressly contained in this Decree.

48.    <u>Modification</u>.

a.    Except as otherwise set forth in this Consent Decree, the terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

b.    Any disputes concerning modification of this Decree shall be resolved pursuant to Section VII of this Decree (Dispute Resolution), provided, however, that, instead of the burden of proof provided by subparagraph 71.d, Home Depot shall bear the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

c.    Home Depot's failure to obtain a federal or state grant or other public

48

assistance shall not be a basis for modification of this Decree.   Unanticipated or increased costs or expenses associated with the implementation of actions called for by this Decree and economic hardship or changed financial circumstances shall not serve as a basis for modifications of this Decree.

49.    <u>Costs of Suit</u>.  Each Party to this action shall bear its own costs and attorneys' fees incurred prior to entry of the Decree in this action.

50.    <u>Public Notice</u>.  The Parties acknowledge and agree that the final approval and entry of this Decree is subject to the requirements of 28 C.F.R. § 50.7, which provides that notice of proposed consent decrees be given to the public and that the public shall have at least 30 Days in which to make any comments.  The United States may withhold or withdraw its consent to this Decree based on such comments.

51.    <u>Agreement to Entry of Decree</u>.  Home Depot hereby agrees not to oppose entry of this Decree by this Court or to challenge any provision of this Decree.

52.    <u>Request to Terminate Decree</u>.  No sooner than 5 years after entry of this Decree, Home Depot may request the Plaintiffs' consent to termination of this Decree.  In seeking such consent, Home Depot shall demonstrate that:

a.    Home Depot has paid all monies, civil penalties, interest, and stipulated penalties due under this Decree;

b.    There are no unresolved matters subject to dispute resolution pursuant to Section VII (Dispute Resolution);

c.    No enforcement action under this Decree is pending; and

d.    Home Depot is in compliance with the requirements set forth in Section II

49

(Home Depot's Compliance Program).

53.    <u>Response to Request for Termination</u>.  The Plaintiffs shall each notify Home Depot in writing either that such Plaintiff objects to the request to terminate or that it does not object to the termination of the Decree.  If any Plaintiff objects to such request, Home Depot may invoke the provisions of Section VII (Dispute Resolution), and the Decree shall remain in effect pending resolution of the dispute by the Parties, or, ultimately, the Court.

54.    <u>Termination</u>.  The Court may terminate this Decree 60 Days after Home Depot has filed with the Court a motion to terminate the Decree and served a copy of that motion upon the Plaintiffs, so long as either (i) Home Depot's motion to terminate the Decree is accompanied by a true and correct copy of each Plaintiff's notice that it does not object to the termination or (ii) Home Depot prevails in the dispute resolution process invoked pursuant to Paragraph 53 (Response to Request for Termination).

V.    EFFECT OF DECREE

55.    <u>Covenants Not to Sue by Plaintiffs</u>.  In consideration of the payment of the penalty required by Paragraph 29 (Civil Penalty) and the full and satisfactory compliance by Home Depot with the terms of this Decree, Plaintiffs hereby covenant not to sue or take administrative action against Home Depot pursuant to the Clean Water Act or any state law that is part of a program EPA has approved under 33 U.S.C. § 1342(b) for the civil violations alleged in the Plaintiffs' Complaints through the date of lodging of this Decree.

56.    <u>No Effect on Third Parties</u>.  Except as expressly provided in Paragraphs 30 (Agreement Not to Seek Indemnification) and 62.b (Payment of Stipulated Penalties), this Decree does not limit or affect the rights of Home Depot or of the Plaintiffs against any third

parties not Party to this Decree, nor does it limit the rights of third parties not Party to this Decree, against Home Depot except as otherwise provided by law.  This Decree shall not be construed to create rights in, or grant any cause of action to, any third party not Party to this Decree.

