UNITEDSTATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**McGIVNEY & KLUGER, P.C.**
William D. Sanders
23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932
(973) 822-1110
Attorneys for Defendant, *pro se*

| | |
|---|---|
| RAYMOND W. COBB and RAYMOND W. COBB, LLC, A Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>McGIVNEY & KLUGER, P.C., A Foreign Professional Corporation<br><br>Defendant. | **NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

Defendant McGivney & Kluger, P.C., *pro se,* files this Notice of Removal of the above-entitled action from the Superior Court of Delaware-New Castle County, and respectfully submits the following as the bases for removal to this Court pursuant to 28 U.S.C. §1441, *et seq.* and 1446(a):

<u>**Introduction**</u>

1. Plaintiffs have initiated this action in the Superior Court of Delaware-New Castle County, alleging that plaintiffs Raymond W. Cobb, LLC and Raymond W. Cobb, Esq., entered into a contract with defendant McGivney & Kluger, P.C. ("MK").

2. Copies of the plaintiffs' Summons and Complaint filed in the state court are annexed hereto as Exhibit A.

3. The matter in state court is known as <u>Cobb v. McGivney & Kluger, P.C.</u>, and has been assigned the Civil Action. No. 08C-02-368 TBA.

4. MK appears *pro se* and submits these papers as permitted by Local Civil Rule 5.1.1(a) and (b)(3).

### Bases for Federal Jurisdiction

<u>Diversity of Citizenship</u>

5. At the time of the commencement of this action, plaintiff Raymond W. Cobb, Esq., is an attorney at law of the State of Delaware. Upon information and belief, he resides in Delaware and maintains his principle office c/o Raymond W. Cobb, LLC, 1001 North Jefferson Street, Suite 208, Wilmington, Delaware.

6. Upon information and belief, and at the time of the commencement of this action, plaintiff Raymond W. Cobb, LLC, is a limited liability company established pursuant to the laws of the State of Delaware, and which has a principle office at 1001 North Jefferson Street, Suite 208, Wilmington, Delaware.

7. At the time of the commencement of this action, MK is a professional corporation for the practice of law that is incorporated pursuant to the laws of the State of New Jersey and authorized to do business in Delaware as a foreign corporation, and has its principle office at 23 Vreeland Road, Suite 220, Florham Park, New Jersey.

8. Therefore, there is complete diversity of citizenship between the parties per 28 U.S.C. §1332(a) (1) and (c) (1).

9. MK is not a citizen of Delaware and the action is properly removable to this Court per 28 U.S.C. §1441(a and b).

10. The fact that MK is authorized to do business in Delaware as a foreign corporation does not change the fact that its citizenship for purposes of determining diversity jurisdiction is in New Jersey, the state where (as alleged in the state court complaint, Para. 3) it is incorporated and where its principle place of business is located. "The mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction." Jim Walter Investors v. Empire-Madison, Inc., 401 F.Supp. 425, 426-27 (N.D.Ga.1975), Barnett v. Norfolk & Dedham Mut. Fire Ins. Co., 773 F.Supp. 1529, 1531 (N.D.Ga.1991)." Tremble v. Liberty Mut. Ins. Co., 2007 WL 1582759 at *2 (S.D.Ga. 2007). *Accord,* Comfort Realty Corp. v. Balboa Life Ins. Co., 2005 WL 2581483 (M.D.Fla.2005)(mere authority to do business does not establish a state of incorporation or the existence of a principle place of business per 28 U.S.C. 1332(c)(1) necessary for corporate citizenship).

Amount in Controversy

11. In their Complaint, plaintiffs allege that they are owed $165,025 as a result of MK's breach of contract by reason of its failure to have paid them pursuant to the contract.

12. Plaintiffs also allege that MK is liable for double damages and attorney's fees for violation of 19 Del. C. 1101, *et seq.*

13. MK believes that the demand for enhanced damages under Delaware law is frivolous.

14. Nonetheless, the foregoing allegations and statements on behalf of the plaintiffs demonstrate that the amount in controversy herein exceeds $75,000.

