**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PAULA MCCLELLAN, | : | |
| | : | |
| | : | C.A. No. _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JPMORGAN CHASE & CO., | : | **Trial by Jury** |
| a Delaware Corporation, and | : | **Demanded** |
| JPMORGAN CHASE BANK, N.A., | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

AND NOW comes Plaintiff, by and through the undersigned counsel, and files this Civil Action Complaint averring as follows:

### I.   INTRODUCTION

1. The instant action has been initiated to redress violations by Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, and other applicable federal and state law.

### II.   JURISDICTION AND VENUE

2. The Court may maintain subject matter jurisdiction over the instant case in accordance with 28 U.S.C. § 1331 because it arises under the laws of the United States.

3. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and because Defendants reside in and conduct business in the District of Delaware.

### III.    PARTIES

5. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. Plaintiff is an individual of African-American descent with an address as set forth above.

7. Defendant JPMorgan Chase & Co. is a Delaware a corporation. Its registered agent for service of process in Delaware is CT Corp., which is located at 1209 Orange Street, Wilmington, DE 19801

8. Defendant JPMorgan Chase & Co. is a leading global financial services firm with assets of $1.6 trillion.

9. At all times relevant herein, Defendant JPMorgan Chase & Co. acted through its agents, servants and employees, each of whom was in the scope of his or her employment at all times relevant herein.

10. Defendant JPMorgan Chase & Co. operates in over 50 countries and employs more than 170,000 people.

11. Defendant JPMorgan Chase Bank, N.A. is a subsidiary of Defendant JPMorgan Chase & Co. Its registered agent for service of process in Delaware is CT Corp., which is located at 1209 Orange Street, Wilmington, DE 19801.

12. Defendant JPMorgan Chase Bank, N.A. is a national banking institution with branches in 17 states.

13. Defendants are each "employers" within the meaning of Title VII of the Civil Rights Act of 1964 because they are engaged in an industry affecting commerce and because they maintain or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

14. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single employer of Plaintiff for purposes of the instant action.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Title VII of the Civil Rights Act of 1964 as follows:

    a. In or about March of 2007 and May of 2007, Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission (EEOC);

    b. The EEOC issued a Notice of Right to Sue to Plaintiff on or about January 2, 2008;

    c. The instant action is timely because it is filed within 90 days of the receipt of the aforementioned notice.

## V.　　OPERATIVE FACTS

17. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18. Plaintiff is an African American female.

19. Plaintiff holds a Master of Business Administration degree and a Bachelor of Science degree in Finance.

20. At all times relevant herein, Plaintiff worked for Defendants as a project analyst at their location in the Morgan Christiana Center in Newark, DE 19713.

21. At the time she was employed with Defendants as a project analyst, Plaintiff was the only minority in a department of Caucasian females.

22. During her employment with Defendants as a project analyst, Plaintiff was subjected to a hostile environment based upon her race (African American) by agents of Defendants, including but not limited to vice-president Robert Bowley (Caucasian).

23. Bowley deliberately prevented Plaintiff from doing her work, harassed Plaintiff as a result of her race, and disregarded reasonable requests from Plaintiff for more information to complete the work he had assigned her, thereby creating a hostile work environment for Plaintiff.

24. During her time as a project analyst for Defendants, Plaintiff worked out of Defendants' Delaware office and traveled once a week to Defendants' office at 270 Park Avenue in New York.

25. It was made clear to Plaintiff by Defendants that she was required to be the Delaware location "spy" on a large SAP Conversion project.

26. Plaintiff objected to this because it would hinder her relationships with some of the key Vice Presidents and Project Managers in the Delaware office.

27. On or about October 18th and 19th of 2006, Plaintiff requested clarification on several requests made of her by Bowley and Bowley refused same.

28. At this time, Plaintiff had held her current position for only four weeks and had simply sought information she required in order to fulfill her duties.

29. Bowley became frustrated with Plaintiff and verbally abused her when she sought clarification as aforesaid and implied, through his responses to Plaintiff's questions, that she, as a black woman, was incapable of understanding the information he gave her.

30. As a result of Bowley's hostility, Plaintiff suffered extreme anxiety, panic attacks, and severe stomach pain.

31. Plaintiff was constructively terminated from Defendants' employ on November 20, 2006.

32. Upon information and belief, Plaintiff was paid less for her work in Bowley's department than similarly-situated male employees with equal or less experience and/or credentials.

33. Plaintiff's salary was not even increased when she first accepted Defendants' offer of the Project Analyst Position.

34. Plaintiff worked with male peers in New York and Delaware who, upon information and belief, were earning more than her, even though she had 12 years of experience, a Master of Business Administration degree, and a Bachelor of Science degree in Finance.

35. Plaintiff also worked with two management service analysts who were making more than her despite the fact that they had just graduated from college in May of 2006.

