## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Verizon Delaware Inc.,                              )
Verizon Maryland Inc.,                              )
Verizon New England Inc.,                           )
Verizon New Jersey Inc.,                            )
Verizon New York Inc.,                              )
Verizon North Inc.                                  )
Verizon Northwest Inc.                              )
Verizon Pennsylvania Inc.,                          )
Verizon Virginia Inc.,                              )
Verizon Washington, DC Inc.,                        )
Verizon West Virginia Inc.                          )
                                                    )
    Plaintiffs,                 )
                                                    )
      v.               )    C.A. No. _____
                                                    )
American PCS Communications L.L.C.,                 )    **JURY TRIAL DEMANDED**
Nextel of New York, Inc.,                           )
Nextel Communications                               )
    of the Mid-Atlantic, Inc.,   )
Nextel West Corp.,                                  )
PhillieCo, L.P.                                     )
Sprint Communications Co. L.P.,                     )
Sprint Spectrum L.P.                                )
WirelessCo, L.P.                                    )
                                                    )
    Defendants.                 )
_____ )

## COMPLAINT

    1.     This dispute arises out of the defendants' repeated failure to pay charges owed to

plaintiffs under federal tariffs and/or defendants' federally mandated contracts, known as

interconnection agreements, with the plaintiffs.

    2.     These violations are part of a consistent pattern.  Defendants are all subsidiaries of

the same company – Sprint Nextel Corp.  In total, defendants American PCS Communications

L.L.C. ("American PCS"), Nextel of New York, Inc. ("Nextel NY"), Nextel Communications of the Mid-Atlantic, Inc. ("Nextel Mid-Atlantic"), Nextel West Corp. ("Nextel West"), PhillieCo, L.P. ("PhillieCo"), Sprint Communications Co. L.P. ("Sprint Communications"), Sprint Spectrum L.P. ("Sprint Spectrum"), and WirelessCo, L.P. ("WirelessCo") (collectively, "Sprint Nextel"), have failed to pay more than $9,800,000 to the Verizon plaintiffs (collectively, "Verizon") arising out of the charges detailed in this Complaint.

3.      Verizon has repeatedly attempted to resolve this dispute short of litigation. Yet these attempts, made over many months and through both written and personal communications, have been fruitless. Accordingly, Verizon has been forced to seek relief from this Court.

## PARTIES

4.      Verizon Delaware Inc., f/k/a Bell Atlantic – Delaware, Inc. ("Verizon Delaware"), is a Delaware corporation with its principal place of business in Delaware.

5.      Verizon Maryland Inc., f/k/a Bell Atlantic – Maryland, Inc. ("Verizon Maryland"), is a Maryland corporation with its principal place of business in Maryland.

6.      Verizon New England Inc., f/k/a New England Telephone and Telegraph Company ("Verizon New England") is a New York corporation with its principal place of business in Massachusetts.

7.      Verizon New Jersey Inc., f/k/a Bell Atlantic – New Jersey, Inc. ("Verizon New Jersey"), is a New Jersey corporation with its principal place of business in New Jersey.

8.      Verizon New York Inc., f/k/a New York Telephone Company ("Verizon New York"), is a New York corporation with its principal place of business in New York.

9.      Verizon North Inc., f/k/a GTE North, Inc. ("Verizon North"), is a Wisconsin corporation with its principal place of business in Indiana.

10.    Verizon Northwest Inc., f/k/a GTE Northwest, Inc. ("Verizon Northwest"), is a Washington corporation with its principal place of business in the state of Washington.

11.    Verizon Pennsylvania Inc., f/k/a Bell Atlantic – Pennsylvania, Inc. ("Verizon Pennsylvania"), is a Pennsylvania corporation with its principal place of business in Pennsylvania.

12.    Verizon Virginia Inc., f/k/a Bell Atlantic – Virginia, Inc. ("Verizon Virginia"), is a Virginia corporation with its principal place of business in Virginia.

13.    Verizon Washington, DC Inc., f/k/a Bell Atlantic - Washington, D.C., Inc. ("Verizon Washington, DC"), is a New York corporation with its principal place of business in Washington, D.C.

14.    Verizon West Virginia Inc., f/k/a/ Bell Atlantic – West Virginia, Inc. ("Verizon West Virginia"), is a West Virginia corporation with its principal place of business in West Virginia.

