UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHARLES AUSTIN,** | : |
| | : |
| Plaintiff, | : Civil Action No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| **STANLEY W. TAYLOR, JR.,** individually and | : |
| in his official capacity as Commissioner, State | : |
| of Delaware Department of Corrections; | : |
| **CARL C. DANBERG,** in his official capacity as | : |
| Commissioner, State of Delaware Department | : |
| of Corrections; **RAPHAEL WILLIAMS,** | : |
| individually and in his official capacity as | : |
| Warden, Howard R. Young Correctional | : |
| Institution; **PHILIP MORGAN,** in his official | : |
| capacity as Warden, Howard R. Young | : |
| Correctional Institution; | : |
| **JOYCE TALLEY,** individually and in her | : |
| official capacity as Chief, Bureau of | : |
| Management Services, Delaware Department | : |
| of Corrections; **CORRECTIONAL MEDICAL** | : |
| **SERVICES, INC.,** | : |
| and its **JOHN DOE EMPLOYEES,** | : |
| | : |
| Defendants. | : |

## COMPLAINT

### JURISDICTION AND VENUE

1. The claims set forth herein arise and are instituted pursuant to 42 U.S.C. §1983 to redress the deprivation by the defendants, acting under color of state law, of rights, privileges and immunities secured to the plaintiffs by the Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and 42 U.S.C. §1983. Declaratory relief is sought under 28 U.S.C. §2201 and 2202.

1

3. This Court also has supplemental jurisdiction over the claims which allege "Medical Negligence" under Delaware state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §1391(a). The acts alleged herein were committed within the State of Delaware and the defendants are subject to personal jurisdiction in this district.

## THE PARTIES

5. At all times referred to herein, the plaintiff was an inmate in the custody of the Delaware Department of Correction and was incarcerated at the Howard R. Young Correctional Institution ("HRYCI"), 1301 E. 12th Street, Wilmington, DE 19801.

6. Defendant Correctional Medical Services, Inc. ("CMS") is a corporation providing healthcare services to prisons and jails throughout the United States. CMS has its headquarters at 12647 Olive Boulevard, St. Louis, MO 63141. At the time of the acts alleged herein, CMS provided healthcare services to prisoners housed at HRYCI under a contract with the Department of Corrections of the State of Delaware ("DOC").

7. At all times referred to herein, defendant Stanley W. Taylor, Jr. ("Taylor"), was the Commissioner of the DOC, with an office located at 245 McKee Road, Dover, DE 19904. In his capacity as Commissioner, Taylor was the legal custodian of all prisoners sentenced to a term of incarceration by the courts of Delaware. Taylor was responsible for the safe, secure and humane housing of those prisoners, including the plaintiff. Under 11 Del. C. §6517, Taylor was also responsible for administering the medical/treatment services contract between DOC and CMS, or appointing a designee to administer the contract between DOC and CMS. Subsequent to the occurrence of the events alleged herein, Taylor resigned his position as Commissioner and Carl C. Danberg ("Danberg") was appointed as Commissioner.

8. At all times referred to herein, defendant Joyce Talley ("Talley") was the Chief, Bureau of Management Services of the Delaware Department of Corrections, with an office located at 245 McKee Road, Dover, DE 19904. In her capacity as Bureau Chief, Talley was responsible for oversight of inmate health care services, including administration of the contract between DOC and CMS.

9. At all times relevant hereto, defendant Raphael Williams ("Williams") was the Warden of HRYCI. Defendant Williams was the legal custodian of all prisoners housed at HRYCI, including the plaintiff, and was responsible for the safe, secure and humane housing of those prisoners. Subsequent to the occurrence of the events alleged herein, Williams resigned his position as Warden and was replaced by Philip Morgan ("Morgan").

10. The identities and locations of the John Doe CMS employees, who participated in the acts and conduct alleged herein, are currently unknown to plaintiff and will be determined through discovery. At all times relevant hereto, these individuals were acting under color of state law and within the scope of their employment.

11. At all times referred to herein, all of the defendants were acting within the scope of their employment and/or were exercising powers conferred on them under color of the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

12. Plaintiff realleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

13. At all times relevant hereto, plaintiff has been in the custody of the Delaware Department of Corrections. Sometime prior to January 2000, plaintiff was diagnosed with Diabetes.

3

Since April 2006, plaintiff was housed at HRYCI.  Plaintiff has received treatment at HRYCI for his Diabetes, including testing of his blood sugar levels and insulin injections two times a day.

14.  On or about July 20, 2006, plaintiff was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to plaintiff as "Nurse Beth" ("John Doe #1"), used a single hypodermic needle/syringe to draw blood from other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject inmates with said insulin.

15.  Since July 2006, six inmates receiving insulin during April 10, 2006 and July 9, 2006 have tested positive for hepatitis C.  Duane Williams, one of the inmates that tested positive for hepatitis C, died of liver failure on March 12, 2008.

16. Plaintiff lives with the possibility that he has contracted hepatitis, HIV or other blood borne diseases from the insulin injection. Plaintiff has undergone testing for hepatitis C.

17.  As a direct and proximate result of the conduct and acts described herein, plaintiff has suffered the following injuries:

    (a) mental and emotional pain and anguish from the time he learned of his potential exposure to blood borne diseases;

    b) physical testing for viral hepatitis;.

    c) future testing for viral hepatitis;

    d)  future emotional pain and anguish and the potential need for additional medical and mental health treatment for his injuries.

## BACKGROUND

18. In March of 2006 the United States Department of Justice's Civil Rights Division began a nine month investigation of the problems in Delaware's prison health care and high inmate death rates, particularly from AIDS.

