## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DigaComm, LLC,           )
                          )
      Plaintiff,        )
                          )
      v.              )    Case No. _____
                          )
                          )
Vehicle Safety and Compliance, LLC, )    Case No. 08-338 (N.D. Ill.)
Pittco Capital Partners, LP, Pittco Capital   )
Partners II, LP, J.R. "Pitt" Hyde, III, and   )
Andrew Seamons,        )
                          )
      Defendants.      )

## MOTION FOR A PROTECTIVE ORDER TO QUASH THE SUBPOENAS OF MORGAN KEEGAN EMPLOYEE INVESTMENT FUND, LP AND MORGAN KEEGAN EARLY STAGE FUND, LP

Morgan Keegan Employee Investment Fund, LP and Morgan Keegan Early Stage Fund, LP (collectively, "Morgan Keegan") respectfully move the Court for a protective order and to quash subpoenas directed to them. In support of this motion, Morgan Keegan submits the attached memorandum and requests a date and time for a hearing on this Motion.

SMITH, KATZENSTEIN & FURLOW LLP

_____.

Robert K. Beste, III (No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
(302) 652-8400
(302) 652-8405 (facsimile)
rkb@skfdelaware.com

April 9, 2008

*Attorneys for Morgan Keegan Employee Investment Fund, LP and Morgan Keegan Early Stage Fund, LP*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DigaComm, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| | ) | |
| Vehicle Safety and Compliance, LLC, | ) | Case No. 08-338 (N.D. Ill.) |
| Pittco Capital Partners, LP, Pittco Capital | ) | |
| Partners II, LP, J.R. "Pitt" Hyde, III, and | ) | |
| Andrew Seamons, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
FOR A PROTECTIVE ORDER TO QUASH THE SUBPOENAS
ISSUED TO MORGAN KEEGAN EMPLOYEE INVESTMENT
FUND, LP AND MORGAN KEEGAN EARLY STAGE FUND, LP**

DigaComm LLC ("DigaComm"), plaintiff in the above-captioned Northern

District of Illinois case, has served deposition subpoenas out of the United States District

Court for the District of Delaware on two non-party deponents. These subpoenas should

be quashed for two reasons. First, the primary place of business for Morgan Keegan

Employee Investment Fund, LP and Morgan Keegan Early Stage Fund, LP (collectively,

"Morgan Keegan") is Tennessee and, as a result, representatives cannot be compelled to

appear in Delaware for depositions. Second, Morgan Keegan has no personal knowledge

or documents relating to DigaComm or the letter agreement at issue in the Illinois case

and requiring representatives of these funds to sit for depositions under these

circumstances would be unduly burdensome.

**BACKGROUND**

The above-captioned Northern District of Illinois case is brought by DigaComm,

and involves a March 30, 2007 letter agreement (the "Letter Agreement") between

DigaComm and Vehicle IP, LLC ("VIP") relating to compensation to DigaComm. The compensation to DigaComm under the Agreement required approval by preferred interest holders in Vehicle Safety and Compliance, LLC ("VSAC"), the sole member of VIP. The preferred interest holders ultimately did not approve compensation to DigaComm.

DigaComm sued VIP and its chief executive officer in arbitration pursuant to an arbitration provision in the Letter Agreement and also filed a court action against VSAC, its largest preferred interest holder; Pittco Capital Partners II, LP, another preferred interest holder; Pittco Capital Partners, LP, the manager of those entities, and a partner in those entities. DigaComm has also subpoenaed other preferred interest holders with the largest stake in VSAC, who were present at the meetings in which the Letter Agreement was discussed and voted upon. These preferred interest holders have produced documents and have been offered for depositions on dates to be determined.

DigaComm issued deposition subpoenas to Morgan Keegan on March 14, 2008. The subpoenas are attached to this motion as Exhibit A. Morgan Keegan is not party to the Illinois lawsuit.

