IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-_____ |
| ONE HUNDRED FIFTY THOUSAND NINE HUNDRED DOLLARS IN UNITED STATES CURRENCY and THE REAL PROPERTY KNOWN AS 214 TINSLEY COURT, NEWARK, DELAWARE, | : | |
| Defendants *in rem*. | : | |

**VERIFIED COMPLAINT IN REM**

Plaintiff, United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America:

    a. One Hundred Fifty Thousand Nine Hundred Dollars in United States Currency (the "Currency") seized on September 27, 2007, from 214 Tinsley Court, Newark, Delaware; and

    b. The Real Property Known as 214 Tinsley Court, Newark, Delaware, including all appurtenances, improvements, and attachments thereon, more particularly described in Attachment A hereto (the "Real Property") (collectively with the Currency, the "defendants *in rem*") for violations of 21 U.S.C. § 881(a).

2. The Real Property has not been seized but is located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the Real Property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

    a. post notice of this action and a copy of the Complaint on the Real Property;

    b. serve notice of this action on the owner of the Real Property, and any other person or entity who may claim an interest in the defendant, along with a copy of this Complaint;

    c. apply for and execute a writ of entry for purposes of conducting an inspection and inventory of the Real Property; and

    d. file a lis pendens in county records of the Real Property's status as a defendant in this *in rem* action.

3. The United States will also, as provided in 19 U.S.C. § 1606, appraise the Real Property when it executes the Writ of Entry.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this action under 21 U.S.C. § 881(a).

5. This Court has *in rem* jurisdiction over the defendants *in rem* under 28 U.S.C. 1355(b). Moreover, with respect to the Currency, the Court will have control over the property through the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and

Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1) because some of the acts or omissions giving rise to the forfeiture occurred in this district; and pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## FACTS

7. In or around September, 2007, the Philadelphia Police Department ("PPD") conducted an investigation into alleged cocaine distribution by a person known to law enforcement and identified herein as C.A.

8. A confidential source ("CS 1") told PPD that C.A. was engaged in selling cocaine in amounts ranging from one ounce to one kilogram.

9. The CS 1 stated that C.A. traveled from Delaware to Philadelphia to sell cocaine at a barbershop on Old York Road in Pennsylvania, a bar located at the corner of 8th and Venango in Philadelphia, Pennsylvania, and an apartment building located at 3618 N. 16th Street, Philadelphia, Pennsylvania.

10. CS 1 related that after selling narcotics, C.A. would return to the Real Property in Newark, Delaware with the proceeds of the drug sales. CS 1 specifically stated that C.A. kept the proceeds of his drug sales at the Real Property.

11. CS 1 also stated that C.A. drove a either a silver BMW with a Delaware license plate, or a blue Chevy Impala with a Pennsylvania license plate.

12. On or about September 11, 2007, PPD conducted surveillance of C.A. at the bar located on the corner of 8th and Venango in Philadelphia. During surveillance, law enforcement observed what was believed to be numerous drug transactions conducted by C.A.

13. Specifically, C.A. was observed separately meeting various unknown men in a silver 2002 BMW, Delaware registration 652477. After conversing with the particular individual, C.A. was seen exiting the passenger compartment of the car and retrieving items from the trunk. C.A. then returned to the passenger compartment of the car and further conversed with the particular individual in the car. Law enforcement then observed the unknown male depart, and observed C.A. counting currency.

14. In September, 2007, C.A. was the registered owner of a 2002 BMW, Delaware registration 652477.

15. On or about September 12, 2007, law enforcement followed C.A. to the apartment building located at 3618 N. 16th Street, Philadelphia, Pennsylvania. While there, Officer 1 observed C.A. engage in what Officer 1 believed was a drug transaction. Following this incident, PPD stopped C.A. and found him in possession of a brown paper bag containing $2,500.

16. During the stop, PPD asked C.A. where he was coming from. C.A. said a hardware store; however, PPD had followed C.A. from the bar located at 8th and Venango to the apartment building at 3618 N. 16th Street, Philadelphia, Pennsylvania and therefore knew that C.A. had not come from a hardware store.

17. On or about September 25, 2007, PPD conducted surveillance of C.A. at the bar located at 8th and Venango. During the surveillance, police observed five persons approach C.A. and speak with him. After talking to C.A., C.A appeared to direct the persons to an unknown male ("John Doe"). The persons then approached John Doe, and handed him currency in exchange for small items.

18. After about a half hour, PPD observed John Doe approach C.A. and hand him a large amount of currency. C.A. placed the currency in his pocket, and then entered a blue Chevrolet Impala, Pennsylvania registration number GNY-4598, and departed the area.

19. On or about September 25, 2007, Officer 1 sent a confidential source ("CS 2") to purchase cocaine from C.A. CS 2 approached C.A. at the bar on 8th and Venango and handed him a $20 bill. C.A. yelled "yo, Johnny, you got one," at which time John Doe appeared and handed a bag that contained a substance that subsequently field-tested positive for cocaine.

