**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

WINDING CREEK DELAWARE, LLC, a Delaware Limited )
Liability Company; J.N.K., LLC, a Delaware Limited Liability )
Company; and TONY ASHBURN & SON, INC., a Delaware )
Corporation; each of their own behalf and on behalf of all others )
similarly situated, )    C.A. No.
)
Petitioners, )
)
)
v. )
)
)
THE KENT COUNTY LEVY COURT, the governing body of )
Kent County, Delaware, P. BROOKS BANTA, ALLAN F. )
ANGEL, HAROLD K. BRODE, ERIC K. BUCKSON, )
BRADLEY S. EABY, W. G. EDMANSON, and RICHARD E. )
ENNIS, in their official capacities as members of the Kent )
County Levy Court, )
)
)
Respondents. )

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

WINDING CREEK DELAWARE, LLC, a Delaware Limited )
Liability Company; J.N.K., LLC, a Delaware Limited Liability )
Company; and TONY ASHBURN & SON, INC., a Delaware )
Corporation; each of their own behalf and on behalf of all others )
similarly situated, )    C.A. No. 3662 VCS
)
Petitioners, )
)
v. )
)
THE KENT COUNTY LEVY COURT, the governing body of )
Kent County, Delaware, P. BROOKS BANTA, ALLAN F. )
ANGEL, HAROLD K. BRODE, ERIC K. BUCKSON, )
BRADLEY S. EABY, W. G. EDMANSON, and RICHARD E. )
ENNIS, in their official capacities as members of the Kent )
County Levy Court, )
)
)
Respondents. )

<u>**NOTICE OF REMOVAL**</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE STATE OF DELAWARE:**

Respondents, THE KENT COUNTY LEVY COURT, the governing body of Kent County, Delaware, P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD K. BRODE, ERIC K. BUCKSON, BRADLEY S. EABY, W. G. EDMANSON, and RICHARD E. ENNIS, in their official capacities as members of the Kent County Levy Court, by and through their attorneys, Whiteford Taylor & Preston, LLC, hereby remove the above captioned case to this Honorable Court and provide notice of the same to Petitioners. In support of the removal, the Respondents aver as follows:

1.     The Amended Petition in the above-referenced matter was filed on or about April 7, 2008. (A copy of the Amended Petition is attached hereto and marked Exhibit "A").

2.     Service of the Amended Petition was perfected on or about April 18, 2008. (A copy of the Sheriff's Return is attached as Exhibit "B").

3.     In their Amended Petition, among their pendent state law claims (Counts I – XIV and XV – XVI), Petitioners seek redress for the alleged violation of their constitutional rights (Counts XI – XIII). Specifically, Petitioners contend that Respondents' conduct constituted an unlawful "taking" in violation of the Fifth Amendment of the United State Constitution (Count XI), a violation of the Petitioners' constitutional right to procedural due process (Count XII) and a violation of the Petitioners' constitutional right to substantive due process (Count XIII).

4.     The above-described civil action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 U.S.C. §1343 inasmuch as Petitioners seek redress for

alleged violations of their federal civil rights and is accordingly one which may be removed to this Honorable Court by Notice pursuant to Title 28 U.S.C. §1441.

WHEREFORE, Respondents pray that the above action now pending in the Court of Chancery of the State of Delaware be removed to this Court.

WHITEFORD TAYLOR PRESTON, LLC

_____ */s/ Daniel A. Griffith* _____
Daniel A. Griffith, Esquire (No. 4209)
1220 Market Street, Suite 608
Wilmington, DE   19801
(302) 482-8754

# EXHIBIT A

EFiled: Apr 7 2008 4:51PM EDT
Transaction ID 19299868
Case No. 3662-VCS

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| WINDING CREEK DELAWARE, LLC, a Delaware Limited Liability Company; J.N.K., LLC, a Delaware Limited Liability Company; and TONY ASHBURN & SON, INC., a Delaware Corporation; each on their own behalf and on behalf of all others similarly situated, <br><br> Petitioners, <br><br> v. <br><br> THE KENT COUNTY LEVY COURT, the governing body of Kent County, Delaware, P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD K. BRODE, ERIC L. BUCKSON, BRADLEY S. EABY, W.G. EDMANSON, and RICHARD E. ENNIS, in their official capacities as members of the Kent County Levy Court, <br><br> Respondents. | C.A. No. 3662-VCS |

## AMENDED[1] PETITION FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND OTHER RELIEF

COME NOW the Petitioners, Winding Creek Delaware, LLC, a Delaware Limited Liability Company, J.N.K., LLC, a Delaware Limited Liability Company, and Tony Ashburn & Son, Inc., a Delaware corporation, pursuant to 10 Del. C. §341, 10 Del. C. §6501 *et. seq.*, 29 Del. C. §10001 *et seq.*, 42 U.S.C. §1983, and 42 U.S.C. §1988, who hereby petition the Court of Chancery of the State of Delaware in and for Kent County, on their own behalf and on behalf of all others similarly situated, seeking injunctive relief, declaratory judgment, and other relief, alleging as follows:

### The Parties

1.     The Petitioners are:

---

[1] This Amended Petition amends and supersedes the initial Petition filed by the Petitioners on March 31, 2008. Additions are shown in underscore, while deletions are shown in strike-through.

(a)    Winding Creek Delaware, LLC, a Delaware Limited Liability Company ("Winding Creek"), maintaining offices and a principal place of business located at 160 Seneca Shore Road, Perryville, Maryland 21903;

(b)    J.N.K., L.L.C., a Delaware Limited Liability Company ("JNK"), maintaining offices and a principal place of business located at 872 Walker Road, Suite A, Dover, Delaware 19904; and

(c)    Tony Ashburn & Son, Inc., a Delaware corporation ("Ashburn"), maintaining offices and a principal place of business located at 872 Walker Road, Suite A, Dover, Delaware, 19904.    Winding Creek, JNK, and Ashburn are hereinafter referred to collectively as "the Petitioners".

2.    The Respondents are the Kent County Levy Court, the governing body of Kent County, Delaware (hereinafter referred to as "the Levy Court"), P. Brooks Banta, Allan F. Angel, Harold K. Brode, Eric L. Buckson, Bradley S. Eaby, W.G. Edmanson, and Richard E. Ennis, solely in their official capacities as members of the Kent County Levy Court and not in their individual capacities.    The Levy Court, P. Brooks Banta, Allan F. Angel, Harold K. Brode, Eric L. Buckson, Bradley S. Eaby, W.G. Edmanson, and Richard E. Ennis are hereinafter referred to collectively as "the Respondents".

### Basis of Jurisdiction

3.    This Court has jurisdiction over the subject matter of this action pursuant to 10 Del. C. §341, 10 Del. C. §6501 *et. seq.*, 29 Del. C. §10001 *et seq.*, 42 U.S.C. §1983, and 42 U.S.C. §1988.

## Factual Background

### *Winding Creek*

4.     Winding Creek is the owner of all that certain tract or parcel of real property comprising approximately 225+/-acres of land and premises located at or near the intersection of Winding Creek Road and Delaware Route 8, in Kent County, Delaware, otherwise identified as Tax Parcel #WD-00-074.00-01-60.00-000, Tax Parcel #WD-00-074.00-01-61.00-000, and Tax Parcel #WD-00-074.00-01-62.00-000 ("the Winding Creek Property").

5.     At all times relevant hereto, the Winding Creek Property is and has been zoned AR (Agricultural Residential), which permits the development of single-family detached dwellings at a density of up to 1 unit per acre. Kent County's Comprehensive Land Use Plan recommends that the Winding Creek Property be developed for low density residential uses.

