## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>SMIDTH & CO.,<br><br>Debtor. | Chapter 11<br>Bankruptcy Case No. 08-10516 (KG)<br><br>District Court Misc. Docket No.: |

## MOTION OF DEBTOR TO TRANSFER PENDING LITIGATION INVOLVING PERSONAL INJURY CLAIMS PURSUANT TO 28 U.S.C. § 157 (b)(5)

Smidth & Co., the above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby moves pursuant to 28 U.S.C. § 157(b)(5), to transfer two (2) cases (the "Personal Injury Actions") from the Superior Court of California, Los Angeles County and the Superior Court of California, Alameda County (collectively, "California State Court") to the United States District Court for the District of Delaware (the "District Court"), the district in which the Debtor's chapter 11 bankruptcy case is pending. In support of this motion, and in accordance with Del. D. LR 7.1.2, the Debtor hereby incorporates the attached brief in support of its motion, submitted and served herewith.

Dated: April 25, 2008
      Wilmington, Delaware

**CROSS & SIMON, LLC**

/s/ Christopher P. Simon
Christopher P. Simon, Esq. (Bar No. 3697)
Kevin S. Mann, Esq. (Bar No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
Tel: (302) 777-4200
Fax: (302) 777-4224

-and-

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Co-Counsel to Smidth & Co.*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Bankruptcy Case No. 08-10516 (KG) |
| SMIDTH & CO., |  |
|  | District Court Misc. Docket No.: |
| Debtor. |  |

## BRIEF IN SUPPORT OF MOTION OF SMIDTH & CO. TO
## TRANSFER PENDING LITIGATION INVOLVING PERSONAL INJURY CLAIMS
## PURSUANT TO 28 U.S.C. § 157 (b)(5)

**CROSS & SIMON, LLC**
Christopher P. Simon, Esq. (Bar No. 3697)
Kevin S. Mann, Esq. (Bar No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
Tel: (302) 777-4200
Fax: (302) 777-4224

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

## TABLE OF CONTENTS

Page

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS................................................1

SUMMARY OF ARGUMENT........................................................................................................2

STATEMENT OF FACTS ...............................................................................................................3

LEGAL ARGUMENT.......................................................................................................................6

    POINT I
    THE PERSONAL INJURY ACTIONS SHOULD BE
    TRANSFERRED TO THIS COURT PURSUANT TO 28
    U.S.C. § 157(B)(5)..................................................................................................................6

    POINT II
    THIS COURT SHOULD NOT ABSTAIN FROM
    EXERCISING JURISDICTION OVER THE PERSONAL
    INJURY ACTIONS .................................................................................................................9

CONCLUSION................................................................................................................................12

## TABLE OF AUTHORITIES

**PAGES**

CASES

*A.H. Robins Co. v. Piccinin,*
  788 F.2d 994 (4th Cir.) *cert. denied*, 479 U.S. 876 (1986)....................................................6, 10

*In re Apex Oil Co.,*
  980 F.2d 1150 (8th Cir.1992) .......................................................................................................6

*In re AstroPower Liquidating Trust,*
  335 B.R. 309 (Bankr. D. Del. 2005) ............................................................................................7

*Beck v. Victor Equip. Co.,*
  277 B.R. 179 (S.D.N.Y. 2002)....................................................................................................10

*Colorado River Water Conservation Dist. v. United States,*
  424 U.S. 800 (1976)....................................................................................................................11

*In re Dow Corning Corp.,* .............................................................................................................11
  86 F.3d 482, 496 (6th Cir. 1996)

*Hopkins v. Plant Insulation Co.,*
  342 B.R. 703 (D. Del. 2006) ..............................................................................................6, 7, 8, 9

*In re Hudgins,*
  102 B.R. 495 (E.D. Va. 1989)......................................................................................................10

*Littles v. Lieberman,*
  90 B.R. 700 (E.D.Pa. 1988) ...........................................................................................................9

*Pacor v. Higgins,*
  743 F.2d 984 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc.*
  *v. Petrarca,* 516 U.S. 124 (1995)...............................................................................................10

*In re Pan American Corp.,*
  950 F.2d 839 (2d Cir. 1991)........................................................................................................6, 9

*In re Twin Laboratories, Inc.,*
  300 B.R. 836 (S.D.N.Y. 2003)............................................................................................6, 7, 8, 9, 11

*In re White Motor Credit Corp.,*
  761 F.2d 270 (6th Cir. 1985) .......................................................................................................10

*In re WorldCom, Inc. Securities Litigation,*
  293 B.R. 308 (S.D.N.Y. 2003)......................................................................................................7

**STATUTES**

11 U.S.C. §§ 101 ...................................................................................................................1

28 U.S.C. § 157(b)(4) .........................................................................................................9

28 U.S.C. § 157(b)(5) ................................................................................................. passim

28 U.S.C. § 1334(c) ........................................................................................................6, 10

28 U.S.C. § 1334(c)(1) .............................................................................................2, 10, 11

28 U.S.C. § 1334(c)(2) .................................................................................................9, 10

N.J. Stat. Ann. § 58:10-23.11 .............................................................................................4

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

On March 19, 2008 (the "Petition Date"), Smidth & Co., the above-captioned debtor and debtor in possession Debtor (the "Debtor") filed a voluntary petition (the "Chapter 11 Proceeding") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). *See* Declaration of Ralph J. McCandless (the "McCandless Decl.") at ¶ 4 & Ex. A. The Honorable Kevin Gross is presiding over the Chapter 11 Proceeding. *Id.* No trustee or examiner has been appointed in the Debtor's bankruptcy case. *Id.*

The Debtor hereby moves pursuant to 28 U.S.C. § 157(b)(5), to transfer two (2) cases (the "Personal Injury Actions") from the Superior Court of California, Los Angeles County and the Superior Court of California, Alameda County (collectively, "California State Court") to the United States District Court for the District of Delaware (the "District Court"), the district in which the Debtor's chapter 11 bankruptcy case is pending.

## SUMMARY OF ARGUMENT

Transfer of the Personal Injury Actions to this Court, pursuant to 28 U.S.C. § 157(b)(5), is statutorily mandated. Such transfer will result in the most efficient resolution of the personal injury claims against the Debtor. Transfer will also ensure that the burden on the Debtor's estate is minimized and that all creditors are treated fairly and equitably. Accordingly, this Court should grant the Motion to transfer the Personal Injury Actions.

Further, the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) are inapplicable to personal injury cases transferred under 28 U.S.C. § 157(b)(5). Additionally, pursuant to 28 U.S.C. § 1334(c)(1), the District Court may abstain from hearing a proceeding "related to" a chapter 11 case, "in the interest of justice, or in the interest of comity with State courts or respect for State law." For the reasons set forth herein, the District Court should not abstain from exercising jurisdiction over the Personal Injury Actions.

## STATEMENT OF FACTS

### A.     History Of The Debtor.

The Debtor is a Delaware corporation and a wholly owned subsidiary of FLS US Holdings, Inc. McCandless Decl. at ¶ 5. The Debtor is not currently engaged in business and, in fact, has not operated since the mid-1990's. *Id.* The Debtor's assets include a note receivable with a current unpaid balance of approximately $4,015,000 due from FLS US Holdings, Inc. and various lists of parts of an unknown and likely inconsequential value. *Id.* The Debtor is also a named insured on certain liability insurance policies that had been issued to it (but have since expired) and deemed to be a "named insured" under liability policies issued to FLS US Holdings, Inc. *Id.*

The Debtor's liabilities include contingent, unliquidated and disputed claims by the New Jersey Department of Environmental Protection and the claimants in the two (2) pending Personal Injury Actions (discussed below). *Id.* at ¶ 6 & Ex. B. The Debtor also owes approximately $656,000 to an affiliate, FL Smidth, Inc., for reimbursement of certain pension and/or retiree medical benefits payments made to former employees of the Debtor on behalf of the Debtor. *Id.*

The Debtor was incorporated in Delaware in 1923. Prior to that time, the Debtor had been in operation in the United States beginning in the late nineteenth century. *Id.* at ¶ 7. The Debtor's offices were initially located in New York, New York and were later transferred to Cresskill, New Jersey. *Id.* The Debtor also owned and operated a manufacturing plant in Lebanon, New Jersey. Currently, the Debtor's offices are located in Bethlehem, Pennsylvania. *Id.*

The Debtor's primary business was designing and furnishing equipment to the cement manufacturing industry in the United States. *Id.* at ¶ 8. Specifically, the Debtor supplied complete production plants, equipment, machines, spare parts, know-how, service and maintenance to the cement industry. *Id.*

In 1982, the Debtor sold the Lebanon, New Jersey property, and thereby ceased

the manufacturing part of its business. *Id.* at ¶ 9. At the same time, the Debtor's limited remaining business activities had declined. *Id.* The Debtor stopped taking any further orders for work after February 1990, completed work on all then-existing contracts and subsequently became dormant by the mid-1990's. *Id.*

