IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHOK V. SHAH,            )<br>                                          )<br>          Plaintiff,              )<br>                                          )<br>     v.                                 )<br>                                          )<br>ADECCO,                         )<br>                                          )<br>          Defendant.         ) | C.A. No. _____ |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF DELAWARE

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, Defendant Adecco USA, Inc. ("Adecco" or "Defendant"), with full reservation of all rights and defenses, hereby removes the above-captioned action from the Superior Court of the State of Delaware in and for New Castle County, to the United States District Court for the District of Delaware. In support of removal, Defendant alleges as follows:

### Basis for Removal Jurisdiction

1.  This action is a civil action of which this Court has original jurisdiction under 29 U.S.C. § 1001 et seq, and is one that may be removed to this Court as a matter of right by Defendant pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action alleging national origin discrimination, arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq , and therefore invoking this Court's original jurisdiction.

2.  The Complaint, filed by Plaintiff *pro se*, alleges that Plaintiff's employment with Adecco was terminated due to his national origin (Indian), in violation of Title VII. Plaintiff's claim is therefore properly subject to federal question jurisdiction. As required by 28 U.S.C.

§ 1446(a), copies of the process, the Complaint, and all other documents filed by Plaintiff in the Superior Court are attached hereto as Exhibit 1.

### Timeliness of Removal

3. Adecco was served with the summons and complaint on March 31, 2008. This Notice of Removal is filed within thirty (30) days of that receipt and is thus timely filed under 28 U.S.C. § 1446(b).

### Joinder of All Defendants in Removal

4. Adecco is the only named defendant.

### Notice to the Superior Court

5. A true and correct copy of this Notice of Removal has been contemporaneously filed with the Superior Court in New Castle County, and copies have been served upon Plaintiff.

6. No prior application for the same or similar relief has been made to this or to any other court.

WHEREFORE, Defendant Adecco USA, Inc. respectfully requests that this action now pending in the Superior Court of the State of Delaware in and for New Castle County be removed therefrom to this Court, and that this action be placed upon the docket of this Court for further proceedings, as though this action originally had been instituted in this Court.

POTTER ANDERSON & CORROON LLP

By: _____
Jennifer Gimler Brady (I.D. 2874)
Sarah E. DiLuzio (I.D. 4085)
1313 North Market Street, P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
jbrady@potteranderson.com
sdiluzio@potteranderson.com
*Attorneys for Defendant Adecco USA, Inc.*

Dated: April 29, 2008

# EXHIBIT 1

03/31/2008  14:38   3023249355                    ADECCO                          PAGE  02/07

SUMMONS

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

ASHOK V. SHAH, )
P.O. Box 1182 )
NEW CASTLE, DE-19720 )
) C.A. No. 07C-07-251 WCC
)
)
)         Plaintiff, )
v. )
)
ADECCO )
2 READ'S WAY, SUITE 115 )   SUMMONS
NEW CASTLE, DE-19720 )
)
                    Defendant. )

THE STATE OF DELAWARE,

TO THE SHERIFF OF **NEW CASTLE** COUNTY:

YOU ARE COMMANDED:

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon **ASHOK V. SHAH**, whose address is **P.O. Box 1182, NEW CASTLE DE-19720**, plaintiff's attorney, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: **3/26/08**

SHARON AGNEW
PROTHONOTARY

Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

SHARON AGNEW
PROTHONOTARY

Per Deputy

| | |
|---|---|
| vs. ADECCO<br>2 READ'S WAY, SUITE 115<br>NEW CASTLE, DE-19720 | (CERTIFICATE OF VAL[IDITY] MAY BE REQUIRED)<br>Arbitration ___ Mediation ___ Neutral Assessment ___<br>DEFENDANT (CIRCLE ONE)  ACCEPT  REJECT<br>JURY DEMAND  YES ___  NO  X<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>EXPEDITED  STANDARD  COMPLEX |
| ATTORNEY NAME(S): PLAINTIFF<br>SELF-REPRESENTING<br>ASHOK V. SHAH<br>ATTORNEY ID(S): Self-Representing (2)<br>ASHOK V. SHAH,<br>FIRM NAME: SELF REPRESENTING<br>ASHOK V. SHAH,<br>ADDRESS: P.O. Box 1182<br>NEW CASTLE, DE-19720<br>TELEPHONE NUMBER:<br>302-369-3657<br>FAX NUMBER:<br>E-MAIL ADDRESS: | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br>Civil Action No. 07C-05-271 WCC<br>ASHOK SHAH VS. NANCY PINGITORE<br>Civil Action No. 07C-05-270 WCC<br>ASHOK SHAH VS. BANK OF AMERICA<br>EXPLAIN THE RELATIONSHIP(S): for (1) above<br>Ms. NANCY PINGITORE have filed DISHONEST COMPLAINT & have made BAD FAITH ACCUSATIONS.<br>for (2) Above: On 12-04-2006 I started working (as temporary employee) at Bank of America through ADECCO temporary Agency. I was terminated due to the Discrimination.<br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br>The Harassment by Ms. Nancy Pingitore reported to POLICE.<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9/2003

