UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT ENO,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WILMINGTON, a municipal government<br><br>    Defendant. | ) Civil Action No.:<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. The claims set forth herein arise and are instituted pursuant to 42 U.S.C. §1983 to redress the deprivation by the defendant, acting under color of City code and/or state law, of rights, privileges and immunities secured to the plaintiff by the Fourteenth Amendment of the Constitution of the United States and in violation of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

3. Venue lies in this District pursuant to 28 U.S.C § 1391.

4. The acts alleged herein were committed within the State of Delaware.

## THE PARTIES

5. The plaintiff, Robert Eno is a citizen of the United States and is a resident of New Castle County, State of Delaware.

6. Defendant City of Wilmington (the "City") is a municipal government existing under the laws of the State of Delaware pursuant to 40 Del. Laws, Chapter 179 as amended by 46 Del. Laws, Chapter 236 as within City Code of the City of Wilmington, Article I, §1-100.

7. At all times relevant herein, plaintiff was employed as a police officer by defendant.

## FACTS

8. Plaintiff Robert Eno was hired by defendant on July 5, 2005. Plaintiff was continually employed by the defendant until November 6, 2007 when his employment was abruptly terminated.

9. During his employment, plaintiff attended the Wilmington Police Academy from July 5, 2005 until December 16, 2005. In order to retain his employment as a Wilmington Police Officer, plaintiff would have to successfully complete an eighteen-month probation period. Plaintiff successfully completed his six month and one year probation period.

10. On November 12, 2006, plaintiff was involved in a police pursuit that ended with a physical struggle with a suspect. As a result, an internal investigation was initiated by the Wilmington Police Department.

11. In late December 2006, just prior to the end of plaintiff's last six month probation period, a probation report critical of plaintiff was apparently submitted by a police supervisor. On January 12, 2007, plaintiff was assigned to in-house administrative duty with restrictions.

12. Chief of Police Michael Szczerba then convened a probation status hearing on January 31, 2007. Plaintiff's attorney was not permitted to cross-examine witnesses at the hearing. The hearing did not conform to the hearing requirements provided by statute in 11 Del. C. § 9200-9209 and/or the Wilmington Police policies.

13. Following the hearing, the Chief indicated that he would issue a decision after reviewing the documents submitted. No further information followed.

14. On May 11, 2007, plaintiff was interviewed by the Police Professional Standards Division regarding the police pursuit incident. No information was conveyed to plaintiff regarding the results of that investigation.

15. As of mid-September, approximately eight months after the probation hearing, no decision on plaintiff's probation had been rendered and plaintiff was still confined to the

in-house administrative duty. As a result, plaintiff submitted a letter to Chief Szczerba, requesting a decision on his probation. No decision was rendered. In late October, approximately nine months after the probation hearing, plaintiff's attorney met with an attorney of the City's Law Department, in a further attempt to obtain a determination of plaintiff's probation status.

16. During the discussion, the City's attorney casually mentioned that the attorneys would next see each other at plaintiff's Trial Board (an administrative discipline hearing), scheduled for the following week. Further discussion with the City's attorney indicated that it was his belief that the Trial Board was scheduled for November 8, 2007. As of that date in late October, plaintiff had not been informed that the discipline investigation had been completed, had not been informed that a Trial Board Hearing had been scheduled, and had not been served with the necessary Notice of Hearing nor the discipline charge documents.

17. Two days before the scheduled hearing, plaintiff's counsel contacted the case investigator from the Professional Standards Division to inquire if a Trial Board Hearing was actually being held. When informed that a hearing was in fact scheduled for November 8th, the investigator was informed that plaintiff had not received notice of the hearing nor served with the charge documents. Upon review, the investigator confirmed that plaintiff had not been notified nor served.

18. The failure to timely serve plaintiff with the charging documents and notice of the hearing creates a violation of the Delaware Law Enforcement Officers Bill of Rights ("LEOBOR"), 11 Del. C. § 9200-9209, which provides that a police officer must be notified of the specific charges brought against him and have a hearing within 30 days of the completion of the discipline investigation. The Wilmington Police policies essentially mirror the state statute on that issue. Plaintiff's counsel informed the investigator that

plaintiff would seek to have all charges dismissed because of the LEOBOR and police policies violations.

19. A rushed effort was then made by Professional Standards Division to serve plaintiff with the charging documents. However, shortly after verbal arrangements for service were made, plaintiff was notified to respond to the Police Human Resources Division, where he was informed that the Police Chief had made his decision on the probation review and that plaintiff's employment was immediately terminated by order of the Chief. As a result, the Police Department cancelled the Trial Board hearing.

