# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE INSURANCE HOUSE, INC.,<br>a Georgia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE DATA PROCESSING, INC.,<br>a Pennsylvania Corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MISC. No. _____<br><br>Northern District of Georgia<br>Case No. 1:07-CV-00286-BBM |

## PLAINTIFF'S MOTION TO COMPEL DOCUMENTS
## FROM THIRD PARTY ACE AMERICAN INSURANCE CO.

ACE American Insurance Co. ("ACE"), a third party to the aforementioned litigation, is the subject of a subpoena duces tecum duly issued by this Court and properly served by Plaintiff The Insurance House, Inc. ("Insurance House") (the "Subpoena"). ACE failed to timely object and thereby waived its objections to the Subpoena.

Rather than comply with the Subpoena after realizing its error, ACE attempted to revive its objections surreptitiously. ACE now claims that its objections were resurrected by Insurance House's agreement – which was given *after* the waiver of ACE's objections – to allow ACE additional time to search for responsive documents. It was implicit in ACE's request that ACE would use its best efforts to produce whatever responsive documents it was able to locate. At the end of the agreed upon extension, instead of providing the promised documents, ACE asserted objections to the Subpoena for the first time and refused to produce any documents whatsoever

- 1 -

in response to the Subpoena.

ACE should be compelled by this Court to produce responsive documents. ACE's objections were waived by ACE's failure to timely assert them, were not resurrected by ACE's post-waiver communication with Insurance House, and, even if the objections are considered by this Court, they are without merit.

## I.    FACTUAL BACKGROUND

### A.    <u>ACE's Relationship to the Underlying Dispute</u>

ACE is an insurance carrier providing property, casualty, risk-management, and accident and health insurance through retail brokers. Some time prior to August 2004, ACE purchased a software program known as Acies/One from Defendant Insurance Data Processing, Inc. ("IDP"), to be used by ACE to write, process, and bill for insurance policies.

In approximately August 2004, IDP marketed the Acies/One product to Insurance House as containing numerous modules. IDP identified ACE as a reference in these marketing materials and made additional representations to Insurance House as to the success they had achieved for ACE through implementation of the Acies/One product. These representations included specific references to the speed with which IDP was able to implement Acies/One for ACE. IDP further assured Insurance House that it would be able to go live with the Acies/One product by October 2005, and have since stated that this assertion was based, at least in part, on IDP's success in quickly implementing Acies/One for ACE. Based in part on IDP's representations concerning ACE, Insurance House hired IDP to implement the Acies/One product and entered into a written agreement on August 15, 2005.

Insurance House later determined that IDP had grossly and knowingly overstated its pre-contractual representations regarding the capabilities of both Acies/One and IDP. More than two

- 2 -

years and millions of dollars later, Insurance House is unable to go live with the Acies/One product because of comprehensive failures in the Acies/One software and IDP's performance under the parties' agreement. In February 2007, Insurance House brought the afore-mentioned suit in the United States District Court for the Northern District of Georgia alleging claims based on IDP's breach of contract, misappropriation of Insurance House's intellectual property, negligent misrepresentations, and fraud.

The question at the center of Insurance House's fraud and negligent misrepresentation claims is whether IDP knew its statements regarding the capabilities of Acies/One and regarding IDP's ability to go live with the Acies/One product by October 2005 were untrue when IDP made them. Information relating to the status and capabilities of the Acies/One product prior to August 2005, when IDP and Insurance House entered into their agreement, and the timing and success of IDP's implementation of Acies/One for ACE is therefore directly relevant and is certainly discoverable, at a minimum, with regard to Insurance House's fraud and misrepresentation claims. It is this limited information which Insurance House seeks in its Subpoena to ACE.

### B. ACE's Failure to Timely Respond to the Subpoena

On March 19, 2008, Insurance House properly served ACE with the Subpoena seeking documents that pertain directly to Insurance House's fraud and negligent misrepresentation claims against IDP. A true and correct copy of the Subpoena is attached as Exhibit "A" hereto. The Subpoena seeks documents relating to ACE's decision to purchase Acies/One, ACE's evaluation of Acies/One, and IDP's success in meeting deadlines for implementing Acies/One. See Ex. A. By agreement of counsel, service was accomplished by Federal Express. Id.

On April 1, 2008, the time period provided by the Federal Rules of Civil Procedure for

ACE to respond and/or object expired without ACE providing any objections to the Subpoena. On April 17, 2008, an ACE paralegal, Adrienne M. Logan, contacted the offices of counsel for Insurance House, raised no objections, and explained that ACE was still searching for responsive documents. See Declaration of Almeda Howard in support of Motion to Compel attached as Exhibit "B" hereto. Ms. Logan requested that Insurance House give ACE additional time to continue searching for responsive documents. (Howard Decl. ¶ 3.) Insurance House agreed to allow ACE until April 24, 2008 for the limited purpose of locating and producing responsive documents. (Howard Decl. ¶ 4.)

On April 18, 2008, the office of counsel for ACE sent a letter to Insurance House claiming that by allowing ACE additional time to locate and produce responsive documents, Insurance House had somehow revived ACE's right to object to the Subpoena. A true and correct copy of the April 18, 2008 correspondence is attached as Exhibit "C" hereto. On April 24, 2008, more than a month after being properly served with the Subpoena, ACE finally responded, providing only a list of objections. A true and correct copy of the April 24, 2008 correspondence is attached as Exhibit "D" hereto. ACE failed to produce a single responsive document and refused to produce any documents whatsoever. See Ex. D.

C.    **Insurance House's Good Faith Effort to Meet and Confer**

On April 25, 2008, in an effort to confer in good faith, counsel for Insurance House contacted ACE by phone and asked ACE to inform counsel by Monday, April 28, 2008 if ACE would be producing any documents whatsoever. Counsel for ACE agreed to do so. But, on April 28, 2008, ACE remained silent and produced no such documents.

On April 30, 2008, counsel for Insurance House again attempted, this time by letter, to resolve the present dispute without this Court's intervention. A true and correct copy of the

- 4 -

April 30, 2008 correspondence is attached as Exhibit "E" hereto.  Insurance House gave ACE until the close of business on May 1, 2008 to produce responsive documents and put ACE on notice that failure to do so would force Insurance House to involve the Court.  See Ex. E.  In an e-mail dated May 1, 2008, ACE again refused to reconsider its objections or to produce any documents in response to the Subpoena.

## II.    LEGAL ARGUMENT

### A.    ACE Waived Any Objections by Failing to Timely Respond

Any objections ACE may have had to the Subpoena were waived by ACE's failure to timely respond.  See Fed. R. Civ. P. 45(c)(2)(B).  Under Rule 45(c)(2)(B), "objection[s] *must* be served before the earlier of the time specified by compliance or 14 days after the subpoena is served."  Id. (emphasis added).  According to the "time specified by compliance" under the Subpoena, ACE was required to raise any objections by April 1, 2008.  See Ex. A.  ACE's objections were not asserted until April 24, 2008, nearly a month after they were due.

ACE's objections were waived by not asserting them on or before April 1, 2008.  These objections were not revived by Insurance House's post-waiver agreement to allow ACE additional time for the limited purpose of locating and producing responsive documents.

#### 1.    ACE Waived the Right to Object.

Although this Court does not appear to have addressed the issue of waiver under Rule 45(c)(2)(B) after the 1991 amendment to the Rule, under the post-amendment jurisprudence from the other courts in this Circuit, ACE's unilateral decision not to timely respond to the Subpoena waived its right to object.

In 1991, Congress amended Rule 45 to add more protections for subpoenaed persons and to extend the time allowed for non-parties to respond from ten (10) to fourteen (14) days.  Fed.

- 5 -

R. Civ. P. 45 Advisory Committee Notes, 1991 Amendment, Subsection (c). After the 1991 amendment, courts have held that the additional protections afforded to the subpoenaed party under the new Rule 45 "make it reasonable to construe the new time limits more strictly so that failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena …" Barnes Found. v. Township of Lower Merion, 1997 WL 169442 at *2 (E.D. Pa. Apr. 7, 1997) (finding untimely objections to be waived ) (quoting Angell v. Shawmut Bank Connecticut Nat'l Ass'n, 153 F.R.D. 585, 590 (M.D.N.C. 1994)); McCabe v. Ernst & Young, LLP, 221 F.R.D. 423, 426 (D.N.J. 2004). In McCabe, the court found that because the subpoenaed party "failed to follow the procedure set forth in Rule 45(c)(2)(B), … they are not entitled to the protections afforded by the Rule." 221 F.R.D. at 426-27. As in McCabe and Barnes, ACE failed to follow the procedure set forth in Rule 45, and should not be allowed by this Court to assert untimely objections under that Rule.

