## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., | : | Civil Action No. _____ |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| FRUIT OF THE EARTH, INC., | : | |
| Defendant. | : | |

## VERIFIED COMPLAINT

Plaintiff Schering-Plough HealthCare Products, Inc. ("S-P"), by its attorneys, Reed Smith, LLP, as and for its Complaint against defendant Fruit of the Earth, Inc. ("Defendant"), avers as follows:

## PRELIMINARY STATEMENT

1.  This is an action for trade dress infringement of two of S-P's highly successful COPPERTONE® sun care products: COPPERTONE SPORT® Continuous Spray and COPPERTONE ® WATER BABIES® Quick Cover and infringement of certain related trademarks. Defendant has wrongfully copied S-P's highly distinctive COPPERTONE® trade dress to make and sell private label/generic "knock off" versions of S-P's famous products. Such blatant misappropriation of the goodwill that S-P has developed in its COPPERTONE® brand constitutes, among other things, trade dress infringement under the federal Lanham Act. S-P accordingly seeks injunctive relief and money damages for: (i) trade dress infringement in violation of Section 43(a) of the Lanham Act; (ii) false designation of origin in violation of Section 43(a) of the Lanham Act; (iii) trademark infringement in violation of Section 43(a) of

the Lanham Act; (iv) unfair competition in violation of Section 43(a) of the Lanham Act; (v)

trade dress dilution in violation of Section 43(a) of the Lanham Act; (vi) deceptive trade

practices in violation of Delaware state law, 6 Del.C. §§ 2531, *et seq.*; and (vii) unjust

enrichment.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28

U.S.C. §§1331, 1338 and 1367, in that this is a trade dress dispute which arises under the federal

Lanham Act, 15 U.S.C. §§ 1114 *et seq.*

3.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part

of the events giving rise to the claims in this action occurred in this judicial district and because

Defendant is a corporation deemed to reside in this judicial district.

## PARTIES

4.     Plaintiff S-P is a Delaware corporation with a principal place of business at 3030

Jackson Avenue, Memphis, Tennessee 38151.

5.     Defendant Fruit of the Earth, Inc. is a Delaware corporation with a principal place

of business at 3101 High River Road, Fort Worth, Texas 76155.

## FACTUAL BACKGROUND

### A.     History of the COPPERTONE® Brand

6.     COPPERTONE® sun care products are the pioneer of such products in the

United States.  The first COPPERTONE® product, COPPERTONE® Suntan Cream, was

introduced to the public in 1944.

7.     Since its inception, the COPPERTONE® family of sun care products has been

characterized by numerous innovations and many "firsts" in the U.S. mass market, including: the

first sunscreen; introduction of the now widely used "SPF" system; the first line of sunscreen for

children; and the first continuous spray sunscreen.

8.　　Plaintiff S-P is the consumer products business unit of Schering-Plough Corporation. Today, S-P manufactures and sells various over-the-counter products, including the full line of COPPERTONE® sun care products.

## B.　The COPPERTONE® Products Today

9.　　The COPPERTONE® line of products manufactured and sold by S-P is widely distributed in all leading channels of trade for sun care products, including pharmacies, supermarkets and mass merchandising stores.

10.　　The COPPERTONE® brand is repeatedly the number-one selling brand in the sun care category and has enjoyed for the past three years over 95% total awareness among consumers, significantly higher than the next best selling brand.

11.　　In the past ten years, S-P has spent more than $356,787,000 on advertising and promotion of the COPPERTONE® brands, including market research. In 2007, S-P spent $34,688,000 on advertising and brand promotion. Insofar as sun care products are seasonal, the spending is focused in a ten-week period between May and mid-July. On an annualized basis, the spend would be more than five times the amounts cited above.

12.　　As a result of S-P's significant investment in the advertising, promotions, sale and marketing of COPPERTONE® brand products, in 2007 alone, S-P sold more than 18 million units of COPPERTONE® sun care products, with Nielsen retail dollar sales exceeding $150 million. Nielsen retail dollar sales reflect food stores, drug stores, and select mass outlet stores which typically represents approximately 60% of S-P's total dollar sales. Of the total unit sales, more than 6.7 million of those units were COPPERTONE SPORT® (for Nielsen dollar sales exceeding $55 million) and more than 2.6 million of those units were COPPERTONE®

WATER BABIES® (for Nielsen Dollar sales exceeding $20 million).

13.     S-P devotes significant effort, including extensive work with outside consultants and designers, and considerable financial and employee resources to developing unique and distinctive packaging, bottling and graphics for its COPPERTONE® products (referred to herein collectively as the "COPPERTONE® Trade Dress").  The overall look and feel of packaging and bottling is critical to marketing the COPPERTONE® family of products because it serves both as an identifier of S-P's high quality products, which emanate from one source, and also a means of distinguishing S-P's products from those of its competitors.

**C.    S-P's COPPERTONE® Trademarks**

14.     S-P is the owner of numerous federal trademark registrations and applications for the mark COPPERTONE®, including US Registration No. 917,825 for the word mark COPPERTONE®.  The Notice of Renewal is attached hereto as Exhibit A.  This registration was issued on August 3, 1971 for use in connection with "suntan oil, suntan lotion and extra protection suntan lotion" and claims a first use in 1944.

