**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CONECTIV SERVICES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.: |
| v. | ) |
| | ) |
| | ) |
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

| | |
|---|---|
| CONECTIV SERVICES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.: 08C-03-017 RFS |
| v. | ) |
| | ) |
| | ) |
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:**

Defendant, Fidelity & Deposit Company of Maryland, by and through its attorneys, Whiteford Taylor & Preston, LLC, hereby removes the above captioned case to this Honorable Court and provides notice of the same to Plaintiff. In support of the removal, the Defendant avers as follows:

1. On or about April 23, 2008, the Plaintiff's Complaint in the above captioned matter was served upon the Defendant, Fidelity & Deposit Company of Maryland. A copy of the Complaint is attached hereto and marked Exhibit "A".

2. In Plaintiff's Complaint, Plaintiff avers that it is a Delaware Corporation with a principal place of business at 800 King Street, Wilmington, Delaware. (See Exhibit "A", paragraph #1).

3. In Plaintiff's Complaint, Plaintiff avers that the only named Defendant, Fidelity & Deposit Company of Maryland, is a Maryland corporation with a principal place of business at 3910 Kenwick Road, Baltimore, Maryland.

4. The damages allegedly sustained by the Plaintiff are in excess of $75,000.00. (See Exhibit "A", pp. 2-3).

5. The above described civil action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 United States Code §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00 and is accordingly one which may be removed to this Honorable Court by Notice pursuant to Title 28 United States Code §1441.

WHEREFORE, Defendants pray that the above action now pending in the Superior Court of Delaware in Sussex County be removed to this Court.

WHITEFORD TAYLOR PRESTON, LLC

_/s/ Daniel A. Griffith_
Daniel A. Griffith, Esquire (No. 4209
1220 Market Street, Suite 608
Wilmington, DE   19801
(302) 482-8754
Attorneys for Defendant

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Conetiv Services, Inc.

**DEFENDANTS**
Fidelity & Deposit Company of Maryland

**(b)** County of Residence of First Listed Plaintiff  New Castle, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Edward Seglias, Esquire, Cohen, Seglias, 1007 Orange Street, 11th Floor, Wilmington, DE 19801

Attorneys (If Known)
Daniel Griffith, Esquire, Whiteford Taylor & Preston, 1220 Market Street, Wilmington, DE 19801

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, 28 U.S.C. 1441

Brief description of cause:
Breach of contract against surety arising out of construction of Seaford High Scghool

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 5/15/08
SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                                                                      Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT A

APR. 30. 2008 10:30AM    ZURICH    NO. 616    P. 10

EFiled: Mar 26 2008 9:56
Transaction ID 19141785
Case No. 08C-03-017 RFS

IN THE COURT OF LAW OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| CONECTIV SERVICES, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. |
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, | : |
| Serve: State of Delaware Insurance Commissioner 841 Silver Lake Boulevard Dover, Delaware 19904 | : |
| Defendant. | : |

## COMPLAINT

1. Plaintiff, Conectiv Services, Inc. ("Conectiv") a Delaware corporation with a principal place of business at 800 King Street, Wilmington, Delaware.

2. Defendant Fidelity & Deposit Company of Maryland ("Fidelity") is a Maryland corporation with principal place of business at 3910 Kenwick Road, Baltimore, Maryland.

3. This matter relates to matters arising out of renovations made in 1998 to the Seaford High School in Seaford, Delaware (the "Project").

4. On or about March 13, 1998 Seaford High School (the "Owner") entered into a construction contract with W.B. Venables & Sons, Inc. ("Venables").

5. Fidelity, as surety, issued payment and performance bonds for the Project.

6. On or about April 15, 1998, Conectiv entered into a subcontract with Venables.

7. Conectiv performed its work on the Project in a timely and workmanlike manner, with the school opening on time and the HVAC system working as required by the state.

8. However, Venables failed to pay Conectiv in full for its work. As a result,

Conectiv made a claim against Fidelity's payment bond for the Project.

9. On or about October 2, 2001 Conectiv and Fidelity entered into a Settlement Agreement for Conectiv's claim under the payment bond. A copy of the Settlement Agreement is attached hereto as **EXHIBIT A**.

10. Under the terms of the Settlement Agreement Conectiv and Fidelity agreed that Conectiv was unpaid in the amount of $290,027.00 on the Project. However, this amount was subject to an offset for amounts that were alleged to be owed to the Owner due to a dispute about the type of pipe Conectiv installed on the Project.

11. As of May 2007 the total unpaid amount owed to Conectiv was $249,191.0 subject to potential offsets related to the Owner's pipe claim.

12. On or about May 22, 2007 Conectiv, acting on behalf of Fidelity, conducted a mediation with the owner and agreed, after consultation with counsel for Fidelity to provide the owner a credit in the amount of $130,000 to settle the dispute related to the pipe Conectiv installed on the Project.

13. On or about May 23, 2007 Conectiv made demand that Fidelity pay the Owner the $130,000.00 agreed upon at the mediation and forward the remaining balance of $119,191.0 to Conectiv. A copy of Conectiv's May 23, 2007 letter is attached hereto as **EXHIBIT B**.

14. Despite its approval of the terms of the mediation settlement with the school and its clear obligations under the settlement agreement with Conectiv Fidelity refused to tender payment of any sort.

15. To insure that it would not be forced to incur additional costs related to the Owner's pipe claim, on or about July 26, 2007 Conectiv issued a check to the owner in the amount of $130,000.00 to satisfy the settlement related to the pipe installation issue. A copy of

this check is attached hereto as **EXHIBIT C**.

16. In exchange for this payment from Conectiv the owner provided a General Release of All Claims in favor of Fidelity and Conectiv for work performed or materials supplied by Conectiv on the Project. A copy of the General Release of All Claims is attached hereto as **EXHIBIT D**.

17. Because Fidelity refused to honor its obligation to pay the Owner for the amounts due under the mediation settlement Conectiv remains owed a balance of $249,191.01 under the terms of the Settlement Agreement.

18. Despite demand, Fidelity has refused to pay this outstanding balance.

19. All conditions precedent to the initiation of this action have been satisfied and/or waived.

WHEREFORE, Conectiv Services, Inc. demands judgment against Fidelity & Deposit Company of Maryland in the amount of $249,191.01 plus court costs, attorneys' fees and any other such damages this Court may deem appropriate.

COHEN, SEGLIAS, PALLAS,
GREENHALL & FURMAN, P.C.

By: _____
EDWARD SEGLIAS, ESQUIRE (ID No. 2822)
1007 Orange Street, 11th Floor
Wilmington, DE 19801
(302) 425-5089

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONECTIV SERVICES, INC. )<br>)<br>Plaintiff, )<br>) C.A. No.:<br>v. )<br>)<br>FIDELITY & DEPOSIT COMPANY OF )<br>MARYLAND, )<br>)<br>)<br>Defendant. )<br>)<br>) | |

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| CONECTIV SERVICES, INC. )<br>)<br>Plaintiff, )<br>) C.A. No.: 08C-03-017 RFS<br>v. )<br>)<br>FIDELITY & DEPOSIT COMPANY OF )<br>MARYLAND, )<br>)<br>Defendant )) | |

**CERTIFICATE OF SERVICE**

I, Daniel A. Griffith, Esquire, do hereby certify that on this __15th__ day of April, 2008, a copy of the foregoing *Notice of Removal* was served via LexisNexis file and serve to the following:

    Edward Seglias, Esquire
    Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
    1007 Orange Street
    11th Floor
    Wilmington, DE   19801

                                                 /s/ Daniel Griffith
                                                 Daniel Griffith (I.D. 4209)