57.    <u>Plaintiffs' Reservations of Rights</u>.  Except as expressly resolved in Paragraph 55, each Plaintiff reserves the following rights:

a.    All rights not expressly waived in this Decree;

b.    All rights and remedies, legal and equitable, available to enforce the provisions of this Decree;

c.    The right to obtain civil penalties and injunctive relief, including contempt penalties, fines and statutory penalties, through an enforcement or abatement action against Home Depot for any past, present, or future violations of the Clean Water Act or any other statutes, regulations, or rules; and

d.    The right to seek and obtain criminal sanctions against any person, including Home Depot; and

e.    The right to undertake any action against any person, including Home Depot, in response to conditions that may present an imminent and substantial endangerment to the public health or welfare or the environment.

58.    <u>Home Depot's Reservation of Rights</u>.  Except as provided by the express terms of this Decree, Home Depot reserves any defenses available to it in any future action brought by any Plaintiff to enforce this Decree, applicable Permits, the Clean Water Act, or any other statutes, regulations, or rules.

51

59.    <u>Not a Permit Modification</u>.  This Decree is neither a Permit nor a modification of existing Permits under any federal, state, or local law, and in no way relieves Home Depot of its responsibilities to comply with all applicable federal, state, and local laws, regulations, and Permits.

## VI.    STIPULATED PENALTIES

60.    <u>Stipulated Penalty Amounts</u>.  If Home Depot fails to comply fully and timely with the requirements of this Consent Decree or the applicable Permit, upon written demand of any Plaintiff, Home Depot shall pay stipulated penalties in the following amounts:

a.    for failure to provide a Notice of Construction Projects as required by Paragraph 3, $500 per day for the first ten days of each violation and $1,000 per day for each subsequent day of violation;

b.    for failure to have a qualified Storm Water Coordinator, Project Manager, or other Storm Water Manager, in accordance with Paragraphs 4 or 5, or for using a Storm Water Consultant that does not meet the requirements of Paragraphs 6, $500 per day of violation;

c.    for failure to provide this Consent Decree to bidding parties as required by Paragraph 7, $500 per violation;

d.    for  failure to submit a Notice of Intent or otherwise obtain a Permit as required by Paragraph 8, $1,000 per day of violation;

e.    for failure to prepare a SWPPP as required by Paragraph 9, $1000 per day of violation;

f.    for each deficiency in a SWPPP as of the Commencement of Construction

Activities at a Site in violation of the requirements of Paragraph 9, $500 per day of violation;

g.      for failure to obtain the pre-construction contractor acknowledgment required by Paragraph 15, $1000 per violation;

h.      for failure to conduct the pre-construction conference required by Paragraph 21, $1000 per violation;

i.      for failure to conduct the monthly inspections required by subparagraph 23.e, $5,000 for each missed inspection;

j.      for failure to perform or document a monthly inspection in accordance with the requirements of subparagraph 23.e, $1,000 for each such instance;

k.      for failure to produce a timely and complete final Weekly Compliance Report, as required by subparagraph 23.g(ii), $500 per day of violation;

l.      for failure to implement increased inspection and oversight as required by Paragraph 24, $1000 per day per violation;

m.      for failure to provide a timely and complete Storm Water Coordinator Quarterly Compliance Report as required by Paragraph 25, $500 per day for the first ten days of each violation, $1,000 per day for the next ten days of each violation, and $2,500 per day for each subsequent day of violation;

n.      for failure to conduct the final Site inspection required by Paragraph 27, $5,000 for each missed final inspection;

o.      for failure to perform or document the final Site inspection in accordance with the requirements of Paragraph 27, $1,000 for each such instance;

p.      for failure to perform or provide the annual evaluation of Home Depot's

Storm Water Professional Training Program as required by Paragraph 28.e, $500 per day

for the first ten days of each violation, $1,000 per day for the next ten days of each

violation, and $2,500 per day for each subsequent day of violation;

q.      for each day after the Commencement of Construction Activities and prior

to receipt of the General Contractor's pre-construction certification concerning BMPs

pursuant to Paragraphs 19, $1500 per day per requirement that has not been certified;

r.      for each day after the Commencement of Construction Activities and prior

to receipt of the General Contractor's certifications of compliance with Paragraphs 12,