15.     Therefore, by reason of the diversity of citizenship between the parties and the amount in controversy, this action could have been initiated in this Court and is removable pursuant to 28 §U.S.C. 1441(a and b).

### Venue

16.     Pursuant to 28 U.S.C. §1441(a), venue is proper in the United States District Court for the District of Delaware because this District embraces the place where the removed action is pending.

### The Notice of Removal Is Timely

17.     Plaintiffs purported to provide a courtesy copy of their Complaint, annexed hereto as Exhibit A, upon MK via email prior to formal service, which was received on February 29, 2008.

18.     Therefore, the time within which MK may remove this action to this Court has not yet elapsed and this Notice of Removal is filed in a timely manner. 28 U.S.C. §1446(b).

19.     As of March 3, 2008, the undersigned has been authorized to accept service of process and an acknowledgment of service will be returned to counsel for plaintiffs following the filing of the within Notice of Removal.

### Papers Filed in the State Court

20.     The papers annexed as Exhibit A comprise all pleadings, process, orders and other papers filed with the Superior Court of Delaware-New Castle County. 28 U.S.C. §1446(a).

**Notice of Filing of Notice of Removal**

21.    Pursuant to 28 U.S.C. §1446(d), written Notice of the filing of the within Notice of Removal will be served promptly upon counsel for the plaintiffs and will be filed immediately with the Office of Prothonotary of the Superior Court of Delaware, New Castle County, at the New Castle County Courthouse, 500 King Street Wilmington, Delaware, through that Court's electronic filing system.  A copy of this Notice of Filing (without Exhibit 1, which will be a copy of the within Notice of Removal) is annexed hereto as Exhibit B.

WHEREFORE, defendant McGivney & Kluger, P.C., hereby removes the state court action known as <u>Cobb v. McGivney & Kluger, P.C.</u>, Civil Action. No. 08C-02-368 TBA, in the Superior Court of Delaware, New Castle County.

                                                      McGIVNEY & KLUGER, P.C.
                                                      Attorneys for defendant, *pro se*

                                                      By: /s/ William D. Sanders_____
                                                          William D. Sanders

Dated:  March 3, 2008

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New Castle**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey M. Weiner, Esq., 1332 King Street, Wilmington, DE. 302-652-0505

Attorneys (If Known)
McGivney & Kluger, P.C., 23 Vreeland Road, Suite 220, Florham Park, NJ 07932, 973-822-1110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | PERSONAL INJURY ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | PERSONAL PROPERTY ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | ☐ 462 Naturalization Application | | |
| ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Dispute between out of state law firm and supervising attorney of local office

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 330,050.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 03/03/2008

SIGNATURE OF ATTORNEY OF RECORD
/s/William D. Sanders for McGivney & Kluger, P.C., pro se.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## DECLARATION PURSUANT TO FRCP 7.1(a)

I hereby declare under penalty of perjury that defendant Mcgivney and Kluger, P.C. is: a) a nongovernmental party; b) that it has no parent corporation; and c) that no publicly traded corporation owns 10% or more of its corporate stock or other ownership.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing statements made by me are true and I am aware that if they are willfully false, I am subject to punishment.