## COUNT I
## TITLE VII VIOLATIONS
### (RACE DISCRIMINATION, RACIALLY-MOTIVATED HARASSMENT, RACIALLY-MOTIVATED TERMINATION OF EMPLOYMENT, AND RETALIATION)

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. The foregoing actions by Defendants constitute unlawful discrimination against Plaintiff on the basis of her race (African-American).

38. Defendants by and through their agents, harassed and belittled Plaintiff because of her race (African-American) and constructively terminated her employment as a result thereof.

39. After the termination of Plaintiff's employment and the filing of an EEOC charge by Plaintiff, Defendants also retaliated against her by engaging in efforts to "collect" monies from her which were not owed to Defendants. These efforts are ongoing and constitute actionable post-employment retaliation.

40. As a result of Defendants' unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
## TITLE VII/EQUAL PAY ACT VIOLATIONS
### (SEX DISCRIMINATION AND DISPARATE TREATMENT/COMPENSATION BASED ON SEX)

41. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

42. The foregoing actions by Defendants constitute unlawful discrimination against Plaintiff on the basis of her sex (female).

43. Defendants by and through their agents, paid Plaintiff less than similarly-situated males performing the same or similar work.

## COUNT III
### VIOLATIONS OF 42 U.S.C. § 1981

44. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

45. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendants.

46. At all times relevant herein, Defendants acted by and through their agents, servants, and employees to intentionally discriminate against Plaintiff as a result of her race (African-American) and thereby deny her the benefits of the contractual relationship she had entered or sought to enter with Defendants.

47. Plaintiff has suffered the aforesaid damages as a direct result of Defendants' unlawful actions.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants and that it enter an Order providing that:

A. Defendants are to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and any other applicable federal and state law.

B. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees based on their race and sex and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

C. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not

been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, travel, medical and other benefits, training, promotions, pension, seniority, and loss of future earning capacity. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendants until the date of verdict;

D.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering and humiliation caused to her by Defendants' actions;

E.  Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

F.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

G.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

Respectfully submitted,

MARTIN D. HAVERLY, ATTORNEY AT LAW

By:  /s/ Martin D. Haverly
Martin D., Haverly, Esquire
Two East Seventh Street, Suite 201
Wilmington, DE 19801
DE Bar No. 3295
Martin@HaverlyLaw.com
(302) 654-2255

|  |  |
|---|---|
| OF COUNSEL: | TIMOTHY M. KOLMAN AND ASSOCIATES |//

OF COUNSEL:                    TIMOTHY M. KOLMAN AND ASSOCIATES

          By:   /s/ Timothy M. Kolman
                Timothy M. Kolman, Esquire
                (*Pro Hac Vice* to be filed)
                225 North Flowers Mill Road
                Langhorne, PA 19047
                PA Bar No. 51982
                timothykolman@earthlink.net
                (215) 750-3134

April 1, 2008

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | | |
|---|---|---|
| Paula McClellan | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| Morgan Chase & Co. and JP Morgan Bank, N.A. | ) | |
| Defendant | ) | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

JP Morgan Chase & Co.
c/o CT Corp.
1209 Orange Street
Wilmington, DE 19801

A lawsuit has been filed against you.

    Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Martin D. Haverly
Two East 7th St., Suite 201
Wilmington, DE 19801

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:                                                                                Name of clerk of court

                                                                               Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 03/08) Civil Summons

**Proof of Service**

I declare under penalty of perjury that I served the summons and complaint in this case on _____
, by:

(1) personally delivering a copy of each to the individual at this place, _____

_____ ; or

(2) leaving a copy of each at the individual's dwelling or usual place of abode with who _____
    resides there and is of suitable age and discretion; or

(3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is ; or

(4) returning the summons unexecuted to the court clerk on _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | | |
|---|---|---|
| Paula McClellan | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| Morgan Chase & Co. and JP Morgan Bank, N.A. | ) | |
| Defendant | ) | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

JP Morgan Bank, N.A.
c/o CT Corp.
1209 Orange Street
Wilmington, DE 19801

A lawsuit has been filed against you.

     Within <u>20 </u>days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Martin D. Haverly
Two East 7th St., Suite 201
Wilmington, DE 19801

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:                                                                                        Name of clerk of court

                                                                                           Deputy clerk's signature

 (*Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).*)

AO 440 (Rev. 03/08) Civil Summons

**Proof of Service**

I declare under penalty of perjury that I served the summons and complaint in this case on _____ , by:

(1) personally delivering a copy of each to the individual at this place, _____
_____ ; or

(2) leaving a copy of each at the individual's dwelling or usual place of abode with who _____ resides there and is of suitable age and discretion; or

(3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is ; or

(4) returning the summons unexecuted to the court clerk on _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ $^{0.00}$ 0.00   .

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

✎JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paula McClellan

## DEFENDANTS
JP Morgan Chase & Co. and JP Morgan Chase Bank, N.A.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Martin D. Haverly
Two East 7th Street, Suite 201
Wilmington, DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | X 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This action redresses violations of Title VII of the Civil Rights Act of 1964, 42 U.S. Section 1981 and The Equal Pay Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b.) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases**. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.