15.    American PCS is a Delaware limited liability company with its principal place of business in Maryland.

16.    PhillieCo is a Delaware limited partnership with its principal place of business in Kansas.

17.    Nextel New York is a Delaware corporation with its principal place of business in Kansas.

18.    Nextel Mid-Atlantic is a Delaware corporation with its principal place of business in Kansas.

19.    Nextel West is a Delaware corporation with its principal place of business in Virginia.

20.     Sprint Communications is a Delaware limited partnership with its principal place of business in Kansas.

21.     Sprint Spectrum is a Delaware limited partnership with its principal place of business in New York.

22.     WirelessCo is a Delaware limited partnership with its principal place of business in Kansas.

## JURISDICTION AND VENUE

23.     Defendants' failure to pay Verizon pursuant to a federal tariff raises a federal question and establishes subject-matter jurisdiction under 28 U.S.C. § 1331.  Subject-matter jurisdiction also exists under 28 U.S.C. § 1331 because Verizon's allegations of violations of federally mandated contracts that implement federal statutory duties raise federal questions.  To the extent that any portion of this action is deemed a discrete matter not subject to 28 U.S.C. § 1331, supplemental jurisdiction exists over that portion of the action under 28 U.S.C. § 1367.

24.     Venue is appropriate in this district pursuant to 28 U.S.C. §1391(c) because all defendants are subject to personal jurisdiction – and thereby "reside" – in this District.

## THE OPERATIVE FEDERAL AND STATE TARIFFS

25.     Verizon is required, pursuant to federal law, to file tariffs with the FCC that set forth its rates and conditions for certain interstate telecommunications services that it offers. When customers, such as the defendants, purchase services offered in these tariffs, they are required by federal law to pay the tariffed rate.

26.     Verizon's FCC Tariff No. 1 sets forth services offered – and the rates, terms, and conditions on which they are offered – by plaintiffs Verizon Delaware, Verizon Maryland,

4

Verizon New Jersey, Verizon Pennsylvania, Verizon Virginia, Verizon Washington, DC, and Verizon West Virginia.

27.    Verizon's FCC Tariff No. 11 sets forth services offered – and the rates, terms, and conditions on which they are offered – by plaintiffs Verizon New England and Verizon New York.

28.    Verizon's FCC Tariff No. 14 sets forth services offered – and the rates, terms, and conditions on which they are offered – by plaintiffs Verizon North and Verizon Northwest.

29.    Each of the Verizon plaintiffs also provides intrastate services pursuant to the rates, terms, and conditions set forth in tariffs filed with the public utilities commission for each jurisdiction in which it operates.

## THE OPERATIVE INTERCONNECTION AGREEMENTS

30.    Pursuant to the Telecommunications Act of 1996 ("1996 Act"), plaintiffs are required under federal law to provide certain services to defendants, pursuant to federal law contracts known as "Interconnection Agreements."

31.    Verizon Delaware:  On June 7, 1999, and pursuant to the 1996 Act, Verizon Delaware entered into an interconnection agreement with Sprint Communications ("Delaware Agreement"). *See* 47 U.S.C. §§ 251, 252.

32.    Verizon Maryland:  On December 1, 1997, and pursuant to the 1996 Act, Verizon Maryland entered into an interconnection agreement with Nextel Mid-Atlantic ("Maryland Nextel Agreement"). *See* 47 U.S.C. §§ 251, 252.  On Feb. 8, 2002, Verizon entered into an interconnection agreement with Sprint Communications also pursuant to §§ 251 and 252 of the 1996 Act ("Maryland Sprint Agreement").

33.    Verizon New England:  On June 15, 1997, and pursuant to the 1996 Act, Verizon

New England entered into an interconnection agreement with Nextel Mid-Atlantic

("Massachusetts Nextel Agreement").  *See* 47 U.S.C. §§ 251, 252.  On May 8, 1997, Verizon

New England entered into an interconnection agreement with Sprint Spectrum also pursuant to

§§ 251 and 252 of the 1996 Act ("Massachusetts Sprint Agreement").

34.    Verizon New Jersey:  On January 9, 1998, Verizon New Jersey entered into an

interconnection agreement with Nextel Mid-Atlantic and Smart SMR of New York, Inc., also

pursuant to §§ 251 and 252 of the 1996 Act ("New Jersey Nextel Agreement").  Upon

information and belief, Smart SMR of New York has since been reorganized as part of Nextel

Mid-Atlantic. On May 15, 1998, Verizon New Jersey entered into an interconnection agreement

with Sprint Communications, also pursuant to §§ 251 and 252 of the 1996 Act ("New Jersey

Sprint Agreement").