19. On December 29, 2006 the Department of Justice issued a letter alleging that the medical care, mental health care, and suicide prevention in four Delaware facilities, including HYRCI, were deficient and violated the constitutional rights of Delaware inmates.

20. In December of 2006 the State of Delaware and the United States Department of Justice's Civil Rights Division reached a three-year Agreement ending the investigation.

21. The agreement provided for the selection of a monitor who would review and report on the State of Delaware's implementation and compliance with the Agreement.

22. In July of 2007 a report by the State of Delaware's independent prison monitor, Joshua W. Martin III (Martin) accused CMS of failing to recruit and retain qualified medical professionals because of CMS' unwillingness to spend money necessary to get qualified staff.

23. Martin and a group of medical and mental health professionals indicated that CMS had poor sanitation and chronic understaffing in the prison facilities.

24. The quality of medical care provided to inmates in DOC institutions, such as HYRCI, from April 2006 and July 2006 was poor. CMS suffered a shortage in quality medical staff. As a result, many inmates, such as plaintiff, received medical care that fell below generally accepted professional standards.

## COUNT ONE: 42 U.S.C. § 1983 – INADEQUATE MEDICAL CARE

25. Plaintiff realleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. In violation of 42 U.S.C. § 1983, defendants Taylor, Talley, and Williams, acting in their individual and official capacities, have acted with deliberate indifference to plaintiff's serious medical needs and subjected plaintiff to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution. In particular, defendants Taylor, Talley, and Williams:

a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the inmates, including plaintiff, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

b) adopted and implemented policies and practices which encouraged CMS to provide for treatment for plaintiff's medical condition that did not meet the minimum requirements of the Eighth Amendment.

27. In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to plaintiff's serious medical needs and subjected plaintiff to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

a) CMS failed to provide constitutionally adequate medical care of plaintiff's diabetic condition by committing the acts alleged in Paragraph 14 herein;

b) as a result of the actions described in Paragraph 14 herein, defendant CMS caused plaintiff to be exposed to Hepatitis C and acted to expose plaintiff to the risk of contracting other diseases, such as HIV/AIDS and TB.

28. As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference to plaintiff's reasonable medical needs, plaintiff has suffered and will continue to suffer psychological pain, physical injury, and emotional distress.

### COUNT TWO: MEDICAL NEGLIGENCE

29. Plaintiff realleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 Del. C. §6801. Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 Del. C. §6801.

31. As a direct and proximate result of Defendants' failure to provide adequate medical services, plaintiff has suffered and will continue to suffer psychological pain, physical injury, and emotional distress.

**WHEREFORE**, the Plaintiff herein respectfully demands the following relief:

a) That this Court enter judgment in favor of plaintiff and against the defendants for damages, both compensatory and punitive, in an amount to be proven at trial;

b) That this Court enter a judgment declaring that the defendants' policies, practices, acts and omissions as described herein violate plaintiff's rights as guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States;

c) That this Court permanently enjoin defendants, their officers, agents, employees, and successors in office, along with those acting in concert with them, from engaging in the unlawful practices described herein and further shape injunctive relief to ensure that plaintiff will no longer be subjected to the treatment alleged herein;

d)  That this Court award plaintiff his costs and attorneys' fees in such amount as this Court deems reasonable, pursuant to 42 U.S.C. § 1988;

e)  For such other and further relief as the Court may deem appropriate under the circumstances.

RONALD STONER, P.A.

 /s/  *Ronald Stoner*
**Ronald Stoner, Esq. DE. 2818**
Attorney for Plaintiff
1107 Polly Drummond Plaza
Newark, DE 19711
(302) 369-6400

Dated: April 9, 2008

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Charles Austin

**DEFENDANTS**
Stanley W. Taylor, et al.

**(b)** County of Residence of First Listed Plaintiff: NEW CASTLE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
RONALD STONER, ESQ.
1107 POLLY DRUMMOND PLAZA
NEWARK, DE 19711 (302) 369-6400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☒ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. SECTION 1983

Brief description of cause: Inadequate Medical Care & Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: 47 USC 553
              Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHARLES AUSTIN,** | : |
| | : |
|     **Plaintiff,** | : Civil Action No. _____ |
| | : |
|     v. | : JURY TRIAL DEMANDED |
| | : |
| **STANLEY W. TAYLOR, JR.,** individually and in his official capacity as Commissioner, State of Delaware Department of Corrections; **CARL C. DANBERG,** in his official capacity as Commissioner, State of Delaware Department of Corrections; **RAPHAEL WILLIAMS,** individually and in his official capacity as Warden, Howard R. Young Correctional Institution; **PHILIP MORGAN,** in his official capacity as Warden, Howard R. Young Correctional Institution; **JOYCE TALLEY,** individually and in her official capacity as Chief, Bureau of Management Services, Delaware Department of Corrections; **CORRECTIONAL MEDICAL SERVICES, INC.,** and its **JOHN DOE EMPLOYEES,** | : |
| | : |
|     **Defendants.** | : |

## AFFIDAVIT OF FILING OF CERTIFICATE OF MERIT

    I, Ronald Stoner, Esq., attorney for the Plaintiff, hereby certifies in good faith at this time that the Affidavit of Merit and *curriculum vitae* required by 18 Del. C. § 6853 is being conventionally filed under seal at the Office of the Clerk of the Court .

    Submitted this 9th day of April, 2008

/s/ *Ronald Stoner* , DE. # 2818
Ronald Stoner, P.A.
1107 Drummond Plaza
Newark, DE 19711
Attorney for Plaintiff