## ARGUMENT

While parties to litigation must understand and expect discovery involved to be invasive, non-parties to litigation have "a different set of expectations." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). In fact, courts give special weight to the status of non-parties and the unwanted burden on them when evaluating the balance of competing needs involved in discovery. *Id.*

Federal Rule of Civil Procedure ("Rule") 45(c)(3)(A) states that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it...(iv) subjects a person to undue burden." The Advisory Notes to Rule 45 state that

"[p]aragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power." *See also Bell v. Board of Education of the County of Fayette*, 225 F.R.D. 186, 193 (S.D.W.Va. 2004) (citing same). The Advisory Notes to Rule 45 further state that "[c]lause (c)(3)(A)(iv) requires the court to protect all persons from undue burden imposed by the use of the subpoena power. Illustratively, it might be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of matters in dispute, especially so if the adversary would be required to incur substantial travel burdens." *Id. See also* Rule 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order . . . [and t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense . . . .").

Depositions of a corporation through its agent generally should be taken at the corporation's principal place of business. *Triple Crown v. Biosynth AG*, No. 96-7476, 1998 WL 227886, at *3 (E.D. Pa. April 30, 1998). S*ee also Bro-Tech Corp. v. Thermax, Inc.*, No. 05-2330, 2006 WL 3337496, at *2 (E.D. Pa. Nov. 16, 2006).

## The Morgan Keegan Subpoenas Should Be Quashed

Morgan Keegan would be subjected to an undue burden if forced to be deposed. First, Morgan Keegan's principal place of business is Tennessee and, as a result, Morgan Keegan cannot be compelled to appear in Delaware. *Triple Crown*, 1998 WL 227886 at *3; *Bro-Tech*, 2006 WL 3337496 at *2.

Second, Morgan Keegan has no personal knowledge or documents relating to DigaComm, the Letter Agreement, or any of the issues in the Illinois case. Morgan Keegan collectively holds less than a 1% interest in VSAC, and no representatives for

Morgan Keegan were present at the meetings at which the Letter Agreement was discussed or voted upon.

Counsel for Defendants in the Illinois case have offered DigaComm an alternative and less burdensome means of satisfying itself that Morgan Keegan possesses no relevant knowledge. Specifically, counsel has suggested that Morgan Keegan provide an affidavit or answer written interrogatories, or both, attesting to its lack of knowledge. Either of these approaches would be far less burdensome and more appropriate considering the circumstances. DigaComm has refused this offer. As such, counsel for Morgan Keegan certifies Morgan Keegan engaged in a good faith effort to avoid this discovery dispute. *See* Rule 26(c)(1).

For the reasons detailed above, Morgan Keegan also requests that the Court enter a protective order quashing the subpoenas based on the undue burden to Morgan Keegan, under the provisions of Rule 26(c).

## CONCLUSION

The subpoenas at issue should be quashed for the reasons set forth above.

SMITH, KATZENSTEIN & FURLOW LLP

Robert K. Beste, III (No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
(302) 652-8400
(302) 652-8405 (facsimile)
rkb@skfdelaware.com

April 9, 2008

*Attorneys for Morgan Keegan Employee Investment Fund, LP and Morgan Keegan Early Stage Fund, LP*

4

## CERTIFICATE OF SERVICE

I certify that, on April 9, 2008, I caused service of the foregoing Motion for a Protective Order and To Quash the Subpoenas of Morgan Keegan Employee Investment Fund, LP and Morgan Keegan Early Stage Fund, LP by e-mail and U.S. Mail upon:

Reed S. Oslan, P.C.
Stephen C. Hackney
Matthew E. Nirider
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Ph: (312) 861-2157
Fax: (312) 861-2200
mnirider@kirkland.com

Timothy Elliot
RATHJE & WOODWARD
300 East Roosevelt Road
Suite 300
Wheaton, Illinois 60187
telliott@rathjewoodward.com


SMITH, KATZENSTEIN & FURLOW LLP

Robert K. Beste, III (No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
(302) 652-8400
(302) 652-8405 (facsimile)
rkb@skfdelaware.com

April 9, 2008

*Attorneys for Morgan Keegan Employee Investment Fund, LP and Morgan Keegan Early Stage Fund, LP*

# EXHIBIT
# A

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

DigaComm, LLC

V.