20. On or about September 27, 2007, PPD executed search warrants at three properties believed to be owned by C.A. in Philadelphia. During the search, PPD recovered an ounce of cocaine, a quarter pound of marijuana, a bullet proof vest, a handgun, packaging materials, and two empty kilogram cocaine wrappers.

21. On September 27, 2007, the Delaware State Police ("DSP") executed a search warrant at the Real Property.

22. DSP found the following evidence:
    a. the Currency;
    b. a Mossberg 12 gauge shotgun;
    c. a Taurus .38 Special revolver;
    d. an Interarms .38 Special revolver;
    e. brass knuckles;
    f. fifteen shotgun shells and one hundred seventy rounds of ammunition;
    g. a Sigarms pistol box;

  h. documents that appeared to be drug debt ledgers; and

  i. 6.8 grams of marijuana.

23. The Currency was found in the following locations:

  a. $99,600.00 was found in a lockbox in a freezer in the garage of the Real Property;

  b. $25,000.00 was found in a lockbox in the rear seat of a black KIA parked in the driveway of the Real Property;

  c. $23,000.00 was located in a lockbox found under the bed in a child's room on the Real Property;

  d. $3,200.00 was located in a red bag found in C.A.'s bedroom closet; and

  e. $100.00 was found loose in C.A.'s bedroom closet.

24. Following the seizure of the money, a narcotics-trained canine was introduced to the money found in the freezer, under the child's bed, and in the KIA. The narcotics-trained canine gave a positive indication for the presence of narcotics.

25. C.A. is the owner of the Real Property.

## COUNT I

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 25 above.

27. There is probable cause to believe that the defendants *in rem* constitute things of value furnished or intended to be furnished in exchange for a controlled substance, and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq.

28. As a result of the foregoing, the defendants *in rem* are liable to condemnation and to forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(6)

and (7).

WHEREFORE, the Plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the Currency, and post notice of this action on the Real Property, that notice of this action be given to all persons known or thought to have an interest in or right against the property; that the defendants *in rem* be forfeited and condemned to the United States of America; that the Plaintiff be awarded its costs and disbursements in this action and for such other and further relief as the Court deems proper and just.

                                    Respectfully Submitted,

                                    COLM F. CONNOLLY
                                    United States Attorney

By: /s/ Douglas E. McCann
      Douglas E. McCann
      Assistant U.S. Attorney
      Delaware Bar I.D. 3852
      1007 Orange Street, Suite 700
      P.O. Box 2046
      Wilmington, Delaware 19899-2046
      (302) 573-6277

DATED: April 11, 2008

## VERIFICATION

I, Special Agent Steven Murphy, hereby verify and declare under penalty of perjury that I am a Special Agent of the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: April 10, 2008

Steven Murphy
Special Agent

A

20060403-0031294
Pages: 2    F: $32.00
04/03/06 02:20:45 PM
T20060024596
Michael E. Kozikowski
New Castle Recorder    DEE

Tax Parcel # **09-037.40-167**
Prepared by: Brian T. Murray, P.A
Return to: 903 S. College Avenue
Newark, DE 19713

**THIS DEED**, made this day of MARCH, in the year of our Lord Two Thousand Six (2006).

BETWEEN,

▓▓▓▓▓▓▓▓ of the State of Florida, party of the first part,

AND

C▓▓▓▓▓ A▓▓▓▓▓., of New Castle County and State of Delaware, party of the second part.

**WITNESSETH**, That the said party of the first part, for and in consideration of the sum of TEN DOLLARS and NO/100 ($10.00) lawful money of the United States of America, the receipt whereof is hereby acknowledged, hereby grants and conveys unto the said party of the second part.

**ALL** that certain lot, piece or parcel of land, with the buildings thereon erected, situate in White Clay Creek Hundred, New Castle County, and State of Delaware, known as 214 Tinsley Court, and being Lot No. 27, on the Record Major Land Development Plan of Salem Woods as said Plan is of record in the Office of the Recorder of Deeds in and for New Castle County, Delaware in Microfilm No. 7018, and being more particularly bounded and described in accordance with a survey prepared by East Coast Survey, Professional Land Surveying, dated March __, 2006, as follows, to-wit:

**BEGINNING** at a point on the northwesterly side of Tinsley Court at 50 feet wide said point being a common corner for lot herein being described and Lot No. 28, and further located along the said northwesterly side of Tinsley Court S 84 degrees 27' 43" W 74.09' from the southwesterly end of a 25.00' radius junction curve joining the said northwesterly side of Tinsley Court with the southwesterly side of Alvin Drive at 50' wide; thence from said point of Beginning, continuing along the said northwesterly side of Tinsley Court s 84 degrees 27' 43" W 72.32' to a corner for Lot No. 26; thence thereby N 05 degrees 32' 17" W 120.60' to a point in line of Lot No. 17; thence thereby S 86 degrees 36' 57" E 68.90' to a point in line of Lot No. 29, said point also being in the centerline of a 20' wide storm drainage easement; thence along said Lot No. 29, in part, and along said Lot No. 28, in part, S 07 degrees 45' 23" E 110.00' to a point on the said northwesterly side of Tinsley Court, the point and place of Beginning. Containing within said described metes and bounds 0.19 acres of land be the same more or less.