6.     On July 24, 2007, the Levy Court granted approval -- for the second time -- of Conditional Use Site Plan Applications for a Cluster Development and Community Septic System, designated as Applications #CS-07-04 and #CS-07-03, respectively ("the Winding Creek Applications"), which proposed to subdivide the Winding Creek Property for development as a single family residential subdivision to be known as "Winding Creek" (hereinafter referred to as "the Winding Creek Subdivision"), with a proposed average density of 0.96 units per acre.

7.     The Winding Creek Applications indicate that septic service for the Winding Creek Subdivision will be provided by an on-site wastewater treatment and disposal system, to be approved and permitted by the State of Delaware Department of Natural Resources ("DNREC"), as contemplated by DNREC's Regulations Governing the Design, Installation and Operation of On-Site Wastewater Treatment and Disposal Systems ("the DNREC Regulations").

8.    The Winding Creek Applications have not yet received final record plan approval from either the Kent County Regional Planning Commission ("the RPC") or the Levy Court, but remain pending.

### JNK

9.    JNK is the owner of all that certain tract or parcel of real property comprising approximately 342.05+/- acres of lands and premises located on the north and south sides of Fast Landing Road (County Road 42), approximately 1,500 feet east of Denneys Road (County Road 330), west of the Town of Leipsic, otherwise identified as Tax Parcel #LC-00-038.00-01-10.00-000 and Tax Parcel #LC-00-039.00-01-02.00-000 (hereinafter referred to as "the JNK Property").

10.    At all times relevant hereto, the JNK Property is and has been zoned AC (Agricultural Conservation), which permits the development of single-family detached dwellings at a density of up to 1 unit per acre. The Kent County Comprehensive Plan recommends that the JNK Property be utilized for low density residential uses.

11.    On July 27, 2005, JNK filed with the Kent County Department of Planning Services (hereinafter referred to as "the Planning Office") an Application for Subdivision Plan Approval, designated as Subdivision Application #SL-05-31 (hereinafter referred to as "the JNK Subdivision Application"), seeking to subdivide the JNK Property for development as a single family residential subdivision to be known as "The Landings" (hereinafter referred to as "The Landings Subdivision"), with a proposed average density of 0.39 units per acre.

12.    The JNK Subdivision Application indicates that septic service for The Landings Subdivision will be provided by an on-site wastewater treatment and disposal system, to be approved and permitted by DNREC, as contemplated by the DNREC Regulations.

13.    The JNK Subdivision Application remains pending before the RPC, having been remanded to the RPC for rehearing following an initial RPC denial and appeals to the Levy Court and the Superior Court.

*Ashburn*

14.    Ashburn is the equitable owner of all that certain tract or parcel of real property comprising approximately 254.33 acres of lands and premises located on the northwest side of Seeneytown Road, approximately 1,865 feet northeast of Shaws Corner Road, approximately 1,185 feet northwest of Seeneytown Road, southwest of Cheswold, otherwise identified as Tax Parcel #KH-00-045.00-01-43.00-000 (hereinafter referred to as "the Johnson Farm").

15.    At all times relevant hereto, the Johnson Farm is and has been zoned AC (Agricultural Conservation), which permits the development of single-family detached dwellings at a density of up to 1 unit per acre. The Kent County Comprehensive Plan recommends that the Johnson Farm be utilized for low density residential uses.

16.    On July 27, 2006, Ashburn filed with the Planning Office an Application for Subdivision Plan Approval, designated as Subdivision Application #SL-06-15 (hereinafter referred to as "the Ashburn Subdivision Application"), seeking to subdivide the Johnson Farm for development as a single family residential subdivision (hereinafter referred to as "Ashburn's Proposed Subdivision"), with a proposed average density of 0.84 units per acre.

17.    The Ashburn Subdivision Application indicates that septic service for Ashburn's Proposed Subdivision will be provided by an on-site wastewater treatment and disposal system, to be approved and permitted by DNREC, as contemplated by the DNREC Regulations.

18.    On September 14, 2006, rather than approve the Ashburn Subdivision Application as it was compelled by law to do, the RPC denied the Ashburn Subdivision Application.

Ashburn appealed the RPC's denial of the Ashburn Subdivision Application to the Levy Court, and on April 3, 2007, the Levy Court affirmed the RPC's denial of the Ashburn Subdivision Application. Ashburn then appealed the Levy Court's decision to the Superior Court, and the Superior Court affirmed the Levy Court's decision. Ashburn has since appealed the Superior Court's decision to the Delaware Supreme Court and, at present, that appeal remains pending.

### The County Introduces Ordinance #LC07-35 and Ordinance #LC08-04

19.    On the evening of Tuesday, February 26, 2008, during a regularly scheduled meeting, the Levy Court introduced two (2) new ordinances proposed for adoption, as follows:

(a)    Ordinance #LC07-35, entitled "An Ordinance to amend Kent County Code, Vol. II, Chapter 187, Subdivision and Land Development, §187-53 Minimum Requirements, Item D Sanitary sewerage facilities to prohibit the use of community wastewater treatment and disposal facilities outside of the Growth Zone, prohibit the use of Rapid Infiltration Beds, and revise the density standards for subdivision outside of the Growth Zone"; and

(b)    Ordinance #LC08-04, entitled "An Ordinance to amend Kent County Code, Vol. II, Chapter 205, Zoning Article V, Agricultural Conservation District, §205-47, Permitted Uses §205-49, Maximum Density and §205-59 Village development minimum requirements; Article VI, Agricultural Residential District §205-63, Permitted Uses, §205-65, Maximum Density and §205-75 Village development minimum requirements; Article VII, RS-1 Single Family Residential District, §205-76, Purpose; Article XIX Cluster Development §205-240 Density Transfer Provisions, Item D; Article XXVIA Supplementary Regulations §205-397.2 Growth Zone Overlay District, Items C(1), (2), and (3), and Appendices 205:A1 Agricultural Conservation, 205:A2 Agricultural Residential, 205:A4 Multifamily Residential,

205:A5 Residential Manufactured Home, 205:A6 Single-Family Residential, and 205:A7 Medium Density Residential to prohibit the use of community wastewater treatment and disposal facilities throughout the County; delete the Village Design standards within the Agricultural Conservation and Agricultural Residential zoning districts; and eliminate inconsistencies with respect to density and minimum lot size between and within Chapter 205, Zoning and Chapter 187, Subdivision and Land Development".

20.    Following the introduction of Ordinance #LC07-35 and Ordinance #LC08-04 at its February 26, 2008 meeting, the Levy Court scheduled both Ordinance #LC07-35 and Ordinance #LC08-04 for public hearings before the RPC, to be held at 7:00 p.m. on the evening of Thursday, March 6, 2008.

### Fatal Defects in the Introduction of Ordinance #LC07-35 and Ordinance #LC08-04

21.    As introduced on February 26, 2008, the title of Ordinance #LC07-35 failed to accurately identify or describe the true import of the Ordinance.  Ordinance #LC07-35 actually (a) prohibits the use of community wastewater treatment and disposal systems *throughout* the County, (b) eliminates the ability of homeowner associations in subdivisions connected to community wastewater treatment and disposal systems within the "growth zone" which are dedicated to public use to petition the County to assume operation and maintenance of the systems, (c) prohibits the use of individual on-site septic systems within the "growth zone", and (d) revises minimum permissible lot sizes outside of the "growth zone" -- none of which was fairly or accurately disclosed by the title of the Ordinance.