**B.      Events Leading To The Chapter 11 Proceeding.**

On February 24, 2004, the New Jersey Department of Environmental Protection (the "NJDEP") issued a directive (the "Directive") to the Debtor pursuant to the New Jersey Spill Compensation and Control Act, N.J. Stat. Ann. § 58:10-23.11, et seq. (the "Spill Act"). *Id.* at ¶ 10. The Directive ordered the Debtor to complete the investigation/remediation of alleged environmental contamination at the facility formerly owned and operated by the Debtor in Lebanon, New Jersey. *Id.* The Debtor had previously sold this property to Cincinnati Gear, Inc. ("Gear"), and litigation ensued over who, as between the two companies, was responsible for the cleanup of the site. *Id.* This litigation was resolved with the Debtor paying a substantial sum of money to Gear and Gear agreeing to complete the cleanup and indemnify the Debtor against future cleanup claims. *Id.* Sometime after this settlement but before Gear completed the cleanup, Gear filed for chapter 11 bankruptcy protection, prompting the NJDEP to issue the Directive to the Debtor. *Id.* at ¶ 11. In accordance with the Spill Act, the Directive provides that if the Debtor does not complete the investigation and cleanup, the NJDEP will do so itself and seek to recover three times the costs of the investigation and cleanup from the Debtor. *Id.*

Additionally, in or around February 2008, the Debtor was named as a defendant in two living mesothelioma lawsuits in the California State Court alleging damages resulting from exposure to asbestos-containing products. *Id.* at ¶ 12. The first such lawsuit, Smith v. Allis Chalmers, et al. (the "Smith Action"), is currently pending in the Superior Court of California, Los Angeles County. *Id.* The second lawsuit, Dyhrman v. A.W. Chesterton, et al. (the "Dyhrman Action"), is currently pending in the Superior Court of California, Alameda County. *Id.*

In light of the cessation of the Debtor's business in the mid-1990's and the

potential liabilities stemming from the NJDEP Directive, the Smith Action and the Dyhrman Action, including the cost of defending these claims on multiple fronts, the Debtor commenced the Chapter 11 Proceeding to wind down its affairs; centralize and resolve the claim of the NJDEP; centralize and resolve (by settlement, estimation or otherwise) the two Personal Injury Actions and any future personal injury claims which may be brought in a single forum; resolve any intercompany issues, including, without limitation, the note payable due from FLS US Holdings, Inc., and liquidate any remaining assets. *Id.* at ¶ 13.

### C.   The Personal Injury Actions.

The Smith Action was filed in July of 2007. *Id.* at ¶ 14. The plaintiffs in this action are a 57 year old man who has been diagnosed with mesothelioma, and his wife. *Id.* The husband alleges that he was exposed to asbestos while working for nearly 40 years at a cement plant in Lucerne Valley, California. *Id.* The Debtor was named as a defendant on or about February 13, 2008. *Id.* & Ex. C.

The Debtor has not participated in the Smith Action because it was not a party to it until February 13, 2008. *Id.* at ¶ 15. Despite the Debtor's absence from all pre-trial conferences and discovery, the Smith Action is scheduled for trial beginning in or about June 2008. *Id.*

The Dyhrman Action was filed in November of 2007. *Id.* at ¶ 16. The plaintiffs in this action are a 64 year old man diagnosed with mesothelioma, and his wife. *Id.* The plaintiff-husband in this action worked at the same cement plant in Lucerne Valley, California as the plaintiff-husband in the Smith Action, albeit for a significantly shorter period of time (approximately five (5) years). *Id.* The Debtor was named as a defendant on or about February 20, 2008. *Id.* & Ex. D.

As is the case in the Smith Action, the Debtor has not participated in the pre-trial conferences or discovery in the Dyhrman Action because it was not named as a defendant until February 20, 2008. *Id.* The Dyhrman Action is scheduled for trial beginning on or about May 23, 2008. *Id.*

**LEGAL ARGUMENT**

**POINT I**

**THE PERSONAL INJURY ACTIONS SHOULD BE TRANSFERRED TO THIS COURT PURSUANT TO 28 U.S.C. § 157(B)(5)**

Transfer of the Personal Injury Actions to this Court, pursuant to 28 U.S.C. § 157(b)(5), is statutorily mandated. Mandated, such transfer will result in the most efficient resolution of the personal injury claims against the Debtor. Transfer will also ensure that the burden on the Debtor's estate is minimized and that all creditors are treated fairly and equitably. Accordingly, this Court should grant the Motion to transfer the Personal Injury Actions.

Pursuant to 28 U.S.C. § 157(b)(5),

> the district court *shall* order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5) (emphasis added). Section 157(b)(5) is intended to centralize administration of bankruptcy estates, to eliminate the "multiplicity of forums for the adjudication of parts of a bankruptcy case," and "to eliminate the confusion, delay and inefficiencies associated with the Bankruptcy Act's limited jurisdictional scheme." *In re Pan American Corp.*, 950 F.2d 839, 845 (2d Cir. 1991)(quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir.) *cert. denied*, 479 U.S. 876 (1986)).

While the language of 28 U.S.C. § 157(b)(5) is mandatory, courts have held that this provision requires an abstention analysis pursuant to 28 U.S.C. § 1334(c). *See, e.g., Hopkins v. Plant Insulation Co.*, 342 B.R. 703, 710 (D. Del. 2006); *In re Twin Laboratories, Inc.*, 300 B.R. 836, 840 (S.D.N.Y. 2003); *In re Apex Oil Co.*, 980 F.2d 1150, 1152-53 (8th Cir.1992). In determining whether abstention is appropriate, courts consider twelve factors:

(1)    the effect on the efficient administration of the estate,

(2)     the extent to which state law issues predominate over bankruptcy issues,

(3)     the difficulty or unsettled nature of applicable state law,

(4)     the presence of a related proceeding commenced in state court or other non-bankruptcy court,

(5)     the jurisdictional basis, if any, other than section 1334,

(6)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7)     the substance rather than form of an asserted "core" proceeding,

(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9)     the burden on the court's docket,

(10)    the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

(11)    the existence of a right to a jury trial, and

(12)    the presence of non-debtor parties.

*Hopkins*, 342 B.R. at 710 (*quoting In re AstroPower Liquidating Trust,* 335 B.R. 309, 330 (Bankr. D. Del. 2005). *See also Twin Labs*, 300 B.R. at 841-842 (quoting *In re WorldCom, Inc. Securities Litigation*, 293 B.R. 308, 332 (S.D.N.Y. 2003)).

The *Twin Labs* court recognized that the factors most relevant to a section 157(b)(5) transfer motion are the first, second, third, fourth, fifth, eighth, eleventh, and twelfth factors. *Twin Labs*, 300 B.R. at 8410842. Of those factors, the court found that only the second and third factors -- the difficulty of and the extent to which state law issues predominate over bankruptcy issues -- potentially weighed against transfer. However, after a thorough analysis, equally applicable here, the court ruled that state law personal injury issues were not "difficult, unsettled, or unfamiliar to a federal court" that deals routinely with state-law personal injury cases. *Id*. The court also noted that the state law issues cannot be given "decisive effect in

analyzing transfer under § 157(b)(5), for the very subject matter of that section - personal injury claims - is almost always governed by state law, and yet Congress, in enacting § 157(b)(5), singled out such claims as the very ones it wanted transferred." *Id.*

The *Hopkins* case stands in contrast to *Twin Labs*, primarily due to the novel circumstances involved. The moving party in *Hopkins* was a non-debtor plaintiff attempting to transfer a personal injury action pending in the Supreme Court of California to the United States District Court for the District of Delaware, where the debtor-defendant had filed its bankruptcy case. *See Hopkins*, 342 B.R. at 706-707. The transfer motion was opposed by the debtor. *Id.* at 707. After an analysis of the twelve factors, the *Hopkins* court determined to abstain from hearing the matter, giving great weight to the fact that the state court action would not have any impact on the debtor's bankruptcy or the plan of reorganization, and the fact that the movant likely was engaged in improper forum shopping. *Id.* at 711, 714-15 In fact, the *Hopkins* court added a thirteenth factor -- the use of section 157(b) -- noting that in the Third Circuit, section 157(b) "has typically been invoked by a debtor who is named as a defendant or co-defendant in the action." *Id.* at 716. The court went on to state that the debtor in the case had "selected a forum . . . and the Court is not persuaded that the home court presumption should be used against the Debtor to invalidate its choice." *Id.*

It is clear that the *Twin Labs* analysis applies in this case, and transfer of the Personal Injury Actions to this Court is appropriate. Transfer of the Personal Injury Actions will ensure a more efficient administration of the Debtor's estate: the forum is convenient for the Debtor and its witnesses, the books and records of the Debtor are more easily accessible, litigation in this forum would be less costly for the Debtor's estate, adjudication will be more efficient because the Personal Injury Actions can be resolved in one forum, and a determination in this Court will avoid the risk of conflicting results between the California State Court and this Court. Moreover, because of the automatic stay of section 362(a) of the Bankruptcy Code, were the Personal Injury Actions allowed to proceed in the California State Court, factual findings, pre-trial proceedings and discovery in the Personal Injury Actions could be unduly prejudicial to

the Debtor in its absence.