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
## INSTRUCTIONS

**CIVIL CASE TYPE**
Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement.

**APPEALS**
AADM- Administrative Agency
ACER - Certiorari
ACCP - Court of Common Pleas
AIAB - Industrial Accident Board
APSC - Public Service Commission
AUIB - Unemployment Insurance Appeal Board

**COMPLAINTS**
CASB - Asbestos
CAAA - Auto Arb Appeal *
CBEN - Benzene Cases *
CMIS - Civil Miscellaneous
CACT - Class Action
CCON - Condemnation
CDBT - Debt/Breach of Contract *
CDEJ - Declaratory Judgment
CDEF - Defamation *
CEJM - Ejectment
CATT - Foreign & Domestic Attachment
CFJG - Foreign Judgment *
CFRD - Fraud Enforcement
CINT - Interpleader
CLEM - Lemon Law *
CLIB - Libel *
CMAL - Malpractice *
CPIN - Personal Injury *
CPIA - Personal Injury Auto *
CPRL - Products Liability *
CPRD - Property Damage *
CRPV - Replevin
CSER - Seroquel Cases *
CSBI - Silicone Breast Implant
CSPD - Summary Proceedings Dispute
CTAX - Tax Appeal
CCCP - Transfer from CCP *
CCHA - Transfer from Chancery *

**INVOLUNTARY COMMITMENTS**
INVC- Involuntary Commitment

**MISCELLANEOUS**
MAFF - Application for Forfeiture
MAAT - Appointment of Attorney
MGAR - Appointment of Guardianship
MCED - Cease and Desist Order
MCON - Civil Contempt/Caplas
MCVP - Civil Penalty
MSOJ - Compel Satisfaction of Judgment
MCRO - Complaint Requesting Order
MCTO - Consent Order
MIND - Destruction of Indicia of Arrest
MHAC - Habeas Corpus
MTOX - Hazardous Substance Cleanup
MFOR - Intercept of Forfeited Money
MISS - Issuance of Subpoena/Material Witness
MMAN - Mandamus
MOUT - Out of State Deposition
MROP - Petition for Return of Property
MROD - Road Resolution
MSAM - Satisfy Mortgage
MSEL - Sell Real Estate for Property Tax
MSEM - Set Aside Satisfaction of Mortgage
MSSS - Set Aside Sheriff's Sale
MSET - Structured Settlement
MTAX - Tax Ditches
MREF - Tax Intercept
MLAG - Tax Lagoons
MVAC - Vacate Public Road
MPOS - Writ of Possession
MPRO - Writ of Prohibition

**MORTGAGES**
MORT - Mortgage

**MECHANICS LIENS**
LIEN - Mechanics Lien *

\* **Case types subject to Rule 16.1 - Alternative Dispute Resolution**

**DUTY OF THE PLAINTIFF**
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the complaint.

**DUTY OF THE DEFENDANT**
Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

Revised 2/2006

03/31/2008 14:38   3023249355                    ADECCO                          PAGE 04/07

#682
Patty Pastor

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Ashok V. Shah
P.O.Box 1182
New Castle, DE-19720
Phone: Home (302) 369-3657

07C-07-251 WCC

VS.

**ADECCO**
2 READ'S WAY, SUITE 115
NEW CASTLE, DE-19720

07/27/2007

## TO WHOMSOEVER IT MAY IT MAY CONCERN

(1) MY PROTECTED CLASS EAST INDIAN NATIONAL ORIGIN (INDIA), RELIGION(HINDUISM), AGE 53 YEARS

(2) DATES DISCRIMINATION TOOK PLACE:
12/04/2006

(3) **BRIEF STATEMENT OF THE ALLEGATIONS**:

I STARTED WORKING FOR BANK OF AMERICA ON 12/04/2006 AS TEMPORARY EMPLOYEE OF "ADECCO". I WAS TERMINATED ON THE FIRST DAY OF ASSIGNMENT & I WAS REMOVED FROM THE PREMISES.

MY CO-WORKER AT MBNA BANK HAVE FILED DISHONEST COMPLAINT AND HAVE MADE BAD FAITH ACCUSATIONS. HARASSMENT BY HER HAVE BEEN REPORTED TO THE POLICE.