20. Due to defendant's wrongful conduct, plaintiff suffers from a loss of his employment, loss of income, loss of job satisfaction, and loss of job status.

21. As a result of the acts of deprivation of procedural due process and undue delay, plaintiff has suffered financial harm, emotional harm, humiliation, embarrassment and damage to his professional reputation.

22. During the administrative duty assignment, plaintiff was deprived of the ability to work overtime, ability to work regular job assignments, and denied the actual work experience that factors into future job assignments, promotions, and transfers.

23. Defendant's acts of deprivation of property interest in employment and unreasonable delay in rendering a decision regarding plaintiff's probation status were performed with deliberate indifference to plaintiff's protected civil rights.

## COUNT I: DEPRIVATION OF DUE PROCESS

24. Plaintiff realleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. By virtue of plaintiff's employment with the Wilmington Police Department (and thereby defendant City of Wilmington) from July 5, 2005 through November 6, 2006 and the auspices of the collective bargaining agreement between the City and its police officers, the plaintiff had an expectation of continued employment with the Wilmington Police Department.

26. The aforesaid expectation of continued employment amounts to a property interest which exists under the laws of the State of Delaware and is subject to the protections afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

27. The actions of the defendant as set forth in Paragraphs 1 through 23 above amounted to a deprivation of the plaintiff's property right to continued employment in violation of the plaintiff's right to procedural due process under the Fourteenth Amendment of the Constitution, which is actionable under 42 U.S.C. § 1983.

28. Plaintiff specifically alleges defendant acted with deliberate indifference and callous disregard of plaintiff's constitutional rights and under color of state law, restricted plaintiff's ability to examine witnesses and comply with the LEOBOR and police department policies at the probation review hearing, in violation of the Fourteenth Amendment of the United States Constitution and of 42 U.S.C. § 1983.

29. As a direct and proximate result of said acts of defendant, plaintiff has suffered, and continues to suffer, loss of employment opportunities, loss of income, loss of other employment benefits and has suffered and continues to suffer, distress, humiliation, great expense, embarrassment, and damages to his reputation.

**WHEREFORE** plaintiff seeks judgment against defendant City of Wilmington for compensatory and special damages, all costs, fees, and expenses, including attorney's fees, interest, and such other relief as deemed appropriate.

### COUNT II: WRONGFUL TERMINATION

30. Plaintiff realleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. By January 12, 2007, plaintiff had already completed his eighteen-month probationary period without notice of any adverse action regarding his status.

32. Plaintiff's employment probation status lapsed through the passage of time.

33. Following the January 31, 2007 Probation Hearing, plaintiff made several efforts to have the defendant issue a decision about his probationary status. These efforts by plaintiff were unsuccessful.

34. Plaintiff specifically alleges that defendant was under a duty to render a decision regarding the plaintiff's probationary status in a timely manner, that the defendant failed to render a decision within a reasonable time, and that the failure to render a timely decision precluded the employment termination on grounds that were moot based on the passage of time.

35. Directive 8.11 Section B of the Wilmington Police Officer Manual states that "[p]robation is the initial period of employment covering the first 18 months . . . *during this period* of time, the employee can be dismissed by administrative hearing of the Chief of Police."

36. Plaintiff was not dismissed as a result of a probation status hearing within the first eighteen months of his employment. Thus, the Chief of Police terminated plaintiff's employment in excess of his jurisdiction and/or without compliance with the

requirements of the Delaware Law Enforcement Officers' Bill of Rights, 11 <u>Del. C.</u> § 9200 et seq. and the police department policies.

37. Plaintiff has been prejudiced as follows:

   (a) By the loss of his categorical position, in that the other members of his Police Academy Class have worked the normal patrol job assignments, have been permitted to work discretionary overtime, permitted to work off-duty pay jobs, gained valuable job knowledge and the ability to develop skills that will provide them opportunities in the future to gain transfers, career development positions, and promotions well in advance of plaintiff;

   (b) By a reduction in his work skills, by the loss of practical police experience while being restricted to an administrative duty assignment; and the resulting decrease in his job knowledge, experience and reputation;

   (c) By the loss of economic benefits, including wages, caused by the unreasonable delay in deciding his probation status.