2.       ACE's Waived Objections Were Not Revived.

On April 17, 2008, more than two weeks after ACE waived its objections, ACE indicated that it was still searching for documents and required more time to search. (Howard Decl. ¶ 3.) On this basis, Insurance House deferred its right to enforce the Subpoena until April 24, 2008 in a continuing effort to minimize the burden of compliance on ACE. Id. ACE's perversion of this professional courtesy into an attempted resurrection of ACE's objections – while simultaneously failing to produce any responsive documents whatsoever – appears to be in bad faith. See Delaware State Bar Association Statement of Principles of Lawyer Conduct (providing that lawyers have a duty of candor, "requir[ing] both the expression of the truth and the refusal to mislead others in speech and demeanor").

### B.    Even if ACE's Objections Survive, They are Meritless

Even if this Court determines that ACE has not waived its objections, ACE's objections are without merit. Each objection is addressed in turn below:

In Objection No. 12,[1] ACE objected under Rule 45(a)(2)(C) to producing documents in Georgia rather than Delaware. Rule 45(a)(2)(C), however, has no bearing on where responsive documents must be produced; rather, it merely provides that a subpoena must be issued "from the court where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). Moreover, as is reflected in the cover letter to the Subpoena, Insurance House took all reasonable efforts to minimize the burden of production on ACE, asking merely for responsive documents to be mailed to counsel for Insurance House and offering to pay all costs associated with the copying and shipping of those documents. See Ex. A.

In Objection No. 13, ACE objects that "ACE INA" is a non-existent entity. The Subpoena, however, was not directed merely to "ACE INA," but, rather, was directed to "ACE American Insurance Company (ACE INA)". ACE's objection is particularly unavailing given that correspondence from ACE was received by Insurance House on letterhead bearing the "ACE INA" name. See Ex. C. Moreover, the Subpoena seeks documents from "all parents, subsidiaries, affiliates, agents, and employees" of the Subpoena's recipient, "ACE American Insurance Company (ACE INA)". See Ex. A. ACE's Objection No. 13 is unfounded.

In Objection No. 14, ACE objects that the Subpoena is "vague" because it fails to define the terms "ACIES/one," "ACIES/one product," "ACIES/one module," or "ACIES/one system."

---

[1] Paragraphs 1-11 of ACE's "Objections" are not individually addressed as they do not assert objections, but rather, claim to include "factual background" and/or serve to incorporate previous paragraphs as if set forth in full therein.

- 7 -

It is unclear how ACE, who has never contested that it licensed the "ACIES/one" product from IDP, would be confused or otherwise unable to ascertain what Insurance House meant by use of the terms "ACIES/one," "ACIES/one product," "ACIES/one module," or "ACIES/one system." Insurance House remains willing, however, to provide a definition of "ACIES/one" to ACE in order to facilitate production if this Court deems it appropriate to do so.

In Objection No. 15, ACE objected to the Subpoena as overbroad. In an attempt to confer with ACE in good faith, on April 30, 2008, Insurance House asked ACE to propose narrower language. See Ex. E. ACE did not respond. In addition, Insurance House's counsel specifically offered to ACE's counsel that Insurance House would narrow the requests within reason, but ACE's counsel never responded as to how Insurance House could narrow the subpoena so that it would be acceptable to ACE. Insurance House remains willing to narrow the scope of its requests if the Court deems it appropriate to do so.

In Objection No. 16, ACE objected to the Subpoena as unduly burdensome, complaining that the investigation it would be required to undertake would involve determining who at ACE was involved in dealing with IDP, in identifying which documents relate to IDP, and in locating those documents. This "undertaking" is, on its face, far from onerous. All non-parties responding to subpoenas must identify which employees have responsive information, identify which documents are responsive, and then locate those documents. It is difficult to tell in what way ACE contends that this subpoena differs from any other subpoena to a third party. Moreover, Insurance House has gone to great lengths to minimize the burden on ACE, including, but not limited to offering to pay all costs associated with the copying and shipping of those documents, offering to treat those documents as "Confidential" or "Attorneys Eyes Only" according to ACE's designation under the Protective Order in place in the underlying litigation,

- 8 -

and providing ACE with additional time to locate documents even though ACE had already long exhausted the time provided by the Federal Rules. <u>See</u> Ex. A; Ex. B, ¶ 4.

In Objection No. 17, ACE objected to the Subpoena as "not reasonably calculated to lead to the discovery of admissible evidence." As is discussed in greater detail above, IDP's "ACIES/one" product, including its functionality, completeness, and the speed of its implementation, are central issues to the underlying litigation. Insurance House alleges that representations made by IDP to Insurance House covering these issues, both prior to and contained in the parties' contract, were false. Documentation in the possession of ACE dated prior to and at the time of the Insurance House/IDP contract which reference the functionality, completeness, and implementation speed of Acies/one are relevant and certainly meet the minimal standard of being reasonably calculated to lead to the discovery of admissible evidence.

In Objection No. 18, ACE argues that the Subpoena does not allow a reasonable time for compliance. The Subpoena was served on ACE on March 19, 2008. <u>See</u> Ex. A. Insurance House ultimately agreed to allow ACE additional time for the limited purpose of locating and producing documents through May 1, 2008. (Howard Decl. ¶ 4.) ACE was given ample time to respond, in all ACE had nearly a month and a half (43 days) to produce documents. <u>See</u> <u>Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter., Inc.</u>, 160 F.R.D. 70, 73 (E.D. Pa. 1995) (finding thirty-seven (37) days to be reasonable under Rule 45(c)(3)(A)(i)). As such, Objection No. 18 is unfounded.

In Objections No. 19 through 21, ACE cites concerns about the confidentiality of its documents. Along with the Subpoena, ACE received a copy of the Protective Order entered in the underlying litigation. The cover letter accompanying the Subpoena invited ACE to designate its documents as either "Confidential" or "Attorney's Eyes Only" as appropriate. The Protective

Order in this case provides more than adequate protection of ACE's documents, and other third parties responding to Insurance House's subpoenas in this litigation have designated documents "Attorney's Eyes Only" to ensure their confidentiality.   A true and correct copy of the Protective Order is attached as Exhibit "F" hereto.  Insurance House has suggested that ACE redact proprietary information belonging to ACE, as Insurance House is not interested in it.  Insurance House seeks information relating to the status and functionality of Acies/one.  Insurance House certainly will take any additional steps this Court deems appropriate to assure the protection of ACE's documents.

Objection No. 22-23 do not raise objections to the Subpoena, but rather set out the procedure by which ACE believes Insurance House should seek to compel ACE's compliance.

Objection No. 24 seeks to have this Court award ACE its attorneys' fees and costs, to compensate ACE for the time it takes its employees and counsel to respond to the Subpoena, and to reimburse ACE for any out-of-pocket expenses it incurs.  Insurance House has already agreed to pay the copying and shipping costs associated with the production of responsive documents. This Court has previous found that a reasonable fee for copying/production costs is fifty (50) cents per page.  Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F. Supp. 232, 265 (D. Del. 1992).  This fee was entitled to reimburse the non-party for "all reasonable charges incurred in both producing and copying these documents."  Id. (basing fee on amount charged by Delaware clerk's office to provide copies and noting it included "all charges associated with document copying, including a reasonable amount for the services of the court employee who actually performs the copying").  It is unclear what grounds, if any, would exist for the award of fees to ACE in excess of this amount.  It is further unclear what basis ACE has for asserting a right to payment of its attorneys' fees.

- 10 -

Objection No. 25 fails to raise an objection, but, rather, seeks to preserve the ability to amend or supplement the purported objections that ACE has already waived.

## III.    CONCLUSION

For the reasons above, Insurance House respectfully requests that this Court compel ACE to produce documents responsive to the Subpoena and pay all attorneys' fees and costs incurred by Insurance House in bringing the instant motion.

DATED: May 8, 2008

Respectfully submitted:

By: _____
Thomas G. Macauley (ID No. 3411)
ZUCKERMAN SPAEDER LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware  19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

- and -

James J. Wolfson (Ga. Bar No. 773397)
Joseph F. Hession (Ga. Bar No. 349605)
Philip S. Bubb (Ga. Bar No. 092069)
Brooke Lewis (Ga. Bar No. 449989)
CARLTON FIELDS, P.A.
One Atlantic Center
1201 West Peachtree Street
Suite 3000
Atlanta, Georgia 30309
Phone:  (404) 815-3400
Fax:    (404) 815-3415

Attorneys for Plaintiff,
THE INSURANCE HOUSE, INC.