15.     S-P is also the owner of US Registration No. 2,230,833 for the word mark COPPERTONE SPORT, attached hereto as Exhibit B.  This registration was issued on March 9, 1999 and claims S-P's first use of the COPPERTONE SPORT mark for suntanning and sun care preparations, namely moisturizers, sun-screens and sunblocks, as of January 3, 1992.  Critically, the word "sport" is not disclaimed.

16.     S-P further is the owner of US Registration No. 3,061,444 for a three dimensional bottle shape in color with the word SPORT embossed in a sideways position on the left front of the bottle, attached hereto as Exhibit C.  The registration specifically claims the color blue for this SPORT sunscreen bottle for suntanning and sun care preparations, namely moisturizers, sun-

screens and sunblocks and claims the first use as of November 9, 2001.

17.     S-P is also the owner of US Registration No. 3,326,150 for the Coppertone "halo" featuring the Coppertone girl and dog in color mark, attached hereto as Exhibit D. In this registration, the colors blue, brown, beige and white are specifically claimed as features of the mark, prominently featuring the white lettering against the claimed blue background. The first use is claimed as of November 30, 2005.

18.     S-P is also the owner of US Registrations 2,815,419 and 2,662,273 for logos for COPPERTONE SPORT® in color, attached hereto as Exhibit E and F, respectively. The registrations specifically claim rights in the colors blue, orange and white and specifically do not disclaim the word "sport". The first use is claimed as of November 9, 2001.

19.     S-P also owns numerous other federally registered trademarks in its COPPERTONE SPORT® family, including US Registration 2,645,534, US Registration 3,030,970, and US Registration 2,815,418, attached hereto as Exhibits G, H, and I respectively.

20.     S-P also owns numerous other federally registered trademarks in its COPPERTONE® family generally, including but not limited to the word mark COPPERTONE® WATER BABIES® and the stylized logo CONTINUOUS SPRAY®.

21.     S-P has invested considerable resources, including substantial financial expense, employee time and the use of outside consultants and designers, to develop and promote its distinctive COPPERTONE® family of trademarks. The investment in these distinctive marks has translated into extraordinary brand awareness and significant secondary meaning for these marks. In particular, the word "sport" in connection with sunscreen products, and the particular shade of royal blue with white lettering, has acquired secondary meaning in the marketplace and consumers associate COPPERTONE® as the source of sunscreen products bearing those marks.

**D.    S-P's COPPERTONE® Trade Dress**

22.    S-P is the owner of all right, title and interest in the COPPERTONE® Trade

Dress which it uses (and has been using since long before the acts of Defendant described

herein) in promoting and selling its products under the COPPERTONE® mark.  At issue in this

case are two COPPERTONE® products: COPPERTONE SPORT® and COPPERTONE®

WATER BABIES® (the "COPPERTONE® Products") pictured below.

 

23.    As seen from the depictions above, each of the COPPERTONE® Products

features numerous unique elements that individually and in combination create an overall look

and feel that is readily identifiable by consumers as a product originating with S-P and the

famous COPPERTONE® family.

24.    In particular, the COPPERTONE® Trade Dress includes, but is not limited to:

    a.    the size and shape of the bottle;
    b.    a unique blue cap;
    c.    a flag swirl at the top of the bottle indicating that the sunscreen is in spray
          form;
    d.    the overall color patterns (for COPPERTONE SPORT®, yellow, orange

and white on shades of blue and for COPPERTONE® WATER
BABIES®, pink, with features in hot pink, white and shades of blue);
e.   the architecture of the design of the bottles;
f.   size and colors of lettering; and
g.   certain key textual copy.

25.    The COPPERTONE® Trade Dress elements described above are not functional.
Rather, they are decorative, distinctive and serve as a source identifier.

26.    S-P has created and promoted its COPPERTONE® Trade Dress – specifically
including the COPPERTONE SPORT® Trade Dress and COPPERTONE® WATER BABIES®
Trade Dress – at considerable expense.  It has made significant investment in research and
development to develop product packaging that is distinctive and memorable to consumers.

27.    Since 1998, S-P has invested more than $350 million to promote its
COPPERTONE® products through, among other things, nationwide television and print
advertising campaigns.

28.    As a result, consumers readily identify the COPPERTONE® Products as
originating with S-P and as being products of the highest quality.  S-P's continued and extensive
use of the COPPERTONE® Trade Dress for many years in this judicial district (and elsewhere)
has built up substantial goodwill and consumer brand loyalty in the COPPERTONE® Products.

**E.    Defendant's Products and Defendant's Infringing Trade Dress**

29.    According to its web site, http://www.fote.com, Defendant manufactures and sells
its own lines of "aloe-based and nature-inspired products."  It markets sun care products under
its own brand name, "Block-Up!"  However, Defendant is also in the business of manufacturing
and selling private label products for various retailers to sell under either their own store brand
name or as a generic product with no brand name at all.

30.    Defendant is manufacturing and selling a line of private label/generic sun care

products for the retailer Wal-Mart.

31.    At least two of the products in the generic sun care product line that Defendant manufactures for Wal-Mart (the "Infringing Products") blatantly and intentionally copy and infringe the distinctive trade dress used by S-P on its COPPERTONE SPORT® and COPPERTONE® WATER BABIES® products.  The Infringing Products' trade dress (the "Infringing Trade Dress") was adopted for the purpose of trading upon the goodwill that S-P has built in the COPPERTONE® Trade Dress, despite the virtually unlimited options otherwise available to a generic or private label seller of sun care products.