13, 14, 16, 17, 19.a, .b, and .e(i) pursuant to Paragraph 20, $500 per day per requirement

that has not been certified;

s.      Subject to Paragraph 61, below, for failure to update any SWPPP within

the time required by Paragraph 11, $1000 per day of violation;

t.      Subject to Paragraph 61, below, for failure to install, repair, maintain,

modify or add BMPs as required by, and to document the Remediation as required by,

subparagraph 23.c, $1500 per day of violation;

u.      Subject to Paragraph 61, below, for failure to timely conduct an inspection

as required by subparagraphs 23.a or .d, $5000 for each missed inspection;

v.      Subject to Paragraph 61, below, for failure to perform or document an

inspection in accordance with the requirements of subparagraphs 23.a, .b, or .c, $1,000

for each such instance.

61.     <u>Reservation of Dispute Rights</u>.  If Plaintiff(s) demand payment of a stipulated

penalty pursuant to subparagraph(s) 60.s.-.v, Home Depot reserves the right to assert in dispute

resolution pursuant to Section VII that, under the terms of the applicable Permit, the General

Contractor, and not Home Depot, is responsible for compliance with updating the SWPPP,

installing, repairing, maintaining, modifying or adding BMPs, or conducting inspections, as

applicable; provided that Plaintiffs also reserve the right to oppose this assertion.  If after the

initiation of dispute resolution, Home Depot agrees that, or the Court determines that, Home

Depot is responsible for compliance with, or assuring compliance with, such requirement(s)

under the terms of the applicable Permit, then Home Depot shall be liable for stipulated penalties

for any failure to comply with, or for any failure to Require its General Contractor to comply

with:

> a.      for stipulated penalties pursuant to subparagraph(s) 60.s- .u, the
> requirements of the applicable Permit, or any more stringent requirements of the
> applicable Paragraph or subparagraph of the Consent Decree;

> b.      for stipulated penalties pursuant to subparagraph 60.v, the requirements of
> subparagraph(s) 23.a, .b, or .c concerning how to perform or document an inspection.

62.    Payment of Stipulated Penalties.

> a.      All penalties owed to the Plaintiff(s) under this Section shall be due and
> payable within 30 Days of Home Depot's receipt from the United States, or for violations
> in Colorado, either Plaintiff, of a demand for payment of the penalties, unless Home
> Depot invokes the procedures under Section VII (Dispute Resolution).

>> (i)      Home Depot shall pay either the entire stipulated penalty amount,
>> or for violations at Sites in Colorado, 80 percent of the amount due for such

violations, by Electronic Funds Transfer ("EFT") to the United States in the

manner set forth and with the confirmation notices required by Paragraph 31,

except that the transmittal letter shall state that the payment is for stipulated

penalties and shall state for which violation(s) the penalties are being paid.

(ii)    For violations at Sites in Colorado, Home Depot shall pay 20

percent of the amount due for such violations by certified check made out to the

Colorado Department of Public Health and Environment.  Home Depot shall mail

the check together with a transmittal letter (which shall state that the payment is

for stipulated penalties owed, noting for which violation(s) the penalties are being

paid, pursuant to the Consent Decree in <u>United States v. Home Deport USA, Inc.,</u>

and shall reference the civil action number) to:

> Enforcement Work Group Leader
> Colorado Department of Public Health and Environment
> Water Quality Control Division
> 4300 Cherry Creek Drive, South, Bldg. B
> Denver, CO  80246-1530.