                                          /s/ William D. Sanders  
                                               William D. Sanders

Dated: March 3, 2008

# EXHIBIT A

EFiled: Feb 27 2008 10:01AM EST
Transaction ID 18763199

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: N  K  S          CIVIL ACTION NUMBER: Case No. 08C-02-368 TBA

Civil Case Code ___CDBT___          Civil Case Type __Debt/Breach of Contract__
(SEE REVERSE SIDE FOR CODE AND TYPE)

| Caption: | Name and Status of Party filing document: |
|---|---|
| RAYMOND W. COBB and RAYMOND W. COBB, LLC, | Raymond W. Cobb, et al., Plaintiffs |
| Plaintiffs, | Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) |
|  | Complaint |
| v. | Non-Arbitration __XX__ |
|  | (CERTIFICATE OF VALUE MAY BE REQUIRED) |
| MC GIVNEY & KLUGER, P.C., | Arbitration __ Mediation __ Neutral Assessment __ |
| Defendant. | DEFENDANT (CIRCLE ONE) **ACCEPT** **REJECT** |
|  | JURY DEMAND YES __XX__ NO ____ |
|  | TRACK ASSIGNMENT REQUESTED (CIRCLE ONE) |
|  | EXPEDITED  (STANDARD)  COMPLEX |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| Jeffrey M. Weiner, Esquire |  |
| ATTORNEY ID(S): |  |
| #403 |  |
| FIRM NAME: | EXPLAIN THE RELATIONSHIP(S): |
| Law Offices of Jeffrey M. Weiner, P.A. |  |
| ADDRESS: |  |
| 1332 King Street |  |
| Wilmington, Delaware 19801 |  |
| TELEPHONE NUMBER: |  |
| (302) 652-0505 | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| FAX NUMBER: |  |
| (302) 652-7824 |  |
| E-MAIL ADDRESS: |  |
| LegalW@aol.com |  |
|  | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 6/2002

EFiled: Feb 27 2008 10:01 EST
Transaction ID 18763199
Case No. 08C-02-368 TBA
SUMMON

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RAYMOND W. COBB and RAYMOND W. COBB, LLC, a Delaware Limited Liability Company, | : : : |
| Plaintiffs, | : C.A. No. 08C-02- : : NON-ARBITRATION |
| v. | : : JURY TRIAL OF 12 DEMANDED |
| MCGIVNEY & KLUGER, P.C., a Foreign Professional Corporation, | : : : |
| Defendant. | : |

THE STATE OF DELAWARE,
TO THE SHERIFF OF KENT COUNTY
YOU ARE COMMANDED:

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Jeffrey M. Weiner, Plaintiff's attorney, whose address is 1332 King Street, Wilmington, Delaware 19801, an answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendant to answer any or all allegations of the Complaint by affidavit, an affidavit of defense).

To serve upon Defendant a copy hereof and of the Complaint.

Dated:                                          **SHARON AGNEW**
                                                **Prothonotary**

                                                _____
                                                **Per Deputy**

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendant to answer any and all allegations of the Complaint by affidavit, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                **SHARON AGNEW**
                                                **Prothonotary**

                                                _____
                                                **Per Deputy**

EFiled: Feb 27 2008 10:01 __ EST
Transaction ID 18763199
Case No. 08C-02-368 TBA

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RAYMOND W. COBB and<br>RAYMOND W. COBB, LLC, a Delaware<br>Limited Liability Company, | :<br>:<br>: | C.A. No. 08C-02- |
| | : | |
| Plaintiffs, | : | NON-ARBITRATION |
| v. | : | |
| | : | JURY TRIAL OF 12 DEMANDED |
| MCGIVNEY & KLUGER, P.C., a<br>Foreign Professional Corporation, | :<br>: | |
| | : | |
| Defendant. | : | |

### PRAECIPE

PLEASE ISSUE a Summons and serve a copy of the Complaint upon Defendant, McGivney & Kluger, P.C. by serving the Secretary of the State of Delaware pursuant to 10 *Del.C.* §3104.