35.    Verizon New York:  On June 15, 1997, Verizon New York entered into an

interconnection agreement with Smart SMR of New York, Inc., also pursuant to §§ 251 and 252

of the 1996 Act ("New York Nextel Agreement").  Upon information and belief, Smart SMR of

New York, Inc. has since been reorganized as part of Nextel of New York, Inc.  On November

29, 2002, Verizon New York entered into an interconnection agreement with Sprint Spectrum,

also pursuant to §§ 251 and 252 of the 1996 Act ("New York Sprint Spectrum Agreement").  On

June 23, 2000, Verizon New York entered into an interconnection agreement with Sprint

Communications, also pursuant to §§ 251 and 252 of the 1996 Act ("New York Sprint

Communications Agreement").

36.    Verizon Pennsylvania:  On January 20, 1998, Verizon Pennsylvania entered into

an interconnection agreement with Nextel Mid-Atlantic and Nextel West Corp., also pursuant to

§§ 251 and 252 of the 1996 Act ("Pennsylvania Nextel Agreement").  On March 14, 2002, Verizon Pennsylvania entered into an interconnection agreement with Sprint Communications, also pursuant to §§ 251 and 252 of the 1996 Act ("Pennsylvania Sprint Agreement").

37.  <u>Verizon Virginia</u>:  On January 6, 1998, Verizon Virginia entered into an interconnection agreement with Nextel Mid-Atlantic, also pursuant to §§ 251 and 252 of the 1996 Act ("Virginia Agreement").

38.  <u>Verizon Washington, DC</u>:  On July 25, 1997, Verizon Washington, DC entered into an interconnection agreement with American PCS, also pursuant to §§ 251 and 252 of the 1996 Act ("Washington, DC American PCS Agreement").  On December 30, 1997, Verizon Washington, DC entered into an interconnection agreement with Nextel Mid-Atlantic, also pursuant to §§ 251 and 252 of the 1996 Act ("Washington, DC Nextel Agreement").

39.  As amended over time, the contracts referenced in the preceding paragraphs are the operative interconnection agreements ("Interconnection Agreements") between the Sprint Nextel and Verizon parties in each respective state.

### SPRINT NEXTEL'S FAILURE TO PAY FEDERAL AND STATE TARIFFED CHARGES

40.  The Sprint Nextel defendants have failed to satisfy their duty to make payment pursuant to Verizon's federal FCC Tariff Nos. 1, 11, and 14, and, where applicable, Verizon's relevant state tariffs, for services purchased from those tariffs and that Verizon provided pursuant to the terms of those tariffs.  The Sprint Nextel entities have therefore violated their obligation to pay the tariffed rates for the services they purchased.

### *1. Port Charges*

41.  Verizon has provided access to its switch ports – that is, connections on the equipment used to route calls – to Sprint Spectrum in Massachusetts and New York, to American

PCS in Maryland and Virginia, to PhillieCo and WirelessCo in New Jersey and Pennsylvania, and to WirelessCo in West Virginia. Although Verizon billed Sprint Nextel for these interstate services at the applicable tariffed rate, Sprint Nextel has refused to pay more than $2 million of these charges.

### 2. Switched Interexchange Carrier Charges

42.     Pursuant to its federal tariffs, Verizon sells facilities and services that enable other carriers to link to Verizon's "Signaling System 7" ("SS7") network, which enables the exchange of call set up and routing information between interconnected carriers. Sprint Communications and Sprint Spectrum have refused to pay more than $240,000 that Verizon billed pursuant to its federal tariff for providing those services to them in New York and Massachusetts, respectively.

### 3. Minimum Billing Charges

43.     Verizon's federal tariffs include certain minimum service commitments that customers purchasing specified circuits from Verizon's federal tariffs must satisfy. Sprint Communications has refused to pay more than $240,000 of the charges Verizon billed for circuits Verizon provided in Maryland, Massachusetts, New York, New Jersey, Pennsylvania, Rhode Island, and Washington, DC that Sprint Communications did not keep in service for the minimum period set forth in the tariff.

### 4. Facilities Management Services

44.     Sprint Communications has refused to pay more than $140,000 for facility management services that it purchased from, and Verizon provided pursuant to, Verizon's federal tariffs in Maryland, Massachusetts, New Jersey, New York, Pennsylvania, and Washington, DC.