Vehicle Safety and Compliance, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 C 338 (N.D. Ill.)

TO: Morgan Keegan Employee Investment Fund, LP, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION 919 N. Market Street, 17th Floor, Wilmington, DE 19899 | DATE AND TIME 4/1/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff DigaComm, LLC | 3/14/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew E. Nirider, Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, IL 60601
(312) 861-2000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                                      _____
                                                      ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made out at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DigaComm, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 338 |
| v. | ) |
| | ) |
| Vehicle Safety and Compliance, LLC, | ) Hon. George W. Lindberg |
| Pittco Capital Partners, LP, | ) |
| Pittco Capital Partners II, LP, | ) |
| J.R. "Pitt" Hyde III, and Andrew Seamons, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF VIDEOTAPED 30(b)(6) DEPOSITION

**PLEASE TAKE NOTICE** that, Plaintiff DigaComm, LLC, through its attorneys, will

take the deposition of Morgan Keegan Employee Investment Fund, LP, upon oral examination

pursuant to the Federal Rules of Civil Procedure for the purpose of discovery, use at trial, or for

such other purposes as are permitted under the Federal Rules of Civil Procedure. The deposition

will take place at 9:00 am local time on April 1, 2008 at 919 N. Market Street, 17th Floor,

Wilmington, DE 19899. The deposition will be videotaped and recorded by stenographic means

before a court reporter or other person duly licensed or appointed to administer oaths, and shall

continue until complete.

This Notice names as the deponent a private corporation or partnership or association.

Pursuant to Federal Rule 30(b)(6), Morgan Keegan Employee Investment Fund, LP is required to

identify and produce for deposition one or more officers, directors, managing agents, or other

agents and employees to testify on its behalf, who are most knowledgeable as to the following

matters known and reasonably available to Morgan Keegan Employee Investment Fund, LP:

## DEFINITIONS

1.  "DigaComm" shall mean Plaintiff DigaComm, LLC, Peter Smith, and/or Jonathan
    Tunick.

2.  "Morgan Keegan Employee Investment Fund," "you," or "your" shall mean Morgan
    Keegan Employee Investment Fund, LP and any agents, consultants, employees,
    representatives, officers, directors, members, and any other person(s) who are, or were,
    acting under your control or at your direction. These terms shall also include business
    organizations (including, but not limited to corporations, partnerships, limited
    partnerships, limited liability companies, limited liability partnerships, and
    unincorporated associations) and/or trusts that you control or that are controlled, directly
    or indirectly, by entities that you control.

3.  "VSAC" shall mean Vehicle Safety and Compliance, LLC and any agents, consultants,
    employees, representatives, members, officers, directors, and any other person(s) who
    are, or were, acting under its control or at its direction. These terms shall also include
    business organizations (including, but not limited to corporations, partnerships, limited
    partnerships, limited liability companies, limited liability partnerships, and
    unincorporated associations) and/or trusts that it controls or that are controlled, directly or
    indirectly, by entities that it controls.

4.  "VIP" shall mean Vehicle IP, LLC and any agents, consultants, employees,
    representatives, members, officers, directors, and any other person(s) (including, but not
    limited to, Bradley Larschan, Ericka Wojack, J. Raymond Bilbao, and Andrew Seamons)
    who are, or were, acting under its control or at its direction. These terms shall also
    include business organizations (including, but not limited to corporations, partnerships,
    limited partnerships, limited liability companies, limited liability partnerships, and
    unincorporated associations) and/or trusts that it controls or that are controlled, directly or
    indirectly, by entities that it controls.