**SUBJECT** to a triangular shaped drainage easement through the rear of the above-described lot as shown on the aforementioned Record Major Land Development Plan of Salem Woods.

**SUBJECT** to an agreement with Delmarva Power and Light Company as recorded in the Office aforesaid in Deed Record 129, Page 226.

**SUBJECT** further to and agreement with Diamond State Telephone Company as recorded in the Office aforesaid in Deed Record 132, Page 21.

**BEING** the same lands and premises which Double S. Associates, Inc., a corporation of the State of Delaware, by Deed dated December 14, 1984, and of record in the Office of the Recorder of Deeds, in and for New Castle County and State of Delaware, in Deed Book 186, Page 1, did grant and convey unto Henry H. Fox and Patricia A. Fox, hi wife.

**SUBSEQUENTLY**, the said Henry H. Fox did depart this life on 11/6/90 leaving his wife, Patricia A. Fox, as surviving tenant by the entirety. (WR99767)

NCC 102919 04/03/06 13:48:00
$4200.00 ST
$4200.00 NC

2'

**Grantees Address**
**214 Tinsley Court**
**Newark, DE 19702**

     **IN WITNESS WHEREOF**, the party of the first part has hereunto set her hand and seal the day and year aforesaid.

Sealed and delivered
In the presence of:

_Margarita Denyko_     _Patricia A. Fox_     (SEAL)
Witness Margarita Denyko    Patricia A. Fox

State of Florida       )
                            ) ss
County of St Lucie    )

     **BE IT REMEMBERED**, that on this 24 day of MARCH, 2006, personally came before me, Patricia A. Fox, party to this Indenture, known to me personally to be such and she acknowledged this Indenture to be her Deed.

     GIVEN under my Hand and Seal of Office, the day and year aforesaid.

Margarita Denyko
MY COMMISSION # DD172179 EXPIRES
May 16, 2006
BONDED THRU TROY FAIN INSURANCE, INC.

_Margarita Denyko_
**Notary Public**
**My Commission Expires:**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Douglas E. McCann
Assistant United States Attorney
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, Delaware 19899-2046

## DEFENDANTS
One Hundred Fifty Thousand Nine Hundred Dollars in U.S.C. and The Real Property Known as 214 Tinsley Court, Newark, Delaware

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
N/A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[x] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [x] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

21 USC 881 Civil forfeiture for drug trafficking

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 4/11/08
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08- |
| ONE HUNDRED FIFTY THOUSAND NINE HUNDRED DOLLARS IN UNITED STATES CURRENCY and THE REAL PROPERTY KNOWN AS 214 TINSLEY COURT, NEWARK, DELAWARE, | : | |
| Defendants *in rem*. | : | |

## WARRANT FOR ARREST IN REM AND SUMMONS

TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF DELAWARE OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

      WHEREAS, a verified complaint of forfeiture has been filed on April 11, 2008, in the United States District Court for the District of Delaware, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a);

      YOU ARE, THEREFORE, HEREBY AUTHORIZED to arrest and seize defendant property, and use discretion and whatever means appropriate to protect and maintain said defendant property; and

      You shall provide notice of this action to all persons thought to have an interest in or claim against the defendant property by providing such persons with a copy of this warrant and summons, and a copy of the verified complaint *in rem*, in a manner consistent with the principles of notice of an action *in rem* under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

      This warrant and summons provides notice that in order to avoid forfeiture of the property, any person claiming an interest in, or right against, the property must file a verified Statement of Interest or Right identifying the interest in, or right against, the property in the manner set forth in Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, except that in no event may such Statement of Interest or Right be filed later than 30 days after the date of service of the complaint or, as applicable, the date of final publication of notice of the filing of the complaint. In addition, any person having filed such a Statement of Interest or Right must also file an answer to the

complaint not later than 20 days after the filing of the Statement, with a copy thereof sent to Assistant United States Attorney Douglas E. McCann at 1007 Orange Street, Suite 700, P.O. Box 2046, Wilmington, Delaware 19899-2046.

   Promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

   This Warrant of Arrest in Rem and Summons is issued this __ day of April 2008 by the Clerk of the United States District Court for the District of Delaware pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

                  _____
                   DEPUTY CLERK