22.     The introduction of Ordinance #LC08-04 was added to the agenda of the Levy Court's February 26, 2008 meeting on February 21, 2008, less than 7 days prior to the February 26, 2008 meeting, in violation of 29 Del. C. §10004(e).[2]

### The County Re-Introduces Ordinance #LC07-35

23.     Following the Levy Court's February 26, 2008 meeting, the Respondents realized that Ordinance #LC07-35, as introduced, had been improperly noticed and advertised. In an effort to rectify this defect, the Levy Court scheduled a special meeting for 6:00 p.m. on Thursday, March 6, 2008, immediately preceding the RPC's meeting at 7:00 p.m. that same evening, for the purpose of re-introducing Ordinance #LC07-35 with a corrected title.

24.     Upon information and belief, the Levy Court's special March 6, 2008 meeting was not properly noticed and advertised, as required by 29 Del. C. §10004(e).

25.     During its special March 6, 2008 meeting, the Levy Court re-introduced Ordinance #LC07-35, using a new and substantially different title, reading "An Ordinance to amend Kent County Code, Vol. II, Chapter 187, Subdivision and Land Development, §187-53 Minimum Requirements, Item D Sanitary sewerage facilities to prohibit the use of community wastewater treatment and disposal facilities throughout the County" (hereinafter referred to as "the Second Ordinance #LC07-35"). Critically, the title to the Second Ordinance #LC07-35 fails to mention anything about the other three (3) substantive consequences of the Second Ordinance #LC07-35, being the same consequences identified in paragraph ~~14(b), 14(c), and 14(d)~~ 21(b), 21(c), and 21(d) above.

---

[2] The agenda for the Levy Court's February 26, 2008 meeting indicates that Ordinance #LC08-04 was "Added [to the agenda] on 12/21/08 following 12/19/08 Committee Meetings", which is obviously a typographical error, as neither December 21, 2008 nor December 19, 2008 had yet come to pass.

26.    Following the introduction of the Second Ordinance #LC07-35 at its March 6, 2008 special meeting, the Levy Court scheduled the Second Ordinance #LC07-35 for a public hearing before the RPC to be held -- *less than an hour later* -- at 7:00 p.m. that same evening.

27.    The Levy Court's introduction of the Second Ordinance #LC07-35, less than an hour prior to the RPC's March 6, 2008 hearing upon same, violated the notice and hearing requirements of 9 Del. C. §4911.

### The RPC Holds a Hearing upon the Second Ordinance #LC07-35 and Ordinance #LC-08-04

28.    At 7:00 p.m. on March 6, 2008, the RPC held a single, combined public hearing upon both the Second Ordinance #LC07-35 and Ordinance #LC08-04.

29.    Because the Second Ordinance #LC07-35 had only been introduced and scheduled for a public hearing less than an hour prior to the commencement of the RPC's March 6, 2008 public hearing, the RPC's public hearing upon the Second Ordinance #LC07-35 failed to comply with the notice and hearing requirements of 9 Del. C. §4911.

30.    At its regularly-scheduled business meeting on Thursday, March 13, 2008, the RPC voted 3-3 upon a motion to forward both the Second Ordinance #LC07-35 and Ordinance #LC08-04 to the Levy Court for a recommendation of approval. Because the RPC vote resulted in a stalemate, however, both the Second Ordinance #LC07-35 and Ordinance #LC08-04 were forwarded to the Levy Court with no recommendation whatsoever from the RPC.

### The Levy Court Adopts the Second Ordinance #LC07-35 and Ordinance #LC-08-04

31.    At its regularly-scheduled meeting on the evening of Tuesday, March 25, 2008, the Levy Court held a single, combined public hearing upon both the Second Ordinance #LC07-35 and Ordinance #LC08-04.

32.    After the close of the Levy Court's March 25, 2008 public hearing, the Levy Court Commissioners engaged in a protracted dialogue regarding possible options for either tabling, amending, or adopting either one or both the Second Ordinance #LC07-35 and Ordinance #LC08-04.

33.    Upon information and belief, the Planning Office Staff had provided to each of the Levy Court Commissioners, in writing, a series of possible options for consideration. Indeed, from the record of the hearing itself, it was evident that the Levy Court Commissioners had previously reviewed, considered, and discussed several optional actions for the Second Ordinance #LC07-35 and Ordinance #LC08-04, prior to the public hearing and outside of the public record. For example, Commissioner Buckson indicated that "there is a compromise we are considering". Commissioner Angel also made reference to a "compromise" that appeared to be under consideration. Additionally, Commissioner Banta indicated that he had previously prepared a "final statement", which he ultimately elected not to read.

34.    After several minutes of back and forth amongst the Levy Court Commissioners, including questions posed to the County Attorney regarding the permissibility of certain substantive amendments which some were contemplating, the Commissioners began to engage in "off the record" deliberations upon the substantive merits of the Second Ordinance #LC07-35 and Ordinance #LC08-04, by huddling and whispering amongst themselves in a manner that could not be heard or otherwise observed by the public.

35.    Ultimately, following an interjection by Planning Director Sarah Keifer that, "what you have in front of you are some suggestions [regarding what course to take] made by Staff", Commissioner Brode moved to approve Ordinance #LC08-04. Commissioner Angel seconded the motion, and the motion carried 5-2 (only Commissioners Buckson and Edmanson

voted in the negative). Critically, however, when voting to enact Ordinance #LC08-04, neither the maker of the motion nor any of the other Levy Court Commissioners ever articulated any reason, basis, rationale, or explanation for their vote to adopt Ordinance #LC08-04.

36.    Immediately following the Levy Court's adoption of Ordinance #LC08-04, Commissioner Angel moved to approve the Second Ordinance #LC07-35. Commissioner Eaby seconded the motion, and the motion carried unanimously (7-0). Again, however, when voting to enact the Second Ordinance #LC07-35, neither the maker of the motion nor any of the other Levy Court Commissioners ever articulated any reason, basis, rationale, or explanation for their vote to adopt the Second Ordinance #LC07-35.

37.    On the evening of Wednesday, March 26, 2008, without proper notice as required by 29 Del. C. §10004(e) and 9 Del. C. §4911, the Levy Court re-opened the record of its consideration of the Second Ordinance #LC07-35 and Ordinance #LC08-04 and attempted to provide reasons, bases, rationales, and explanations for their votes to adopt the Second Ordinance #LC07-35 and Ordinance #LC08-04 the night before. Because the Levy Court failed to properly amend the agenda of its March 26, 2008 meeting or otherwise provide timely notice to the public that it intended to re-open the record and reconsider its enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, as required by 29 Del. C. §10004(e) and 9 Del. C. §4911, the Levy Court's attempt to supplement the record of its enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, by proffering after-the-fact reasons, bases, rationales, and explanations for their votes to adopt the Second Ordinance #LC07-35 and Ordinance #LC08-04 the night before, is legally ineffective.

## COUNT I

### ABSENCE OF ENABLING AUTHORITY

38.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 37 above.

39.    Neither Chapter 3, Chapter 41, Chapter 49, nor any other chapter of Title 9, nor any other provision of the Delaware Code, authorizes the Respondents to enact an ordinance or ordinances which preclude the use of community wastewater treatment and disposal systems. Accordingly, the Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 exceed the grant of police powers delegated to the Respondents by the Delaware General Assembly, and therefore, the Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 are null and void *ab initio*.

## COUNT II

### PREEMPTION

40.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 39 above.

41.    Pursuant to Chapter 60, Title 7 of the Delaware Code, DNREC has exclusive jurisdiction and authority over the review, approval, and permitting of community wastewater treatment and disposal systems.

42.    Chapter 60, Title 7 of the Delaware Code preempts the Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04. The Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 are therefore null and void *ab initio*.