Further, while state law personal injury issues predominate in the Personal Injury Actions, they are not "difficult, unsettled, or unfamiliar to a federal court" that deals routinely with state-law personal injury cases. *Twin Labs*, 300 B.R. at 841-42. No other state court or non-bankruptcy court actions will be pending once the Personal Injury Actions are transferred to this Court together. Moreover, resolution of the Personal Injury Actions is inextricably linked to the successful resolution of the Debtor's Chapter 11 Proceeding and not easily severed from the bankruptcy case. As described above, the Debtor cannot fully distribute its remaining assets to creditors without some resolution of the Personal Injury Actions, either through estimation and/or objection to allowance in the Bankruptcy Court or trial in this Court. Thus, any plan of reorganization filed by the Debtor in the Chapter 11 Proceeding is dependent on a centralized resolution of the Personal Injury Actions. Finally, this Court is more than capable of conducting a jury trial, if that is the plaintiffs' right.

Accordingly, the Personal Injury Actions should be transferred to this Court, pursuant to 28 U.S.C. § 157(b)(5).

**POINT II**

**THIS COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION OVER THE PERSONAL INJURY ACTIONS**

**A.**     **Mandatory Abstention is Not Applicable**

The mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) are inapplicable to personal injury cases transferred under 28 U.S.C. § 157(b)(5). Indeed, 28 U.S.C. § 157(b)(4) specifically provides that "non-core proceedings under Section 157(b)(2)(D) ... shall not be subject to the mandatory abstention provisions of Section 1334(c)(2)." *Id.; see also Hopkins*, 342 B.R. at 710; *Littles v. Lieberman*, 90 B.R. 700, 709 (E.D.Pa. 1988). Those courts which have addressed the issue have uniformly held that mandatory abstention does not apply to claims transferred pursuant to 28 U.S.C. § 157(b)(5). *See, e.g., In re Pan-Am. Corp.*, 950 F.2d 839 at

845 (2d Cir. 1991); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 at 1010 N.14 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986); *In re White Motor Credit Corp.*, 761 F.2d 270, 272 (6th Cir. 1985), *In re Hudgins*, 102 B.R. 495, 498 (E.D. Va. 1989); *Beck v. Victor Equip. Co.*, 277 B.R. 179, 180 (S.D.N.Y. 2002).

Based upon the foregoing clear statutory and case law authority, the Debtor respectfully submits that the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) are inapplicable in this case.

## B.   Permissive Abstention

The United States District Court has original but not exclusive jurisdiction of all proceedings "related to" cases under Title 11. 28 U.S.C. § 1334(c).   A civil proceeding is "related to" a bankruptcy case when "the outcome of that proceeding could conceivably have any affect on the estate being administered in bankruptcy." *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995). In *Pacor*, the Third Circuit found that a proceeding is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action [either positively or negatively], and which in any way impacts upon the handling and administration of the bankruptcy estate." *Pacor*, 7443 F.2d at 994.

It is beyond cavil that the Personal Injury Actions constitute proceedings "related to" the Debtor's Chapter 11 Proceeding.   The claims asserted in the Personal Injury Actions, if allowed, could have a material impact on the Debtor's ability to fairly distribute assets to creditors and interest holders.   Moreover, rulings made by the California State Court could have a significant and material effect on the rights of the Debtor or other parties-in-interest in the Chapter 11 Proceeding.   As such, this Court has original, but not exclusive jurisdiction over the Personal Injury Actions. *See* 28 U.S.C. § 1334(c)(1)

Pursuant to 28 U.S.C. § 1334(c)(1), the District Court may abstain from hearing a proceeding "related to" a chapter 11 case, "in the interest of justice, or in the interest of comity

with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). In determining whether to abstain over a related proceeding, the courts must take into account "the strong legislative presumption favoring transfer under 28 U.S.C. § 157(b)(5); for in this context, perhaps even more than elsewhere, federal courts have a virtually unflagging obligation ... to exercise the jurisdiction given them." *Twin Labs*, 300 B.R. at 841 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Courts have recognized that centralizing all personal injury claims against a chapter 11 debtor will assist in both administering a debtor's plan and assuring a fair and non-preferential resolution of outstanding claims. *See, e.g., In re Dow Corning Corp.*, 86 F.3d 482, 496 (6th Cir. 1996). While not confronted with the number of personal injury actions as in the Dow Corning case, the Personal Injury Actions at issue here can have no less an impact on the Debtor's estate.

Based upon the foregoing, the Debtor respectfully submits that permissive abstention under 28 U.S.C. § 1334(c)(1) should not be exercised and that this Court should retain jurisdiction over the Personal Injury Actions.

## CONCLUSION

For the reasons and on the authorities cited herein, the Debtor respectfully requests that this Court transfer the Personal Injury Actions to this Court, pursuant to 28 U.S.C. § 157(b)(5), for appropriate administration, and grant such other and further relief as may be just and proper.

Respectfully submitted,

**CROSS & SIMON, LLC**

/s/ *Christopher P. Simon*
Christopher P. Simon, Esq. (Bar No. 3697)
Kevin S. Mann, Esq. (Bar No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware  19899-1380
Tel: (302) 777-4200
Fax: (302) 777-4224

-and-

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Co-Counsel to Smidth & Co.*

Dated: April 25, 2008
       Wilmington, Delaware

**CROSS & SIMON, LLC**
Christopher P. Simon Esq. (Bar No. 3697)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware  19899-1380
Tel: (302) 777-4200
Fax: (302) 777-4224

-and-

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SMIDTH & CO.,<br><br>          Debtor. | Chapter 11<br>Bankruptcy Case No. 08-10516 (KG)<br><br>District Court Misc. Docket No.: |

## DECLARATION IN SUPPORT OF MOTION OF SMIDTH & CO. TO TRANSFER PENDING LITIGATION INVOLVING PERSONAL INJURY CLAIMS PURSUANT TO 28 U.S.C. § 157 (b)(5)

Ralph J. McCandless, III, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am the Assistant Treasurer of Smidth & Co. (the "Debtor").

2.      I am authorized to submit this Declaration in support of the Motion Of Smidth & Co. To Transfer Pending Litigation Involving Personal Injury Claims Pursuant To 28 U.S.C. § 157 (b)(5) (the "Motion") which is being filed contemporaneously herewith.  Any capitalized term not expressly defined herein shall have the meaning ascribed to such term in the Motion.

16352/6
04/23/2008 6204973.1

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents or my opinion based upon my experience, knowledge and information concerning the Debtor's finances and former operations.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

## A.    In General.

4.      On March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Proceeding") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Honorable Kevin Gross is presiding over the Chapter 11 Proceeding.  No trustee or examiner has been appointed in the Debtor's bankruptcy case.  Attached hereto as Exhibit A is a true and correct copy of the Debtor's chapter 11 petition.

## B.    History Of The Debtor.

5.      The Debtor is a Delaware corporation and a wholly owned subsidiary of FLS US Holdings, Inc.  The Debtor is not currently engaged in business and, in fact, has not operated since the mid-1990's.  The Debtor's assets include a note receivable with a current unpaid balance of approximately $4,015,000 due from FLS US Holdings, Inc. and various lists of parts of an unknown and likely inconsequential value.  The Debtor is also a named insured on certain liability insurance policies that had been issued to it (but have since expired) and deemed to be a "named insured" under liability policies issued to FLS US Holdings, Inc.

6.      The Debtor's liabilities include contingent, unliquidated and disputed claims by the New Jersey Department of Environmental Protection and the claimants in the two (2) pending Personal Injury Actions (discussed below).  The Debtor also owes approximately $656,000 to an affiliate, FL Smidth, Inc., for reimbursement of certain pension and/or retiree medical benefits payments made to former employees of the Debtor on behalf of the Debtor.  Attached hereto as Exhibit B is a true and correct copy of the Debtor's Schedules of Assets and

Liabilities and Statement of Financial Affairs, which was filed with the Bankruptcy Court on the Petition Date.

      7.     The Debtor was incorporated in Delaware in 1923. Prior to that time, the Debtor had been in operation in the United States beginning in the late nineteenth century. The Debtor's offices were initially located in New York, New York and were later transferred to Cresskill, New Jersey. The Debtor also owned and operated a manufacturing plant in Lebanon, New Jersey. Currently, the Debtor's offices are located in Bethlehem, Pennsylvania.

      8.     The Debtor's primary business was designing and furnishing equipment to the cement manufacturing industry in the United States. Specifically, the Debtor supplied complete production plants, equipment, machines, spare parts, know-how, service and maintenance to the cement industry.

      9.     In 1982, the Debtor sold the Lebanon, New Jersey property, and thereby ceased the manufacturing part of its business. At the same time, the Debtor's limited remaining business activities had declined. The Debtor stopped taking any further orders for work after February 1990, completed work on all then-existing contracts and subsequently became dormant by the mid-1990's.