I have filed the charges of Discrimination against ADECCO with STATE OF DELAWARE DEPARTMENT OF LABOR, DIVISION OF INDUSTRIAL AFFAIRS, P.O.BOX 9954, WILMINGTON, DE-19809-9954, **CASE NO. 07010007W**, FOR THIS I RECEIVED FINAL DETERMINATION AND RIGHT TO SUE LETTER DATED 04/30/2007.

(4) Conclusion, I believe that ADECCO terminated me due to National Origin (India).

**Applicable law(s): Title VII of the Civil Rights Act of 1964, Delaware Discrimination Employment Act.**

(5) I AM U.S. CITIZEN. DUE TO THE DISCRIMINATION I LOST SALARY FOR ANOTHER 18 YEARS, ASSUMING THE RETIRING AGE OF 70 YEARS. $ 1,440,000 (ONE MILLION FOUR HUNDRED FORTY THOUSAND U.S. DOLLARS), i.e. 18 years multiply by $80,000.00.

I BELIEVE PENALTY FOR THIS DISCRIMINATION SHOULD AT LEAST $1000,000,000(ONE BILLION U.S.DOLLARS).

(6) I DON'T HAVE MONEY TO HIRE ANY LAWYER. I DON'T KNOW THE PERFECT PROCEDURE TO FILE THE LAW SUIT.

(7) MY OCCUPATION IS ACCOUNTANT. I AM CHARTERED ACCOUNTANT FROM INDIA & CERTIFIED FINANCIAL CONSULTANT U.S.A. & CANADA.

GOD BLESS U.S.A.

THANK YOU.

SINCERELY,

*[signature]*

ASHOK V. SHAH

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM**

Case No. 07010007W

Ashok V. Shah
P.O. Box 1182
New Castle, DE 19720

vs.

ADECCO
2 Reads Way,
New Castle, DE 19720

**FINAL DETERMINATION AND RIGHT TO SUE NOTICE**

Pursuant to 19 Del. C. § 710, et seq., the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

*In this Charge of Discrimination, the Charging Party bears the burden to prove his allegations by a preponderance of the evidence. In this matter, he alleges he was discriminated against because of his National Origin (India). The Charging Party specifically contends that he was discharged from an assignment as a contract employee on the first day of the assignment. The Respondent denies these allegations. They contend the contracting employer removed the Charging Party from their premises due to previous issues where the Charging Party was accused of harassing and stalking a coworker. This contracting employer requested the Respondent immediately discontinue the Charging Party's assignment. The information submitted by both parties in this matter tends to support the Respondent's stated position that the Charging Party's National Origin was not the motivating factor for ending his assignment. As such, this No Cause Determination follows.*

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

4/30/07
Date issued

For JKC, [signature], Supervisor
Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_DDOL_C-12-NC - No Cause Determ_DOC: 3/06

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

**§ 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.**

(a) A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b) The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c) The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1. If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2. If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3. Requests to the EEOC should be sent to:

   Equal Employment Opportunity Commission
   The Bourse, Suite 400
   21 S. Fifth Street
   Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N Market St., Wilmington, DE 19802*

17C_DDOL_C-13 Notice of Rights_DOC : 3/06

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify this 29th day of April, 2008, that the foregoing **NOTICE OF REMOVAL** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and two (2) copies were served on the following in the manner indicated:

**FIRST CLASS U.S. MAIL (postage prepaid)**
Ashok V. Shah, *pro se*
P.O. Box 1182
New Castle, DE 19720

*/s/ Sarah E. DiLuzio*
Sarah E. DiLuzio (Del. Bar 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
sdiluzio@potteranderson.com - Email

*Attorneys for Defendant ADECCO USA, Inc.*

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ASHOK V. SHAH, pro se

## DEFENDANTS
ADECCO

**(b)** County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
Jennifer Gimler Brady, Esq. (Del. Bar 2874)
Sarah E. DiLuzio, Esq. (Del. Bar 4085)
POTTER ANDERSON & CORROON LLP
P.O. Box 951, Wilmington, DE 19899-0951

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 442 Employment

## V. ORIGIN
[X] 2 Removed from State Court

## VI. CAUSE OF ACTION
Employment Discrimination pursuant to 42 U.S.C. Section 2000e, et seq.

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] No

## VIII. RELATED CASE(S) IF ANY
JUDGE: The Hon. Sue L. Robinson
DOCKET NUMBER: 07-CV-00554-SLR

DATE: 04/29/2008
SIGNATURE OF ATTORNEY OF RECORD: Sarah E. DiLuzio

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.