38. As a direct and proximate result of said acts of defendant, plaintiff has suffered and continues to suffer, loss of employment opportunities, loss of income, loss of other employment benefits, distress, humiliation, personal expense, embarrassment and damage to his reputation.

**WHEREFORE** plaintiff seeks judgment against defendant City of Wilmington for appropriate back pay with pre-judgment interest, in amounts to be determined at trial, compensatory damages, all costs, fees, and expenses, including attorney's fees, interest and such other relief as deemed appropriate.

## **COUNT III: PRETEXTUAL TERMINATION**

39. Plaintiff realleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Defendant City of Wilmington, by and through its authorized agents, servants, and employees, permitted and encouraged the termination of plaintiff in violation of the City of Wilmington Police Department's policies and State statute.

41. City of Wilmington Police Department's policies and Delaware LEOBOR statute require that within thirty days of the completion of a disciplinary investigation, an officer must be served with charges and a disciplinary hearing held.

42. The actions of the defendant violated the Police Department policies and the LEOBOR statute. Specifically:

    (a) As of October 25, 2007, the City Law Department was aware that a disciplinary hearing was to take place on November 8, 2007 and that plaintiff had not been notified of the hearing nor served with the charge documents;

    (b) As of November 6, 2007, the Wilmington Police Department was aware that a disciplinary hearing was to take place on November 8, 2007 and that plaintiff had not been notified of the hearing nor served with charge documents;

    (c) As of November 6, 2007, the Wilmington Police Department was aware that its failure to notify plaintiff of the hearing and serve him with charge documents and then conduct a hearing within thirty days of the conclusion of the investigation would likely result in a violation of plaintiff's federal and state rights, as well as a violation of its own policies;

    (d) As a result of this knowledge, defendant immediately took action to terminate plaintiff for the probation issue, in order to circumvent the federal, state and police policy violations;

    (e) Defendant had a duty to notify plaintiff of the discipline hearing, serve him with the charge documents and then hold the hearing within 30 days of the conclusion of the investigation and failed to do so, thereby violating his rights. The hurried

      termination for the probation matter was simply a pretext to avoid the implications of their errors in the discipline matter.

43. Defendant City of Wilmington unlawfully, intentionally, and knowingly, terminated plaintiff from his police employment in a desperate attempt to avoid the penalties associated with defendant's failure to comply with the Wilmington Police Department's policies, violation of a state statute and violation of plaintiff's federal and state rights.

**WHEREFORE**, plaintiff seeks judgment against defendant City of Wilmington for compensatory damages, all costs, fees, and expenses, including attorney's fees, interest, and such other relief as deemed appropriate.

                                               RONALD STONER, P.A.

                                         */s/ Ronald Stoner*
                                         Ronald Stoner, Esq. DE 2818
                                         Attorney for Plaintiff
                                         1107 Polly Drummond Plaza
                                         Newark, DE 19711
                                         (302) 369-6400

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ENO, ROBERT

**DEFENDANTS**
CITY OF WILMINGTON

**(b)** County of Residence of First Listed Plaintiff: NEW CASTLE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: NEW CASTLE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
RONALD STONER, ESQ.
1107 POLLY DRUMMOND PLAZA
NEWARK, DE 19711 (302) 369-6400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. SECTION 1983

Brief description of cause: DEPRIVATION OF PLAINTIFF'S PROPERTY RIGHT TO CONTINUED EMPLOYMENT IN VIOLATION OF THE 14TH AMENDMENT DUE PROCESS CLAUSE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT ENO, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CITY OF WILMINGTON, a municipal | ) | |
| | ) | |
| government | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER
OF SERVICE OF SUMMONS**

TO: City of Wilmington
    800 N. French Street
    Wilmington, DE. 19801

      A lawsuit has been commenced against you, as shown above. A copy of the Complaint is attached to this Notice. The lawsuit has been filed in the United States District Court for the District of Delaware and has been assigned Docket No.

This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and a copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the Waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. Enclosed is a stamped self-addressed envelope for your use. An extra copy of the Waiver is also enclosed for your records.

If you comply with this request and return the signed waiver, it will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the Complaint before 60 days from the date designated below as the date on which this Notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the Court to require the party on whose behalf you are addressed to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff by First Class Mail this 1st day of May 2008.

    */s/ Ronald Stoner,* DE. 2818
RONALD STONER, P.A.
1107 Drummond Plaza
Newark, DE. 19711
302-369-6400
302-369-6800 (Fax)
E-mail: RonStonerEsq@aol.com
Attorney for Plaintiff