SF/21615860.1
13204374.1

1800883.1

●JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

THE INSURANCE HOUSE, INC., a Georgia Corporation

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Thomas G. Macauley, Zuckerman Spaeder LLP, 919 N. Market Street, Suite 990, Wilmington, DE 19801  (302) 427-0400

## DEFENDANTS

ACE AMERICAN INSURANCE CO.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❑ 1  U.S. Government Plaintiff
- ❑ 2  U.S. Government Defendant
- ❑ 3  Federal Question (U.S. Government Not a Party)
- ❑ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ❑ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | Alien Detainee | | ❑ 950 Constitutionality of |
| | Other | | ❑ 465 Other Immigration | | State Statutes |
| | ❑ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❑ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from another district (specify)
- ❑ 6 Multidistrict Litigation
- ❑ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:  Motion to Compel production of documents and payment of attorneys fees and costs

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❑ Yes  ❑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
05/08/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CARLTON FIELDS

ATLANTA
MIAMI
ORLANDO
ST. PETERSBURG
TALLAHASSEE
TAMPA
WEST PALM BEACH

ATTORNEYS AT LAW

One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455

404.815.3400
404.815.3415 fax
www.carltonfields.com

Joseph F. Hession
Shareholder
404.815.2706 direct
jhession@carltonfields.com

March 18, 2008

Lucienne N. Hardy
Assistant Vice President, ACE IT
**ACE American Insurance Company
(ACE INA)**
One Beaver Valley Road – 3 West
Wilmington, DE 19803

**VIA FEDERAL EXPRESS**

Re:   The Insurance House, Inc. v. Insurance Data Processing, Inc.
United States District Court for the Northern District of Georgia
Civil Action No. 1:07-CV-0286-BBM.

Dear Sir:

We have reason to believe that you have documents relevant to the above-referenced litigation. Enclosed, please find a subpoena for certain categories of those documents. This will confirm that, through counsel for Insurance Data Processing, Inc., you have agreed to accept service of this subpoena by Federal Express. If this is incorrect, please let us know immediately.

The court has entered a protective order in this case, a copy of which I attach hereto, and I encourage you to designate all produced documents either "Confidential" or "Attorneys' Eyes Only" to ensure that they are kept appropriately confidential. Additionally, we are willing to pay all costs associated with copying and shipping documents responsive to this subpoena.

Please contact me directly if you have any questions concerning this subpoena.

Sincerely,

Joseph F. Hession

Enclosures
cc:   Carl G. Roberts, Esq.
Damian L. DiNicola, Esq.
James Wolfson, Esq.
Philip Bubb, Esq.



12783394.1

AO 88 (Rev. 2/02) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### *District of Delaware*

**THE INSURANCE HOUSE, INC.,**
**a Georgia corporation,**

### V.

### SUBPOENA IN A CIVIL CASE

**INSURANCE DATA PROCESSING, INC.,**
**a Pennsylvania corporation,**

CASE NUMBER:[1]    **1:07-CV-0286-BBM**

TO:    **ACE American Insurance Company (ACE INA)**
Lucienne N. Hardy
Assistant Vice President, ACE IT
One Beaver Valley Road – 3 West
Wilmington, DE 19803

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **See Exhibit A, attached.**

| PLACE    Carton Fields, P.A., One Atlantic Center, 1201 West Peachtree St., Suite 3000, Atlanta, Georgia 30309 | DATE AND TIME    On or before April 1, 2008 at 5:00 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    Attorney for Plaintiff | 3-18-08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph F. Hession, Carlton Fields, P.A., 1201 W. Peachtree St., NW, Atlanta, Ga. 30309, 404-815-3400

(See Rule 45, Federal Rules of Civil Procedure Parts C&D on reverse)

---

[1]  If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev.2/92) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED ON (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
      Date

Signature of Server _____

Address of Server _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earning and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things, not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I.    DEFINITIONS

The following definitions apply to this subpoena:

1.      The words "you" or "your" shall mean the recipient of this Subpoena, including all parents, subsidiaries, affiliates, agents, and employees thereof.

2.      "Insurance House" shall mean the plaintiff The Insurance House, Inc., including all parents, subsidiaries, affiliates, agents, and employees thereof.

3.      "IDP" shall mean the defendant Insurance Data Processing, Inc., including all parents, subsidiaries, affiliates, agents, and employees thereof.

4.      The word "communication" shall mean any oral statement, dialogue, colloquy, discussion, correspondence, or conversation, and any other means used to transfer thoughts or ideas between persons.

5.      The words "document" or "documents" shall mean the original (or, if the original is not available, then a copy) and each copy or draft of all written, printed, typed, reported, recorded, or graphic matter, and all photographic matters or sound reproduction tapes, records, or other data compilations from which information can be obtained and translated through detection devices into reasonably usable form, if necessary, however produced or reproduced, now or formerly within your actual or constructive possession, custody or control or of which you have knowledge. "Document" or "documents" shall include, but are not limited to, all correspondence, telegrams, telexes, cables, telephone records, memoranda, memoranda of telephone conversations or meetings, reports, tests, samples, studies, compilations of data, electronic mail, voice mail, computer disks, CD's (compact disks), hardware or software, filings, records, charts, lists, analyses, graphs, diagrams, drawings tables, schedules, cost estimates,

12788028.1

worksheets, books, manuals, expenses, reports, notebooks, diaries, calendars, books of account,

ledgers, journals and other financial records, audits, profit and loss statements, financial

statements, annual reports, state and federal tax returns, checkbooks, canceled checks, personnel

files, payroll records, billings, invoices or statements, price lists, price quotations, credit

memoranda, purchase orders, receipts, all press releases, photographs, newspaper clippings, hand

bills or written advertisements, all contracts or agreements, and any drafts, copies, blind or

carbon copies or reproductions of the foregoing, and any intracorporate drafts of the foregoing

upon which notations in writing have been made which do not appear on the originals. Without

limitation of the term "control" as used in the preceding sentences, a document is deemed to be

in your control if you have the right to secure the document or a copy thereof from another

person or public or private entity having actual physical possession thereof. If any document

requested was previously, but is no longer in your possession or subject to your control as

defined herein, state what disposition was made of it, and the date or dates, or approximate date

or dates, on which such disposition was made.

   6.  The word "produce" means to make available the documents requested herein for

inspection and copying and to separate such documents into categories set forth in this request; if

you decline to produce any documents requested hereinafter on the basis of any asserted

privilege, at the time of production you shall provide counsel for plaintiffs with the following

written information pertaining to such document:

    (i)   its date or, if not dated, the date it was prepared or received;

    (ii)   the type of document (e.g. letter, memorandum, telegraph, photograph,

       reproduction);

    (iii)   the author and addressee;

(iv)     its present location;

(v)      the identity of the individual or person who is the present custodian or custodians thereof;

(vi)     a general description of its contents;

(vii)    the identity of each person who received a copy of such document and the relationship of such person to you;

(viii)   whether such document contains or relates to facts or opinions, or both; and,

(ix)     the nature of the privilege (e.g., work product, attorney-client, etc.) that you claim with respect to such documents.

7.     The words "relate to" or "relating to" shall mean referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the specified subject.

8.     The term "correspondence" shall include both written and electronic (e-mail) communications.

## II.    CATEGORIES OF DOCUMENTS TO BE PRODUCED

1.     Any internal documents reflecting demonstrations performed by IDP of its "ACIES/one" product.

2.     Any evaluations of any "ACIES/one" module or the entire "ACIES/one" system.

3.     Any notes of any meetings between you and IDP regarding IDP's representations concerning the capabilities of ACIES/one.

4.    Any notes of any meetings between you and IDP regarding delays in or problems with the development of ACIES/one for You.

5.    Any notes of any meetings between you and IDP regarding problems with the functionality of ACIES/one.

6.    Any notes of any meetings between you and IDP regarding results of any testing performed on ACIES/one.

7.    Any documents containing schedules or deadlines for placing any "ACIES/one" module or the entire "ACIES/one" system in a production environment.

8.    Any documents containing schedules for performing user acceptance testing on any "ACIES/one" module or the entire "ACIES/one" system.

9.    Any documents containing descriptions of IDP's "Process 360" implementation methodology.

10.    Any documents containing the results from testing of any "ACIES/one" module or the entire "ACIES/one" system.

11.    Any internal Correspondence or memoranda identifying any criticism of or problems with the development or functionality of ACIES/one.

12.    Any Correspondence with IDP identifying any criticism of or problems with the development or functionality of ACIES/one.

## CERTIFICATE OF SERVICE

I certify that I have caused a copy of the foregoing document to be served on opposing

counsel by United States mail with adequate postage affixed and addressed as follows:

John M. Bowler
Michael D. Hobbs, Jr.
Alison A. Grounds
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

Carl G. Roberts
Damian L. DiNicola
BALLARD SPAHR ANDREWS & INGERSOLL LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103-7599

Respectfully submitted this 18th day of March, 2008.