32.    Defendant manufactures, sells and distributes the Infringing Products in packaging and trade dress that copy the key elements of the COPPERTONE® Trade Dress so as to deceive, mislead, and confuse the public into believing that S-P was and is the source of Defendant's products, and/or that its products are affiliated with, are associated with and/or are sponsored or approved by S-P.  The photographs reproduced below depict the Infringing Products.

 

33.    The Infringing "SPORT" Product copies the layout of the text and visuals on S-

P's COPPERTONE SPORT® bottle, as well as the overall color pattern and the actual text on S-

P's bottle, so that the overall impression of Defendant's SPORT product is nearly identical to

that of COPPERTONE SPORT®.  More specifically, the infringing elements of the Infringing

Trade Dress, listed from top to bottom, include:

- **Overall color combination:**  blue bottle with yellow, orange, white, and dark blue color elements – (similar color patterns as COPPERTONE SPORT®)
- **Blue Cap:**  (similar to COPPERTONE SPORT®)
- **Size and shape of bottle:** (similar to COPPERTONE SPORT®)
- **Flag swirl "Clear! No-Rub Spray":** (identical position on bottle, identical words, identical orange background, identical blue color of "No-Rub Spray," and same flag shape)
- **SPORT**: (identical position on bottle, identical prominent Sport, identical white color)
- **Continuous Spray**: (identical yellow lettering, identical yellow color in the same position as yellow color of COPPERTONE® Logo)
- **Purple 30 SPF circle** (identical purple background, identical white of number 30, identical white outer circle, identical position and color of SPF, similar positioning on the Orange flag banner
- **Very Sweat Resistant-Orange banner** (identical position on the bottle, identical orange background, similar shape of orange flag, identical blue lettering)
- **Darker Blue Flag**: (identical position on the bottle, similar dark blue color, identical white smaller text on the darker blue)
- **White Text at Bottom of Bottle:** (identical white lettering,  nearly identical copy of actual text, *i.e.*,"Broad spectrum UVA/UVB Protection" and "Sprays at any Angle" and 6 fl. oz. (177 ml)

34.    In addition, the hue of the blue of the bottle of the Infringing Sport Product,

together with the prominence of the word "Sport", in white lettering against the blue

background, blatantly infringes S-P's rights in this particular color blue for sun screen products,

the word "sport" in connection with its sunscreen products, and the distinctive color combination

of white lettering against the distinctive blue background as claimed in its federal registrations

(Exhibits B - I)

35.    The Infringing "BABY" Product similarly copies the layout of the text and

visuals of S-P's COPPERTONE® WATER BABIES® bottle, as well as the overall color pattern

and the actual text on S-P's bottle, so that the overall impression of Defendant's Infringing

Product is nearly identical to that of COPPERTONE® WATER BABIES® Quick Cover. More

specifically, the infringing elements of Defendant's packaging include:

- **Overall color combination**: pink bottle with light blue, dark blue, white and maroon color elements (similar color patterns as COPPERTONE® WATER BABIES®)
- **Blue Cap:** (similar to COPPERTONE® WATER BABIES®)
- **Size and shape of bottle:** (similar to COPPERTONE® WATER BABIES®)
- **Flag Swirl "Lotion! Fast Cover Spray":** (identical position on bottle, identical white background, identical blue used with "Fast Cover Spray," nearly identical wording, same flag shape)
- **BABY Sunscreen**: (identical position on bottle, identical prominent use of BABY (instead of BABIES), white color of letters is in the same position as the white coloring of COPPERTONE)
- **CONTINUOUS SPRAY**: (identical color and positioning of the blue of the ocean on the COPPERTONE® bottle, use of "Continuous Spray" that consumers know as originating from S-P and as used on other S-P COPPERTONE® suncare products)
- **Maroon circle with 50 SPF**: (nearly identical maroon background color, identical white of number 50, identical position and color of SPF)
- **Broad Spectrum phrase**: (identical dark blue lettering, identical size, and identical position on bottle as "Quick Cover Lotion Spray"; similar white color and shape of white sand on COPPERTONE®; exact copying of text on bottle of COPPERTONE® bottle)
- **White Text at Bottom of Bottle**: (similar position as on COPPERTONE® bottle, similar use of Pediatrician in same position on bottle, exact copying of "Sprays at any angle").

36.     Defendant's Infringing Products not only intentionally copy key elements of the

COPPERTONE® Trade Dress, but also bear no distinctive mark or labeling (such as a house

mark, store brand or other indicator of source) to differentiate them from S-P's

COPPERTONE® Products.

37.     Defendant has without authorization deliberately and willfully infringed the

COPPERTONE® Trade Dress by manufacturing, distributing and selling the Infringing

Products in Infringing Trade Dress that is intended to cause, and will cause, a likelihood of

confusion among consumers.

38.     Defendant's Infringing Trade Dress is designed to falsely suggest to consumers

that some connection exists between Defendant's products and the manufacturer of the

COPPERTONE® Products, by means of Defendant's copying of the overall look and feel and

commercial impression of the COPPERTONE® Trade Dress.

39.    Fully aware of S-P's COPPERTONE® Trade Dress, Defendant has distributed, offered for sale, and/or sold in the United States directly competitive sun care products using packaging, design and all forms of trade dress that are confusingly similar to the COPPERTONE® Trade Dress.