Home Depot shall send a copy of the check and cover letter to Colorado in

accordance with Paragraph 45 (Notification).

b.    Home Depot may seek and obtain contractual indemnification, insurance

coverage, stipulated penalties or liquidated damages from any General Contractor at any

Site in connection with stipulated penalties paid under this Decree for violations of the

requirements imposed on that General Contractor by Home Depot pursuant to this Decree

committed by any General Contractor; provided, however, that:

(i)    any proceeds of such indemnification, stipulated penalties, or

liquidated damages paid to Home Depot by a General Contractor for violations of such requirements shall be paid into an escrow account established by Home Depot; provided however, that Home Depot shall not be required to place into such escrow account any attorneys' or consultants' fees, costs, expenses or other amount recovered from its General Contractor that exceeds the stipulated penalty paid to the United States. Funds deposited in the escrow account established pursuant to this subparagraph shall be expended for the installation and maintenance of post-construction BMPs at Sites.

      (ii)     Home Depot does not seek a deduction from any state, federal, or local taxes for any expenditures from the escrow account established pursuant to this Paragraph; and

      (iii)     Home Depot  complies with the reporting obligations set forth in Paragraph 25 (Home Depot's Storm Water Coordinator Review and Quarterly Compliance Report).

63.    <u>Accrual of Stipulated Penalties</u>.  Stipulated penalties shall begin to accrue on the day after performance is due or the day a violation occurs and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Decree.  Penalties shall accrue regardless of whether Plaintiffs have notified Home Depot of a violation.

64.    <u>No Effect on Obligation to Comply</u>.  The payment of penalties shall not alter in any way Home Depot's obligation to comply with the requirements of this Decree or any

applicable Permit.

65.    Effect of Dispute Resolution.  Penalties shall continue to accrue during any dispute resolution period, but need not be paid until the following:

a.    If the dispute is resolved by agreement or by a decision of EPA that is not appealed to this Court, Home Depot shall pay accrued penalties determined to be owing to the United States within 15 Days of the agreement or the receipt of EPA's decision or order;

b.    If the dispute is appealed to the Court and the Plaintiffs prevail in whole or in part, Home Depot shall pay all accrued penalties determined by the Court to be owed to Plaintiffs within 30 Days of receipt of the Court's decision or order, except as provided in subparagraph .c, below;

c.    If the District Court's decision is appealed by any Party, Home Depot shall pay all accrued penalties determined by the District Court to be owing to the Plaintiff(s) into an interest-bearing escrow account within 30 Days of receipt of the Court's decision or order.  Penalties shall be paid into this account as they continue to accrue, at least every 30 Days.  Within 15 Days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to the Plaintiffs or to Home Depot to the extent that they prevail.

66.    Interest on Late Payment.  If Home Depot fails to pay stipulated penalties when due, Home Depot shall pay interest accrued at the rate established by the Secretary of the Treasury under 31 U.S.C. § 3717 beginning upon the day the stipulated penalties were due.

67.    Non-Exclusivity of Remedy.  Stipulated penalties are not the Plaintiffs' exclusive

58

remedy for violations of this Decree.  Plaintiffs expressly reserve the right to seek any other

relief they deem appropriate, including but not limited to, action for statutory penalties,

contempt, or injunctive relief against Home Depot.   However, the amount of any statutory

penalty assessed for a violation of this Decree shall be reduced by an amount equal to the

amount of any stipulated penalty assessed and paid pursuant to this Decree for the same

violation.

VII.    DISPUTE RESOLUTION

68.    Exclusive Remedy.  Unless otherwise expressly provided for in this Decree, the

Dispute Resolution procedures of this Section shall be the exclusive mechanism to resolve

disputes arising under this Decree.  However, the procedures set forth in this Section shall not

apply to actions by any Plaintiff to enforce obligations of Home Depot that have not been

disputed in accordance with this Section.

69.    Informal Dispute Resolution.  Any dispute subject to dispute resolution under this

Consent Decree shall first be the subject of informal negotiations.  The dispute shall be

considered to have arisen when Home Depot sends the United States and Colorado a written

Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period

of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that

period is modified by written agreement.  If the Parties cannot resolve a dispute by informal

negotiations, then the position advanced by the United States shall be considered binding unless,

within 15 Days after the conclusion of the informal negotiation period, Home Depot invokes

formal dispute resolution procedures set forth in Paragraph 70 (Formal Dispute Resolution).