/s/ JEFFREY M. WEINER, ESQUIRE #403
JEFFREY M. WEINER, ESQUIRE #403
1332 King Street
Wilmington, Delaware 19801
(302) 652-0505
Counsel for Plaintiffs

DATED:   February 26, 2008

EFiled: Feb 27 2008 10:01[...] EST
Transaction ID 18763199
Case No. 08C-02-368 TBA

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RAYMOND W. COBB and RAYMOND W. COBB, LLC, a Delaware Limited Liability Company, | : : : | C.A. No. 08C-02- |
| Plaintiffs, | : : | NON-ARBITRATION |
| v. | : : | JURY TRIAL OF 12 DEMANDED |
| MCGIVNEY & KLUGER, P.C., a Foreign Professional Corporation, | : : : | |
| Defendant. | : | |

## COMPLAINT

1. Plaintiff, Raymond W. Cobb is an individual who is a Member of the Bar of the State of Delaware and is a resident of the State of Delaware.

2. Plaintiff, Raymond W. Cobb, LLC is a Limited Liability Company of the State of Delaware and at all time material hereto did business in the State of Delaware.

3. Defendant, McGivney & Kluger, P.C. (hereinafter "M&K"), upon information and belief, at all times material hereto, is a foreign professional corporation formed under the laws of the State of New Jersey, which did business in the State of Delaware but failed to qualify to do so . Service of process may be made upon Defendant M&K by serving the Secretary of the State of Delaware pursuant to 10 *Del.C.* §3104.

4. Beginning on or about January 1, 2007 and continuing thereafter, Defendant employed Plaintiff Raymond W. Cobb as an attorney on behalf of itself and its clients and Defendant agreed to pay Plaintiff at the rate of $125.00 per hour.

5. Plaintiff Raymond W. Cobb performed legal services on behalf of Defendant and its clients. Plaintiff submitted timesheets and/or bills for the time spent working on matters for Defendant and has made repeated demands for the agreed upon compensation. To date, Defendant has made no payments to either Plaintiff.

### COUNT I

6. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 5 of the Complaint as if set forth at length therein.

7. Plaintiff Raymond W. Cobb was employed as an attorney by Defendant on behalf of itself and its clients. Plaintiff and Defendant agreed that Plaintiff would be paid at the rate of $125.00 per hour. Plaintiff has submitted billing statements and/or time sheets for the time Plaintiff worked which total $165,025.00.

8. Despite repeated written and oral requests for payment beginning in May, 2007, no wages have been paid Plaintiff. More than 30 days has passed for all demands for payment.

9. Pursuant to 19 *Del. C.* §1101 *et seq.* Plaintiff brings this action for aforementioned wages and the penalties, interest and attorney's fees as provided by the statute.

**WHEREFORE**, Plaintiff demands judgment in his favor in the amount of $330,050.00 (wages $165,025.00 and penalties of $165,025.00) together with pre- and post-judgment interest at the maximum rate allowed pursuant to 6 *Del.C.* §2301, costs of this suit, and attorney's fees.

## COUNT II

10. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 5 of the Complaint as if set forth at length therein.

11. Plaintiffs and defendant entered into a contract for Plaintiffs to perform legal services for it at the rate of $125.00 per hour. Plaintiffs performed the requested legal services for Defendant and has submitted invoices for fees and cost totaling $167,789.62.

12. Defendant, without any justification, and despite demand, has failed to pay any of the invoices submitted and therefore has breached its contract with Plaintiffs.

13. As a further consequence of Defendant's refusal and/or failure to honor its contractual obligations, Plaintiffs have sustained consequential damages in an amount to be determined.

**WHEREFORE**, Plaintiffs demand judgment in their favor in the amount of $167,789.62 together with pre- and post-judgment interest at the maximum rate allowed pursuant to 6 *Del.C.* §2301, consequential damages and costs of this suit.