8

### 5. *Special Access Surcharges*

45.     Under Verizon's federal tariffs, certain circuits are sold subject to surcharges for special access services. The relevant tariffs require customers to notify Verizon of any exemptions from those surcharges they may lawfully claim. Nextel West has refused to pay more than $575,000 in such surcharges – and more than $56,000 in related universal service fund charges – that Verizon billed pursuant to its federal tariffs in Indiana, Oregon, and Washington for circuits for which Nextel West did not notify Verizon of any exemptions.

### 6. *High Capacity Circuit*

46.     PhillieCo and WirelessCo have refused to pay more than $100,000 for a high capacity circuit that Verizon provisioned pursuant to its federal tariff in New Jersey.

### 7. *Switched Access Mileage*

47.     When Verizon carries the defendants' switched access traffic, those defendants owe Verizon rates set forth in state and federal tariffs, including a fixed and a per-mile rate element. Sprint Spectrum purchased switched access services in Massachusetts, and Sprint Communications purchased switched access services in Maryland, New Jersey, New York, Pennsylvania, Washington, DC, and West Virginia. Those defendants have refused to pay more than $270,000 in the applicable fixed and per-mile charges set forth in Verizon's state and federal tariffs for switched access services.

### 8. *Recoupment of Credits*

48.     Under Verizon's federal tariffs, its customers are entitled to certain credits in the event of service outages. In order to recoup over-credits erroneously provided to certain of the Sprint Nextel defendants – that is, credits beyond those authorized by the applicable tariff – Verizon has issued bills to Nextel Mid-Atlantic for services provided in Maryland, New Jersey,

Pennsylvania, Virginia, and Washington, DC; to American PCS for services in Maryland, Washington, DC, and Virginia; to Sprint Communications for services in Maryland, New Jersey, Pennsylvania, Washington, DC, and West Virginia; and to PhillieCo and WirelessCo for services in New Jersey and Pennsylvania. These defendants have refused to re-pay more than $790,000 in improper credits.

### 9.  Late Payment Charges

49.     The Verizon federal tariffs require the Sprint Nextel defendants to pay late payment charges for any amounts owed to Verizon but not paid in a timely manner – with payment required within a specified period such as 30 days from the date of the invoice. These late payment charges apply to amounts that the Sprint Nextel defendants dispute and refuse to pay when the dispute is ultimately resolved in Verizon's favor.

## SPRINT NEXTEL'S REPEATED BREACHES OF THE INTERCONNECTION AGREEMENTS

50.     Sprint Nextel has repeatedly failed to pay Verizon for services that Verizon has provided pursuant to each of the Interconnection Agreements, in breach of those contracts.

### 1.  E911 Interconnection Services

51.     The Interconnection Agreements provide that the Sprint Nextel defendants may interconnect with Verizon's networks for the purpose of providing E911 service to their customers, so their customers' emergency calls will be routed to the correct Public Safety Answering Point. The contracts further specify that the rates and charges Sprint Nextel must pay for those interconnection services, including for facilities and trunk ports, among other charges, are those approved by the public utilities commission for each jurisdiction. The Sprint Nextel defendants have refused to pay more than $4.6 million for E911 interconnection services provided to Sprint Spectrum for service in New York and Massachusetts; Nextel New York for

10

service in New York and Connecticut; Sprint Communications for service in New York; and Nextel Mid-Atlantic for service in Massachusetts. In addition, the New York Sprint Communications Agreement requires Sprint Communications to pay certain CLEC E911/911 trunk port charges in connection with 911 services. Sprint Communications has refused to pay more than $100,000 for these services.

### 2. Transit Traffic

52.     Verizon offers a service known as "tandem transit service," by which two telephone companies (other than Verizon) may exchange calls between their customers – utilizing Verizon's network as a "bridge" – even if they are not interconnected with one another. Nextel Mid-Atlantic has utilized Verizon's transit service in Maryland, New Jersey, Pennsylvania, Virginia, and Washington, DC; Nextel New York has utilized the service in New York; and American PCS has utilized this service in Washington, DC. These defendants have refused to pay more than $ 360,000 for the use of these services at the applicable contract rates.