5.  "GE" shall mean General Electric Co. and any subsidiaries, affiliates, consultants agents,
    employees, (including, but not limited to, Jimmy Goo, Michael Petracci, and Jim
    DiGeorgio) representatives, officers, directors, members, subsidiaries (including, but not
    limited to, the GE Intellectual Property Licensing division or subsidiary, whichever the
    case may be), and any other person(s) or entities who are, or were, acting under its
    control or at its direction. These terms shall also include business organizations
    (including, but not limited to corporations, partnerships, limited partnerships, limited
    liability companies, limited liability partnerships, and unincorporated associations) and/or
    trusts that it controls or that are controlled, directly or indirectly, by entities that it
    controls.

6.  "Fundamental Wireless, LLC" shall mean the entity that acquired a portfolio of patents
    from VIP as part of the GE Deal.

7.  "Fish & Richardson" shall mean Fish & Richardson, P.C. and any partners, members,
    shareholders, associates, staff, agents, consultants, employees, representatives, and any

2

other person(s) who are, or were, acting under its control or at its direction. These terms shall also include business organizations (including, but not limited to corporations, professional corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) or trusts that it controls or that are controlled, directly or indirectly, by entities that it controls.

8.  "GE Deal" shall mean the transaction involving GE and VIP in which VIP contributed a portfolio of patents to Fundamental Wireless, LLC.

9.  "VIP Patent Portfolio" shall mean those patents contributed by VIP to the Fundamental Wireless, LLC, and shall include, but not be limited to, U.S. Patent Nos. 6,405,033; 6,301,480; 6,295,449; 6,240,295; 6,167,255; 6,148,202; 6,018,657; 6,009,330; 5,983,108; 5,966,658; 5,918,172; 5,884,221; 5,832,394; 5,826,195; 5,771,455; 5,734,981; 5,699,275; 5,652,707; 5,544,225; 5,539,810; 5,519,621; 5,513,111; 5,398,190; 5,299,132; and/or 5,155,689.

10. "Economic Interest" shall mean a right, claim, legal share, membership unit, preferred interest, or other thing of value.

11. "Monetize," "Monetization," or "Monetizing," with respect to the VIP Patent Portfolio, shall mean any proposed or actual syndication efforts, any proposed or actual licensing efforts, any proposed or actual cross-licensing efforts, any proposed or actual litigation, or other proposed or actual efforts to obtain a thing of value relating to the VIP Patent Portfolio.

12. Knowledge concerning communications or correspondence with legal entities shall extend to communications with employees, officers, directors, members, preferred interest holders, shareholders, and/or agents of the legal entity in question.

### 30(b)(6) TOPICS

1.  The corporate structure of Morgan Keegan Employee Investment Fund, including its relationship to any parent or subsidiary entities, its shareholders, preferred shareholders, and/or any other beneficial owners.

2.  Morgan Keegan Employee Investment Fund's decision to invest in VIP/VSAC, including, but not limited to, how Morgan Keegan Employee Investment Fund became aware of the opportunity to invest in VIP/VSAC, any meetings or communications concerning Morgan Keegan Employee Investment Fund's decision to invest, and any projections, analyses, or studies undertaken or otherwise used in deciding whether to invest in VIP/VSAC.

3.  The details of Morgan Keegan Employee Investment Fund's investment in VIP/VSAC, including, but not limited to, the mechanics of the investment (such as, to whom a check was cut), the rights Morgan Keegan Employee Investment Fund has as an investor, Morgan Keegan Employee Investment Fund's understanding of the VIP/VSAC corporate structure, and Morgan Keegan Employee Investment Fund's understanding of how VIP/VSAC makes business decisions.

3

4.   The acquisition of all or any part of the VIP Patent Portfolio.

5.   The GE Deal, including, but not limited to, meetings relating to the GE Deal that took
     place on April 2, 2007, May 8 and/or May 9, 2007, July 17, 2007, and August 10, 2007,
     the decision to approve the GE Deal, DigaComm, and/or DigaComm's role in the GE
     Deal.