## COUNT III

### VIOLATION OF 9 DEL. C. §4911

43.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 42 above.

44.    9 Del. C. §4911 requires that, prior to taking action upon any Ordinance which affects change or modification in any zoning regulation, (a) the RPC must give 15 days notice and conduct a public hearing upon the Ordinance, and (b) the Levy Court must thereafter give 15 days notice and conduct another public hearing upon the Ordinance.

45.    The Levy Court's introduction of the Second Ordinance #LC07-35, less than an hour prior to the RPC's March 6, 2008 hearing upon same, violated the notice and hearing requirements of 9 Del. C. §4911.

46.    Because the Second Ordinance #LC07-35 had only been introduced and scheduled for a public hearing less than an hour prior to the commencement of the RPC's March 6, 2008 public hearing, the RPC's public hearing upon the Second Ordinance #LC07-35 failed to comply with the notice and hearing requirements of 9 Del. C. §4911.

47.    Because the Respondents' enactment of the Second Ordinance #LC07-35 violated the statutorily-mandated notice and hearing requirements of 9 Del. C. §4911, the Respondents' enactment of the Second Ordinance #LC07-35 is null and void *ab initio*.

## COUNT IV

### VIOLATION OF 9 DEL. C. §4110(i)(1)

48.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 47 above.

49.    9 Del. C. §4110(i)(1) provides that "[a]ny ordinance which repeals or amends an existing ordinance or part of the County Code shall set out in full that part of the ordinance, sections or subsections to be repealed or amended, and shall indicate the matter to be omitted by enclosing it in brackets and shall indicate new matter by underscoring or by italics."

50.    The Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 did not comply with the requirements of 9 Del. C. §4110(i)(1).

51.    The Respondents' failure to comply with the requirements of 9 Del. C. §4110(i)(1) renders the Levy Court's adoption of the Second Ordinance #LC07-35 and Ordinance #LC08-04 null and void *ab initio*.

### COUNT V

### VIOLATION OF 9 DEL. C. §4926

52.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 51 above.

53.    9 Del. C. §4926 requires that, "[w]ith respect to any zoning change, unless the owner applies for the change or consents to the change, the county government shall notify the owner of the property and all adjacent property owners to the extent and in the manner the county by ordinance so provides as of June 28, 2000, mailed at least 7 days prior to the initial hearing upon such zoning change."

54.    Both the Second Ordinance #LC07-35 and Ordinance #LC08-04 affect "zoning changes" regarding the permitted use and density of properties throughout Kent County within the meaning of 9 Del. C. §4926.

55.    Neither the Petitioners nor any other landowner in Kent County ever applied for or consented to the "zoning changes" imposed upon their properties by the Respondents' enactments of the Second Ordinance #LC07-35 and/or Ordinance #LC08-04.

56.    Accordingly, 9 Del. C. §4926 required the Respondents to notify the Petitioners and each of the many other landowners whose properties are affected by the enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, by notice mailed at least 7 days prior to the initial hearings upon the Second Ordinance #LC07-35 and Ordinance #LC08-04, that the Respondents intended to conduct public hearings upon the Second Ordinance #LC07-35 and Ordinance #LC08-04.

57.    The Respondents never notified the Petitioners or any of the many other landowners whose properties are affected by the enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, by notice mailed at least 7 days prior to the initial hearings upon the Second Ordinance #LC07-35 and Ordinance #LC08-04, that the Respondents intended to conduct public hearings upon the Second Ordinance #LC07-35 and Ordinance #LC08-04.

58.    Because the Respondents failed to provide notices to the Petitioners and all of the many other landowners whose properties are affected by the enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, in accordance with the requirements of Del. C. §4926, the Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 are null and void *ab initio*.

## COUNT VI

## VIOLATION OF KENT COUNTY CODE §205-410

59.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 58 above.

60.    Kent County Code §205-410 required that (a) written notice be sent to all owners of properties adjacent to any property affected by the enactment of the Second Ordinance #LC07-35 and Ordinance #LC08-04, at least 30 days prior to the RPC's March 6, 2008 public hearing upon the Second Ordinance #LC07-35 and Ordinance #LC08-04, and (b) notice of the date, time, place, and nature of the hearing be posted upon each affected property.

61.    The Respondents never posted notice on the Winding Creek Property, the JNK Property, the Johnson Farm, or any of the many other properties affected by the enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, nor did the Respondents ever send any written notices to any owners of properties adjacent to the Winding Creek Property, the JNK Property, the Johnson Farm, or any of the many other properties affected by the enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, at least 30 days prior to the RPC's March 6, 2008 public hearing upon the Second Ordinance #LC07-35 and Ordinance #LC08-04, as required by Kent County Code §205-410.

62.    Because the Respondents failed to post notice on the Winding Creek Property, the JNK Property, the Johnson Farm, or any of the many other properties are affected by the enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, and because the Respondents never sent any written notices to any owners of properties adjacent to the Winding Creek Property, the JNK Property, the Johnson Farm, or any of the many other properties affected by the enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, at least 30 days prior to the RPC's March 6, 2008 public hearing upon the Second Ordinance #LC07-35 and Ordinance #LC08-04, in accordance with the requirements of Kent County Code §205-410, the Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 are null and void *ab initio*.

## COUNT VII

## ADOPTION OF THE ORDINANCES WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS THEREFORE ARBITRARY AND CAPRICIOUS

63.     The Petitioners hereby restate the allegations set forth in paragraphs 1 through 62 above.

64.     After closing the public hearings and prior to voting upon the Second Ordinance #LC07-35 and Ordinance #LC08-04, the Levy Court Commissioners engaged in "off the record" deliberations upon the substantive merits of the Second Ordinance #LC07-35 and Ordinance #LC08-04, by huddling and whispering amongst themselves in a manner that could not be heard or otherwise observed by the public.

65.     Furthermore, when voting to enact the Second Ordinance #LC07-35 and Ordinance #LC08-04, none of the Levy Court Commissioners articulated any reason, basis, rationale, or explanation for their vote to adopt the Second Ordinance #LC07-35 and Ordinance #LC08-04, as required by applicable law.

66.     The Levy Court failed to create a record sufficient to support its enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04.  The Levy Court's enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 are therefore arbitrary and capricious as a matter of law and, accordingly, null and void *ab initio*.

## COUNT VIII

## ENACTMENT OF THE ORDINANCES EFFECTIVELY DENIES USES OTHERWISE PERMITTED UNDER THE KENT COUNTY ZONING ORDINANCE AND IS THEREFORE ARBITRARY AND CAPRICIOUS

67.     The Petitioners hereby restate the allegations set forth in paragraphs 1 through 66 above.

68.    The Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 effectively deny the development of uses which constitute "first permitted uses" under the Kent County Zoning Ordinance (Chapter 205 of the Kent County Code).

69.    Because the Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 are contrary to existing law (Chapter 205 of the Kent County Code), the Respondents' enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 are arbitrary and capricious as a matter of law, and therefore null and void *ab initio*.

## COUNT IX

## VIOLATIONS OF 29 DEL. C. §10004(e)

70.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 69 above.

71.    Ordinance #LC08-04 was added to the agenda of the Levy Court's February 26, 2008 meeting on February 21, 2008, less than 7 days prior to the February 26, 2008 meeting, in violation of 29 Del. C. §10004(e).  Accordingly, the Levy Court's introduction of Ordinance #LC08-04 on February 26, 2008, and all subsequent action upon same, is null and void *ab initio*.

72.    The Levy Court's special March 6, 2008 meeting was not properly noticed and advertised, as required by 29 Del. C. §10004(e).  Accordingly, the Levy Court's introduction of the Second Ordinance #LC07-35 on March 6, 2008, and all subsequent action upon same, is null and void *ab initio*.