**C.     Events Leading To The Chapter 11 Proceeding.**

      10.    On February 24, 2004, the New Jersey Department of Environmental Protection (the "NJDEP") issued a directive (the "Directive") to the Debtor pursuant to the New Jersey Spill Compensation and Control Act, N.J. Stat. Ann. § 58:10-23.11, et seq. (the "Spill Act"). The Directive ordered the Debtor to complete the investigation/remediation of alleged environmental contamination at the facility formerly owned and operated by the Debtor in Lebanon, New Jersey. The Debtor had previously sold this property to Cincinnati Gear, Inc. ("Gear"), and litigation ensued over who, as between the two companies, was responsible for the cleanup of the site. This litigation was resolved with the Debtor paying a substantial sum of money to Gear and Gear agreeing to complete the cleanup and indemnify the Debtor against future cleanup claims.

11.    Sometime after this settlement but before Gear completed the cleanup, Gear filed for chapter 11 bankruptcy protection, prompting the NJDEP to issue the Directive to the Debtor. In accordance with the Spill Act, the Directive provides that if the Debtor does not complete the investigation and cleanup, the NJDEP will do so itself and seek to recover three times the costs of the investigation and cleanup from the Debtor.

12.    Additionally, in or around February 2008, the Debtor was named as a defendant in two living mesothelioma lawsuits in the California State Court alleging damages resulting from exposure to asbestos-containing products. The first such lawsuit, Smith v. Allis Chalmers, et al. (the "Smith Action"), is currently pending in the Superior Court of California, Los Angeles County. The second lawsuit, Dyhrman v. A.W. Chesterton, et al. (the "Dyhrman Action"), is currently pending in the Superior Court of California, Alameda County.

13.    In light of the cessation of the Debtor's business in the mid-1990's and the potential liabilities stemming from the NJDEP Directive, the Smith Action and the Dyhrman Action, including the cost of defending these claims on multiple fronts, the Debtor commenced the Chapter 11 Proceeding to wind down its affairs; centralize and resolve the claim of the NJDEP; centralize and resolve (by settlement, estimation or otherwise) the two Personal Injury Actions and any future personal injury claims which may be brought in a single forum; resolve any intercompany issues, including, without limitation, the note payable due from FLS US Holdings, Inc., and liquidate any remaining assets.

**D.    The Personal Injury Actions.**

14.    The Smith Action was filed in July of 2007. The plaintiffs in this action are a 57 year old man who has been diagnosed with mesothelioma, and his wife. The husband alleges that he was exposed to asbestos while working for nearly 40 years at a cement plant in Lucerne Valley, California. The Debtor was named as a defendant on or about February 13, 2008. Attached hereto as Exhibit C is a true and correct copy of the Amendment to Complaint that the plaintiffs in the Smith Action filed in the California State Court on February 13, 2008.

15.    Because the Debtor was not named as a defendant in the Smith Action

-4-

until February 13, 2008, it has not participated in any of the discovery that has previously occurred. I am advised by counsel that the Smith Action is scheduled for trial beginning in or about June 2008. Additionally, I am advised by counsel that the Smith Action is stayed against the Debtor as a result of the Chapter 11 Proceeding by virtue of the automatic stay provisions of section 362 of the Bankruptcy Code. Thus, the Debtor has had no meaningful involvement in the matter.

16.     The Dyhrman Action was filed in November of 2007. The plaintiffs in this action are a 64 year old man diagnosed with mesothelioma, and his wife. The plaintiff-husband in this action worked at the same cement plant in Lucerne Valley, California as the plaintiff-husband in the Smith Action, albeit for a significantly shorter period of time (approximately five (5) years). The Debtor was named as a defendant on or about February 20, 2008. Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Amendment to Complaint that the plaintiffs in the Dyhrman Action filed in the California State Court on February 20, 2008.

17.     Because the Debtor was not named as a defendant in the Dyhrman Action until February 20, 2008, it has not participated in any of the discovery that has previously occurred. I am advised by counsel that the Dyhrman Action is scheduled for trial beginning on or about May 23, 2008. Additionally, I am advised by counsel that the Dyhrman Action is stayed against the Debtor as a result of the Chapter 11 Proceeding by virtue of the automatic stay provisions of section 362 of the Bankruptcy Code. Thus, the Debtor has had no meaningful involvement in the Dyhrman Action.

I declare under penalty of perjury of the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: April 25, 2008

Ralph J. McCandless, III, Assistant Treasurer

**Exhibit A**

B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Smidth & Co.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**FDBA F.L. Smidth & Co.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN)<br>No./Complete EIN (if more than one, state all):<br>**13-1917357** | Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN)<br>No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**2040 Avenue C**<br>**Bethlehem, PA 18017**<br>ZIP CODE **18017-0000** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Lehigh** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☒ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information** *** Christopher P. Simon, Esq. (DE Bar No. 3967) ***

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ 1-49 | ☒ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☒ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Debts

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☒ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (1/08)

Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Smidth & Co.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed:    **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>     Signature of Attorney for Debtor(s)         Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

| **Information Regarding the Debtor – Venue**<br>(Check any applicable box) |
|---|
| ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>*Check all applicable boxes.* |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| <br>     _____<br>     (Name of landlord that obtained judgment)<br><br>     _____<br>     (Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).. |

B1 (Official Form 1) (1/08)                                                                   Page 3

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Smidth & Co.** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |
| | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | |
| X _____ | X _____ |
|   Signature of Debtor |   Signature of Foreign Representative |
| X _____ | |
|   Signature of Joint Debtor |   Printed Name of Foreign Representative |
|   Telephone Number (If not represented by attorney) | |
| |   Date |
|   Date | |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X **/s/ Michael S. Etkin, Esq.** | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached. |
|   Signature of Attorney for Debtor(s) | |
| **Michael S. Etkin, Esq. (ME 0570)** | |
|   Printed Name of Attorney for Debtor(s) | |
| **Lowenstein Sandler PC** | |
|   Firm Name | |
| **65 Livingston Avenue** | |
| **Roseland, NJ 07068** | |
|   Address | |
| **973-597-2500 Fax:973-597-2400** | _____ |
|   Telephone Number |   Printed Name and title, if any, of Bankruptcy Petition Preparer |
| **March 19, 2008** | |
|   Date | Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) |
| X **/s/ Christopher P. Simon, Esq.** | |
|   Signature of Attorney for Debtor(s) | |
| **Christopher P. Simon, Esq. (DE Bar No. 3697)** |   Address |
|   Printed Name of Attorney for Debtor(s) | |
| **Cross & Simon, LLC** | |
|   Firm Name |   Date |
| **913 N. Market, 1st Floor** | |
| **Wilmington, DE 19899** | |
|   Address | |
| **302-777-4200 Fax: 302-777-4224** | |
|   Telephone Number | |
| **March 19, 2008** | |
|   Date | |
| *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above. |

B1 (Official Form 1) (1/08)                                                                 Page 4

| **Signature of Debtor (Corporation/Partnership)** | |
| --- | --- |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual |
| The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| X  /s/ Ralph J. McCandless, III | |
| Signature of Authorized Individual | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both  11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Ralph J. McCandless, III** | |
| Printed Name of Authorized Individual | |
| **Assistant Treasurer** | |
| Title of Authorized Individual | |
| **March 19, 2008** | |
| Date | |

**Exhibit B**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## District of Delaware

In re    **Smidth & Co.** _____

Case No. _____

_____
Debtor

Chapter_____ **11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 6 | 3,916,374.89 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 150.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 14 | | 656,065.12 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 26 | | | |
| Total Assets | | | 3,916,374.89 | | |
| Total Liabilities | | | | 656,215.12 | |

B6A (Official Form 6A) (12/07)

In re    **Smidth & Co.**                                                    Case No. _____
                                                    _____
                                                          Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  | | |
|---|---|---|
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |

**0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Smidth & Co.**                                              Case No. _____
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. **List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Operating Account # 383001285224 Bank of America Four Penn Center 1600 JFK Blvd. - Suite 1100 Philadelphia, PA 19103 (Balance as of 3/19/2008)** | - | 35,000.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |

|  | Sub-Total > (Total of this page) | 35,000.00 |
|---|---|---|

___5___  continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) – Cont.

In re    **Smidth & Co.**                                                    Case No. _____