CARLTON FIELDS, P.A.
1201 West Peachtree Street
Suite 3000
Atlanta, Georgia 30308
Telephone: (404) 815-3400
Facsimile: (404) 815-3415

Joseph F. Hession
Georgia Bar No. 349605

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

THE INSURANCE HOUSE, INC.,                )
a Georgia Corporation,                    )
                Plaintiff,     )
                                )
                                )     MISC. No. _____
           v.                )
                                )     Northern District of Georgia
                                )     Case No. 1:07-CV-00286-BBM
INSURANCE DATA PROCESSING, INC.,          )
a Pennsylvania Corporation,               )
                Defendant.     )
                                )
                                )
                                )
_____   )
AND RELATED COUNTERCLAIM.                 )
_____   )
                                )

## DECLARATION OF ALMEDA HOWARD IN SUPPORT OF INSURANCE HOUSE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

I, ALMEDA HOWARD, state and declare as follows:

1.     I am a paralegal with the law firm of Carlton Fields, P.A., counsel for The Insurance House, Inc. ("Insurance House") in this matter. I make this declaration in support of Insurance House's Motion to Compel. I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would testify competently about them.

2.     On April 17, 2008, I spoke by phone to Adrienne M. Logan of ACE American Insurance Company ("ACE").

3.     Ms. Logan told me that ACE was continuing to search for documents responsive to the subpoena but required more time so that ACE could complete its search.

4.     I reminded Ms. Logan that the subpoena was issued on March 18, 2008, but agreed to allow ACE until April 24, 2008 to locate and produce responsive documents.

132351152.1


EXHIBIT
B

5.      At no time during my conversation with Ms. Logan did she mention or otherwise raise any objection to the subpoena.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 8th day of May 2008, at Atlanta, Georgia.

Almeda Howard

ace ina

ACE INA
ACE Corporate Litigation
Routing WA04K
436 Walnut St.
Philadelphia, PA 19106

215-640-2921 *tel*
215-640-4070 *fax*

adrienne.logan@ace-ina.com
www.ace-ina.com

**Adrienne M. Logan**
*Senior Legal Assistant*

April 18, 2008

Joseph F. Hession, Esq.
Carlton Fields, P.A.
1201 W. Peachtree Street N.W.
Atlanta, GA 30309

<u>**VIA FAX TO: 404. 815. 3415  AND HARD COPY VIA FIRST CLASS USPS MAIL**</u>

Re:    The Insurance House, Inc. v. Insurance Data Processing   ("IDP")
       Subpoena served upon ACE American Insurance Company ("ACE") on March 20, 2008

Dear Mr. Hession:

This letter will confirm my telephone conversation yesterday with your paralegal, Abbe Howard, during which she expressed to me that you have agreed to grant ACE an extension of time until April 24, 2008, in which to respond to the above-captioned subpoena.

Please be advised that ACE does not waive any objections and expressly reserves the right to raise any applicable objections as to attorney-client privilege, work product privileges, reasonableness, over breadth, burdensomeness or because the documents requested are of a confidential nature or contain proprietary business records, or to object for any other reason allowed under the applicable rules of procedure.

If you have any questions, please feel free to contact me.

Very truly yours,

Adrienne M. Logan

/AML

cc:    Saverio M. Rocca, Esq.

*One of the ACE Group of Insurance & Reinsurance Companies*

EXHIBIT
C



**ace ina**

ACE INA
ACE Corporate Litigation
Routing WA04K
436 Walnut St.
Philadelphia, PA 19106
www.ace-ina.com

**Fax Transmission**

| To: Joseph F. Hession, Esq. | From: Adrienne M. Logan | *This message is intended only for the use of the individual or entity to which it is addressed and may contain infor-mation that is privileged, confidential and exempt from disclosure under applicable law.* |
|---|---|---|

cc:

| | Fax: 215-640-4070 | |
|---|---|---|

| Company/Department: Carlton Fields, P.A. | Tel: 215-640-2921 | |
|---|---|---|

| Fax: 404.815.3415 | Date: April 18, 2008 | |
|---|---|---|

| Tel: 404.815.3400 | E-mail: adrienne.logan@ace-ina.com | |
|---|---|---|

| Re: The Insurance House, Inc. v. Insurance Data Processing, Inc., USDC, N. Dist. of Georgia No. 1:07-CV-0286-BBM | Pages including cover: 2 | |
|---|---|---|

Please see the attached letter.

# BLF Bazelon Less & Feldman, P.C.

1515 Market Street   Suite 700   Philadelphia   Pennsylvania 19102-1907   215.568.1155   215.568.9319 fax   www.bazless.com

Richard L. Bazelon·†
Jeffrey A. Less·†
A. Richard Feldman·†
Jerrilyn G. Marston·
Thomas Patrick Kelly·†
Jennifer L. Hoagland·†
Helen R. Heifets·†
Paul B. Bech·†
Noah H. Charlson·†§
Lisa A. Barton·†
E. McCord Clayton·†

Michael A. Shapiro·†
Matthew Skolnik·
Christina M. Reger·†
Cary Joshi·†

Diane R. Bech·
Michael F. Harris·
Steven Kudatzky†§
Of Counsel

·Admitted in PA
†Admitted in NJ
§Admitted in NY
‡Admitted in DC

**New Jersey Office**
6000 Sagemore Drive
Suite 6301
Marlton
New Jersey 08053-3944
856.988.1319
856.988.0194 fax

April 24, 2008

*Paul B. Bech*
*pbech@bazless.com*

## VIA REGULAR MAIL

Joseph F. Hession, Esquire
CARLTON FIELDS, P.A.
1201 W. Peachtree St., NW
Atlanta, GA 30309

> Re:   Insurance House, Inc. v. Insurance Data Processing, Inc.
> No. 1:07-CV-0286-BBM (N.D.Ga.) -- SUBPOENA ISSUED BY
> THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
> OF DELAWARE

Dear Mr. Hession:

We represent Ace American Insurance Company ("Ace American").   On or about March 19, 2008, Ace American received a copy of a subpoena which was issued by the United States District Court for the District of Delaware on March 18, 2008 under your signature.   You agreed to extend the time for Ace American's response to the subpoena through and including April 24, 2008.   This agreement was confirmed in a letter dated April 18, 2008, in which Ace American expressly reserved any and all objections to the subpoena.

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Ace American hereby serves its written objections to the subpoena.   A copy of these objections is enclosed.   Due to the service of the objections, your clients shall not be entitled to inspect or copy the documents in question as "these acts may be required only as directed in the [court's] order."   *Id.*   Thus, if your client wishes to pursue the matter, it is required to seek an order of the court by which the subpoena was issued, namely the United States District Court for the District of Delaware.

Thank you for your attention to this matter.

Very truly yours,

Paul B. Bech

Enclosure
cc:  Carl G. Roberts, Esquire (w/encl.)



ATTORNEYS AT LAW     A Pennsylvania Professional Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE INSURANCE HOUSE, INC.,                    :
a Georgia corporation                         :
                                              :
            v.                                :        No. 1:07-cv-0286-BBM
                                              :        (N.D. Ga.)
INSURANCE DATA PROCESSING, INC.,              :
A Pennsylvania corporation                    :

## OBJECTIONS OF ACE AMERICAN INSURANCE COMPANY
## TO SUBPOENA DUCES TECUM

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Ace American Insurance

Company ("Ace American"), a non-party to the above-captioned litigation, hereby serves written

objections to a subpoena served upon it by Plaintiff Insurance House, Inc. ("Insurance House" or

"Plaintiff").  In support thereof, Ace American avers as follows:

### Background

1.      This matter arises from litigation that is known as *Insurance House, Inc. v.*

*Insurance Data Processing, Inc.*, No. 1:07-CV-0286 (N.D. Ga.), which is pending in the United

States District Court for the Northern District of Georgia ("the Georgia Court") and which shall

be referred to herein as "the Georgia Litigation."

2.      Ace American is not a party to the Georgia Litigation.

3.      On or about March 19, 2008, an employee of Ace American received a copy of

the subpoena that is attached hereto as Exhibit A (the "Subpoena") at an office in Wilmington,

Delaware.

4.      The Subpoena was expressly issued by the United States District Court for the

District of Delaware ("the Delaware Court").

1

5.    The Subpoena refers to Ace American as "ACE INA," which is not the correct name of Ace American and in any event is a non-existent entity.

6.    The Subpoena purported to command Ace American to produce and permit inspection and copying of documents falling into twelve (12) broad categories.

7.    The Subpoena commanded the production and inspection of the requested documents at the office of Plaintiff's counsel in Atlanta, Georgia.