40.    Defendant's distribution and sale of the Infringing Products has been without authorization by S-P and in a manner designed to confuse consumers.

41.    Defendant's actions have been deliberate, willful and intentional, undertaken in bad faith and with the intent of trading on the goodwill and reputation of S-P and its distinctive COPPERTONE® Trade Dress, with full knowledge of and in conscious disregard of S-P's rights.

42.    Defendant's unlawful actions are having and will continue to have a substantial and adverse effect on United States commerce.

## COUNT ONE
### Federal Trade Dress Infringement

43.    S-P repeats the allegations in the foregoing paragraphs as if fully set forth herein.

44.    S-P is the owner of all rights and title to the distinctive COPPERTONE® Trade Dress, including in particular the COPPERTONE SPORT® Trade Dress and the COPPERTONE® WATER BABIES® Trade Dress.

45.    Defendant's manufacture and distribution of the Infringing Products is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with S-P, or as to the origin, sponsorship, or approval by S-P of Defendant's goods, services or commercial activities.

46.    Defendant's manufacture and distribution of the Infringing Products enables

- 11 -

Defendant to benefit unfairly from the reputation and success of S-P's products sold under the COPPERTONE® Trade Dress, thereby giving the Infringing Products commercial value that they would not otherwise have.

47.     Defendant's actions constitute unfair competition, false designation of origin and palming off (infringement of S-P's trade dress) in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48.     Defendant's actions have caused, and will continue to cause, irreparable harm to S-P, and will continue to so harm S-P unless preliminarily and permanently enjoined.

49.     Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions.  Defendant's unlawful actions are causing and will cause S-P monetary damage in amounts to be determined at trial.

## COUNT TWO
### Federal False Designation of Origin

50.     S-P repeats the allegations in the foregoing paragraphs as if fully set forth herein.

51.     The acts of Defendant as complained of herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

52.     Defendant's actions have caused, and will continue to cause, irreparable harm to S-P, and will continue to so harm S-P unless preliminarily and permanently enjoined.

53.     Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions.  Defendant's unlawful actions are causing and will cause S-P monetary damage in amounts to be determined at trial.

## COUNT THREE
### Federal Trademark Infringement

54.     S-P repeats the allegations in the foregoing paragraphs as if fully set forth herein.

55.    S-P is the owner of all rights and title to the US Trademark Registrations 917,825, 2,230,833, 3,061,444, 3,326,150, 2,815,419, 2,662,273, 2,645,534, 3,030,970, and 2,815,418. Accordingly, S-P has exclusive trademark rights in the words COPPERTONE SPORT®, the blue color of its sport sunscreen bottles and the use of the word SPORT in connection with sunscreen products, especially as lettered in white against the claimed blue background.

56.    Defendant's manufacture and distribution of its Infringing SPORT Product is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with S-P, or as to the origin, sponsorship, or approval by S-P of Defendant's goods, services or commercial activities.

57.    Defendant's manufacture and distribution of the Infringing SPORT Product enables Defendant to benefit unfairly from the reputation and success of S-P's COPPERTONE SPORT® mark and related trademarks, thereby giving the Infringing Products commercial value that they would not otherwise have.

58.    Defendant's actions constitute unfair competition, false designation of origin and palming off (infringement of S-P's federally registered trademark in COPPERTONE SPORT® and related trademarks) in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

59.    Defendant's actions have caused, and will continue to cause, irreparable harm to S-P, and will continue to so harm S-P unless preliminarily and permanently enjoined.

60.    Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions. Defendant's unlawful actions are causing and will cause S-P monetary damage in amounts to be determined at trial.

## COUNT FOUR
### Unfair Competition

61.   S-P repeats the allegations in the foregoing paragraphs as if fully set forth herein.

62.   S-P is the owner of all rights and title to the US Trademark Registrations attached hereto as Exhibits A-H and the COPPERTONE® Trade Dress.

63.   Defendant's manufacture and distribution of its Infringing Products is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with S-P, or as to the origin, sponsorship, or approval by S-P of Defendant's goods, services or commercial activities.

64.   Defendant's manufacture and distribution of the Infringing Products enables Defendant to benefit unfairly from the reputation and success of S-P's COPPERTONE® Trade Dress mark and related trademarks, thereby giving the Infringing Products commercial value that they would not otherwise have.

65.   Defendant's actions constitute unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

66.   Defendant's actions have caused, and will continue to cause, irreparable harm to S-P, and will continue to so harm S-P unless preliminarily and permanently enjoined.

67.   Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions.  Defendant's unlawful actions are causing and will cause S-P monetary damage in amounts to be determined at trial.

## COUNT FIVE
### Federal Trade Dress Dilution

68.   S-P repeats the allegations in the foregoing paragraphs as if fully set forth herein.

69.   The acts of Defendant as complained of herein constitute dilution of S-P's famous trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

70.    Defendant's actions have caused, and will continue to cause, irreparable harm to S-P, and will continue to so harm S-P unless preliminarily and permanently enjoined.

71.    Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions.  Defendant's unlawful actions are causing and will cause S-P monetary damage in amounts to be determined at trial.

## COUNT SIX
### Deceptive Trade Practices under Delaware Law

72.    S-P repeats the allegations in the foregoing paragraphs as if fully set forth herein.

73.    The acts of Defendant as complained of herein constitute deceptive trade practices in violation of 6 Del.C. §§ 2531, *et seq*.