59

70.    <u>Formal Dispute Resolution</u>.

a.    Within 15 Days after the conclusion of the informal negotiation period, Home Depot may invoke formal dispute resolution procedures by serving on the United States and Colorado a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but may not be limited to, any factual data, analysis, or opinion supporting Home Depot's position and any supporting documentation relied upon by Home Depot.

b.    The United States shall serve its Statement of Position within 45 Days of receipt of Home Depot's Statement of Position. The United States' Statement of Position shall include, but may not be limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by the United States. The State of Colorado may serve a Statement of Position. The United States' Statement of Position shall be binding on Home Depot, unless Home Depot files a motion for judicial review of the dispute in accordance with Paragraph 71 (Petitions to the Court).

71.    <u>Petitions to the Court</u>. In the event that the Parties cannot resolve a dispute by formal negotiations as set forth above, the following procedures shall control:

a.    Home Depot may seek judicial review of the dispute by filing with the Court and serving on the United States and State a motion requesting judicial resolution of the dispute. The motion shall be filed within 10 Days of receipt of the United States' Statement of Position set forth in subparagraph 70.b (Formal Dispute Resolution). The motion shall contain a written statement of Home Depot's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and

60

shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

b.    The United States shall respond to Home Depot's motion within the time period provided in the Local Rules of this Court, unless the Parties stipulate otherwise. The State of Colorado may file its own response to Home Depot's motion within the time period provided in the Local Rules of this Court, unless the Parties stipulate otherwise.

c.    Home Depot may file a reply memorandum, to the extent permitted by the Local Rules or the Parties' stipulation, as applicable.

d.    In any dispute under this Paragraph, Home Depot shall bear the burden of demonstrating that its position clearly complies with and furthers the objectives of this Decree and the Clean Water Act and that Home Depot is entitled to relief under applicable law.  The United States reserves the right to argue that its position is reviewable only on the administrative record and shall be upheld unless arbitrary and capricious or otherwise not in accordance with law.

72.    <u>Effect on Other Obligations</u>.  The invocation of dispute resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of Home Depot under this Decree not directly in dispute, unless each Plaintiff agrees in writing or the Court orders otherwise.

VIII.    FORCE MAJEURE

73.    <u>Definition of Force Majeure</u>.  "Force Majeure" for the purposes of this Decree is defined as an event arising from causes beyond the control of Home Depot or the control of any entity controlled by Home Depot, including its agents, consultants and contractors, which delays

61

or prevents the performance of any obligation under this Decree. Unanticipated or increased costs or expenses associated with implementation of this Decree and changed financial circumstances shall not, in any event be considered Force Majeure events. Failure to apply for a required permit or approval or to provide in a timely manner all information required to obtain a permit or approval that is necessary to meet the requirements of this Decree, or failure of Home Depot to approve contracts shall not, in any event, be considered Force Majeure events.

74.    Required Notification. Home Depot shall notify EPA and Colorado orally and by electronic or facsimile transmission as soon as possible, but not later than 72 hours after the time Home Depot first knew of, or in the exercise of reasonable diligence under the circumstances should have known of, any event that might delay timely completion of any requirement of this Decree, whether or not the event is a Force Majeure event. Home Depot shall make the notification required by this Paragraph by calling Mark Pollins, Director of the Water Enforcement Division, at 202-564-4001 and sending him a message by electronic mail to pollins.mark@epa.gov. For Sites in Colorado, Home Depot shall make the notification required by this Paragraph by calling Scott Klarich at (303) 692-3564 and sending him a message by electronic mail to scott.klarich@state.co.us. If either Mr. Pollins or Mr. Klarich is not available by telephone, Home Depot may satisfy the telephone notice requirement by leaving a message for him stating that Home Depot had called to notify him pursuant to this Paragraph. The United States or Colorado may designate an alternative representative to receive notification pursuant to this Paragraph by sending Home Depot a written designation in accordance with Paragraph 45 (Notification). The written notice Home Depot submits pursuant to this Paragraph shall indicate whether Home Depot claims that the delay should be excused due to a Force Majeure event. The