/s/ JEFFREY M. WEINER, ESQUIRE #403
JEFFREY M. WEINER, ESQUIRE #403
1332 King Street
Wilmington, Delaware 19801
(302) 652-0505
Counsel for Plaintiffs

DATED: February 26, 2008

EFiled: Feb 27 2008 10:01 EST
Transaction ID 18763199
Case No. 08C-02-368 TBA

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RAYMOND W. COBB and<br>RAYMOND W. COBB, LLC, a Delaware<br>Limited Liability Company, | :<br>:<br>: | C.A. No. 08C-02- |
| Plaintiffs, | :<br>: | NON-ARBITRATION |
| v. | :<br>: | JURY TRIAL OF 12 DEMANDED |
| MCGIVNEY & KLUGER, P.C., a<br>Foreign Professional Corporation, | :<br>:<br>: | |
| Defendant. | : | |

## CERTIFICATE OF VALUE

I, JEFFREY M. WEINER, attorney for Plaintiffs Raymond W. Cobb and Raymond W. Cobb, LLC, hereby certify in good faith at this time in my opinion that the sum of damages pled in the Counterclaim is in excess of $100,000.00 exclusive of costs and interests.

/s/ JEFFREY M. WEINER, ESQUIRE #403
JEFFREY M. WEINER, ESQUIRE #403
1332 King Street
Wilmington, Delaware 19801
(302) 652-0505
Counsel for Plaintiffs

DATED:     February 26, 2008

# EXHIBIT B

Case 1:99-mc-09999    Document 20-5    Filed 03/03/2008    Page 1 of 2

IN THE DELAWARE SUPERIOR COURT FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RAYMOND W. COBB, and | : | |
| RAYMOND W. COBB, LLC, a Delaware | : | C.A. No. 08C-02-368 TBA |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MCGIVNEY & KLUGER, P.C. a | : | |
| Foreign Professional Corporation, | : | |
| | : | |
| Defendants. | : | |

### NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:**

**Office of Prothonotary**  
**New Castle County Courthouse**  
**500 King Street**  
**Wilmington, DE  19801**

**Jeffrey M. Weiner, Esquire**  
**Law Offices of Jeffrey M. Weiner, P.A.**  
**1332 King Street**  
**Wilmington, DE  19801**

     **PLEASE TAKE NOTICE** that on March 3, 2008, defendant McGivney and Kluger, P.C., by and through the undersigned counsel, filed a Notice of Removal in the United States District Court for the District of Delaware, thereby removing this action thereto and prohibiting further proceedings in the Delaware Superior Court unless and until the action is remanded.  A true and correct copy of the Notice of Removal is attached hereto as Exhibit 1.

**MCGIVNEY & KLUGER, P.C.**

Dated:  March 3, 2008    By:     _/s/ Mary F. Higgins_  
                                              Mary F. Higgins (No. 4179)  
                                              McGIVNEY  
                                              1001 North Jefferson Street, Suite 208  
                                              Wilmington, DE  19801  
                                              (302) 225-0458 – Telephone  
                                              (302) 777-4111– Facsimile  
                                              _Pro Se Defendant_

_Of Counsel:_  
William D. Sanders, Esq.  
**MCGIVNEY AND KLUGER, P.C**  
23 Vreeland Road  
Florham Park, NJ  07932  
973-822-1110 – Telephone  
973-822-1116 - Facsimile

**DECLARATION OF SERVICE AND FILING**

1. I declare under penalty of perjury that on this 3rd day of March, 2008, I caused the within Notice of Removal on behalf of defendant McGivney and Kluger, P.C., together with a Civil Cover Sheet, to be filed with the Clerk of the United States District Court for the District of Delaware at the Courthouse in Wilmington, Delaware, by means of the Court's electronic filing system together with the payment of the appropriate fee.

2. On this 3rd day of March, 2008, a true and exact copy of the above Notice of Removal on behalf of defendant McGivney and Kluger, P.C., has been served upon counsel for the plaintiffs, Jeffrey M. Weiner, Esq., Law Offices of Jeffrey M. Weiner, P.A., 1332 King Street, Wilmington, DE 19801, via overnight courier and, to the extent he is registered for the same, through the court's electronic filing system.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing statements made by me are true and I am aware that if they are willfully false, I am subject to punishment.

/s/  William D. Sanders  
William D. Sanders

Dated: March 3, 2008