### 3. UNE-P Dispatch Charges

53.     Sprint Communications ordered certain services from Verizon in order to provide local service to its customers. In order to provision some of those service orders, Verizon was required to dispatch a technician to complete physical connections or modifications. Sprint Communications' contracts required it to pay Verizon for those dispatches. Sprint Communications, however, has refused to pay more than $530,000 for dispatch services in Delaware, Maryland, New Jersey, and Pennsylvania.

### 4. Late Payment Charges

54.     The Interconnection Agreements require the Sprint Nextel defendants to pay late payment charges for any amounts owed to Verizon but not paid in a timely manner – with

payment required within a specified period such as 30 days from the date of the invoice. These late payment charges apply to amounts that the Sprint Nextel defendants dispute and refuse to pay when the dispute is ultimately resolved in Verizon's favor.

**COUNT ONE**
**BREACH OF FEDERAL TARIFF**
**(American PCS)**

55.     The preceding paragraphs are incorporated as if set forth fully herein.

56.     Verizon has determined and apportioned the proper charges under FCC Tariff No. 1 for (a) port charges in Maryland and Virginia; and (b) recoupment of credits in Maryland, Virginia, and Washington, DC.

57.     American PCS has failed to pay Verizon the amounts assessed and due under Verizon's federal tariff.

58.     American PCS's conduct, as described in the preceding paragraphs, is a breach of Verizon's federal tariff.

59.     As a result of American PCS's conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

**COUNT TWO**
**BREACH OF FEDERAL TARIFF**
**(Nextel Mid-Atlantic)**

60.     The preceding paragraphs are incorporated as if set forth fully herein.

61.     Verizon has determined and apportioned the proper charges under FCC Tariff No. 1 for (a) transit traffic in Washington, DC; (b) access toll connecting trunks in New Jersey; and (c) recoupment of credits in Maryland, New Jersey, Pennsylvania, Virginia, and Washington, DC.

62.     Nextel Mid-Atlantic has failed to pay Verizon the amounts assessed and due under Verizon's federal tariff.

63.     Nextel Mid-Atlantic's conduct, as described in the preceding paragraphs, is a breach of Verizon's federal tariff.

64.     As a result of Nextel Mid-Atlantic's conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

### COUNT THREE
### BREACH OF FEDERAL TARIFF
### (Nextel West)

65.     The preceding paragraphs are incorporated as if set forth fully herein.

66.     Verizon has determined and apportioned the proper charges under FCC Tariff No. 1 for recoupment of credits in Pennsylvania and FCC Tariff No. 14 for special access surcharges in Indiana, Oregon, and Washington.

67.     Nextel West has failed to pay Verizon the amounts assessed and due under Verizon's federal tariff.

68.     Nextel West's conduct, as described in the preceding paragraphs, is a breach of Verizon's federal tariff.

69.     As a result of Nextel West's conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

### COUNT FOUR
### BREACH OF FEDERAL TARIFF
### (PhillieCo)

70.     The preceding paragraphs are incorporated as if set forth fully herein.

71.    Verizon has determined and apportioned the proper charges under FCC Tariff No. 1 for port charges and recoupment of credits in New Jersey and Pennsylvania, and for a high capacity circuit in New Jersey.

72.    PhillieCo has failed to pay Verizon the amounts assessed and due under Verizon's federal tariff.

73.    PhillieCo's conduct, as described in the preceding paragraphs, is a breach of Verizon's federal tariff.

74.    As a result of PhillieCo's conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

**COUNT FIVE**
**BREACH OF FEDERAL TARIFF**
**(Sprint Communications)**

75.    The preceding paragraphs are incorporated as if set forth fully herein.

76.    Verizon has determined and apportioned the proper charges under FCC Tariff Nos. 1 and 11 for (a) switched interexchange carrier charges in New York; (b) minimum billing charges in Maryland, Massachusetts, New Jersey, New York, Pennsylvania, Rhode Island, and Washington, DC; (c) facilities management services in Maryland, Massachusetts, New Jersey, New York, Pennsylvania, and Washington, DC; (d) access toll connecting trunks in Massachusetts, New York, and Pennsylvania; (e) switched access mileage in Maryland, New Jersey, New York, Pennsylvania, Washington, DC, and West Virginia; and (f) recoupment of credits in Maryland, New Jersey, Pennsylvania, West Virginia, and Washington, DC.

77.    Sprint Communications has failed to pay Verizon the amounts assessed and due under Verizon's federal tariff.

78.    Sprint Communications' conduct, as described in the preceding paragraphs, is a breach of Verizon's federal tariff.