6.   Oversight of Morgan Keegan Employee Investment Fund's investment in VIP/VSAC,
     including any meetings attended by representatives of Morgan Keegan Employee
     Investment Fund, any communications with VIP/VSAC's management, board, or other
     investors, and any votes or opportunities to vote on any transaction undertaken or
     considered by VIP/VSAC, including, but not limited to, any transactions involving GE,
     Fish & Richardson, and/or DigaComm.

7.   Efforts by VIP/VSAC, GE, and/or Fundamental Wireless, LLC to monetize the VIP
     Patent Portfolio.

8.   The accounting and financial reporting of Morgan Keegan Employee Investment Fund as
     it relates to its investment in VIP/VSAC. Knowledge about the accounting and financial
     reporting of Morgan Keegan Employee Investment Fund as it relates to its investment in
     VIP/VSAC shall include, but shall not be limited to:

          (a) the value of Morgan Keegan Employee Investment Fund's investment in
              VIP/VSAC, and methods by which Morgan Keegan Employee Investment Fund
              determines this value;

          (b) communications of the value of Morgan Keegan Employee Investment Fund's
              investment in VIP/VSAC to investors, parent or subsidiary entities, shareholders,
              beneficial owners, and government and regulatory authorities (including the
              Internal Revenue Service). Communications shall include, but shall not be
              limited to, financial statements, tax returns, prospectuses, marketing materials,
              and any other statements or documents reflecting Morgan Keegan Employee
              Investment Fund's financial status; and

          (c) the amount of any dividends, cash payments, in-kind payments, or other things of
              value received by Morgan Keegan Employee Investment Fund from VIP/VSAC.

Dated: March 14, 2008

DigaComm, LLC

By: _____
One of its attorneys

Reed S. Oslan, P.C.
Stephen C. Hackney
Matthew E. Nirider
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, Illinois 60601
Tel: 312/861-2157
Fac: 312/861-2200

Counsel for DigaComm, LLC

5

## CERTIFICATE OF SERVICE

This is to certify that on March 14, 2008, a true and correct copy of the foregoing has been served on the following individuals via email and Federal Express:

> Joseph L. Fogel
> John Z. Lee
> Kellye L. Fabian
> Freeborn & Peters LLP
> 311 S. Wacker Drive, Suite 3000
> Chicago, IL 60606
> Tel.: 312/360-6000
> Fac.: 312/360-6520

An attorney for DigaComm, LLC

6

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

DigaComm, LLC

V.

Vehicle Safety and Compliance, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08 C 338 (N.D. Ill.)

TO:  Morgan Keegan Early Stage Fund, LP, The Corporation
Trust Company, Corporation Trust Center, 1209 Orange
Street, Wilmington, DE 19801

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | | COURTROOM |
|---|---|---|
| | - | |
| | | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION 919 N. Market Street, 17th Floor, Wilmington, DE  19899 | DATE AND TIME 4/1/2008 1:00 pm |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]            Attorney for Plaintiff DigaComm, LLC | 3/14/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew E. Nirider, Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, IL  60601
(312) 861-2000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

_____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DigaComm, LLC,                                      )
                                                   )
            Plaintiff,                             )
                                                   )    No. 08 C 338
      v.                                           )
                                                   )
Vehicle Safety and Compliance, LLC,                )    Hon. George W. Lindberg
Pittco Capital Partners, LP,                       )
Pittco Capital Partners II, LP,                    )
J.R. "Pitt" Hyde III, and Andrew Seamons,          )
                                                   )
            Defendants.                            )
_____)

## NOTICE OF VIDEOTAPED 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that, Plaintiff DigaComm, LLC, through its attorneys, will

take the deposition of Morgan Keegan Early Stage Fund, LP, upon oral examination pursuant to

the Federal Rules of Civil Procedure for the purpose of discovery, use at trial, or for such other

purposes as are permitted under the Federal Rules of Civil Procedure. The deposition will take

place at 1:00 pm local time on April 1, 2008 at 919 N. Market Street, 17th Floor, Wilmington,

DE 19899. The deposition will be videotaped and recorded by stenographic means before a

court reporter or other person duly licensed or appointed to administer oaths, and shall continue

until complete.