73.    After closing the public hearings and prior to voting upon the Second Ordinance #LC07-35 and Ordinance #LC08-04, the Levy Court Commissioners engaged in "off the record" deliberations upon the substantive merits of the Second Ordinance #LC07-35 and Ordinance

#LC08-04, by huddling and whispering amongst themselves in a manner that could not be heard or otherwise observed by the public.

74.    The Levy Court's enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04, based upon substantive discussions which took place outside of the public record, violated 29 Del. C. §10004(e).  For this reason, the Levy Court's enactments of the Second Ordinance #LC07-35 and Ordinance #LC08-04 are null and void *ab initio*.

## COUNT X

## VESTED RIGHTS

75.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 69 above.

76.    Relying upon the plain and unambiguous provisions of Chapter 180, Chapter 187, and Chapter 205 of the Kent County Code and the Respondents' prior interpretations and applications thereof, the Petitioners and others similarly situated have embarked upon courses of development, undertaken substantial changes of position, made significant expenditures, and incurred extensive financial obligations in pursuit of their respective development projects, in good faith and in reasonable reliance, to their detriment, upon the standards and criteria for approval established under Chapter 180, Chapter 187, and Chapter 205 of the Kent County Code, as the same existed prior to March 25, 2008.  The Petitioners and others similarly situated have thereby acquired vested rights to develop their respective development projects in accordance with the regulatory standards in existence prior to the adoption of the Second Ordinance #LC07-35 and Ordinance #LC08-04.  To the extent that the Respondents have unlawfully impeded the ability of the Petitioners and others similarly situated to proceed with their respective development projects, by refusing to "grandfather" same from the application of the Second

Ordinance #LC07-35 and Ordinance #LC08-04, the Respondents have unlawfully deprived the Petitioners and others similarly situated of their vested rights.

**COUNT XI**

**UNCONSTITUTIONAL TAKING/INVERSE CONDEMNATION**

77.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 76 above.

78.    There is no rational relationship or nexus between the acknowledged purposes of the Second Ordinance #LC07-35 and Ordinance #LC08-04 (i.e., to curb sprawl and discourage development outside of the County's "growth zone") and the actual effect of the Second Ordinance #LC07-35 and Ordinance #LC08-04 (the wholesale prohibition of community wastewater treatment and disposal systems throughout the County).

79.    As applied to the Petitioners' development projects and other similarly-situated development projects, the Second Ordinance #LC07-35 and Ordinance #LC08-04 constitute an unlawful regulatory "taking" and/or inverse condemnation by the Respondents of constitutionally-protected property rights, without just compensation, in violation of the Fifth Amendment of the United States Constitution and Article I, Section VIII of the Constitution of the State of Delaware.

**COUNT XII**

**VIOLATION OF PROCEDURAL DUE PROCESS**

80.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 79 above.

81.    The process employed by the Respondents in enacting the Second Ordinance #LC07-35 and Ordinance #LC08-04 has denied the Petitioners a fair and meaningful hearing

before an objective and impartial tribunal, without adequate notice of the matter to be decided and an opportunity to be heard thereon.

82.    Acting under color of state law, the Respondents have denied the Petitioners certain basic property rights in an arbitrary and capricious manner, in violation of the Petitioners' constitutional rights to procedural due process.

## COUNT XIII

## VIOLATION OF SUBSTANTIVE DUE PROCESS

83.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 82 above.

84.    Acting under color of state law, the Respondents have denied the Petitioners certain basic property rights in an arbitrary and capricious manner which "shocks the conscience", in violation of the Petitioners' constitutional rights to substantive procedural due process.

## COUNT XIV

## EQUITABLE ESTOPPEL

85.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 84 above.

86.    Historically, the Levy Court has routinely "grandfathered" from the import of newly-adopted ordinances those subdivision and other land use projects for which either (a) an application had been received by the Planning Department, prior to enactment of the ordinance, (b) the Planning Department had conducted a "pre-application meeting", prior to enactment of the ordinance, or (c) an application for the creation, extension, or modification of a sanitary

sewer district (SSD) had been submitted to or approved by the SAB, prior to enactment of the ordinance.

87.    In light of the Respondents' conduct, as aforesaid, the Respondents are equitably estopped from applying and enforcing the Second Ordinance #LC07-35 and Ordinance #LC08-04 to the Petitioners' development projects and all other similarly-situated land use development projects.

**COUNT XV**

**LACK OF SCIENTIFIC STUDY**

88.    The Petitioners hereby restate the allegations set forth in paragraphs 1 through 87 above.

89.    Both the Second Ordinance #LC07-35 and Ordinance #LC08-04 were conceived, drafted, and enacted without the benefit of any scientific inquiry or study whatsoever.

90.    Absent scientific studies tending to demonstrate a need for or purpose to be served by the Second Ordinance #LC07-35 and Ordinance #LC08-04, the Respondents have failed to establish any need for or purpose to be served by the Second Ordinance #LC07-35 and Ordinance #LC08-04.

91.    Absent scientific studies tending to establish that the standards and criteria embodied by the Second Ordinance #LC07-35 and Ordinance #LC08-04 are rationally related to (and formulated and calibrated to address) actual rather than perceived concerns falling within the realm of legitimate governmental interests, the standards and criteria proclaimed by the Second Ordinance #LC07-35 and Ordinance #LC08-04 are entirely arbitrary and capricious.

92.    Absent scientific studies to support both the need for and the standards embraced by the Second Ordinance #LC07-35 and Ordinance #LC08-04, the Respondents' enactments of

the Second Ordinance #LC07-35 and Ordinance #LC08-04 are arbitrary and capricious as a matter of law and therefore null and void *ab initio.*

## COUNT XVI

### VIOLATION OF UNIFORMITY REQUIREMENT

93.      The Petitioners hereby restate the allegations set forth in paragraphs 1 through 92 above.

94.      9 <u>Del. C.</u> §4902(b) requires that all land use regulations adopted by the Respondents must be "uniform" throughout each zoning district classification.

95.      By establishing one level of permitted density for properties with a particular zoning classification located within the County's "growth zone" and another level of permitted density for properties of the same zoning classification located outside of the County's "growth zone", the Second Ordinance #LC07-35 and Ordinance #LC08-04 treat properties located in the "growth zone" differently than properties located outside the "growth zone" (with concomitant consequences for density calculations), even when the properties in question enjoy the same zoning classification.

96.      Because the Second Ordinance #LC07-35 and Ordinance #LC08-04 violate the requirement for uniformity in land use regulations imposed by 9 <u>Del. C.</u> §4902(b), the Second Ordinance #LC07-35 and Ordinance #LC08-04 are null and void *ab initio.*  *See* <u>Farmers for Fairness et al. v. Kent County</u>, 2007 WL 1413247 (Del. Ch.).

## COUNT XVIII

### ATTORNEY'S FEES

97.      The Petitioners hereby restate the allegations set forth in paragraphs 1 through 96 above.

98.    As a direct and proximate consequence of the Respondents' conduct, as aforesaid, the Petitioners have incurred and continue to incur substantial legal costs and attorneys' fees in defending the Petitioners' legal rights from the import of the Second Ordinance #LC07-35 and Ordinance #LC08-04.

99.    Pursuant to 29 Del. C. §10001 et seq. and 42 U.S.C. §1988, the Petitioners are entitled to recover from the Respondents all of their legal costs and attorneys' fees incurred in defending the Petitioners' legal rights from the import of the Second Ordinance #LC07-35 and Ordinance #LC08-04.