_____
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **The Travelers Insurance Company and/or The Travelers Indemnity Company**<br><br>**Policy Nos.:**<br>**KSLG-1747195 - 01/01/64-01/01/65**<br>**KSLG-2673508 - 01/01/65-01/01/66**<br>**KSLG-3001512 - 01/01/66-01/01/67**<br>**KSLG-4018797 - 01/01/67-01/01/68**<br>**KSLG-4025703 - 01/01/68-01/01/69**<br>**KSLG-4035525 - 01/01/69-01/01/70**<br>**KSLG-4891148 - 01/01/70-01/01/71**<br>**KSLG-4918295 - 01/01/71-01/01/72**<br>**KSLG-4920968 - 01/01/72-01/01/73**<br>**KSLG-305A037-8 - 01/01/73-01/01/74**<br>**KSLG-701A852-9-74 - 01/01/74-01/01/75**<br>**KSLG-702A894-1-75 - 01/01/75-01/01/76**<br>**KSLG-702A894-1-76 - 01/01/76-01/01/77** | - | **Undetermined** |
| | | **The Home Indemnity Company**<br><br>**Policy Nos:**<br><br>**GA 9412265 - 12/01/76-12/01/77**<br>**GA 9593935 - 01/01/78-01/01/79**<br>**GA 9742758 - 01/01/79-01/10/80**<br>**GA 9956004 - 01/01/80-01/01/81**<br>**GL 1138474 - 01/01/81-01/01/82**<br>**GL 1273935 - 01/01/82-01/01/83**<br>**GL 1285315 - 01/01/83-01/01/84**<br>**Unknown - 01/01/84-01/01/85**<br>**GL 1285315 - 01/01/84-01/01/85** | - | **Undetermined** |
| | | **National Union Fire Insurance Company**<br><br>**Policy No.  GLA/117/0619 - 01/01/85-01/01/86** | - | **Undetermined** |
| | | **Insurance Company of North America**<br><br>**Policy Nos.:**<br><br>**XBC-1762 - 07/27/65-07/27/66**<br>**XBC-40662 - 17/27/66-09/01/70** | - | **Undetermined** |

                                                                    Sub-Total >        **0.00**
                                                                  (Total of this page)

Sheet __1__ of __5__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Smidth & Co.** _____    Case No. _____
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **The Travelers Insurance Company** | - | **Undetermined** |
| | | **Policy Nos.:** | | |
| | | CUP-4901255 -        09/01/70-09/01/73<br>CUP-270A124-0 -      09/01/73-01/01/75<br>CUP-702A895-3 -       01/01/75-01/01/76<br>CUP-702A956-8-75 -  01/01/75-01/01/76<br>CUP-702A956-8-76 -  01/01/76-01/01/77 | | |
| | | **First State Insurance Company** | - | **Undetermined** |
| | | **Policy No.  903006 - 02/15/76-01/01/77** | | |
| | | **Federal Insurance Company** | - | **Undetermined** |
| | | **Policy Nos.:** | | |
| | | (78) 7924-27-53 - 01/01/77-01/01/78<br>(79) 7924-27-53 - 01/01/78-01/01/79<br>(80) 7924-27-53 - 01/01/79-08/15/79<br>(80) 7925-88-85 - 08/15/79-08/15/80<br>(82) 7925-88-85 - 08/15/80-01/01/82 | | |
| | | **Travelers (Canada)** | - | **Undetermined** |
| | | **Policy Nos.:** | | |
| | | SLGC-3541972 - 01/01/67-01/01/68<br>SLGC-3583112 - 01/01/68-01/01/69<br>SLGC-4038102 - 01/01/69-01/01/70<br>SLGC-4887498 - 01/01/70-01/01/71<br>SLGC-4887736 - 01/01/71-01/01/72<br>YYCMPX2572724 - 01/01/72-01/01/73<br>YYCMPX2572724 - 01/01/73-01/01/74<br>YYCMPX3058722 - 01/01/74-01/01/74<br>YYCPP215B377-1 - 01/01/74-01/01/75<br>YYCPP215B377-1 - 01/01/75-01/01/76 | | |

|  | Sub-Total > | **0.00** |
|---|---|---|
|  | (Total of this page) | |

Sheet __2__ of __5__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) – Cont.

In re    **Smidth & Co.**                                                    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **St. Paul Mercury Insurance Company** | - | **Undetermined** |
| | | **Policy Nos.:** | | |
| | | **SPL5338 - 12/31/82-12/31/63**<br>**SPL5539 - 07/15/63-12/31/65**<br>**SPL5909 - 01/01/66-01/01/67**<br>**SPL5909 - 01/01/67-01/01/68**<br>**CGL15052 - 01/01/68-01/01/69**<br>**CGL15052 - 01/01/69-01/01/70**<br>**CGL15052 - 01/01/70-01/01/71**<br>**CGL15052 - 01/01/71-01/01/72**<br>**CGL15052 - 01/01/72-01/01/73**<br>**CGL15052 - 01/01/73-01/01/74**<br>**CGL15052 - 01/01/74-01/01/75**<br>**CGL15052 - 01/01/75-01/01/76** | | |
| | | **Great Northern Insurance Co.** | - | **Undetermined** |
| | | **Policy Nos.:** | | |
| | | **CGL (78) 77777147 - 12/01/76-01/01/78**<br>**CGL (79) 77777147 - 01/01/78-01/01/79**<br>**CGL (80) 77777147 - 01/01/79-01/01/80**<br>**CGL (81) 77777147 - 01/01/80-01/01/81**<br>**CGL (82) 77777147 - 01/01/81-01/01/82**<br>**CGL (83) 77777147 - 01/01/82-01/01/83**<br>**CGL (84) 77777147 - 01/01/83-01/01/84**<br>**(85) 77777747 - 01/01/84-01/01/85** | | |
| | | **INA** | - | **Undetermined** |
| | | **Policy Nos.:** | | |
| | | **XBC1762 - 07/27/65**<br>**XBC1762 - 07/27/65 - 07/27/66**<br>**XBC40662 - 07/27/66-09/01/70**<br>**XBC43165** | | |
| | | **Liberty Mutual Insurance Company**<br>**FLS US Holdings, Inc.**<br>**As of January 31, 2008**<br>**(Smidth & Co. Is Named Insured)** | - | **Undetermined** |
| 10. Annuities. Itemize and name each issuer. | X | | | |

| | |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |

Sheet __3__ of __5__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Smidth & Co.**                                          Case No. _____

_____
                        Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Note Due From FLS US Holdings Inc. (As Of 03/18/2008)** | - | 3,881,374.89 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >        **3,881,374.89**
(Total of this page)

Sheet __4__ of __5__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Smidth & Co.**                                          Case No. _____
                                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Lists of Parts | - | Undetermined |

|  | Sub-Total > | **0.00** |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | **3,916,374.89** |

Sheet __5__ of __5__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re **Smidth & Co.**
_____
Debtor

Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| **0** continuation sheets attached | | | | Subtotal (Total of this page) | | | | | |
| | | | | Total (Report on Summary of Schedules) | | | | **0.00** | **0.00** |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6E (Official Form 6E) (12/07)

In re   **Smidth & Co.** _____,   Case No. _____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____ continuation sheets attached

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6E (Official Form 6E) (12/07) - Cont.

In re __Smidth & Co._____     Case No. _____
                                    Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J | C | | | | | AMOUNT ENTITLED TO PRIORITY |
| **Account No.** | | **Franchise Tax** | | | | | | | | |
| **Delaware Division of Revenue** **Attn: Bankruptcy Administrator** **820 N. French Street - 8th Floor** **Wilmington, DE 19801** | - | | | | | | | | 150.00 | 0.00 150.00 |
| **Account No.** | | | | | | | | | | |
| | | | | | | | | | | |
| **Account No.** | | | | | | | | | | |
| | | | | | | | | | | |
| **Account No.** | | | | | | | | | | |
| | | | | | | | | | | |
| **Account No.** | | | | | | | | | | |
| | | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 150.00 | 0.00 150.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 150.00 | 0.00 150.00 |

B6F (Official Form 6F) (12/07)

In re    **Smidth & Co.**                 Case No. _____

                               **Debtor**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Birkeness, Ragnhild 1000 NW 13 Street, Apt. 219A Boca Raton, FL 33486 | | - | | | X | X | | |
| | | | | | | | | 0.00 |
| Account No. | | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Bove, Rubina 370 Little East Neck Rd. S. Babylon, NY 11702 | | - | | | X | X | | |
| | | | | | | | | 0.00 |
| Account No. | | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Brown, Ann 796 Reed Creek Pt. Hartwell, GA 30643 | | - | | | X | X | | |
| | | | | | | | | 0.00 |
| Account No. | | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Christopherson, Ruth 9145 Hilton N.E. Albuquerque, NM 87111 | | - | | | X | X | | |
| | | | | | | | | 0.00 |

   **13**   continuation sheets attached                                Subtotal          **0.00**
                                                           (Total of this page)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                   S/N:25940-080306    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                                    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Darre, Margueritte 2012 Watauga Court W. Fort Worth, TX 76111 | - | | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Digiulio, Catherine One Greenville Court, Holiday City Toms River, NJ 08753 | - | | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Duncan, Theodora 12 Douglas Dr Cresskill, NJ 07626 | - | | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Litigation Claim | | | | |
| Dyhrman, Richard c/o Levin, Simes, Kaiser & Gornick Attn: Anna Costa 44 Montgomery St., 36th Floor San Francisco, CA 94104 | - | | | X | X | X | |
| | | | | | | | Undetermined |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Ellis, Mary 18221 Slater Road N. Fort Myers, FL 33917 | - | | | X | X | | |
| | | | | | | | 0.00 |