8.    The Subpoena was forwarded to the legal department of Ace American.

9.    Counsel for Plaintiff, Joseph F. Hession, Esquire, agreed to extend the time for Ace American's response to the Subpoena through and including April 24, 2008.    This agreement was confirmed in a letter dated April 18, 2008, attached hereto as <u>Exhibit B</u>, in which Ace American expressly reserved any and all objections to the Subpoena.

10.    Under Federal Rule of Civil Procedure 45(c)(2)(B), a person commanded to produce and permit inspection or copying may serve a written objection to producing any or all of the designated materials upon the party or attorney designated in the subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B).

### Objections to Subpoena

11.    The foregoing paragraphs are incorporated herein as if set forth in full.

12.    The Subpoena improperly seeks production and inspection of documents in Georgia rather than in Delaware as required Federal Rule of Civil Procedure 45(a)(2)(C).

13.    The correct name of Ace American is not "ACE INA," which is a non-existent entity.

14.    The Subpoena is vague. By way of example and not of limitation, the Subpoena seeks production of various documents pertaining to "ACIES/one," "ACIES/one product," "ACIES/one module," "ACIES/one system," and "Process 360," yet these terms are not defined anywhere in the Subpoena.

15.    The Subpoena is overbroad. By way of example and not of limitation, the Subpoena seeks the production of documents relating to:

      a.    "representations" concerning ACIES/one;

      b.    "problems" with or "delays" in the "development" or "functionality" of ACIES/one;

      c.    "testing" performed with regard to ACIES/one;

      d.    "evaluations" of ACIES/one;

      e.    "criticism" of ACIES/one; and/or

      f.    "meetings" on these or other subjects.

16.    The Subpoena subjects Ace to undue burden. By way of example and not of limitation, the Subpoena would require Ace American to undertake a lengthy and expensive investigation of:

a.    the identity of persons now or formerly employed by Ace American who may have been involved in any dealings with Defendant IDP;

b.    the nature of any documents that may have been generated concerning any dealings with Defendant IDP;

c.    and the location of any such documents.

17.    The Subpoena is not reasonably calculated to lead to the discovery of admissible evidence.

18.    The Subpoena fails to allow reasonable time for compliance.

19.    The Subpoena potentially requires the disclosure of privileged or other protected matter, and no exception or waiver applies. At this juncture, Ace American is not yet in a position to identify in detail the specific documents and information that fall into these categories, but Ace American reserves the right to do so at a future time if required.

20.    The Subpoena potentially requires the disclosure of proprietary information, trade secrets or other confidential research, development, or commercial information.

a.    In the Georgia Court, the Plaintiff has "acknowledge[d] that it is not entitled to the confidential business information of IDP or its customers." *See The Insurance House, Inc. v. Insurance Data Processing, Inc.*, C.A. No. 1:07-CV-0286-BBM, slip op. at 5 (N.D. Ga. Feb. 13, 2008). Accordingly, the Plaintiff is not entitled to seek the same confidential business information from Ace American.

b.    In addition, the Georgia Court has ruled that Defendant IDP "has established that its confidential business information is indeed confidential and that its disclosure might be harmful." *Id.*, slip op. at 7. The same is true of the information being sought by the Plaintiff herein.

4

c.    Moreover, the Plaintiff is an insurance broker and/or agent, and its business interests are potentially and/or actually in competition with, inconsistent with, and/or adverse to those of Ace American.    Disclosure of Ace American's confidential and/or proprietary information to the Plaintiff would be harmful to Ace American.

d.    In any event, at this juncture Ace American is not in a position to identify in detail the specific documents and information that fall into these categories, but Ace American reserves the right to do so at a future time if required.

21.    Although a Protective Order was entered in the Georgia Litigation, the Protective Order does not sufficiently protect Ace American's interests with respect to any privileged and/or confidential information requested in the Subpoena.

a.    By way of example, and not of limitation, the Protective Order contains numerous provisions that would permit the use and release of information that has been designated confidential.

b.    Although the Protective Order purports to restrict access to confidential information, it would potentially permit access to un-named "Qualified Persons" who should not be allowed such access.

c.    Moreover, the Protective Order does not guarantee notice and an opportunity to be heard in the event that use or release of confidential information is proposed. By way of another example, and not of limitation, Section 4 of the Protective Order contemplates that identities of actual and potential technical experts and consultants will be disclosed to the parties in the Georgia Litigation before they receive any documents designated "For Attorney's Eyes Only" and that the parties will have an opportunity to object.  The Protective Order,

however, does not contemplate a similar disclosure to nonparties, such as Ace American, who produce documents designated "For Attorney's Eyes Only" in response to the subpoena.

22.    Due to the service of these objections to the Subpoena, Plaintiff "shall not be entitled to" inspect or copy the documents they have requested. *See* Fed. R. Civ. P. 45(c)(2)(B).

23.    On the contrary, if Plaintiff wishes to pursue the Subpoena, it is required to seek an order of the court by which the subpoena was issued, namely the Delaware Court. *See* Fed. R. Civ. P. 45(c)(2)(B)(i).  Plaintiff may obtain such an order only by filing a motion to compel in the Delaware Court, a requirement that is designed to protect Ace American from the substantial inconvenience and expense of having to appear in a distant forum in a case in which it is not a party. *Id. See also* David D. Siegel, Practice Commentaries, 28 U. S.C.A. (Rule 45), Commentary C45-21, at p. 120 (West Supp. 2006) (a motion to compel a distant non-party to comply with a subpoena must be "made to the court from which the subpoena issued," which is "the district convenient to the nonparty") (it is "of course the nonparty whose convenience Rule 45 is most concerned about protecting").

24.    Even if the Delaware Court should enforce any part of the Subpoena, Ace American should be protected from significant expense resulting from any inspection or copying of documents. By way of example and not of limitation, Ace American should be awarded its attorney's fees and costs, compensated for the time it takes for its employees and counsel to respond to the Subpoena, and reimbursed for any out-of-pocket costs it incurs.

25.    The foregoing is without waiver of Ace American's rights and remedies, and Ace American reserves the right to amend or supplement these objections.

WHEREFORE, for the reasons stated above, and for any additional reasons that may be apparent at a later time, the subpoena served by Plaintiff upon Ace American Insurance Company is invalid, and the objections of Ace American to the subpoena should be sustained.

Respectfully submitted,

Paul B. Bech
Michael A. Shapiro
BAZELON LESS & FELDMAN, P.C.
1515 Market Street - Suite 700
Philadelphia, PA 19102-1907
(215) 569-1155

Counsel for Ace American Insurance Company

DATED: April 24, 2008

## CERTIFICATE OF SERVICE

I certify that on this 24th day of April, 2008, I served a copy of the foregoing document

upon the following persons by first class United States mail:

Joseph F. Hession, Esquire                    Counsel for Plaintiff
CARLTON FIELDS
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3455


Carl G. Roberts                               Counsel for Defendant
BALLARD SPAHR ANDREWS & INGERSOLL
1735 Market Street, 51th Floor
Philadelphia, PA 19103-7599


_Paul B. R_
_____
Paul B. Bech


J:\ACE-INA, 3732\Insurance House\Objections to Subpoena - V2.doc

**EXHIBIT "A"**

# UNITED STATES DISTRICT COURT
## *District of Delaware*

**THE INSURANCE HOUSE, INC.,**
**a Georgia corporation,**

V.                                                    **SUBPOENA IN A CIVIL CASE**

**INSURANCE DATA PROCESSING, INC.,**
**a Pennsylvania corporation,**

CASE NUMBER:[1]    **1:07-CV-0286-BBM**

TO:     ACE American Insurance Company (ACE INA)
        Lucienne N. Hardy
        Assistant Vice President, ACE IT
        One Beaver Valley Road – 3 West
        Wilmington, DE  19803

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **See Exhibit A, attached.**

| PLACE    Carlton Fields, P.A., One Atlantic Center, 1201 West Peachtree St., Suite 3000, Atlanta, Georgia 30309 | DATE AND TIME<br>On or before April 1, 2008 at 5:00 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 3-18-08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph F. Hession, Carlton Fields, P.A., 1201 W. Peachtree St., NW, Atlanta, Ga 30309, 404-815-3400

(See Rule 45, Federal Rules of Civil Procedure Parts C&D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED ON (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             Date

Signature of Server

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earning and a reasonable attorney's fee.
    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)(A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not party or an officer of a party to travel to a place more than 100 miles from the place where that person

resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) if a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things, not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

**I.    DEFINITIONS**

The following definitions apply to this subpoena:

1.      The words "you" or "your" shall mean the recipient of this Subpoena, including all parents, subsidiaries, affiliates, agents, and employees thereof.