74.    Defendant's actions have caused, and will continue to cause, irreparable harm to S-P, and will continue to so harm S-P unless preliminarily and permanently enjoined.

75.    Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions.  Defendant's unlawful actions are causing and will cause S-P monetary damage in amounts to be determined at trial.

## COUNT SEVEN
### Unjust Enrichment

76.    S-P repeats the allegations in the foregoing paragraphs as if fully set forth herein.

77.    By wrongfully misappropriating the goodwill S-P has developed in its COPPERTONE® brand through deliberate copying of S-P's COPPERTONE® Trade Dress, Defendant has been unjustly enriched to the material detriment of S-P.

78.    Defendant's actions have caused, and will continue to cause, irreparable harm to S-P, and will continue to so harm S-P unless preliminarily and permanently enjoined.

79.    Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions.  Defendant's unlawful actions are causing and will cause S-P

monetary damage in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, S-P prays for relief against Defendant as follows:

a.      That Defendant, its servants, agents, employees, and all those in active concert or participation with Defendant, permanently enjoined and restrained from:

(i) using in any manner, on, or in connection with any of Defendant's Infringing Products, or any other sun care product that does not originate with S-P, Defendant's Infringing Trade Dress as defined herein, and/or any trade dress confusingly similar thereto.

(ii) using in any manner, on, or in connection with any of Defendant's Infringing Products, or any other sun care product that does not originate with S-P, either the COPPERTONE SPORT® of the COPPERTONE® WATER BABIES® Trade Dress, or any trade dress confusingly similar thereto, that is likely to cause confusion, deception, or mistake or that dilutes or is likely to dilute the distinctive quality thereof.

(iii) using in any manner, on, or in connection with any of Defendant's Infringing Products, or any other sun care product that does not originate with S-P, any of the following S-P trade dress elements, alone or in combination:

      a.      the size and shape of the bottle;
      b.      a unique blue cap;
      c.      a flag swirl at the top of the bottle indicating that the sunscreen is in spray form;
      d.      the overall color patterns (for Coppertone Sport®, yellow, orange and white on shades of blue and for Coppertone® Water Babies®, pink, with features in hot pink, white and shades of blue);
      e.      the architecture of the design of the bottles;
      f.      size and colors of lettering; and
      g.      certain key textual copy.

(iv) passing off, inducing, or enabling others to sell or pass off Defendant's Infringing Products and any other product as and for products produced by S-P, not Defendant, or not produced under the control and supervision of S-P and approved by S-P for the sale under

the COPPERTONE SPORT® Trade Dress or the COPPERTONE® WATER BABIES® Trade Dresses;

(v) engaging in any other conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers, and/or other members of the public to believe that Defendant's Infringing Products are connected with S-P or are sponsored, approved, or licensed by S-P, or are in some way connected or affiliated with S-P;

(vi) further diluting and infringing the COPPERTONE SPORT® Trade Dress or the COPPERTONE® WATER BABIES® Trade Dress, and otherwise damaging S-P's good will;

(vii) using any reproduction, counterfeit, copy or colorable imitation of the COPPERTONE SPORT® Trade Dress or the COPPERTONE® WATER BABIES® Trade Dress in connection with Defendant's publicity, promotion, offer to sell, marketing, distribution, or advertising of its products;

(viii) destroying any records documenting the manufacture, sale, offer to sell, distribution, location, or receipt of Defendant's Infringing Products; and

(ix)    assisting, aiding or abetting any other person or business entity in engaging in or in performing any of the activities referred to in subparagraphs (i) – (viii) above.

b.    that Defendant be required to deliver to the Court for destruction, or show proof of destruction of any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession or control that use Defendant's Infringing Trade Dress or any other trade dress or design similar to the COPPERTONE SPORT® Trade Dress or the COPPERTONE® WATER BABIES® Trade Dress or that incorporate the COPPERTONE SPORT® Trade Dress or the COPPERTONE® WATER BABIES® Trade Dress and any molds, dies, screens, or other devices to produce same;

c.    that Defendant be ordered to notify its and any affiliates' customers, in writing, that they are not to sell Defendant's Infringing Products and that said customers are to impound and return all units of Defendant's Infringing Products to Defendant;

d.    that Defendant be ordered to file with this Court and to serve upon S-P, within 30 days after the entry and service on Defendant of each injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

e.    that S-P recover all damages sustained as a result of Defendant's activities and that said damages be trebled;

f.    that an accounting be directed to determine Defendant's profits resulting from its and its affiliates' unlawful activities and that such profits be paid over to S-P, increased as this Court finds to be just under the circumstances of this case;

g.    that S-P recover its reasonable attorneys' fees;

h.    that S-P recover punitive damages and its costs of this action, together with prejudgment and post-judgment interest; and

i.    that S-P recover such other and further relief as this Court deems just and proper.

REED SMITH LLP

David E. Wilks (Del. Bar #2793)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575
*dwilks@reedsmith.com*

Tracy Zurzolo Quinn
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone:  (215) 851-8100
Facsimile:  (215) 851-1420
tquinn@reedsmith.com

- and -

Emily Bab Kirsch
REED SMITH LLP
599 Lexington Avenue
New York, NY  10022-7650
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
ekirsch@reedsmith.com

*Attorneys for Plaintiff*

Dated:  May 9, 2008

## VERIFICATION

I, <u>Thomas J. Higgins</u>, am <u>Group Vice President - Marketing</u> with Schering -Plough

HealthCare Products, Inc. I have read the allegations contained in the foregoing Verified

Complaint and certify under penalty of perjury that those allegations are true and correct to the

best of my knowledge, information and belief.