62

notice shall describe in detail the basis for Home Depot's contention that it experienced a Force Majeure delay, the anticipated length of the delay, the precise cause or causes of the delay, the measures taken or to be taken to prevent or minimize the delay, and the timetable by which those measures will be implemented. Home Depot shall adopt all reasonable measures to avoid or minimize such delay. Failure to so notify the Plaintiffs shall render this Section VIII (Force Majeure) void and of no effect as to the event in question, and shall be a waiver of Home Depot's right to obtain an extension of time for its obligations based on such event.

75. <u>Procedures for Extension</u>. If the United States finds that a delay in performance is, or was, caused by a Force Majeure event, Plaintiffs shall extend the time for performance, in writing, for a period to compensate for the delay resulting from such event, and stipulated penalties shall not be due for such a period. In proceedings on any dispute regarding a delay in performance, the dispute resolution provisions of Section VII (Dispute Resolution) shall apply, and Home Depot shall have the burden of proving that the delay is, or was, caused by a Force Majeure event and that the amount of additional time requested is the minimum necessary to compensate for that event.

76. <u>Effect on Other Obligations</u>. Compliance with a requirement of this Decree shall not by itself constitute compliance with any other requirement. An extension of one compliance date based on a particular event shall not automatically extend any other compliance date. Home Depot shall make an individual showing of proof regarding the cause of each delayed incremental step or other requirement for which an extension is sought.

IX.    APPENDICES

77.    The following appendices are attached to and part of this Consent Decree:

63

Appendix A:  Information for Subcontractor Briefing

Appendix B:  Pre-Construction Conference Checklist

Appendix C:  Inspection Report

Appendix D:  Action Item Log

Appendix E:  Home Depot Storm Water Professional Training Program Syllabus


SO ORDERED THIS                DAY OF                        , 2008




UNITED STATES DISTRICT JUDGE

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States and State of Colorado v. Home Depot, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA:

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources
 Division
U.S. Department of Justice
Washington, DC   20530

LESLIE ALLEN
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC   20044-7611
(202) 514-4114

COLM F. CONNOLLY
United States Attorney

By:

PATRICIA HANNIGAN
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE   19899-2046
(302) 573-6277
patricia.hannigan@usdoj.gov

65

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States and State of Colorado v. Home Depot, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.


GRANTA Y. NAKAYAMA
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Enforcement Agency


KELLY BRANTNER
Office of Enforcement and Compliance Assurance
U.S. Environmental Enforcement Agency
1200 Pennsylvania Avenue, N.W
MC 2243A Room 3120A
Washington, DC 20460
202-564-9933

66

WAYNE NASTRI
Regional Administrator
U.S. Environmental Protection Agency, Region 9
57 Hawthorne Street
San Francisco, CA 94105

67

WE HEREBY CONSENT to the entry of this Decree in United States, et al. v. Home

Depot.

FOR THE STATE OF COLORADO

STEVEN H. GUNDERSON
Director, Water Quality Control Division
Colorado Department of Public Health and
Environment
4300 Cherry Creek Drive, South, Bldg. B
Denver, CO  80246-1530

ANNETTE M. QUILL
Assistant Attorney General
Natural Resources and Environment Section
Colorado Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver, CO  80203

68

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States and State of Colorado v. Home Depot, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR DEFENDANT HOME DEPOT USA, INC.,

JOHN W. SHERN
Vice President of Construction and Store Setup
The Home Depot
C-19
2455 Paces Ferry Road
Atlanta GA 30339-4024

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

JOHN W. SHERN
Vice President of Construction and Store Setup
The Home Depot
C-19
2455 Paces Ferry Road
Atlanta GA 30339-4024