79.    As a result of Sprint Communications' conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

## COUNT SIX
### BREACH OF FEDERAL TARIFF
### (Sprint Spectrum)

80.    The preceding paragraphs are incorporated as if set forth fully herein.

81.    Verizon has determined and apportioned the proper charges under FCC Tariff No. 11 for (a) port charges in New York and Massachusetts; (b) switched interexchange carrier charges in Massachusetts; and (c) switched access mileage in Massachusetts.

82.    Sprint Spectrum has failed to pay Verizon the amounts assessed and due under Verizon's federal tariff.

83.    Sprint Spectrum's conduct, as described in the preceding paragraphs, is a breach of Verizon's federal tariff.

84.    As a result of Sprint Spectrum's conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

## COUNT SEVEN
### BREACH OF FEDERAL TARIFF
### (WirelessCo)

85.    The preceding paragraphs are incorporated as if set forth fully herein.

86.    Verizon has determined and apportioned the proper charges under FCC Tariff No. 1 for port charges and recoupment of credits in New Jersey, Pennsylvania, and West Virginia, and for a high capacity circuit in New Jersey.

15

87.    WirelessCo has failed to pay Verizon the amounts assessed and due under Verizon's federal tariff.

88.    WirelessCo's conduct, as described in the preceding paragraphs, is a breach of Verizon's federal tariff.

89.    As a result of WirelessCo's conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

**COUNT EIGHT**
**BREACH OF STATE TARIFF**
**(Sprint Communications)**

90.    The preceding paragraphs are incorporated as if set forth fully herein.

91.    Verizon has determined and apportioned the proper charges under the applicable state tariffs for switched access mileage in Maryland, New Jersey, New York, Pennsylvania, Washington, DC, and West Virginia.

92.    Sprint Communications has failed to pay Verizon the amounts assessed and due under Verizon's state tariffs.

93.    Sprint Communications' conduct, as described in the preceding paragraphs, is a breach of Verizon's state tariffs.

**COUNT NINE**
**BREACH OF STATE TARIFF**
**(Sprint Spectrum)**

94.    The preceding paragraphs are incorporated as if set forth fully herein.

95.    Verizon has determined and apportioned the proper charges under the applicable state tariff for switched access mileage in Massachusetts.

96.    Sprint Spectrum has failed to pay Verizon the amounts assessed and due under Verizon's state tariff.

16

97.    Sprint Spectrum's conduct, as described in the preceding paragraphs, is a breach of Verizon's state tariff.

## COUNT TEN
## BREACH OF CONTRACT
### (American PCS)

98.    The preceding paragraphs are incorporated as if set forth fully herein.

99.    The Washington, DC American PCS Agreement is a valid and binding contract between American PCS and Verizon Washington, DC.

100.    Verizon Washington, DC has substantially performed under the Washington, DC American PCS Agreement.

101.    American PCS's conduct, as described in the preceding paragraphs, is a breach of the Washington, DC American PCS Agreement.

102.    As a result of American PCS's conduct, Verizon Washington, DC has been injured and incurred damages in an amount to be determined at trial.

## COUNT ELEVEN
## BREACH OF CONTRACT
### (Nextel New York)

103.    The preceding paragraphs are incorporated as if set forth fully herein.

104.    The New York Nextel Agreement is a valid and binding contract between Nextel New York and Verizon New York.

105.    Verizon New York has substantially performed under the New York Nextel Agreement.

106.    Nextel New York's conduct, as described in the preceding paragraphs, is a breach of the New York Nextel Agreement.

107.    As a result of Nextel New York's conduct, Verizon New York has been injured and incurred damages in an amount to be determined at trial.

## COUNT TWELVE
### BREACH OF CONTRACT
### (Nextel Mid-Atlantic)

108.    The preceding paragraphs are incorporated as if set forth fully herein.

109.    The Maryland Nextel, Massachusetts Nextel, New Jersey Nextel, Pennsylvania Nextel, Virginia, and Washington, DC Nextel Agreements are valid and binding contracts between Nextel Mid-Atlantic and the relevant Verizon plaintiffs.

110.    Verizon has substantially performed under the Maryland Nextel, Massachusetts Nextel, New Jersey Nextel, Pennsylvania Nextel, Virginia, and Washington, DC Nextel Agreements.