      This Notice names as the deponent a private corporation or partnership or association.

Pursuant to Federal Rule 30(b)(6), Morgan Keegan Early Stage Fund, LP is required to identify

and produce for deposition one or more officers, directors, managing agents, or other agents and

employees to testify on its behalf, who are most knowledgeable as to the following matters

known and reasonably available to Morgan Keegan Early Stage Fund, LP:

## DEFINITIONS

1.    "DigaComm" shall mean Plaintiff DigaComm, LLC, Peter Smith, and/or Jonathan Tunick.

2.    "Morgan Keegan Early Stage Fund," "you," or "your" shall mean Morgan Keegan Early Stage Fund, LP and any agents, consultants, employees, representatives, officers, directors, members, and any other person(s) who are, or were, acting under your control or at your direction. These terms shall also include business organizations (including, but not limited to corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) and/or trusts that you control or that are controlled, directly or indirectly, by entities that you control.

3.    "VSAC" shall mean Vehicle Safety and Compliance, LLC and any agents, consultants, employees, representatives, members, officers, directors, and any other person(s) who are, or were, acting under its control or at its direction. These terms shall also include business organizations (including, but not limited to corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) and/or trusts that it controls or that are controlled, directly or indirectly, by entities that it controls.

4.    "VIP" shall mean Vehicle IP, LLC and any agents, consultants, employees, representatives, members, officers, directors, and any other person(s) (including, but not limited to, Bradley Larschan, Ericka Wojack, J. Raymond Bilbao, and Andrew Seamons) who are, or were, acting under its control or at its direction. These terms shall also include business organizations (including, but not limited to corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) and/or trusts that it controls or that are controlled, directly or indirectly, by entities that it controls.

5.    "GE" shall mean General Electric Co. and any subsidiaries, affiliates, consultants agents, employees, (including, but not limited to, Jimmy Goo, Michael Petracci, and Jim DiGeorgio) representatives, officers, directors, members, subsidiaries (including, but not limited to, the GE Intellectual Property Licensing division or subsidiary, whichever the case may be), and any other person(s) or entities who are, or were, acting under its control or at its direction. These terms shall also include business organizations (including, but not limited to corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) and/or trusts that it controls or that are controlled, directly or indirectly, by entities that it controls.

6.    "Fundamental Wireless, LLC" shall mean the entity that acquired a portfolio of patents from VIP as part of the GE Deal.

7.    "Fish & Richardson" shall mean Fish & Richardson, P.C. and any partners, members, shareholders, associates, staff, agents, consultants, employees, representatives, and any other person(s) who are, or were, acting under its control or at its direction. These terms

shall also include business organizations (including, but not limited to corporations, professional corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) or trusts that it controls or that are controlled, directly or indirectly, by entities that it controls.

8.  "GE Deal" shall mean the transaction involving GE and VIP in which VIP contributed a portfolio of patents to Fundamental Wireless, LLC.

9.  "VIP Patent Portfolio" shall mean those patents contributed by VIP to the Fundamental Wireless, LLC, and shall include, but not be limited to, U.S. Patent Nos. 6,405,033; 6,301,480; 6,295,449; 6,240,295; 6,167,255; 6,148,202; 6,018,657; 6,009,330; 5,983,108; 5,966,658; 5,918,172; 5,884,221; 5,832,394; 5,826,195; 5,771,455; 5,734,981; 5,699,275; 5,652,707; 5,544,225; 5,539,810; 5,519,621; 5,513,111; 5,398,190; 5,299,132; and/or 5,155,689.

10. "Economic Interest" shall mean a right, claim, legal share, membership unit, preferred interest, or other thing of value.