WHEREFORE, the Petitioners respectfully prays that this Honorable Court grant the following relief:

A.    that Summons issue directing the Respondents to appear and answer this Petition;

B.    that this Honorable Court issue an Order declaring the Second Ordinance #LC07-35 and Ordinance #LC08-04 null and void *ab initio*, for all of the reasons set forth above, and enjoining the Respondents from enforcing same;

C.    that this Honorable Court enjoin the Respondents from applying and enforcing the Second Ordinance #LC07-35 and Ordinance #LC08-04 against the Petitioners and their respective development projects, and all other parties and projects similarly situated, as an unlawful abrogation of the Petitioners' contractual, statutory, constitutional, and vested rights;

D.    that this Honorable Court issue an Order declaring that all deadlines imposed upon the Petitioners' development projects under the Kent County Code, or otherwise, shall be deemed stayed and tolled as of the date of the Levy Court's adoption of the Second Ordinance #LC07-35 and Ordinance #LC08-04, until such time as this controversy shall be fully

adjudicated and finally determined, so that no such deadlines shall expire during the pendency of this action;

E.      that this Honorable Court enter judgment in favor of the Petitioners and against the Respondents, jointly and severally, awarding compensatory damages to the Petitioners and all others similarly situated, on all of the grounds set forth above, including but not limited to the Respondents' abrogation of the Petitioners' contractual, statutory, constitutional, and vested rights;

F.      that this Honorable Court enter judgment in favor of the Petitioners and against the Respondents, jointly and severally, awarding the Petitioners and all others similarly situated all of their costs and attorneys fees incurred in the pursuit of this action, on all of the grounds set forth above, including but not limited to the Respondents' abrogation of the Petitioners' contractual, statutory, constitutional, and vested rights; and

G.      that the Petitioners be granted such other and further relief as this Honorable Court may deem just and proper under the circumstances.


PRICKETT, JONES & ELLIOTT, P.A.

BY: _____
John W. Paradee, Esquire (#2767)
D. Benjamin Snyder, Esquire (#4038)
Kevin M. Baird, Esquire (#4219)
Glenn C. Mandalas, Esquire (#4432)
11 North State Street
Dover, Delaware 19901
(302) 674-3841
*Attorneys for the Petitioners*

DATED: **4/7/08**

# EXHIBIT B



ORIGINAL

EFiled: Apr 18 2008 10:53AM EDT
Transaction ID 19466189
Case No. 3662-VCS

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

WINDING CREEK DELAWARE, LLC, a
Delaware Limited Liability Company; J.N.K.,
LLC, a Delaware Limited Liability Company;
and TONY ASHBURN & SON, INC., a
Delaware Corporation; each on their own
behalf and on behalf of all others similarly
situated,

CA #: __3662-VCS__

SUMMONS

Petitioners,

V.

THE KENT COUNTY LEVY COURT, the
governing body of Kent County, Delaware, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L. BUCKSON,
BRADLEY S. EABY, W.G. EDMANSON,
and RICHARD E. ENNIS, in their official
capacities as members of the Kent County
Levy Court,

Respondents.

## THE STATE OF DELAWARE
## TO:    SHERIFF OF KENT COUNTY:

### YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service hereof upon
defendants, exclusive of the day of service, defendants shall serve upon John W. Paradee,
Esquire, plaintiff's attorney, whose address is 11 North State Street, Dover, Delaware  19901 an
answer to the amended complaint.

To serve upon defendants a copy hereof and of the amended complaint.

### TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day
of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by
default will be rendered against you for the relief demanded in the complaint.

Dated: April 10, 2008

_Patricia G. Randolph_
_____
Register in Chancery

# Sheriff's Return

Served the within Writ of Summons upon:

KENT COUNTY LEVY COURT, P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD BRODE, ERIC L. BUCKSON, BRADLEY S. EABY, W.G. EDMANSON & RICHARD E. ENNIS

by leaving in CATHY PHINNEY, SECRETARY,  hands a true and correct copy of the said Writ together with a copy of the

SUMMONS/COMPLAINT/AMENDED PETITION FOR INJUNCTIVE RELIEF/DECLARATORY JUDGEMENT/OTHER RELIEF

this day, Tuesday, April 15, 2008 .

So Answers,

Jim Higdon
Sheriff of Kent County



ORIGINAL

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

WINDING CREEK DELAWARE, LLC, a
Delaware Limited Liability Company; J.N.K.,
LLC, a Delaware Limited Liability Company;
and TONY ASHBURN & SON, INC., a
Delaware Corporation, each on their own
behalf and on behalf of all others similarly
situated,

          Plaintiffs,

          V.

THEN KENT COUNTY LEVY COURT, the
governing body of Kent County, Delaware, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L. BUCKSON,
BRADLEY S. EABY, W.G. EDMANSON,
and RICHARD E. ENNIS, in their official
capacities as members of the Kent County
Levy Court,

          Defendants.

CA #: <u>3662-VCS</u>

SUMMONS

**THE STATE OF DELAWARE**
**TO:    SHERIFF OF KENT COUNTY:**

2008 APR 18  A  9:
CC REC

FILED

**YOU ARE COMMANDED:**

    To summon the above named defendants so that, within 20 days after service hereof upon
defendants, exclusive of the day of service, defendants shall serve upon <u>John W. Paradee,</u>
Esquire, plaintiff's attorney, whose address is <u>11 North State Street, Delaware  19973</u> an answer
to the complaint.

    To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day
of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by
default will be rendered against you for the relief demanded in the complaint.

Dated: <u>April 4, 2008</u>

*Patricia D. Randolph*
_____
Register in Chancery
Wilmington, Delaware

WINDING CREEK DELAWARE, LLC,
J.N.K., LLC, and TONY ASHBURN & SON,
INC.,

Plaintiffs,

V.

THE KENT COUNTY LEVY COURT, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L.
BUCKSON, BRADLEY S. EABY, W.G.
EDMANSON and RICHARD E. ENNIS,

Defendants.

## SUMMONS

Please effectuate service upon:

1.     The Kent County Levy Court

       By serving the president:
       P. Brooks Banta
       Kent County Levy Court
       555 Bay Road
       Dover, DE 19901

2.     P. Brooks Banta
3.     Allan F. Angel
4.     Harold Brode
5.     Eric L. Buckson
6.     Bradley S. Eaby
7.     W. G. Edmanson

       By serving all individuals at:
       Kent County Levy Court
       555 Bay Road
       Dover, DE 19901

SERVICE TO BE COMPLETED BY
KENT COUNTY SHERIFF


John W. Paradee, Esquire
Attorney for Plaintiff

# Sheriff's Return

Served the within Writ of Summons upon:

KENT COUNTY LEVY COURT, P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD BRODE, ERIC L. BUCKSON, BRADLEY S. EABY & W.G. EDMANSON

by leaving in CATHY PHINNEY, SECRETARY,  hands a true and correct copy of the said Writ together with a copy of the

SUMMONS/COMPLA NT/PETITION FOR INJUNCTIVE RELIEF/DECLARATORY JUDGMENT AND OTHER RELIEF

this day, Wednesday, April 9, 2008 .

FILED
2008 APR 18  A 9: 42
KCC RIC

So Answers,

Higdon

Jim Higdon
Sheriff of Kent County



ORIGINAL

EFiled: Apr 18 2008 10:53AM EDT
Transaction ID 19466189
Case No. 3662-VCS

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

WINDING CREEK DELAWARE, LLC, a
Delaware Limited Liability Company; J.N.K.,
LLC, a Delaware Limited Liability Company;
and TONY ASHBURN & SON, INC., a
Delaware Corporation; each on their own
behalf and on behalf of all others similarly
situated,

} 

CA #: 3662-VCS

SUMMONS

        Petitioners,

        V.