Sheet no. _1_ of _13_ sheets attached to Schedule of          Subtotal          0.00
Creditors Holding Unsecured Nonpriority Claims          (Total of this page)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Smidth & Co.** _____    Case No. _____
                                   Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Etzold, Josephine 4 Longview Dr Orleans, MA 02653 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Reimbursement of Medical & Pension Benefit Payments (As Of 03/18/2008) | | | | |
| FL Smidth, Inc. 2040 Avenue C Bethlehem, PA 18017 | - | | | | | | | | |
| | | | | | | | | | 656,065.12 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Friis-Mikkelsen, Robert 13009 - 7th Ave N W Seattle, WA 98177 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Furtas, Harry 11 Huntington Rd Edison, NJ 08820 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Gadav, Ceil S. 247 Golden Pine Goldendale, WA 98620 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |

Sheet no. __2__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

656,065.12

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Smidth & Co.**                                              Case No. _____

                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Gauvin, Joseph<br>Mirtos M-13, Valle Hermoso Arriba<br>Hormigueros, PR 00660 | | - | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Gillespie, Clifford E.<br>1865 Bayview Ave<br>Blaine, WA 98230 | | - | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Guerra, Candida<br>2800 North A1A, Apt. 501<br>Ft Pierce, FL 34949 | | - | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Herdman, Ellen<br>11 Beeholm Rd<br>West Redding, CT 06896 | | - | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | | | | |
| Jacobsen, Arne S<br>282 Tappan Rd<br>Norwood, NJ 07648 | | - | | X | X | | |
| | | | | | | | 0.00 |

Sheet no. __3__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                     0.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                                                      Case No. _____
                                            Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Kammer, Dorothy 11 Beeholm Rd West Redding, PA 06896 | - | | | | | X | X | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Katzel, Joseph S. 48 Westcott Rd Stamford, CT 06902 | - | | | | | X | X | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Kayser, Olaf 1630 43rd Ave East, Apt 1319 Seattle, WA 98112 | - | | | | | X | X | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Leush, Anna PO Box 171 Glen Spey, NY 12737 | - | | | | | X | X | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Lindhard, Sven 79 Hillside Ave Tenafly, NJ 07670 | - | | | | | X | X | | 0.00 |

Sheet no. __4__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

0.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Smidth & Co.**                                                    Case No. _____

                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. Linna, Grabrielle 197 Cahill Cross Rd, Apt 154 West Milford, NJ 07480 | - | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | X | X | | 0.00 |
| Account No. Litosch, Eugene 2301 Morgan Ave New York, NY 10469 | - | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | X | X | | 0.00 |
| Account No. Lonergan, James M. 83 Barnegat Blvd Beachwood, NJ 08722 | - | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | X | X | | 0.00 |
| Account No. Madsen, George M 17945 Jayhawk Drive Penn Valley, CA 95946 | - | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | X | X | | 0.00 |
| Account No. Masino, Janette C. 21 Phelps Ave Cresskill, NJ 07626 | - | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | X | X | | 0.00 |

Sheet no. __5__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                          0.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                        Case No. _____

                                     **Debtor**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| McGinley, Regina 220 W Neversink Rd Reading, PA 19606 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Mencinsky, Orest 560 Grant Ave Brooklyn, NY 11208 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Mindrebo, Joan Sparks Inn Room E05, 7290 Lester Rd. Union City, GA 30291-2317 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Nicholson, Dorothy A 62 Revere Dr Dumont, NJ 07628 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Nielsen, Schou 1010 American Eagle Blvd., Apt. 445 Sun City Center, FL 33573-5277 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |

Sheet no. __6__ of __13__ sheets attached to Schedule of              Subtotal                     0.00
Creditors Holding Unsecured Nonpriority Claims               (Total of this page)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                             Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                                      Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| Nielsen, Sonja Toft 7213 S. W. 133 Place Miami, FL 33183 | - | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | X | X | | 0.00 |
| Account No. | | | | | | | | |
| Nissen, Holger 67 Hoyt Street South Salem, NY 10590 | - | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | X | X | | 0.00 |
| Account No. | | | | | | | | |
| NJ Dept of Environmental Protection Attn:  Nadine Drake 401 E. State St. 7th Floor, East Wing Trenton, NJ 08625 | - | | | **Potential Environmental Remediation Liability** | X | X | X | Undetermined |
| Account No. | | | | | | | | |
| Norbom, Henning R The Hamilton, 1735 York Ave., Apt. 35B New York, NY 10128 | - | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | X | X | | 0.00 |
| Account No. | | | | | | | | |
| Novarro, Noelia 33-47 91st St, Apt. 2E Jackson Heights, NY 11372 | - | | | **Primarily For Notice Purposes Only - Medical and/or Pension Benefits** | X | X | | 0.00 |

Sheet no. _7_ of _13_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                              0.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                                      Case No. _____

_____
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Obregon, Joseph 109 Sunset Drive Wappingers Falls, NY 12590 | - | | | X | X | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Oxenbol, Poul P.O. Box 882 Port Townsend, WA 98368 | - | | | X | X | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Pace, Josephine Kendall Walk, 15028 SW 90th St. Miami, FL 33196 | - | | | X | X | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Pardo, Raymond R R #1 - Box 66 Pleasant Mount, PA 18453 | - | | | X | X | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Pedersen, Chritian V. P O Box 935 Montauk, NY 11954 | - | | | X | X | | 0.00 |

Sheet no. __8__ of __13__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    0.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                                    Case No. _____
                                    _____
                                         Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Persson, Margit P.O. Box 1369 Folly Beach, SC 29439 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Pisani, Ellen M. 43 Oliver Pl Ringwood, NJ 07456 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Prowse, William J. 9 Brockton Ct Whiting, NJ 08759 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Quixano Jr, Ruth 2555 Forest Run Ct Clearwater, FL 34621-3714 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |
| Account No. | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Ragula, Nina 8603 Dexter Ct Woodhaven, NY 11421 | - | | | | | X | X | | |
| | | | | | | | | | 0.00 |

Sheet no. __9__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                                    Case No. _____
_____
                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Rasmussen, Einar Hewitt Dr, Harvest Hills N. Bennington, VT 05257 | - | | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Rath, Edith 40-07 196th St Flushing, NY 11358 | - | | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Rebane, Teele 164 Park Avenue, Apt. 406 Quakertown, PA 18951 | - | | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Rosenberg, Eugene A. 2707 Wrexham Ct. Herndon, VA 20171 | - | | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Rosvold, Thorvid 260 - 75th St Brooklyn, NY 11209 | - | | | X | X | | |
| | | | | | | | 0.00 |

Sheet no. __10__ of __13__ sheets attached to Schedule of            Subtotal
Creditors Holding Unsecured Nonpriority Claims                     (Total of this page)            0.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smith & Co.**                                          Case No. _____
_____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W | W J | C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Schreyer, Helen B. 486 Ryeside Ave New Milford, NJ 07646 | - | | | | | | X | X | | 0.00 |
| Account No. | | | | | | Litigation Claim | | | | |
| Smith, Bernard & Alberta c/o Simon, Eddins & Greenstone, LLP Attn: Jennifer L. Burtlett, Esq. 301 E. Ocean Blvd. Suite 1950 Long Beach, CA 90802 | - | | | | | | X | X | X | Undetermined |
| Account No. | | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Sorensen, Jytte Hellebo Park 29, 1th DK 3000 Helsingor, Denmark | - | | | | | | X | X | | 0.00 |
| Account No. | | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Steurer, Adelma 513 Pangola Dr No Fort Meyers, FL 33903 | - | | | | | | X | X | | 0.00 |
| Account No. | | | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Stursberg, William 90 N Stoughton St Bergenfield, NJ 07621 | - | | | | | | X | X | | 0.00 |

Sheet no. __11__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                       Case No. _____

                                       Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Swanholm, Annie C/O Marc Swanholm, 1st flr., 712 Grove Street Haddonfield, NJ 08033 | | - | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Tarring, Lillian G. 12 Elmwood Terr Cresskill, NJ 07626 | | - | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Utvik, Mary 417 Coolidge Ave Westwood, NJ 07675 | | - | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Vakselis, Alexander 600 64th Avenue St. Pete Beach, FL 33706 | | - | | X | X | | |
| | | | | | | | 0.00 |
| Account No. | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Walsh, Francis J. 75 Hilltop Terr Bloomingdale, NJ 07403 | | - | | X | X | | |
| | | | | | | | 0.00 |

Sheet no. __12__ of __13__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      0.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037            Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Smidth & Co.**                                              Case No. _____
_____
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Yohannan, Helen 1180 Midland Ave., Apt. 2P Bronxville, NY 10708 | - | | | | X | X | | 0.00 |
| Account No. | | | | Primarily For Notice Purposes Only - Medical and/or Pension Benefits | | | | |
| Young, Helen 8 Formby Lane Bella Vista, AR 72714 | - | | | | X | X | | 0.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __13__ of __13__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 0.00 |
| Total (Report on Summary of Schedules) | 656,065.12 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re    **Smidth & Co.**                                                    Case No. _____
                                    _____
                                              Debtor

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    **Smidth & Co.**                                                    Case No. _____

                                    Debtor

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____  continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## District of Delaware

In re    **Smidth & Co.**    Case No. _____

_____
                        Debtor

Chapter_____    **11**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6 Declaration (Official Form 6 – Declaration). (12/07)

# United States Bankruptcy Court
## District of Delaware

In re    **Smidth & Co.**                                        Case No. _____

                                         Debtor(s)    Chapter    **11** _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

        I, the Assistant Treasurer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __28__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **March 19, 2008** _____                Signature    **/s/ Ralph J. McCandless, III** _____
                                                            **Ralph J. McCandless, III**
                                                              **Assistant Treasurer**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
## District of Delaware

In re    **Smidth & Co.**             Case No. _____

                     Debtor(s)          Chapter    **11** _____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☒

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT          SOURCE

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $229,073.88 | 2006 - Interest on Note due from FLS US Holdings, Inc. |
| $251,861.58 | 2007 - Interest on Note due from FLS US Holdings, Inc. |

2

AMOUNT                    SOURCE
$38,133.60                Jan. & Feb. 2008 - Interest on Note due from FLS US Holdings, Inc.