2.      "Insurance House" shall mean the plaintiff The Insurance House, Inc., including all parents, subsidiaries, affiliates, agents, and employees thereof.

3.      "IDP" shall mean the defendant Insurance Data Processing, Inc., including all parents, subsidiaries, affiliates, agents, and employees thereof.

4.      The word "communication" shall mean any oral statement, dialogue, colloquy, discussion, correspondence, or conversation, and any other means used to transfer thoughts or ideas between persons.

5.      The words "document" or "documents" shall mean the original (or, if the original is not available, then a copy) and each copy or draft of all written, printed, typed, reported, recorded, or graphic matter, and all photographic matters or sound reproduction tapes, records, or other data compilations from which information can be obtained and translated through detection devices into reasonably usable form, if necessary, however produced or reproduced, now or formerly within your actual or constructive possession, custody or control or of which you have knowledge. "Document" or "documents" shall include, but are not limited to, all correspondence, telegrams, telexes, cables, telephone records, memoranda, memoranda of telephone conversations or meetings, reports, tests, samples, studies, compilations of data, electronic mail, voice mail, computer disks, CD's (compact disks), hardware or software, filings, records, charts, lists, analyses, graphs, diagrams, drawings tables, schedules, cost estimates,

worksheets, books, manuals, expenses, reports, notebooks, diaries, calendars, books of account, ledgers, journals and other financial records, audits, profit and loss statements, financial statements, annual reports, state and federal tax returns, checkbooks, canceled checks, personnel files, payroll records, billings, invoices or statements, price lists, price quotations, credit memoranda, purchase orders, receipts, all press releases, photographs, newspaper clippings, hand bills or written advertisements, all contracts or agreements, and any drafts, copies, blind or carbon copies or reproductions of the foregoing, and any intracorporate drafts of the foregoing upon which notations in writing have been made which do not appear on the originals.  Without limitation of the term "control" as used in the preceding sentences, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.  If any document requested was previously, but is no longer in your possession or subject to your control as defined herein, state what disposition was made of it, and the date or dates, or approximate date or dates, on which such disposition was made.

6.      The word "produce" means to make available the documents requested herein for inspection and copying and to separate such documents into categories set forth in this request; if you decline to produce any documents requested hereinafter on the basis of any asserted privilege, at the time of production you shall provide counsel for plaintiffs with the following written information pertaining to such document:

(i)      its date or, if not dated, the date it was prepared or received;

(ii)     the type of document (e.g. letter, memorandum, telegraph, photograph, reproduction);

(iii)    the author and addressee;

(iv)    its present location;

(v)    the identity of the individual or person who is the present custodian or custodians thereof;

(vi)    a general description of its contents;

(vii)    the identity of each person who received a copy of such document and the relationship of such person to you;

(viii)    whether such document contains or relates to facts or opinions, or both; and,

(ix)    the nature of the privilege (e.g., work product, attorney-client, etc.) that you claim with respect to such documents.

7.    The words "relate to" or "relating to" shall mean referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the specified subject.

8.    The term "correspondence" shall include both written and electronic (e-mail) communications.

## II.    CATEGORIES OF DOCUMENTS TO BE PRODUCED

1.    Any internal documents reflecting demonstrations performed by IDP of its "ACIES/one" product.

2.    Any evaluations of any "ACIES/one" module or the entire "ACIES/one" system.

3.    Any notes of any meetings between you and IDP regarding IDP's representations concerning the capabilities of ACIES/one.

12788028.1

4.    Any notes of any meetings between you and IDP regarding delays in or problems with the development of ACIES/one for You.

5.    Any notes of any meetings between you and IDP regarding problems with the functionality of ACIES/one.

6.    Any notes of any meetings between you and IDP regarding results of any testing performed on ACIES/one.

7.    Any documents containing schedules or deadlines for placing any "ACIES/one" module or the entire "ACIES/one" system in a production environment.

8.    Any documents containing schedules for performing user acceptance testing on any "ACIES/one" module or the entire "ACIES/one" system.

9.    Any documents containing descriptions of IDP's "Process 360" implementation methodology.

10.    Any documents containing the results from testing of any "ACIES/one" module or the entire "ACIES/one" system.

11.    Any internal Correspondence or memoranda identifying any criticism of or problems with the development or functionality of ACIES/one.

12.    Any Correspondence with IDP identifying any criticism of or problems with the development or functionality of ACIES/one.

## CERTIFICATE OF SERVICE

I certify that I have caused a copy of the foregoing document to be served on opposing

counsel by United States mail with adequate postage affixed and addressed as follows:

John M. Bowler
Michael D. Hobbs, Jr.
Alison A. Grounds
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

Carl G. Roberts
Damian L. DiNicola
BALLARD SPAHR ANDREWS & INGERSOLL LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103-7599

Respectfully submitted this 18th day of March, 2008.

CARLTON FIELDS, P.A.
1201 West Peachtree Street
Suite 3000
Atlanta, Georgia 30308
Telephone: (404) 815-3400
Facsimile: (404) 815-3415

Joseph F. Hession
Georgia Bar No. 349605

*Attorney for Plaintiff*

10037536.1
12782548.1

1

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 05 2007

JAMES N. HATTEN, Clerk
By: _____ Paul _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| THE INSURANCE HOUSE, INC., a Georgia corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 1:07-CV-0286-BBM |
| INSURANCE DATA PROCESSING, INC., a Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROTECTIVE ORDER

This 5th day of February, 2007, upon the consent of the parties, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1.    All Classified Information produced or exchanged in the course of this litigation by parties or by nonparties, whether produced under subpoena, in response to a Rule 34 request, or otherwise, shall be used solely for the purpose of

preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.    "Classified Information," as used herein, means any information of any type, kind, or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties or nonparties, whether produced under subpoena or otherwise, and whether it be a contract or other type of document, information contained in a contract or other type of document, information revealed during a deposition, information revealed in an interrogatory answer or in other discovery, or information obtained by any other means related to this litigation.  In designating information as "Confidential" or "Attorneys' Eyes Only", a party will make such designation only as to that information that it in good faith believes contains Classified Information.  Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.    "Qualified Persons," as used herein means:

    a.    Attorneys of record for the parties in this litigation, employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation, and outside vendors retained in good faith by such attorneys for the purposes of litigation support, including processing electronic information and providing copying services;

    b.    Actual or potential independent technical experts or consultants, who have been designated in writing by

ATL#030942.1

- 2 -

notice to all counsel prior to any disclosure of Classified Information to such persons, who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person), and who does not provide services of a similar nature to or in competition with the party whose Classified Information will be reviewed;

c.    The parties; and

d.    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4.    All Qualified Persons defined in Paragraphs 3(b) receiving any Classified Information pursuant to this Order shall sign an undertaking in the form annexed hereto as Attachment A; it being further provided that, with the exception of the experts or consultants for the Preliminary Injunction Hearing, the other party shall have five business days after disclosure of the identity of such Qualified Person in which to object on a good faith basis to the designation of such Qualified Person before she or he receives any Attorneys' Eyes Only Classified Information. If such an objection is lodged, the Qualified Person with respect to whom the objection is lodged shall not receive any Classified Information until after the objection is resolved.

5.    Documents produced in this action may be designated by any party or nonparties as Classified Information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only", or, if

ATL/936942.1

- 3 -

the information is electronically stored information, by so designating on the physical media used to deliver the electronically stored information (if applicable) and in written or electronic correspondence. In lieu of marking the original of a document, if the original is not produced, the designating party may mark copies of Classified Information that are produced or exchanged. Originals shall be preserved for inspection.

6.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Attorneys' Eyes Only" by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order.

7.    Any party may also designate information disclosed at such deposition as "Confidential" or "Attorneys' Eyes Only" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only". Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession.

ATL #309342 1                          - 4 -

custody or control. A Deposition transcripts shall be treated Classified Information for a period of thirty (30) days after the receipt of the transcript.

8. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only" with blank, consecutively-numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript. The parties may by mutual agreement designate an alternate way to handle such designations within specific deposition transcripts.

9. Classified Information designated as "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons defined in Paragraphs 3(a)-(d) above.

10. Classified Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a)-(b) above. Copies of "Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained by such Qualified Persons only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of

documents produced under this Protective Order may be made or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

11.    Each party's outside counsel shall maintain a log of all copies of "Attorneys' Eyes Only" documents that are delivered to any one or more Qualified Person defined in Paragraph 3, above.

12.    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order.  Documents unintentionally produced without designation as "Confidential" or "Attorneys' Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Documents to be inspected shall be treated as "Attorneys' Eyes Only" during inspection.  At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Attorneys' Eyes Only" by the producing party, or, if the information is electronically stored information, on the physical media used to deliver the electronically stored information (if applicable) and in written or electronic correspondence associated or provided with the electronically stored information.