_____
Thomas J. Higgins
Group Vice President – Marketing
Consumer Healthcare

Dated: ___April May 9___, 2008
SWORN TO AND SUBSCRIBED before me this _____9_____ day of May, 2008.

_____
Notary Public

**HEIDEMARIE KLEIN**
**Notary Public of New Jersey**
**Commission Expires 2/11/2018**

- 20 -

# EXHIBIT A



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia   22202-3513

REGISTRATION NO: 0917825    SERIAL NO: 72375781    MAILING DATE: 07/31/2001
REGISTRATION DATE: 08/03/1971
MARK: COPPERTONE
REGISTRATION OWNER: SCHERING-PLOUGH HEALTHCARE PRO
CORRESPONDENCE ADDRESS:

CHARLES H. OPPENHEIMER
SCHERING-PLOUGH CORPORATION
2000 GALLOPING HILL ROAD K-6-1 1030
KENILWORTH, NJ 07033

*TRADEMARKS & COPYRIGHTS Rec'd. Noted by*

*COMPUTER INPUT*
*BY __ gee*
*DATE __ 8/20/01*

*AUG   7  2001*

*ROUTE TO*
*1. computer input    2.*
*COMPLETED ☐ BY*

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
051.

LATHAM, DANA D
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

TMLT6  (9/99)

# EXHIBIT B

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

Reg. No. 2,230,833

## United States Patent and Trademark Office

Registered Mar. 9, 1999

### TRADEMARK
### PRINCIPAL REGISTER

## COPPERTONE SPORT

SCHERING-PLOUGH HEALTHCARE PROD-
UCTS, INC. (DELAWARE CORPORATION)
3030 JACKSON AVENUE
MEMPHIS, TN 38151

FOR: SUNTANNING AND SUN CARE PREP-
ARATIONS; NAMELY, MOISTURIZERS, SUN-
SCREENS AND SUN BLOCKS, IN CLASS 3
(U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST    USE    1–3–1992;    IN    COMMERCE
1–3–1992.

OWNER OF U.S. REG. NOS. 601,438, 2,096,116
AND OTHERS.

SER. NO. 75–478,917, FILED 5–4–1998.

EDWARD NELSON, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**Reg. No. 3,061,444**

# United States Patent and Trademark Office

Registered Feb. 28, 2006

## TRADEMARK
### PRINCIPAL REGISTER



SCHERING-PLOUGH HEALTHCARE PRO-
DUCTS, INC. (DELAWARE CORPORATION)
3030 JACKSON AVENUE
MEMPHIS, TN 38151

FOR: SUNCARE PREPARATIONS, NAMELY
MOISTURIZERS, SUNSCREENS AND SUNBLOCKS,
IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-9-2001; IN COMMERCE 11-9-2001.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE SPORT, APART FROM THE MARK
AS SHOWN.

THE MARK CONSISTS OF A THREE DIMEN-
SIONAL BOTTLE SHAPE WITH THE WORD SPORT
EMBOSSED IN A SIDEWAYS POSITION ON THE
LEFT FRONT SIDE OF THE BOTTLE. THE MARK IS
LINED FOR THE COLOR BLUE.

SEC. 2(F).

SER. NO. 76-258,480, FILED 5-17-2001.

DAVID C. REIHNER, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,326,150
Registered Oct. 30, 2007

## TRADEMARK
## PRINCIPAL REGISTER



SCHERING-PLOUGH HEALTHCARE PRO-
DUCTS, INC. (DELAWARE CORPORATION)

3030 JACKSON AVENUE

MEMPHIS, TN 38151

FOR: SUNTANNING AND SUNCARE PREPARA-
TIONS; NAMELY, OILS, LOTIONS, MOISTURI-
ZERS, SUNSCREENS, SUN BLOCKS, AND
PREPARATIONS TO ASSIST IN TANNING THE
SKIN , IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-30-2005; IN COMMERCE 11-30-2005.

OWNER OF U.S. REG. NOS. 693,601, 2,730,423,
AND OTHERS.

THE COLORS BLUE, BROWN, BEIGE, WHITE,
AND YELLOW ARE CLAIMED AS A FEATURE OF
THE MARK.

THE MARK CONSISTS OF THE TERM COPPER-
TONE IN WHITE AND THE DRAWING OF A BEIGE
GIRL WITH YELLOW HAIR AND BLUE CLOTH-
ING AND RIBBONS, WITH A BROWN DOG, ALL
SUPERIMPOSED ON A BLUE HALF OVAL BACK-
GROUND.

SN 78-624,651, FILED 5-6-2005.

KEVIN CORWIN, EXAMINING ATTORNEY

# EXHIBIT E

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

## United States Patent and Trademark Office

Reg. No. 2,815,419
Registered Feb. 17, 2004

### TRADEMARK
### PRINCIPAL REGISTER



SCHERING-PLOUGH HEALTHCARE PRO-
DUCTS, INC. (DELAWARE CORPORATION)
3030 JACKSON AVENUE
MEMPHIS, TN 38151

FOR: SUNCARE PREPARATIONS, NAMELY
SUNSCREEN AND SUN BLOCK PREPARATIONS,
IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-9-2001; IN COMMERCE 11-9-2001.