111.    Nextel Mid-Atlantic's conduct, as described in the preceding paragraphs, is a breach of the Maryland Nextel, Massachusetts Nextel, New Jersey Nextel, Pennsylvania Nextel, Virginia, and/or Washington, DC Nextel Agreements.

112.    As a result of Nextel Mid-Atlantic's conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

## COUNT THIRTEEN
### BREACH OF CONTRACT
### (Nextel West)

113.    The preceding paragraphs are incorporated as if set forth fully herein.

114.    The Pennsylvania Nextel Agreement is a valid and binding contract between Nextel West and Verizon Pennsylvania.

115.    Verizon has substantially performed under the Pennsylvania Nextel Agreement.

116.    Nextel West's conduct, as described in the preceding paragraphs, is a breach of the Pennsylvania Nextel Agreement.

117.    As a result of Nextel West's conduct, Verizon has been injured and incurred damages in an amount to be determined at trial.

**COUNT FOURTEEN**
**BREACH OF CONTRACT**
**(Sprint Communications)**

118.    The preceding paragraphs are incorporated as if set forth fully herein.

119.    The Delaware, Maryland Sprint, New Jersey Sprint, New York Sprint Communications, and Pennsylvania Sprint Agreements are valid and binding contracts between Sprint Communications and the relevant Verizon plaintiffs.

120.    Verizon New York has substantially performed under the Delaware, Maryland Sprint, New Jersey Sprint, New York Sprint Communications, and Pennsylvania Sprint Agreements.

121.    Sprint Communications' conduct, as described in the preceding paragraphs, is a breach of the Delaware, Maryland Sprint, New Jersey Sprint, New York Sprint Communications, and Pennsylvania Sprint Agreements.

122.    As a result of Sprint Communications' conduct, Verizon New York has been injured and incurred damages in an amount to be determined at trial.

**COUNT FIFTEEN**
**BREACH OF CONTRACT**
**(Sprint Spectrum)**

123.    The preceding paragraphs are incorporated as if set forth fully herein.

124.    The New York Sprint Spectrum and Massachusetts Sprint Agreements are valid and binding contracts between Sprint Spectrum and Verizon New York, and Verizon New England, respectively.

125.    Verizon New York and Verizon New England have substantially performed under the New York Sprint Spectrum and Massachusetts Sprint Agreements.

126.    Sprint Spectrum's conduct, as described in the preceding paragraphs, is a breach of the New York Sprint Spectrum and Massachusetts Sprint Agreements.

127.    As a result of Sprint Spectrum's conduct, Verizon New York and Verizon New England have been injured and incurred damages in an amount to be determined at trial.

## RELIEF REQUESTED

128.    Verizon requests that this Court enter an order granting judgment in its favor and:

i.    Order the Sprint Nextel defendants to compensate the Verizon plaintiffs for damages incurred as a result of the breaches of each of the respective federal tariffs by the Sprint Nextel defendants, in an amount to be proved at trial, including all late payment charges due; and

ii.    Order the Sprint Nextel defendants to compensate the Verizon plaintiffs for damages incurred as a result of the breaches of each of the respective state tariffs by the Sprint Nextel defendants, in an amount to be proved at trial, including all late payment charges due;

iii.    Order the Sprint Nextel defendants to compensate the Verizon plaintiffs for damages incurred as a result of the breaches of each of the respective Interconnection Agreements by the Sprint Nextel defendants, in an amount to be proved at trial, including all late payment charges due; and

iv.     Award any other relief, including injunctive relief and reasonable attorneys' fees and expenses, that the Court deems just and proper.

### JURY DEMAND

129.     Pursuant to Federal Rules of Civil Procedure 38 and 39, Verizon asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by Jury on all issues.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Kevin F. Brady
Kevin F. Brady (#2248)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

*Attorneys for the Verizon telephone companies*

Dated: April 4, 2008

Of Counsel:
KELLOGG, HUBER, HANSEN, TODD, EVANS
& FIGEL, P.L.L.C.
Scott H. Angstreich
Wan J. Kim
1615 M Street, N.W., Suite 400
Washington, DC  20036
(202) 326-7900

Steven Hartmann
Verizon
1515 N. Courthouse Rd., Suite 500
Arlington, VA 22201
(703) 351-3059

603164_1

℞ JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 47 U.S.C. 207

Brief description of cause: Violation of Telecommunications Act and breach of interconnection agreements

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____