11. "Monetize," "Monetization," or "Monetizing," with respect to the VIP Patent Portfolio, shall mean any proposed or actual syndication efforts, any proposed or actual licensing efforts, any proposed or actual cross-licensing efforts, any proposed or actual litigation, or other proposed or actual efforts to obtain a thing of value relating to the VIP Patent Portfolio.

12. Knowledge concerning communications or correspondence with legal entities shall extend to communications with employees, officers, directors, members, preferred interest holders, shareholders, and/or agents of the legal entity in question.

## 30(b)(6) TOPICS

1.  The corporate structure of Morgan Keegan Early Stage Fund, including its relationship to any parent or subsidiary entities, its shareholders, preferred shareholders, and/or any other beneficial owners.

2.  Morgan Keegan Early Stage Fund's decision to invest in VIP/VSAC, including, but not limited to, how Morgan Keegan Early Stage Fund became aware of the opportunity to invest in VIP/VSAC, any meetings or communications concerning Morgan Keegan Early Stage Fund's decision to invest, and any projections, analyses, or studies undertaken or otherwise used in deciding whether to invest in VIP/VSAC.

3.  The details of Morgan Keegan Early Stage Fund's investment in VIP/VSAC, including, but not limited to, the mechanics of the investment (such as, to whom a check was cut), the rights Morgan Keegan Early Stage Fund has as an investor, Morgan Keegan Early Stage Fund's understanding of the VIP/VSAC corporate structure, and Morgan Keegan Early Stage Fund's understanding of how VIP/VSAC makes business decisions.

4.  The acquisition of all or any part of the VIP Patent Portfolio.

3

5.  The GE Deal, including, but not limited to, meetings relating to the GE Deal that took place on April 2, 2007, May 8 and/or May 9, 2007, July 17, 2007, and August 10, 2007, the decision to approve the GE Deal, DigaComm, and/or DigaComm's role in the GE Deal.

6.  Oversight of Morgan Keegan Early Stage Fund's investment in VIP/VSAC, including any meetings attended by representatives of Morgan Keegan Early Stage Fund, any communications with VIP/VSAC's management, board, or other investors, and any votes or opportunities to vote on any transaction undertaken or considered by VIP/VSAC, including, but not limited to, any transactions involving GE, Fish & Richardson, and/or DigaComm.

7.  Efforts by VIP/VSAC, GE, and/or Fundamental Wireless, LLC to monetize the VIP Patent Portfolio.

8.  The accounting and financial reporting of Morgan Keegan Early Stage Fund as it relates to its investment in VIP/VSAC. Knowledge about the accounting and financial reporting of Morgan Keegan Early Stage Fund as it relates to its investment in VIP/VSAC shall include, but shall not be limited to:

    (a) the value of Morgan Keegan Early Stage Fund's investment in VIP/VSAC, and methods by which Morgan Keegan Early Stage Fund determines this value;

    (b) communications of the value of Morgan Keegan Early Stage Fund's investment in VIP/VSAC to investors, parent or subsidiary entities, shareholders, beneficial owners, and government and regulatory authorities (including the Internal Revenue Service). Communications shall include, but shall not be limited to, financial statements, tax returns, prospectuses, marketing materials, and any other statements or documents reflecting Morgan Keegan Early Stage Fund's financial status; and

    (c) the amount of any dividends, cash payments, in-kind payments, or other things of value received by Morgan Keegan Early Stage Fund from VIP/VSAC.

4

Dated: March 14, 2008                    DigaComm, LLC

                                         By: _____
                                             One of its attorneys

Reed S. Oslan, P.C.
Stephen C. Hackney
Matthew E. Nirider
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, Illinois 60601
Tel: 312/861-2157
Fac: 312/861-2200

Counsel for DigaComm, LLC

5

## CERTIFICATE OF SERVICE

This is to certify that on March 14, 2008, a true and correct copy of the foregoing has been served on the following individuals via email and Federal Express:

Joseph L. Fogel
John Z. Lee
Kellye L. Fabian
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Tel.: 312/360-6000
Fac.: 312/360-6520

An attorney for DigaComm, LLC

6