THE KENT COUNTY LEVY COURT, the
governing body of Kent County, Delaware, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L. BUCKSON,
BRADLEY S. EABY, W.G. EDMANSON,
and RICHARD E. ENNIS, in their official
capacities as members of the Kent County
Levy Court,

        Respondents.

**THE STATE OF DELAWARE**
**TO:   SHERIFF OF KENT COUNTY:**

**YOU ARE COMMANDED:**

    To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon <u>John W. Paradee,</u> Esquire, plaintiff's attorney, whose address is <u>11 North State Street, Dover, Delaware 19901</u> an answer to the amended complaint.

    To serve upon defendants a copy hereof and of the amended complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

*Patricia G. Randolph*

Dated: <u>April 10, 2008</u>

                           Register in Chancery

Case # 3662-VCS

WINDING CREEK DELAWARE, LLC,
J.N.K., LLC, and TONY ASHBURN & SON,
INC.,

Petitioners,

V.

THE KENT COUNTY LEVY COURT, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L.
BUCKSON, BRADLEY S. EABY, W.G.
EDMANSON, and RICHARD E. ENNIS,

Respondents.

## SUMMONS

Please effectuate service upon:

1.  The Kent County Levy Court
    By serving the President:
    P. Brooks Banta
    Kent County Levy Court
    555 Bay Road
    Dover, DE 19901

2.  P. Brooks Banta
3.  Allan F. Angel
4.  Harold Brode
5.  Eric L. Buckson
6.  Bradley S. Eaby
7.  W.G. Edmanson
8.  Richard E. Ennis

    By serving all individuals above upon:
    Kent County Levy Court
    555 Bay Road
    Dover, DE 19901

SERVICE TO BE COMPLETED BY
KENT COUNTY SHERIFF

John W. Paradee, Esquire
Attorney for Plaintiff

# Sheriff's Return

Served the within Writ of Summons upon:

KENT COUNTY LEVY COURT, P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD BRODE, ERIC L. BUCKSON, BRADLEY S. EABY, W.G. EDMANSON & RICHARD E. ENNIS

by leaving in CATHY PHINNEY, SECRETARY, hands a true and correct copy of the said Writ together with a copy of the

SUMMONS/COMPLAINT/AMENDED PETITION FOR INJUNCTIVE RELIEF/DECLARATORY JUDGEMENT/OTHER RELIEF

this day, Tuesday, April 15, 2008 .

So Answers,

Jim Higdon
Sheriff of Kent County



# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

WINDING CREEK DELAWARE, LLC, a
Delaware Limited Liability Company; J.N.K.,
LLC, a Delaware Limited Liability Company;
and TONY ASHBURN & SON, INC., a
Delaware Corporation, each on their own
behalf and on behalf of all others similarly
situated,

           Plaintiffs,

           V.

THEN KENT COUNTY LEVY COURT, the
governing body of Kent County, Delaware, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L. BUCKSON,
BRADLEY S. EABY, W.G. EDMANSON,
and RICHARD E. ENNIS, in their official
capacities as members of the Kent County
Levy Court,

           Defendants.

}

CA #: 3662-VCS

SUMMONS

**THE STATE OF DELAWARE**
**TO:    SHERIFF OF KENT COUNTY:**

**YOU ARE COMMANDED:**

    To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon John W. Paradee, Esquire, plaintiff's attorney, whose address is 11 North State Street, Delaware 19973 an answer to the complaint.

    To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: April 4, 2008

*Patricia D. Randolph*
_____
Register in Chancery
Wilmington, Delaware

WINDING CREEK DELAWARE, LLC,
J.N.K., LLC, and TONY ASHBURN & SON,
INC.,

Plaintiffs,

V.

THE KENT COUNTY LEVY COURT, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L.
BUCKSON, BRADLEY S. EABY, W.G.
EDMANSON and RICHARD E. ENNIS,

Defendants.

## SUMMONS

Please effectuate service upon:

1.    The Kent County Levy Court

      By serving the president:
      P. Brooks Banta
      Kent County Levy Court
      555 Bay Road
      Dover, DE 19901

2.    P. Brooks Banta
3.    Allan F. Angel
4.    Harold Brode
5.    Eric L. Buckson
6.    Bradley S. Eaby
7.    W. G. Edmanson

      By serving all individuals at:
      Kent County Levy Court
      555 Bay Road
      Dover, DE 19901

SERVICE TO BE COMPLETED BY
KENT COUNTY SHERIFF


John W. Paradee, Esquire
Attorney for Plaintiff

# Sheriff's Return

Served the within Writ of Summons upon:

KENT COUNTY LEVY COURT, P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD BRODE, ERIC L. BUCKSON, BRADLEY S. EABY & W.G. EDMANSON

by leaving in CATHY PHINNEY, SECRETARY,  hands a true and correct copy of the said Writ together with a copy of the

SUMMONS/COMPLA NT/PETITION FOR INJUNCTIVE RELIEF/DECLARATORY JUDGMENT AND OTHER RELIEF

this day, Wednesday, April 9, 2008 .

2008 APR 18  A 9 42
CC RIC
FILED

So Answers,

*Higdon*

Jim Higdon
Sheriff of Kent County



ORIGINAL

EFiled: Apr 18 2008 10:53AM EDT
Transaction ID 19466189
Case No. 3662-VCS

FILED

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

WINDING CREEK DELAWARE, LLC, a
Delaware Limited Liability Company; J.N.K.,
LLC, a Delaware Limited Liability Company;
and TONY ASHBURN & SON, INC., a
Delaware Corporation; each on their own
behalf and on behalf of all others similarly
situated,

            Petitioners,

            V.

THE KENT COUNTY LEVY COURT, the
governing body of Kent County, Delaware, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L. BUCKSON,
BRADLEY S. EABY, W.G. EDMANSON,
and RICHARD E. ENNIS, in their official
capacities as members of the Kent County
Levy Court,

            Respondents.

CA #: 3662-VCS

SUMMONS

## THE STATE OF DELAWARE
## TO:   SHERIFF OF KENT COUNTY:

### YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon John W. Paradee, Esquire, plaintiff's attorney, whose address is 11 North State Street, Dover, Delaware 19901 an answer to the amended complaint.

To serve upon defendants a copy hereof and of the amended complaint.

### TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

*Patricia D. Randolph*

Dated: April 10, 2008

_____
Register in Chancery

Case # 3662-VCS

WINDING CREEK DELAWARE, LLC,
J.N.K., LLC, and TONY ASHBURN & SON,
INC.,

Petitioners,

V.

THE KENT COUNTY LEVY COURT, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L.
BUCKSON, BRADLEY S. EABY, W.G.
EDMANSON, and RICHARD E. ENNIS,

Respondents.

## SUMMONS

Please effectuate service upon:

1.     The Kent County Levy Court
       By serving the President:
       P. Brooks Banta
       Kent County Levy Court
       555 Bay Road
       Dover, DE 19901

2.     P. Brooks Banta
3.     Allan F. Angel
4.     Harold Brode
5.     Eric L. Buckson
6.     Bradley S. Eaby
7.     W.G. Edmanson
8.     Richard E. Ennis

       By serving all individuals above upon:
       Kent County Levy Court
       555 Bay Road
       Dover, DE 19901

SERVICE TO BE COMPLETED BY
KENT COUNTY SHERIFF

John W. Paradee, Esquire
Attorney for Plaintiff

# Sheriff's Return

Served the within Writ of Summons upon:

KENT COUNTY LEVY COURT, P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD BRODE, ERIC L. BUCKSON, BRADLEY S. EABY, W.G. EDMANSON & RICHARD E. ENNIS

by leaving in CATHY PHINNEY, SECRETARY,  hands a true and correct copy of the said Writ together with a copy of the

SUMMONS/COMPLAINT/AMENDED PETITION FOR INJUNCTIVE RELIEF/DECLARATORY JUDGEMENT/OTHER RELIEF

this day, Tuesday, April 15, 2008 .