### 3. Payments to creditors

None    *Complete a. or b., as appropriate, and c.*
☒

   a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None    b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days**
☐       immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Gordon & Rees, LLP<br>101 W. Broadway<br>Suite 2000<br>San Diego, CA 92101 | | $10,000.00 | $0.00 |

None    c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of
☒       creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
☐       this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Richard Dyhrman and Patricia Dyhrman v. Smidth & Co., et al.**<br>**Case No. RG07-355398** | **Personal Injury** | **Superior Court Of The State Of California For The City And County Of Alameda** | **Pending** |
| **Smith v. Allis Chalmers, et al.**<br>**Case No. BC374045** | **Personal Injury** | **Superior Court Of The State Of California For The County Of Los Angeles** | **Pending** |

3

None ☒   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 5. Repossessions, foreclosures and returns

None ☒   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None ☒   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None ☒   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None ☒   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

4

**9. Payments related to debt counseling or bankruptcy**

None
☐      List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **Lowenstein Sandler PC**<br>**65 Livingston Avenue**<br>**Roseland, NJ 07068** | | **$130,000.00** |
| **Cross & Simon, LLC**<br>**913 N. Market, 1st Floor**<br>**Wilmington, DE 19899** | | **$10,000.00** |

**10. Other transfers**

None
☒      a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

None
☒      b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND<br>VALUE OF PROPERTY OR DEBTOR'S INTEREST<br>IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
☒      List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE<br>OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
☒      List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK<br>OR OTHER DEPOSITORY | NAMES AND ADDRESSES<br>OF THOSE WITH ACCESS<br>TO BOX OR DEPOSITORY | DESCRIPTION<br>OF CONTENTS | DATE OF TRANSFER OR<br>SURRENDER, IF ANY |
|---|---|---|---|

5

### 13. Setoffs

None
☒   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None
☒   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15. Prior address of debtor

None
☒   If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

### 16. Spouses and Former Spouses

None
☒   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☐   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |
| **Real Property Formerly Owned By Debtor**<br>**23 Cherry Street**<br>**Lebanon, NJ** | **New Jersey Department of Environmental Protection**<br>**401 E. State St.**<br>**7th Floor, East Wing**<br>**Trenton, NJ  08625-0000** | **02/27/04** | **NJ Spill Act** |

6

None
☒
b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒
c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☒
a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
☒
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Ralph J. McCandless, III**<br>**Assistant Treasurer**<br>**2040 Avenue C**<br>**Bethlehem, PA 18017** | |

7

None ☒  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None ☒  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                              ADDRESS

None ☒  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                  DATE ISSUED

**20. Inventories**

None ☒  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

None ☒  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY |
| DATE OF INVENTORY | RECORDS |

**21 . Current Partners, Officers, Directors and Shareholders**

None ☒  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                  NATURE OF INTEREST                  PERCENTAGE OF INTEREST

None ☐  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **FLS US Holdings Inc.** | **Shareholder** | **Common Stock - 100%** |
| **Christian Jepsen** | **Chairman of the Board, President & CEO** | **0%** |
| **Timothy J. VanSyckle** | **Vice President, Chief Financial Officer & Secretary** | **0%** |
| **Ove Lars Jepsen** | **Vice President** | **0%** |
| **Kevin J. Chabin** | **Treasurer** | **0%** |
| **Ralph J. McCandless, III** | **Assistant Treasurer** | **0%** |
| **Mary Beth Bennicoff** | **Assistant Secretary** | **0%** |

8

### 22 . Former partners, officers, directors and shareholders

None ☒   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                          ADDRESS                          DATE OF WITHDRAWAL

None ☒   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                    DATE OF TERMINATION

### 23 . Withdrawals from a partnership or distributions by a corporation

None ☒   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                                                    AMOUNT OF MONEY
OF RECIPIENT,                    DATE AND PURPOSE                OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR          OF WITHDRAWAL                    VALUE OF PROPERTY

### 24. Tax Consolidation Group.

None ☐   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER (EIN)
**FLS US Holdings, Inc.**                     **51-0327149**

### 25. Pension Funds.

None ☒   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                          TAXPAYER IDENTIFICATION NUMBER (EIN)

9

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  __March 19, 2008__                              Signature  __/s/ Ralph J. McCandless, III__
                                                                   **Ralph J. McCandless, III**
                                                                   **Assistant Treasurer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**Exhibit C**

2/21 2:15

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:
ROBERT A. GREEN, CA Bar No. 216116
SIMON, EDDINS & GREENSTONE LLP
Long Beach, CA 90802
(562) 590-3400

STATE BAR NUMBER

ATTORNEY FOR (Name):

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 1 9 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
A.E. LaFLEUR-CLAYTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
BERNARD SMITH AND ALBERTA SMITH

DEFENDANT:
ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al.

**AMENDMENT TO COMPLAINT**
**(Fictitious /Incorrect Name)**

CASE NUMBER:
BC 374045

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 8

and having discovered the true name of the defendant to be:
TRUE NAME
FL Smidth & Co. a/k/a Smidth & Co.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 2-13-08 | JENNIFER BARTLETT | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:
INCORRECT NAME

and having discovered the true name of the defendant to be:
TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIS CHALMERS CORPORATION PRODUCT LIABILITY
TRUST(sued individually and as successor-in-interest
to ALLIS-CHALMERS CORPORATION);
BONDEX INTERNATIONAL, INC.;
BORG-WARNER MORSE TEC INC. (sued individually and as
successor-in-interest to BORG-WARNER CORPORATION);
(See attached Defendants list)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BERNARD SMITH and ALBERTA SMITH

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 1 0 2007

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
**EDUARDO CHANES**

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of the State of California 111 N. Hill St. Los Angeles, CA 90012 Central | CASE NUMBER: *(Número del Caso):* **BC374045** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JENNIFER L. BARTLETT, SBN 183154          (562) 590-3400
SIMON, EDDINS & GREENSTONE, LLP
301 E. Ocean Blvd., Ste. 1950
Long Beach, CA 90802

DATE: **JUL 1 0 2007**    John A. Clarke    Clerk, by _____ EDUARDO CHANES _____, Deputy
*(Fecha)*                        *(Secretario)*                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doe 8 FL Smith & Co alk/a Smith & Co
3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

SUM-200(A)

| SHORT TITLE:  SMITH v. ALLIS CHALMERS, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔  This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔  If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box.  Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BUFFALO PUMPS, INC. (sued individually and as successor-in-interest to BUFFALO FORGE);
DAP, INC.;
ELEMENTIS CHEMICALS, INC.;
FLSMIDTH INC.;
FORD MOTOR COMPANY;
FULLER ENGINEERING COMPANY, LLC.;
GARDNER DENVER INC.;
GARLOCK SEALING TECHNOLOGIES, LLC (sued individually and as successor-in-interest to GARLOCK, INC.);
GENERAL MOTORS CORPORATION;
H&E DO IT YOURSELF CENTER;
HAMON RESEARCH-COTTRELL, INC.;
HONEYWELL INTERNATIONAL (sued individually and as successor-in-interest to and BENDIX CORPORATION);
INGERSOLL-RAND COMPANY;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
REXNORD INDUSTRIES, LLC.;
RPM, INC. (sued individually and as successor-in-interest to BONDEX INTERNATIONAL, INC.);
RPM INTERNATIONAL, INC. (sued individually and as successor-in-interest to RPM, INC.);
T H AGRICULTURE & NUTRITION, LLC (sued individually and as successor-in-interest to THOMPSON-HAYWARD CHEMICAL);
UNION CARBIDE CORPORATION;
W.L. GORE & ASSOCIATES, INC.
and DOES 1-450 INCLUSIVE,

Page _____ of _____
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

**Exhibit D**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, telephone number, and attorney State Bar number):*<br>ANNA M. COSTA, ESQ. [SBN 203741]<br>LEVIN SIMES KAISER & GORNICK LLP<br>44 MONTGOMERY STREET<br>36TH FLOOR<br>SAN FRANCISCO, CA 94104<br>(415)646-7160<br>ATTORNEY FOR *(Name):*  RICHARD DYHRMAN AND PATRICIA DYHRMAN | *Reserved for Clerk's File Stamp* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

COURT ADDRESS  1225 FALLON STREET

OAKLAND, CA 94612

PLAINTIFF  RICHARD DYHRMAN AND PATRICIA DYHRMAN

DEFENDANT  A.W. CHESTERTON COMPANY, ET AL.