13.    Nothing herein shall prevent disclosure beyond the terms of this Order if each party or nonparty designating the information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Attorneys' Eyes Only" information, irrespective of which party produced such information.

14.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys' Eyes Only", or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by producing redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Attorneys' Eyes Only". The designating party shall be required to move the Court for an order preserving the designated status of such information within

ATLA30942 1

fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

15.    The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

16.    Nothing shall be designated "Attorneys' Eyes Only" except information of the most sensitive nature, including, but not limited to proprietary and confidential trade secrets and business information, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees or competitors of the corporate parties.

17.    Nothing shall be regarded as Classified Information if it is information that either:

    (a)    is in the public domain at the time of disclosure, as evidenced by a written document;

    (b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    (c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    (d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

ATLA30942.1                                    - 8 -

18.    In the event a party wishes to use any Classified Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Attorneys' Eyes Only" information used therein shall be filed under seal with the Court.

19.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as Classified Information pursuant to this Order.

20.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to Classified Information shall be subject to the provisions of this Order.

21.    Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any Classified Information and all documents or reproductions containing or otherwise reflecting Classified Information that is in the possession of any Qualified Person defined in Paragraphs 3(a) through (d) shall be returned to the producing party or shall be destroyed (or made inaccessible to the extent reasonably possible) and shall be certified as such by receiving counsel, except as this Court may otherwise order or to the extent such Classified Information was used as evidence at trial.  As far as the provisions of any

ATL 569151 1                              - 9 -

protective orders ente    d in this action restrict the communic    on and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

22.    This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of Classified Information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys' Eyes Only" information produced by another party or non-party herein, which disclosure would be contrary to the terms of this Protective Order.

23.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

24.     Privilege matters arising under Rule 26(b)(5)(B) all be addressed in

the Court's Scheduling Order pursuant to Rule 16(b).

Consented to by the parties through their respective undersigned counsel,

this 5th day of February, 2006.


/s/ James H. Cox                         /s/ Carl G. Roberts
James H. Cox                             Carl G. Roberts
Georgia Bar No. 192425                   Pennsylvania Bar No. 19367
Joseph F. Hession                        Ballard Spahr Andrews & Ingersoll, LLP
Georgia Bar No. 349605                   51st Floor
Philip S. Bubb                           1735 Market Street
Georgia Bar No. 092069                   Philadelphia, Pennsylvania 19103
CARLTON FIELDS, P.A.                     Phone: (215) 864-8120
One Atlantic Center                      Fax:    (215) 864-9780
1201 West Peachtree Street               *Attorney for Defendant*
Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-3400
Fax:    (404) 815-3415
*Attorney for Plaintiff*


BY THE COURT:

Honorable Beverly B. Martin, USDJ

Signed: February 5, 2007

ATL#509424                               - 11 -

# EXHIBIT "B"



**ace ina**

ACE INA
ACE Corporate Litigation
Routing WA04K
436 Walnut St.
Philadelphia, PA 19106

215-640-2921 *tel*
215-640-4070 *fax*

adrienne.logan@ace-ina.com
www.ace-ina.com

Adrienne M. Logan
*Senior Legal Assistant*

April 18, 2008

Joseph F. Hession, Esq.
Carlton Fields, P.A.
1201 W. Peachtree Street N.W.
Atlanta, GA 30309

**VIA FAX TO: 404.815.3415 AND HARD COPY VIA FIRST CLASS USPS MAIL**

Re:     The Insurance House, Inc. v. Insurance Data Processing   ("IDP")
        Subpoena served upon ACE American Insurance Company ("ACE") on March 20, 2008

Dear Mr. Hession:

This letter will confirm my telephone conversation yesterday with your paralegal, Abbe Howard, during which she expressed to me that you have agreed to grant ACE an extension of time until April 24, 2008, in which to respond to the above-captioned subpoena.

Please be advised that ACE does not waive any objections and expressly reserves the right to raise any applicable objections as to attorney-client privilege, work product privileges, reasonableness, over breadth, burdensomeness or because the documents requested are of a confidential nature or contain proprietary business records, or to object for any other reason allowed under the applicable rules of procedure.

If you have any questions, please feel free to contact me.

Very truly yours,

Adrienne M. Logan

/AML

cc:     Saverio M. Rocca, Esq.

# CARLTON FIELDS

ATLANTA
MIAMI
ORLANDO
ST PETERSBURG
TALLAHASSEE
TAMPA
WEST PALM BEACH

ATTORNEYS AT LAW

One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455

404.815.3400
404.815.3415 fax
www.carltonfields.com

Joseph F. Hession
Shareholder
404.815.2706 direct
jhession@carltonfields.com

April 30, 2008

Paul B. Bech
Bazelon Less & Feldman, P.C.
1515 Market Street
Suite 700
Philadelphia, PA 19102-1907

**BY FACSIMILE
AND US MAIL**

Re:  <u>The Insurance House, Inc. v. Insurance Data Processing, Inc.</u>, in the United States
District Court for the Northern District of Georgia, Civil Action No. 1:07-CV-
0286 (BBM) - Subpoena Issued by the United States District Court for the District
of Delaware

Dear Mr. Bech:

This letter will respond to your letter of April 24, 2008, which purported to raise ACE
American Insurance Company's ("ACE's") objections to the subpoena issued by the U.S. District
Court for the District of Delaware (the "Subpoena").

As a threshold matter, please be advised that ACE has waived any objections to the
Subpoena. In your letter, you correctly state that ACE was properly served with the Subpoena on
March 19, 2008. Under Rule 45(c)(2)(B), ACE was required to raise any objections to that
subpoena within fourteen (14) days of service, *i.e.*, before April 2, 2008. Almost two weeks later
– on April 17, 2008 – Ms. Logan contacted my office to request additional time for ACE to
respond to the Subpoena, and Ms. Howard agreed to provide ACE with an extension until April
24 to produce documents. That agreement, however, did not revive ACE's ability to raise
objections that were already waived, Ms. Howard did not agree to revive those untimely
objections, and Ms. Logan's letter of April 18, 2008 does not accomplish any such revival.

Even if ACE had timely made its objections, however, ACE's numerous objections lack
merit. By way of example, I will respond to several of those objections individually:

In Objection No. 12, ACE objects to producing documents in Georgia rather than



EXHIBIT
E

Paul B. Bech
April 30, 2008
Page 2

Delaware. As is reflected in the cover letter to the subpoena, sent by my office on March 18, 2008, we asked for all responsive documents to be sent to our office, and we offered to pay all costs associated with the copying and shipping of those documents.

In Objection No. 13, ACE objects that "ACE INA" is a non-existent entity. The name "ACE INA" was provided to us by opposing counsel, and is reflected in the header of Ms. Logan's April 18, 2008 letter. Moreover, the Subpoena seeks documents from "all parents, subsidiaries, affiliates, agents, and employees" of the Subpoena's recipient, "ACE American Insurance Company (ACE INA)".

In Objection No. 14, ACE objects that the Subpoena is "vague" because it fails to define the terms "ACIES/one," "ACIES/one product," "ACIES/one module," or "ACIES/one system." ACE was identified to us by opposing counsel as a company that had licensed the "ACIES/one" product from Insurance Data Processing, Inc. Please contact me immediately if that is not accurate. If ACE licensed the "ACIES/one" product, however, I feel confident that ACE understands the above-referenced terms.

In Objection No. 15, ACE objects to the Subpoena as overbroad. Please contact me immediately if you propose narrower language that is acceptable to ACE.

In Objection No. 17, ACE objects to the Subpoena as "not reasonably calculated to lead to the discovery of admissible evidence." I disagree. IDP's "ACIES/one" product, including its functionality, completeness, and the speed of its implementation, are central issues to this litigation. Because I understand that ACE licensed the "ACIES/one" product prior to the events giving rise to this litigation, documents within the possession of ACE are likely to inform these issues. Please contact me if you require additional information regarding the relationship between the documents in ACE's possession and the issues raised in this litigation.

In Objection No. 18, ACE argues that the Subpoena does not allow a reasonable time for compliance. The Subpoena was served on ACE on March 19, 2008. Insurance House agreed to extend the time for ACE's production through April 24, 2008. Therefore, ACE was given more than five (5) weeks to produce documents.

In Objections Nos. 19 through 21, ACE cites concerns about the confidentiality of its documents. Along with the Subpoena, ACE received a copy of the Protective Order entered in this case. The cover letter accompanying the Subpoena invited ACE to designate its documents as either "Confidential" or "Attorney's Eyes Only" as appropriate. The Protective Order in this case provides adequate protection of a third party's documents, and other third parties have designated documents "Attorney's Eyes Only" to ensure their confidentiality.