OWNER OF U.S. REG. NOS. 2,230,833, 2,645,534,
AND 2,662,273.

THE MARK CONSISTS OF A LETTER "S" COM-
PRISING AN UPPER IRREGULAR ARCUATE
SHAPE, A HORIZONTAL BAR CONSISTING OF

THE MARK "COPPERTONE SPORT", AND A LOW-
ER IRREGULAR ARCUATE SHAPE. THE LETTER
"S" APPEARS IN FOUR COLORS. THE OUTER-
MOST PORTION IS SILVER; THE NEXT PORTION
INWARDLY IS WHITE; AND THE LARGEST SEG-
MENTS OF THE "S", THE INNERMOST PORTIONS,
ARE YELLOW FROM THE ENDS OF THE LETTER
TO THE INNER CURVATURE, WHICH IS ORANGE.
THE "S" IS DISPLAYED ON A DARK BLUE OVAL
SHAPED BACKGROUND.

SEC. 2(F) AS TO "SPORT".

SN 76-294,679, FILED 8-2-2001.

STACY WAHLBERG, EXAMINING ATTORNEY

# EXHIBIT F

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 2,662,273
Registered Dec. 17, 2002

## TRADEMARK
### PRINCIPAL REGISTER



SCHERING-PLOUGH HEALTHCARE PRO-
DUCTS, INC. (DELAWARE CORPORATION)
3030 JACKSON AVENUE
MEMPHIS, TN 38151

FOR: SUN CARE PREPARATIONS, NAMELY
SUNSCREEN AND SUN BLOCK PREPARATIONS,
IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-9-2001, THE MARK WAS FIRST
USED ANYWHERE IN A DIFFERENT FORM
OTHER THAN THAT SOUGHT TO BE
REGISTERED ON 01/03/1992; IN COMMERCE
11-9-2001, THE MARK WAS FIRST USED IN
COMMERCE IN A DIFFERENT FORM OTHER

THAN THAT SOUGHT TO BE REGISTERED ON
01/03/1992.

OWNER OF U.S. REG. NOS. 1,760,538 AND
2,230,833.

THE STIPPLING IS FOR SHADING PURPOSES
ONLY. THE DRAWING IS LINED FOR THE COL-
ORS BLUE, SILVER AND GOLD.

SEC. 2(F) AS TO "SPORT".

SER. NO. 76-294,677, FILED 8-2-2001.

STACY WAHLBERG, EXAMINING ATTORNEY

# EXHIBIT G

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,645,534
Registered Nov. 5, 2002

## TRADEMARK
### PRINCIPAL REGISTER



SCHERING-PLOUGH HEALTHCARE PRO-
DUCTS, INC. (DELAWARE CORPORATION)
3030 JACKSON AVENUE
MEMPHIS, TN 38151

FOR: SUN CARE PREPARATIONS, NAMELY
SUNSCREEN AND SUN BLOCK PREPARATIONS,
IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-9-2001, THE MARK WAS FIRST
USED ANYWHERE IN A DIFFERENT FORM
OTHER THAN THAT SOUGHT TO BE
REGISTERED ON 01/03/1992; IN COMMERCE
11-9-2001, THE MARK WAS FIRST USED IN
COMMERCE IN A DIFFERENT FORM OTHER

THAN THAT SOUGHT TO BE REGISTERED ON
01/03/1992.

OWNER OF U.S. REG. NOS. 1,760,538 AND
2,230,833.

THE STIPPLING IS FOR SHADING PURPOSES
ONLY.

SEC. 2(F) IN PART, AS TO "SPORT".

SER. NO. 76-294,676, FILED 8-2-2001.

STACY WAHLBERG, EXAMINING ATTORNEY

# EXHIBIT H

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

Reg. No. 3,030,970

## United States Patent and Trademark Office

Registered Dec. 20, 2005

### TRADEMARK
### PRINCIPAL REGISTER



SCHERING-PLOUGH HEALTHCARE PRO-
DUCTS, INC. (DELAWARE CORPORATION)
3030 JACKSON AVENUE
MEMPHIS, TN 38151

FOR: SUNCARE PREPARATIONS, NAMELY,
SUN SCREENS AND SUN BLOCK, IN CLASS 3
(U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-9-2001; IN COMMERCE 11-9-2001.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE SPORT, APART FROM THE MARK
AS SHOWN.

THE STIPPLING IS FOR SHADING PURPOSES
ONLY.

THE MARK CONSISTS OF A THREE DIMEN-
SIONAL BOTTLE SHAPE WITH THE WORD SPORT
EMBOSSED IN A SIDEWAYS POSITION ON THE
LEFT FRONT SIDE OF THE BOTTLE.

SEC. 2(F).

SER. NO. 76-258,479, FILED 5-17-2001.

DAVID C. REIHNER, EXAMINING ATTORNEY

# EXHIBIT I

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 2,815,418
Registered Feb. 17, 2004

## TRADEMARK
### PRINCIPAL REGISTER



SCHERING-PLOUGH HEALTHCARE PRO-
DUCTS, INC. (DELAWARE CORPORATION)
3030 JACKSON AVENUE
MEMPHIS, TN 38151

FOR: SUNCARE PREPARATIONS, NAMELY
SUNSCREEN AND SUN BLOCK PREPARATIONS,
IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-9-2001; IN COMMERCE 11-9-2001.