So Answers,

Jim Higdon
Sheriff of Kent County



## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

WINDING CREEK DELAWARE, LLC, a
Delaware Limited Liability Company; J.N.K.,
LLC, a Delaware Limited Liability Company;
and TONY ASHBURN & SON, INC.. a
Delaware Corporation, each on their own
behalf and on behalf of all others similarly
situated.

} CA #: <u>3662-VCS</u>

SUMMONS

    Plaintiffs,

    V.

THEN KENT COUNTY LEVY COURT, the
governing body of Kent County, Delaware, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L. BUCKSON,
BRADLEY S. EABY, W.G. EDMANSON,
and RICHARD E. ENNIS, in their official
capacities as members of the Kent County
Levy Court,

    Defendants.

**THE STATE OF DELAWARE**
**TO:  SHERIFF OF KENT COUNTY:**

**YOU ARE COMMANDED:**

    To summon the above named defendants so that, within 20 days after service hereof upon defendants. exclusive of the day of service, defendants shall serve upon <u>John W. Paradee,</u> Esquire, plaintiff's attorney, whose address is <u>11 North State Street. Delaware 19973</u> an answer to the complaint.

    To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**
    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

*Patricia D. Randolph*

Dated: <u>April 4, 2008</u>

                         Register in Chancery
                         Wilmington, Delaware

WINDING CREEK DELAWARE, LLC,
J.N.K., LLC, and TONY ASHBURN & SON,
INC.,

Petitioners,

v.

THE KENT COUNTY LEVY COURT, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L.
BUCKSON, BRADLEY S. EABY, W.G.
EDMANSON, and RICHARD E. ENNIS,

Respondents.

## SUMMONS

Please effectuate service upon:

1.      The Kent County Levy Court
        By serving the President:
        P. Brooks Banta
        Kent County Levy Court
        555 Bay Road
        Dover, DE 19901

2.      P. Brooks Banta
3.      Allan F. Angel
4.      Harold Brode
5.      Eric L. Buckson
6.      Bradley S. Eaby
7.      W.G. Edmanson
8.      Richard E. Ennis

        By serving all individuals above upon:
        Kent County Levy Court
        555 Bay Road
        Dover, DE 19901

SERVICE TO BE COMPLETED BY
KENT COUNTY SHERIFF

John W. Paradee, Esquire
Attorney for Plaintiff

WINDING CREEK DELAWARE, LLC,
J.N.K., LLC, and TONY ASHBURN & SON,
INC.,

Plaintiffs,

V.

THE KENT COUNTY LEVY COURT, P.
BROOKS BANTA, ALLAN F. ANGEL,
HAROLD K. BRODE, ERIC L.
BUCKSON, BRADLEY S. EABY, W.G.
EDMANSON and RICHARD E. ENNIS,

Defendants.

## SUMMONS

Please effectuate service upon:

1.    The Kent County Levy Court

      By serving the president:
      P. Brooks Banta
      Kent County Levy Court
      555 Bay Road
      Dover, DE 19901

2.    P. Brooks Banta
3.    Allan F. Angel
4.    Harold Brode
5.    Eric L. Buckson
6.    Bradley S. Eaby
7.    W. G. Edmanson

      By serving all individuals at:
      Kent County Levy Court
      555 Bay Road
      Dover, DE 19901

SERVICE TO BE COMPLETED BY
KENT COUNTY SHERIFF

John W. Paradee, Esquire
Attorney for Plaintiff

# Sheriff's Return

Served the within Writ of Summons upon:

KENT COUNTY LEVY COURT, P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD BRODE, ERIC L. BUCKSON, BRADLEY S. EABY & W.G. EDMANSON

by leaving in CATHY PHINNEY, SECRETARY,  hands a true and correct copy of the said Writ together with a copy of the

SUMMONS/COMPLA NT/PETITION FOR INJUNCTIVE RELIEF/DECLARATORY JUDGMENT AND OTHER RELIEF

this day, Wednesday, April 9, 2008 .

FILED
2008 APR 18  A 9 42
KCC RIC

So Answers,

Jim Higdon
Sheriff of Kent County

℅JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WINDING CREEK DELAWARE, LLC; J.N.K., LLC., TONY ASHBURN & SON, INC. | THE KENT COUNTY LEVY COURT, P. BROOKS BANTA, ALAN F. ANGEL, HAROLD K. BRODE, ERIC K. BUCKSON, ■ |

**(b)** County of Residence of First Listed Plaintiff   Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Kent County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
John Paradee, Esquire, 11 North State Street, Dover, DE   19901

Attorneys (If Known)
Daniel A. Griffith, Whiteford Taylor Preston, LLC., 1220 North Market Street, Suite 608, Wilmington, DE   19801 ■

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | Actions | | |

| | **PRISONER PETITIONS** | | | |
|---|---|---|---|---|
| | ☐ 510 Motions to Vacate Sentence | | | |
| | **Habeas Corpus:** | | | |
| | ☐ 530 General | | | |
| | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. Section 1983
Brief description of cause:
Civil Rights Claim in context of Governing Body; Enactment of Land Use Ordinance

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                        Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WINDING CREEK DELAWARE, LLC, a Delaware Limited    )
Liability Company; J.N.K., LLC, a Delaware Limited Liability    )
Company; and TONY ASHBURN & SON, INC., a Delaware    )
Corporation; each of their own behalf and on behalf of all others    )
similarly situated,    )        C.A. No.
　    )
                            Petitioners,    )
　    )
                    v.    )
　    )
THE KENT COUNTY LEVY COURT, the governing body of    )
Kent County, Delaware, P. BROOKS BANTA, ALLAN F.    )
ANGEL, HAROLD K. BRODE, ERIC K. BUCKSON,    )
BRADLEY S. EABY, W. G. EDMANSON, and RICHARD E.    )
ENNIS, in their official capacities as members of the Kent    )
County Levy Court,    )
　    )
                        Respondents.    )


## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

WINDING CREEK DELAWARE, LLC, a Delaware Limited    )
Liability Company; J.N.K., LLC, a Delaware Limited Liability    )
Company; and TONY ASHBURN & SON, INC., a Delaware    )
Corporation; each of their own behalf and on behalf of all others    )
similarly situated,    )        C.A. No. 3662 VCS
　    )
                            Petitioners,    )
　    )
                    v.    )
　    )
THE KENT COUNTY LEVY COURT, the governing body of    )
Kent County, Delaware, P. BROOKS BANTA, ALLAN F.    )
ANGEL, HAROLD K. BRODE, ERIC K. BUCKSON,    )
BRADLEY S. EABY, W. G. EDMANSON, and RICHARD E.    )
ENNIS, in their official capacities as members of the Kent    )
County Levy Court,    )
　    )
                        Respondents.    )

## CERTIFICATE OF SERVICE

I, Daniel A. Griffith, Esquire, do hereby certify that on this ____ day of April , 2008, a copy of the foregoing *Notice of Removal* was served via LexisNexis file and serve to the following:

John W. Paradee, Esquire (I.D. No. 2767)
11 North State Street
Dover, DE   19901

_____/s/ Daniel Griffith_____
Daniel Griffith (I.D. 4209)