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

FEB 2 0 2008

CLERK OF THE SUPERIOR COURT
By C. Halcrombe
Deputy

| | |
|---|---|
| **AMENDMENT TO COMPLAINT**<br>**(Fictitious/Incorrect Name)** | CASE NUMBER<br>RG 07 355398 |

☒ **FICTITIOUS NAME** *(No order required)*

Upon filing the complaint in this case, the plaintiff, being ignorant of the true name of a defendant and having designated the defendant in the complaint by the fictitious name of:  Doe 11

and having discovered the defendant's true name to be:  SMIDTH & CO., FORMERLY KNOWN AS F.L. SMIDTH & CO.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

and having discovered the true name of the defendant to be:

amends the complaint by inserting the true name for the incorrect name wherever it appears in the complaint.

| DATE<br>February 19, 2008 | TYPE OR PRINT NAME<br>Anna M. Costa | SIGNATURE<br>► |
|---|---|---|

**ORDER**

THE COURT ORDERS the amendment approved and filed.

Date: _____

_____

☐ Judge    ☐ Commissioner

**AMENDMENT TO COMPLAINT**
**(Fictitious/Incorrect Name)**
C.C.P. §§471.5, 472, 473, 474
AL-001

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Bankruptcy Case No. 08-10516 (KG) |
| SMIDTH & CO., | |
|  | District Court Misc. Docket No.: |
| Debtor. | |

### ORDER GRANTING MOTION OF SMIDTH & CO. TO TRANSFER PENDING LITIGATION INVOLVING PERSONAL INJURY CLAIMS PURSUANT TO 28 U.S.C. § 157 (b)(5)

This matter having been opened to the Court on the Motion of Smidth & Co. the above-captioned debtor and debtor-in-possession (the "Debtor"), through its counsel, Lowenstein Sandler PC and Cross & Simon, LLC, seeking to transfer personal injury claims and causes of action to this Court, pursuant to 28 U.S.C. § 157(b)(5) (the "Motion"); and the Court having considered the memorandum of law in support of the Motion, and any papers filed in opposition to the Motion to transfer; and the Court having further heard oral argument and for good cause having been shown,

It is on this _____ day of _____ , 2008

**ORDERED,** as follows:

1.	The Motion is granted in its entirety.

2.	The Personal Injury Actions listed on attached Exhibit A and Exhibit B be, and hereby are, transferred to the United States District Court for the District of Delaware.

3.	The Clerk of the  Superior Court of California, Los Angeles County is directed to transfer the case listed on Exhibit A to the Clerk of this Court.

4.	The Clerk of the Superior Court of California, Alameda County  is directed to transfer the case listed on Exhibit B to the Clerk of this Court.

_____
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

Smith v. Allis Chalmers, et al.
Case No. BC-374045

## **EXHIBIT B**

<u>Dyhrman v. A.W. Chesterton, et al.</u>
Case No. RG07-355398

## CERTIFICATE OF SERVICE

I, Christopher P. Simon, hereby certify that on this 25th day of April, 2008, I caused copies of the **Motion of Debtor to Transfer Pending Litigation Involving Personal Injury Claims Pursuant to 28 U.S.C. § 157(b)(5) and Brief in Support of Motion of Smidth & Co. to Transfer Pending Litigation Involving Personal Injury Claims Pursuant to 28 U.S.C. § 157(b)(5)** to be served on the parties on the attached list by U.S. Mail or otherwise indicated.

_/s/ Christopher P. Simon_____
Christopher P. Simon (No. 3697)

**VIA HAND DELIVERY**
David Klauder, Esquire
*U.S. Trustee*
Office of the United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

---

Delaware Division of Revenue
Attn:  Bankruptcy Administrator
820 N. French Street - 8th Floor
Wilmington, DE 19801

Richard Dyhrman
c/o Levin, Simes, Kaiser & Gornick
Attn: Anna Costa
44 Montgomery St., 36th Floor
San Francisco, CA 94104

NJ Dept of Environmental Protection
Attn:  Nadine Drake
401 E. State St.
7th Floor, East Wing
Trenton, NJ 08625

Smith, Bernard & Alberta
c/o Simon, Eddins & Greenstone, LLP
Attn:  Jennifer L. Burtlett, Esq.
301 E. Ocean Blvd. Suite 1950
Long Beach, CA 90802

CSC Lawyers
PO Box 526036
Sacramento, CA 95852

John Shaffery
Charles W, Jenkins
B. Christine Park
Poole & Shaffery
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071

David M. Glaspy
Brian S. O'Mailey
Law Offices of Glaspy & Glaspy, Inc
100 Pringle Avenue, Suite 750
Walnut Creek, California 94596

Eugene Brown, Jr.
Amee A. Milcacich
Filice Brown Eassa & McLeod LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612

Kenneth B. Prindle
Thomas A. Steig
Prindle, Decker & Amaro, LLP
369 Pine Street, Suite 800
San Francisco, CA 94104

David T Biderman
Brien K McMahon
Perkins Coie LLP
620 26th Street
6th Floor, South Tower
Santa Monica, CA 90404

Michael J. Pietrykoski
Gordon & Rees
275 Battery Street, Suite 2000
San Francisco, CA 94111

Stephen M. Nichols
Heather L. Nicoletti
Julia C, Martinesco
Walsworth, Franklin, Bevins & McCall,
LLP
1 City Blvd West, 5th Floor
Orange, CA 92868

Steven B. Knott
Guy P. Glazier
Knott & Glazier
601 South Figueroa Street, Suite 4200
Los Angeles, CA 90017

Steven M. Mitchel
Booth, Mitchel & Strange LLP
707 Wilshire Blvd., Suite 4450
Los Angeles, CA 90017-3617

Gabriel A. Jackson
C.J. Manoli
Jackson & Wallace LLP
55 Francisco Street, 6th Floor
San Francisco, CA 94l33

Mark D. Sayre
Jackson & Wallace LLP
14724 Ventura Blvd., Suite 1210
Sherman Oaks, California 91403

William H. Armstrong
Lisa A. Sapcoe
Armstrong & Associates
One Kaiser Plaza, Suite 625
Oakland, CA 94612

Peter A. Dubrawski
Samuel O Follis
Haight Brown & Bonesteel LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045

William S. Sayers
Farah S. Nicol
Margaret Johnson
McKenna Long & Aldridge LLP
444 South Flower Street, 8th Floor
Los Angeles, California 90071-2901

Ron C. Eddins
Jennifer L. Bartlett
Robert A. Green
Simon Eddins & Greenstone, LLP
301 E. Ocean Blvd., Suite 1950
Long Beach, California  90802

Berry & Berry
P.O. Box 16070
Oakland, CA 94610

Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94104

Burnham Brown
1901 Harrison Street, 11th Floor
Oakland, CA 94612-3501

Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA 02110-3536

Drath Clifford Murphy Wennerholm &
Hagen LLP
ATTN: John M. Drath
1999 Harrison Street, Suite 1900
Oakland, CA 94612

Haight Brown & Bonesteel
71 Stevenson Street, 20th Floor
San Francisco, CA 94105

Hassard Bonnington LLP
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111

Herr & Zappala LLP
152 N. 3rd Street, Suite 500
San Jose, CA 95112

Kasowitz Benson Torres & Friedman
101 California Street, Suite 2050
San Francisco, CA 94111

Knox Ricksen LLP
1300 Clay Street, Suite 500
Oakland, CA 94612

McKenna Long & Aldridge, LLP
101 California Street, 41st Floor
San Francisco, CA 94111

Perkins Cole LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111

Prindle Decker & Amaro
369 Pine Street, Suite 800
San Francisco, CA 94104

Sedgwick Detert Moran & Arnold
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Vasquez & Estrada
1000 Fourth Street, Suite 700
San Rafael, CA 94901

Wilson Elser Moskowitz Edelman &
Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA 94105

BP Products North America Inc.
c/o Corporation Service Company
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Earth Tech, Inc.
c/o CT Corporation System
818 West 7th Street
Los Angeles, CA 90017

ICF Kaiser International Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Kaiser Engineers and Constructors, Inc.
c/o CSC Services of Nevada, Inc.
502 East John Street
Carson City, NV 89706

Kaiser Ventures, Inc.
c/o Terry L. Cook
3633 E. Inland Empire Blvd., Suite 850
Ontario, CA 91764

Kaiser Ventures, LLC
c/o Terry L. Cook
3633 E. Inland Empire Blvd., Suite 850
Ontario, CA 91764

National Oilwell Vargo, Inc.
c/o Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801