Paul B. Bech
April 30, 2008
Page 3

Given our last conversation, it is my understanding that your failure to provide documents or otherwise contact us by Monday, April 28, 2008 indicates ACE's refusal to provide responsive documents in the absence of a court order. If this is not the case, please contact me immediately. In any event, if you fail to provide documents responsive to the Subpoena before the close of business tomorrow, Thursday, May 1, 2008, we will have no choice but to seek Court intervention. Please note that this letter will constitute Insurance House's attempt to resolve this dispute without the Court's involvement.

Sincerely,

Joseph H. Hession

13053381.1

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 05 2007

JAMES N. HATTEN, Clerk
Paul W. [signature]
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

THE INSURANCE HOUSE, INC., )
a Georgia corporation, )
)
    Plaintiff, )
)
vs. )    **CIVIL ACTION NO.**
)    **1:07-CV-0286-BBM**
INSURANCE DATA )
PROCESSING, INC., )
a Pennsylvania corporation, )
)
    Defendant. )
)
_____ )

### PROTECTIVE ORDER

This 5th day of February, 2007, upon the consent of the parties, and pursuant

to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

    1.    All Classified Information produced or exchanged in the course of this

litigation by parties or by nonparties, whether produced under subpoena, in

response to a Rule 34 request, or otherwise, shall be used solely for the purpose of

- 1 -

ATLA 09921

EXHIBIT
F

preparation and trial of this litigation and for no other purpose whatsoever, and

shall not be disclosed to any person except in accordance with the terms hereof.

    2.    "Classified Information," as used herein, means any information of

any type, kind, or character which is designated as "Confidential" or "Attorneys'

Eyes Only" by any of the supplying or receiving parties or nonparties, whether

produced under subpoena or otherwise, and whether it be a contract or other type

of document, information contained in a contract or other type of document,

information revealed during a deposition, information revealed in an interrogatory

answer or in other discovery, or information obtained by any other means related

to this litigation.  In designating information as "Confidential" or "Attorneys' Eyes

Only", a party will make such designation only as to that information that it in

good faith believes contains Classified Information.  Information or material which

is available to the public, including catalogues, advertising materials, and the like

shall not be classified.

    3.    "Qualified Persons," as used herein means:

        a.    Attorneys of record for the parties in this litigation,
               employees of such attorneys to whom it is necessary that
               the material be shown for purposes of this litigation, and
               outside vendors retained in good faith by such attorneys
               for the purposes of litigation support, including
               processing electronic information and providing copying
               services;

        b.    Actual or potential independent technical experts or
               consultants, who have been designated in writing by

notice to all counsel prior to any disclosure of Classified Information to such persons, who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person), and who does not provide services of a similar nature to or in competition with the party whose Classified Information will be reviewed;

    c.    The parties; and

    d.    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4.    All Qualified Persons defined in Paragraphs 3(b) receiving any Classified Information pursuant to this Order shall sign an undertaking in the form annexed hereto as Attachment A; it being further provided that, with the exception of the experts or consultants for the Preliminary Injunction Hearing, the other party shall have five business days after disclosure of the identity of such Qualified Person in which to object on a good faith basis to the designation of such Qualified Person before she or he receives any Attorneys' Eyes Only Classified Information. If such an objection is lodged, the Qualified Person with respect to whom the objection is lodged shall not receive any Classified Information until after the objection is resolved.

5.    Documents produced in this action may be designated by any party or nonparties as Classified Information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only", or, if

the information is electronically stored information, by so designating on the

physical media used to deliver the electronically stored information (if applicable)

and in written or electronic correspondence.  In lieu of marking the original of a

document, if the original is not produced, the designating party may mark copies of

Classified Information that are produced or exchanged.  Originals shall be

preserved for inspection.

　　　　6.　　　Information disclosed at (a) the deposition of a party or one of its

present or former officers, directors, employees, agents, or independent experts

retained by counsel for the purpose of this litigation, or (b) the deposition of a third

party (which information pertains to a party) may be designated by any party as

"Confidential" or "Attorneys' Eyes Only" by indicating on the record at the

deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is

subject to the provisions of this Order.

　　　　7.　　　Any party may also designate information disclosed at such

deposition as "Confidential" or "Attorneys' Eyes Only" by notifying all of the

parties in writing within thirty (30) days of receipt of the transcript, of the specific

pages and lines of the transcript which should be treated as "Confidential" or

"Attorneys' Eyes Only".  Each party shall attach a copy of such written notice or

notices to the face of the transcript and each copy thereof in his possession.

ATLA 09032 1                                   - 4 -

custody or control. All deposition transcripts shall be treated as Classified Information for a period of thirty (30) days after the receipt of the transcript.

8.    To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only" with blank, consecutively-numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript. The parties may by mutual agreement designate an alternate way to handle such designations within specific deposition transcripts.

9.    Classified Information designated as "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons defined in Paragraphs 3(a)-(d) above.

10.    Classified Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a)-(b) above. Copies of "Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained by such Qualified Persons only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of

documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

11.    Each party's outside counsel shall maintain a log of all copies of "Attorneys' Eyes Only" documents that are delivered to any one or more Qualified Person defined in Paragraph 3, above.

12.    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" or "Attorneys' Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Documents to be inspected shall be treated as "Attorneys' Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Attorneys' Eyes Only" by the producing party, or, if the information is electronically stored information, on the physical media used to deliver the electronically stored information (if applicable) and in written or electronic correspondence associated or provided with the electronically stored information.

ATI #30912.1

- 6 -

13.    Nothing herein shall prevent disclosure beyond the terms of this Order if each party or nonparty designating the information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Attorneys' Eyes Only" information, irrespective of which party produced such information.

14.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys' Eyes Only", or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by producing redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Attorneys' Eyes Only". The designating party shall be required to move the Court for an order preserving the designated status of such information within

fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

15.    The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

16.    Nothing shall be designated "Attorneys' Eyes Only" except information of the most sensitive nature, including, but not limited to proprietary and confidential trade secrets and business information, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees or competitors of the corporate parties.

17.    Nothing shall be regarded as Classified Information if it is information that either:

(a)    is in the public domain at the time of disclosure, as evidenced by a written document;

(b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

18.    In the event a party wishes to use any Classified Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Attorneys' Eyes Only" information used therein shall be filed under seal with the Court.

19.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as Classified Information pursuant to this Order.

20.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to Classified Information shall be subject to the provisions of this Order.

21.    Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any Classified Information and all documents or reproductions containing or otherwise reflecting Classified Information that is in the possession of any Qualified Person defined in Paragraphs 3(a) through (d) shall be returned to the producing party or shall be destroyed (or made inaccessible to the extent reasonably possible) and shall be certified as such by receiving counsel, except as this Court may otherwise order or to the extent such Classified Information was used as evidence at trial.  As far as the provisions of any

protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

22.    This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of Classified Information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys' Eyes Only" information produced by another party or non-party herein, which disclosure would be contrary to the terms of this Protective Order.

23.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

ATL #309512.1

24.    Privilege matters arising under Rule 26(b)(5)(B) shall be addressed in the Court's Scheduling Order pursuant to Rule 16(b).

Consented to by the parties through their respective undersigned counsel, this 5th day of February, 2006.

| | |
|---|---|
| /s/ James H. Cox | /s/ Carl G. Roberts |
| James H. Cox | Carl G. Roberts |
| Georgia Bar No. 192425 | Pennsylvania Bar No. 19367 |
| Joseph F. Hession | Ballard Spahr Andrews & Ingersoll, LLP |
| Georgia Bar No. 349605 | 51st Floor |
| Philip S. Bubb | 1735 Market Street |
| Georgia Bar No. 092069 | Philadelphia, Pennsylvania 19103 |
| CARLTON FIELDS, P.A. | Phone: (215) 864-8120 |
| One Atlantic Center | Fax:    (215) 864-9780 |
| 1201 West Peachtree Street | *Attorney for Defendant* |
| Suite 3000 | |
| Atlanta, Georgia 30309 | |
| Phone:  (404) 815-3400 | |
| Fax:    (404) 815-3415 | |
| *Attorney for Plaintiff* | |

**BY THE COURT:**

Honorable Beverly B. Martin, USDJ

Signed: February 5, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby further certify that on May 8, 2008, I caused a copy of the "Plaintiff's Motion to

Compel Documents from Third Party Ace American Insurance Co. and Memorandum of Law in

Support" to be served by FedEx overnight delivery on:

    Paul B. Bech, Esquire
    Bazelon Less & Feldman, P.C.
    1515 Market Street, Suite 700
    Philadelphia, PA 19102-1907

Thomas G. Macauley (D No. 3411)

1800888.1