OWNER OF U.S. REG. NOS. 2,230,833, 2,645,534,
AND 2,662,273.

THE MARK CONSISTS OF A LETTER "S" COM-
PRISING AN UPPER IRREGULAR ARCUATE
SHAPE, A HORIZONTAL BAR CONSISTING OF
THE MARK "COPPERTONE SPORT", AND A LOW-
ER IRREGULAR ARCUATE SHAPE.

SEC. 2(F) AS TO "SPORT".

SN 76-294,678, FILED 8-2-2001.

STACY WAHLBERG, EXAMINING ATTORNEY

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❑ 1   U.S. Government
        Plaintiff

❑ 3   Federal Question
        (U.S. Government Not a Party)

❑ 2   U.S. Government
        Defendant

❑ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                       and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted<br> Student Loans<br> (Excl. Veterans)<br>❑ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product<br> Liability<br>❑ 320 Assault, Libel &<br> Slander<br>❑ 330 Federal Employers'<br> Liability<br>❑ 340 Marine<br>❑ 345 Marine Product<br> Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle<br> Product Liability<br>❑ 360 Other Personal<br> Injury | **PERSONAL INJURY**<br>❑ 362 Personal Injury -<br> Med. Malpractice<br>❑ 365 Personal Injury -<br> Product Liability<br>❑ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal<br> Property Damage<br>❑ 385 Property Damage<br> Product Liability | ❑ 610 Agriculture<br>❑ 620 Other Food & Drug<br>❑ 625 Drug Related Seizure<br> of Property 21 USC 881<br>❑ 630 Liquor Laws<br>❑ 640 R.R. & Truck<br>❑ 650 Airline Regs.<br>❑ 660 Occupational<br> Safety/Health<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal<br> 28 USC 157<br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 840 Trademark<br>**SOCIAL SECURITY**<br>❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g)) | ❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and<br> Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 490 Cable/Sat TV<br>❑ 810 Selective Service<br>❑ 850 Securities/Commodities/<br> Exchange<br>❑ 875 Customer Challenge<br> 12 USC 3410<br>❑ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 710 Fair Labor Standards<br> Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | ❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/<br> Accommodations<br>❑ 444 Welfare<br>❑ 445 Amer. w/Disabilities -<br> Employment<br>❑ 446 Amer. w/Disabilities -<br> Other<br>❑ 440 Other Civil Rights | ❑ 510 Motions to Vacate<br> Sentence<br>**Habeas Corpus:**<br>❑ 530 General<br>❑ 535 Death Penalty<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition | **LABOR**<br>❑ 720 Labor/Mgmt. Relations<br>❑ 730 Labor/Mgmt.Reporting<br> & Disclosure Act<br>❑ 740 Railway Labor Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Empl. Ret. Inc.<br> Security Act<br>**IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 463 Habeas Corpus -<br> Alien Detainee<br>❑ 465 Other Immigration<br> Actions | ❑ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>❑ 871 IRS—Third Party<br> 26 USC 7609 | ❑ 893 Environmental Matters<br>❑ 894 Energy Allocation Act<br>❑ 895 Freedom of Information<br> Act<br>❑ 900 Appeal of Fee Determination<br> Under Equal Access<br> to Justice<br>❑ 950 Constitutionality of<br> State Statutes |

## V. ORIGIN   (Place an "X" in One Box Only)

❑ 1  Original
       Proceeding

❑ 2  Removed from
       State Court

❑ 3  Remanded from
       Appellate Court

❑ 4  Reinstated or
       Reopened

❑ 5  Transferred from
       another district
       (specify)

❑ 6  Multidistrict
       Litigation

❑ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN
## COMPLAINT:

❑  CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ❑ Yes   ❑ No

## VIII. RELATED CASE(S)
## IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

    The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example:    U.S. Civil Statute: <u>47 USC 553</u>
                                   Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

✎ AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. _____ |
| _____ | ) | |
| Defendant | ) | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

      Within ____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_____
Name of clerk of court

Date: _____

_____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

✎ AO 440 (Rev. 03/08) Civil Summons (Page 2)

**Proof of Service**

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

      (1) personally delivering a copy of each to the individual at this place, _____

      _____ ; or

      (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
         who resides there and is of suitable age and discretion; or

      (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
      _____ ; or

      (4) returning the summons unexecuted to the court clerk on _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., | : |
| Plaintiff, | : |
| v. | : |
| FRUIT OF THE EARTH, INC., | : |
| Defendant. | : |

Civil Action No. _____

JURY TRIAL DEMANDED

## RULE 7.1(a) CERTIFICATION

The undersigned, counsel of record for plaintiff Schering-Plough Healthcare Products,

Inc., hereby certifies pursuant to FRCP 7.1(a) that Schering-Plough Healthcare Products, Inc. is a

wholly owned subsidiary of Schering-Plough Corporation, a publicly held company.

REED SMITH LLP

David E. Wilks (Del. Bar #2793)
Tracy Zurzolo Quinn
Emily Bab Kirsch
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

*Attorneys for Plaintiff*

Dated: May 9, 2008

WILLIB-58868.1-DEWILKS