## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EVANSTON INSURANCE COMPANY,  )
an Illinois corporation  )
       )    Civil Action No. _____
       Plaintiff,  )
       )
v.  )    JURY TRIAL DEMANDED
       )
       )
LAYNE THOMAS BUILDERS, INC.,  )
a Delaware corporation,  )
       )
       Defendant.  )

## PLAINTIFF'S COMPLAINT
## FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, EVANSTON INSURANCE COMPANY ("EVANSTON"), by its attorneys, and pursuant to 28 U.S.C. §2201 and 2202, requests a declaratory judgment against the Defendant, LAYNE THOMAS BUILDERS, INC. ("LAYNE THOMAS") as follows.

### NATURE OF ACTION

1.     This Complaint is a request for a judgment declaring that an insurance policy that EVANSTON issued to LAYNE THOMAS does not require EVANSTON to provide indemnity or defense coverage to LAYNE THOMAS for liability or defense costs which LAYNE THOMAS may incur by reason of an action pending in the Philadelphia Court of Common Pleas brought by Devair DaSilva ("DaSilva") and his wife Patricia Oliveira ("Spouse) against LAYNE THOMAS and others (the "Underlying Action").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this matter under 28 U.S.C. §1332 in that it arises between citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

3.      Venue is proper in this District under 28 U.S.C. §1391 (a)(1) because the Defendant, LAYNE THOMAS, resides in this District.

**PARTIES**

4.      EVANSTON is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Glen Allen, Virginia.

5.      LAYNE THOMAS is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Newport, Delaware.

**BACKGROUND**

6.      EVANSTON issued Policy No. 3CS 2651 to LAYNE THOMAS with effective dates from October 1, 2006 to October 1, 2007 (the "Policy").

7.      In November 2007, DaSilva and Spouse brought the Underlying Action in the Philadelphia Court of Common Pleas in Philadelphia, Pennsylvania.  The complaint in the Underlying Action, a true and correct copy of which is attached hereto at Tab A, asserts counts against LAYNE THOMAS for negligence and gross negligence.

8.      In their complaint in the Underlying Action, DaSilva and Spouse allege that on May 19, 2007, DaSilva, while working on the project in Warrington, Pennsylvania, fell from a balcony and sustained severe injuries rendering him a permanent paraplegic.

9.      In their complaint in the Underlying Action, DaSilva and Spouse further allege that LAYNE THOMAS was a subcontractor on that project and that at the time of the incident,

DaSilva was employed by another subcontractor, Oliveira, as a framer and was working at the project when he sustained his injuries.

10.    DaSilva and Spouse further allege in their complaint in the Underlying Action that LAYNE THOMAS was negligent by reason of a failure to adequately hire, train, place and supervise the employees at the project in safety practices and compliance.

11.    DaSilva and Spouse further allege in their complaint in the Underlying Action that LAYNE THOMAS was negligent by reason of its failure to provide safety barriers, fall protection, and other safety equipment, and by its alleged failure to inspect the work at the project and to prepare, implement and enforce safety programs, protocols and practices at the project worksite which could have prevented DaSilva from falling while he was working at the project.

12.    LAYNE THOMAS contends that pursuant to the Policy, EVANSTON owes it a defense to the Underlying Action and indemnity coverage for the claims asserted in the Underlying Action.

13.    On August 20, 2007, before the Underlying Action was initiated, EVANSTON sent a letter to LAYNE THOMAS informing LAYNE THOMAS that EVANSTON had undertaken an investigation of the alleged occurrence concerning DaSilva's claims and had determined that several of the risk exclusions that are contained in the Policy would preclude coverage.

14.    The Policy, a true and correct copy of which is attached hereto at Tab B, does not provide coverage for the defense of LAYNE THOMAS to the action filed by DaSilva and Spouse referred to above and does not provide coverage for any liability LAYNE THOMAS may

be required to pay for alleged damages suffered by DaSilva and Spouse or any other party to the Underlying Action because of applicable and controlling exclusions contained in the Policies.

15.    The following relevant provisions appear in the Policy:

> *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.*
>
> *"Bodily injury"* is defined in the insurance contract as *"bodily injury, sickness or disease sustained by a person."* The Policy further requires that the *"bodily injury"* be caused by an *"occurrence"* which is defined as an *"accident, including continuous or repeated exposure to substantially the same general harmful conditions."*
>
> **Additional Conditions Endorsement,** M/E-002 (1/05), states in relevant part:
>
> *This insurance does not apply to 'bodily injury', 'property damage', 'personal injury, 'advertising injury' or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused by or contributed to or as a result of:*
>
> 1. *(D) If contractors or subcontractors are used, it is a condition of coverage that you use only those that are insured, and carry at a minimum Commercial General Liability coverage with limits at least equal to the limits of this policy, name you as an additional insured on their policy, and carry workers compensation insurance, and you require and secure certificates of insurance confirming same. Failure to comply with this condition does not void your coverage, however, limits of liability hereunder will be reduced and apply as a 'sublimit' of liability, being a Combined Single Limit, $50,000 each occurrence and in the Aggregate, including loss adjustment expenses and defense.*
>
> *The sublimit would be the most payable for all damages arising out of any one occurrence, and the most payable for all claims under this policy, including investigation and defense. If such sublimits were tendered or exhausted, we would not defend or continue to defend in any suit.*
>
> *Further, there is no coverage under this policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor, and/or subcontractor, or any*

*employee, leased worker, temporary worker or volunteer help of same.*

**COMBINATION GENERAL ENDORSEMENT**, M/E-001 (01/05), states in relevant part:

*THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM OR COVERAGE PART (hereinafter referred to as coverage form), AND APPLIES TO THE ENTIRE POLICY.*

\*\*\*\*\*

10.   *This insurance does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury' or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused by or contributed to:*

\*\*\*\*\*

e.   *As a result of alleged negligence or other wrongdoing in the hiring, training, placement, supervision, or monitoring of others by the insured....*

16.    Certain or all of the above-cited exclusions preclude coverage under the Policy for the alleged occurrence that is the subject of the complaint in the Underlying Action.

17.    By reason of the foregoing, EVANSTON has no obligation under the Policy to defend or indemnify LAYNE THOMAS against the claims being asserted against it in the Underlying Action.

18.    By reason of the foregoing, EVANSTON lacks any obligation to LAYNE THOMAS in connection with the claims asserted in the Underlying Action.

WHEREFORE Plaintiff EVANSTON INSURANCE COMPANY requests a judgment against LAYNE THOMAS, declaring as follows.

A.    That under the Policy, EVANSTON INSURANCE COMPANY is not required to defend LAYNE THOMAS in the Underlying Action.

B.   That under the Policy, EVANSTON INSURANCE COMPANY is not required to indemnify LAYNE THOMAS in connection with the claims asserted in the Underlying Action.

C.   That EVANSTON INSURANCE COMPANY be awarded all costs and fees allowed by law in prosecuting this Complaint.

D.   That EVANSTON INSURANCE COMPANY be awarded all other relief allowed by law or in equity which the Court deems appropriate and just.

CONNOLLY BOVE LODGE & HUTZ LLP

Kevin F. Brady (#2248)
Josiah R. Wolcott (#4796)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Tel:  (302) 658-9141
Fax: (302) 658-5614
kbrady@cblh.com
jwolcott@cblh.com

*Attorneys for Evanston Insurance Company*

Dated:  May 15, 2008

Of Counsel:

Robert L. Ciociola, ID# 2282
Litchfield Cavo, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
Tel:  (781) 309-1500
Fax: (781) 246-0167

611209_1

# EXHIBIT A

ate: 2/15/2008  Time: 4:30 PM  To:    @ 8,18042731475    Page: 003-028

Dec 04 07 01:22p                                                        p.2

STAMPONE D'ANGELO RENZI DIPIERO
BY:      JOSEPH P. STAMPONE, ESQUIRE
         Attorney I.D. No. 33747
         JAMES P. MCNALLY, ESQUIRE
         Attorney I.D. No. 37085
         ANDREW E. DIPIERO, JR., ESQUIRE
         Attorney I.D. No. 34671
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
Attorney for Plaintiff(s)

---

DEVAIR DASILVA
800 Cottman Avenue, Apt. 115-2
Philadelphia, PA 19111
              AND
PATRICIA OLIVEIRA
800 Cottman Avenue, Apt. 115-2
Philadelphia, PA 19111

              vs.

MSTC INVESTMENTS, INC.
1243 Easton Road, Suite 200
Warrington, PA 18976
              AND
KATZ BUILDERS & DEVELOPERS, INC.
1243 Easton Road, Suite 200
Warrington, PA 18976
              AND
LAYNE THOMAS BUILDERS, INC.
120 B West Market Street
Newport, DE 19804     NOTICE

**THIS IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NOVEMBER 2007

TERM, 2007

NO.

002842

JURY FEE PAID

AVISO

---

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance person-ally or by attorney and filing in writing with the court your defense objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perde dinero o sus propiedades u otros derechos importantes para usted.

Lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados
de Filadelfia
Servicio de Referencia e
nformacion Legal
One Reading Center
Filadelfia, PA 19107
(215) 238-1701

ATTEST

NOV 3 0 2007

J. COURTNEY

ate: 2/15/2008  Time: 4:30 PM  To:   @ 8,18042731475                                        Page: 004-028

Dec 04 07 01:22p                                                                              p.3

STAMPONE D'ANGELO RENZI DIPIERO
BY:    JOSEPH P. STAMPONE, ESQUIRE
          Attorney I.D. No. 33747
          JAMES P. MCNALLY, ESQUIRE
          Attorney I.D. No. 37085
          ANDREW E. DIPIERO, JR., ESQUIRE
          Attorney I.D. No. 34671
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
Attorney for Plaintiff(s)

**THIS IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

| | |
|---|---|
| DEVAIR DASILVA<br>800 Cottman Avenue, Apt. 115-2<br>Philadelphia, PA 19111<br>       AND<br>PATRICIA OLIVEIRA<br>800 Cottman Avenue, Apt. 115-2<br>Philadelphia, PA 19111<br><br>              vs.<br><br>MSTC INVESTMENTS, INC.<br>1243 Easton Road, Suite 200<br>Warrington, PA 18976<br>       AND<br>KATZ BUILDERS & DEVELOPERS, INC.<br>1243 Easton Road, Suite 200<br>Warrington, PA 18976<br>       AND<br>LAYNE THOMAS BUILDERS, INC.<br>120 B West Market Street<br>Newport, DE 19804 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>            TERM, 2007<br><br>NO. |

## COMPLAINT IN CIVIL ACTION

1.      Plaintiff, , Devair DaSilva, a Brazilian national, at all times relevant hereto was a

resident of the Commonwealth of Pennsylvania, currently residing therein at 800 Cottman

Avenue, Apt. 115-2, Philadelphia, PA, 19111.

2.      Plaintiff, Patricia Oliveira, a Brazilian national, is the spouse of Plaintiff, Devair DaSilva, residing with him at 800 Cottman Avenue, Apt. 115-2, Philadelphia, PA, 19111.

3.      Defendant, MSTC Investments, Inc. (hereinafter referred to as "MSTC"), is alleged and therefore averred to be a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal and/or regular place of business located at 1243 Easton Road, Suite 200, Warrington, PA, 18976.

4.      At all times relevant hereto, Defendant, "MSTC", was acting by and through its agents, servants, workmen and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant, "MSTC".

5.      It is believed and therefore averred that Defendant, "MSTC" was the registered owner of the site known as "The Meridian of Valley Square" on the date of the accident.

6.      Defendant, "MSTC", purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

7.      All injuries and damages sustained by Plaintiffs as alleged in this lawsuit arise from, and are related to, Defendant "MSTC's" contacts with and activities in Pennsylvania.

8.      Defendant, Katz Builders & Developers, Inc., (hereinafter referred to as "Katz"), is alleged and therefore averred to be a division/fictitious name/tradename of Defendant, MSTC, organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal and/or regular place of business located at 1243 Easton Road, Suite 200, Warrington, PA, 18976.

9.      At all times relevant hereto, Defendant, "Katz", was acting by and through its agents, servants, workmen and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant, "Katz".

10.    Defendant, "Katz", purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

11.    All injuries and damages sustained by Plaintiffs as alleged in this lawsuit arise from, and are related to, Defendant "Katz's" contacts with and activities in Pennsylvania.

12.    Defendant, Katz Builders & Developers, Inc., is alleged and therefore averred to be duly licensed in the Commonwealth of Pennsylvania as a residential and commercial construction project builder and developer.

13.    Defendant, Layne Thomas Builders, Inc. (hereinafter referred to as "Layne"), is alleged and therefore averred to be a corporation or other business entity organized and existing under the laws of the State of Delaware, with its principal and/or regular place of business located at 120 B West Market Street, Newport, DE, 19804.

14.    Defendant, "Layne", is believed and therefore averred to be duly licensed in the Commonwealth of Pennsylvania in the construction business as a framing contractor and/or general contractor.

15.    At all times relevant hereto, Defendant "Layne", was acting by and through its agents, servants, workmen and/or employees who were acting within the course and scope of their agency, service and/or employment with Defendant, "Layne".

16.    Defendant, "Layne", purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

17.    All injuries and damages sustained by Plaintiffs as alleged in this lawsuit arise from, and are related to, Defendant, "Layne's", contacts with and activities in Pennsylvania.

3

18.     At all times relevant hereto, Defendant, Katz, acted as the general contractor/construction manager for the "Meridian" project.

19.     At the time of this incident, Plaintiff, Devair DaSilva, was an employee of JC Oliveira Construction, Inc., which maintained a regular place of business located at 1728 Guilford Street, Philadelphia, PA, 19111. Plaintiff was employed as a building framer.

20.     On or about May 19, 2007, the Plaintiff, Devair DaSilva, while in the course and scope of his employment as a framer for JC Oliveira Construction, Inc., was performing his work at a residential development construction site known as "The Meridian of Valley Square" in Warrington, Bucks County, PA, when he was caused to fall from the balcony of one of the residential units of same due to the negligence, carelessness, and recklessness of the Defendants, jointly and/or severally, as listed in detail hereinafter.

21.     At the time of this incident, the Plaintiff, Devair DaSilva, fell from a second floor balcony of said development which had no barricades or other fall protection safety equipment or devices in place, causing him to fall approximately 20-30 feet to the ground below.

22.     All injuries and damages sustained by Plaintiff, Devair DaSilva, herein were caused solely and proximately as a result of the negligence, carelessness and recklessness of the Defendants herein, jointly and/or severally, as listed hereinafter and were due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs.

23.     Defendants, "MSTC", "Katz" and "Layne", each employed and/or retained, or were obligated to employ field personnel, project supervisors, and safety inspectors to inspect the work being performed and the equipment utilized by contractors and subcontractors at the project.

ate: 2/15/2008  Time: 4:30 PM  To:  @ 8,18042731475                    Page: 008-028

Dec 04 07 01:24p                                                          p.7

24.    Defendants, "MSTC", "Katz" and "Layne", jointly and/or severally did not provide a safe work environment for Plaintiff and other workers similarly situated by failing to adequately inspect and monitor the work being performed and by failing to provide proper and adequate fall protection.

25.    At all relevant times hereto, Defendants, "MSTC" and/or "Katz", acted as the general contractor/construction manager for the project.

26.    As a direct result of this incident, the Plaintiff suffered injuries which are serious and permanent in nature, including but not limited to, the following: a burst fracture of the T-12 vertebrae with lateral displacement of the vertebral body segments; non-displaced compression fractures of T9, T10 and T11; multiple rib fractures; paravertebral hematoma of the right pneumothorax; non-displaced compression fractures of L1, L4 and L5, with possible chip fracture posteriorly at L5-S1 associated with retrolisthesis causing canal narrowing at this level; right L3 transverse process fracture; left calcaneus fracture; fracture of the right scapula extending into the glenohumeral joint and glenoid; liver laceration with hemoperitoneum; right adrenal hemorrhage; and bowel injury of the right lower quadrant/ileum region; along with other injuries resulting in physical and mental pain and suffering, all of which are permanent in nature.

27.    As a direct result of this incident and the aforementioned injuries, the Plaintiff has been rendered permanently paraplegic.  The Plaintiff also has been rendered permanently incontinent and impotent as a result of the paralysis.

28.    Plaintiff was 31-years old at the time of this injury.

29.    Plaintiff will require permanent future medical care, treatment, and physical rehabilitation assistance in the nature of occupational therapy, physical therapy, and nursing assistance indefinitely into the future.

30.    As a further result of the aforesaid incident, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which the Plaintiff may continue to expend and incur for an indefinite time into the future on a permanent basis.  The approximate cost of the medical treatment to date is in excess of one million ($1,000,000.00) dollars and it is estimated the future medical care will be in excess of five million ($5,000,000.00) dollars.

31.    As a further result of the aforesaid incident, Plaintiff has been rendered permanently disabled and has sustained a permanent loss of his earnings and earning capacity and power.

32.    As a further result of the aforesaid incident, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and will continue to suffer the same on a permanent basis.

33.    As a further and direct result of this accident and injuries sustained, the Plaintiff faces an increased risk of harm for many future internal and external injuries and diseases and complications arising therefrom.

34.    Plaintiff, as a further and direct result of this accident, has sustained a permanent decrease in his ability to enjoy life and life's pleasures and has suffered permanent anguish and humiliation as well as emotional and psychological injuries which have and may require permanent counseling and psychological and/or psychiatric intervention.

## COUNT I - NEGLIGENCE
## DEVAIR DASILVA V. MSTC INVESTMENTS, INC.

35.    Plaintiff hereby incorporates Paragraphs 1 through 34 as though the same were fully set forth at length herein.

6

36.    At all times relevant hereto, Defendant, "MSTC", was the general contractor and/or project manager of the development known as "The Meridian of Valley Square" and was responsible for overseeing all aspects of said project including the hiring of contractors and sub-contractors and ensuring that all construction work being performed by same was in compliance with all applicable safety standards.

37.    At all times relevant hereto, Defendant, "MSTC", was the actual owner of the parcel of land being developed under the name "The Meridian of Valley Square".

38.    At all times relevant hereto, Defendant, "MSTC", undertook the supervision of the project being performed, and in connection therewith, established plans, recommendations, designs, procedures and specifications for the performance of said work.

39.    Defendant, "MSTC", having undertaken the inspection and supervision of the work, owed a duty to those engaged in the performance of said work, including Plaintiff, Devair DaSilva, a business invitee, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform such work.

40.    Defendant, "MSTC", at all times relevant hereto, knew and/or should have known that falls from elevated heights are one of the leading causes of severe injuries at residential construction sites such as the one encountered by Plaintiff herein.

41.    At all times relevant hereto, Defendant, "MSTC", had the authority to enforce safety regulations and assure compliance with same by any acts of omission or commission relative to such safety concerns involving any and all contractors/sub-contractors involved in said project.

42.    At all times relevant hereto, Defendants had a non-delegable duty to keep the work premises safe for workers, including Plaintiff, by providing appropriate and adequate safety

7

procedures and equipment, including appropriate fall protection measures, equipment, and devices.

       43.     The negligence, carelessness and recklessness of the Defendant, MSTC Investments, Inc., at the time of this incident, consisted of, but is not limited to, the following:

       a)     failure to properly supervise their project so as to ensure the safety of all employees, whether employed directly by them or by Defendants, "Katz", "Layne" or employees of contractors and/or sub-contractors at said project by directly providing and/or ensuring the contractors and/or sub-contractors were providing and complying with appropriate safety standards;

       b)     failing to hire employees, contractors/sub-contractors who had appropriate experience in the field of safety management and enforcement of safety procedures at said project;

       c)     failing to draft and enforce appropriate safety compliance protocols for all aspects of said project including that of the framers similarly situated as Plaintiff, Devair DaSilva;

       d)     failure to properly and carefully review all contracts and proposals of its contractors/sub-contractors to ensure that appropriate safety standards would be followed;

       e)     failure to ensure and determine that all employees and the employees of its contractors/sub-contractors had been trained in appropriate safety techniques for their specific involvement in said project;

       f)     failure to police and inspect the daily performance of its employees, contractors/sub-contractors to ensure that appropriate safety protocols were being followed;

       g)     failure to issue any written warnings and/or appropriate sanctions to the employees, contractors/sub-contractors of which it knew or, with reasonable inspection, should have known, were not in compliance with appropriate safety regulations and industry standards concerning safety protocols;

       h)     failure to require of its employees, contractors/sub-contractors, especially those working at elevation, to demonstrate that all employees so situated were properly trained in safety techniques for fall protection;

i)    failure to employ or ensure that its employees, contractors/sub-contractors had a "competent person" on the site of this development to conduct frequent and regular inspections of the job sites' materials and equipment to ensure the safety of its own employees and that of all contractors and sub-contractors;

j)    failure to hire a "competent person" capable and trained in identifying hazards and who had the proper authority to take prompt corrective measures to eliminate obvious hazards;

k)    failure to require all of its employees and employees of all contractors and sub-contractors be protected by standard fall protection methods such as guardrails, nets, personal fall arrest systems such as a body harness with lanyard and/or other appropriate fall protection devices when working in elevated areas,

l)    failure to implement a fall protection method plan under the supervision of a competently qualified individual;

m)    failure to provide any alternative measure for fall protection plans due to the non-feasibility of standard fall protection methods;

n)    failure to comply with the OSHA requirements for a fall protection plan;

o)    failure to employ individuals knowledgeable and competent as to OSHA requirements so that a proper fall protection plan could be implemented;

p)    failing to have established procedures for fall protection plans while edgework at elevation was being performed by its employees and/or any employees of contractors and/or sub-contractors;

q)    failure to require of its contractors/sub-contractors employing workers at elevation to demonstrate certifications proving that said workers were trained in fall protection methods;

r)    failure to comply with known industry safety standards concerning fall protection including those prescribed by the National Safety Council, The Associated General Contractors of America, The American Society of Safety Engineers, OSHA, ANSI, and the National Association of Home Builders, etc.;

s)    failure to cease and/or postpone construction work until proper and necessary precautions could be taken to safeguard employees, including Plaintiff;

t)    failure to perform a Safety Task Analysis;

9

u)     failure to keep a proper lookout;

v)     failure to properly train and supervise;

w)     failure to inspect;

x)     breaching their duties under the Restatement of the Law of Torts (Second);

y)     such other and further acts of negligence and recklessness as will be determined by future discovery in this case.

44.     At the time of this incident, and for a long period of time prior thereto, Plaintiff, Devair DaSilva, while performing framing work at the development had been working in elevated areas, including the balcony or similar balconies from which he fell without the use of any fall protective devices as listed above.

45.     Defendant knew and/or should have known that Plaintiff and others similarly situated at said development at elevated positions were working without any of the aforementioned safety devices, including safety harnesses, appropriate scaffolding, or even the most rudimentary of wooden barricades while performing various functions on elevated areas including balconies.

46.     The negligence, carelessness and recklessness of the Defendant was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Devair DaSilva, demands judgment against the Defendant, MSTC Investments, Inc., its agents, servants, workmen, employees, contractors and/or subcontractors, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, along with lawful interest thereon, cost of suit, and delay damages.

## COUNT II – GROSS NEGLIGENCE
### DEVAIR DASLVA V. MSTC INVESTMENTS, INC.

47.    Plaintiff hereby incorporates Paragraphs 1 through 46 as though the same were fully set forth at length herein.

48.    At all times relevant hereto, Defendant, "MSTC", was aware of the fact that work was and had been performed by various workers at the Meridian project in elevated positions without the use of any fall protection devices.

49.    At all times relevant hereto, Defendant, "MSTC", knew or should have known of prior serious and/or catastrophic injuries to workers at other developments in which Defendant, "Katz", was acting as the general contractor due to lack of appropriate fall protection measures.

50.    As such, the negligence of Defendant, "MSTC", as described *supra* constituted more than ordinary  negligence as it exhibited a callous disregard, and willful and wanton disregard for the safety of workers such as the Plaintiff herein  such that it constituted gross negligence.

51.    The negligence, carelessness and recklessness of the Defendant was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Devair DaSilva, demands judgment against the Defendant, MSTC Investments, Inc., its agents, servants, workmen, employees, contractors and/or subcontractors, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, along with lawful interest thereon, cost of suit, and delay damages.

11

## COUNT III - NEGLIGENCE
## DEVAIR DASILVA V. KATZ BUILDERS & DEVELOPERS, INC.

52.   Plaintiff hereby incorporates Paragraphs 1 through 51 as though the same were fully set forth at length herein.

53.   At all times relevant hereto, Defendant, "Katz", was the general contractor and/or project manager of the development known as "The Meridian of Valley Square" and was responsible for overseeing all aspects of said project including the hiring of contractors and sub-contractors and ensuring that all construction work being performed by same was in compliance with all applicable safety standards.

54.   At all times relevant hereto, Defendant, "Katz", was the actual owner of the parcel of land being developed under the name "The Meridian of Valley Square".

55.   At all times relevant hereto, Defendant, "Katz", undertook the supervision of the project being performed, and in connection therewith, established plans, recommendations, designs, procedures and specifications for the performance of said work.

56.   Defendant, "Katz", having undertaken the inspection and supervision of the work, owed a duty to those engaged in the performance of said work, including Plaintiff, Devair DaSilva, a business invitee, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform such work.

57.   Defendant, "Katz", at all times relevant hereto, knew and/or should have known that falls from elevated heights are one of the leading causes of severe injuries at residential construction sites such as the one encountered by Plaintiff herein.

58.   At all times relevant hereto, Defendant, "Katz", had the authority to enforce safety regulations and assure compliance with same by any acts of omission or commission

12

relative to such safety concerns involving any and all contractors/sub-contractors involved in said project.

    59.    At all times relevant hereto, Defendants had a non-delegable duty to keep the work premises safe for workers, including Plaintiff, by providing appropriate and adequate safety procedures and equipment, including appropriate fall protection measures, equipment, and devices.

    60.    The negligence, carelessness and recklessness of the Defendant, Katz Builders & Developers, Inc., at the time of this incident, consisted of, but is not limited to, the following:

    a)    failure to properly supervise their project so as to ensure the safety of all employees, whether employed directly by "Katz", "MSTC", "Layne", or employees of contractors and/or sub-contractors at said project by directly providing and/or ensuring the contractors and/or sub-contractors were providing and complying with appropriate safety standards;

    b)    failing to hire employees, contractors/sub-contractors who had appropriate experience in the field of safety management and enforcement of safety procedures at said project;

    c)    failing to draft and enforce appropriate safety compliance protocols for all aspects of said project including that of the framers similarly situated as Plaintiff, Devair DaSilva;

    d)    failure to properly and carefully review all contracts and proposals of its contractors/sub-contractors to ensure that appropriate safety standards would be followed;

    e)    failure to ensure and determine that all employees and the employees of its contractors/sub-contractors had been trained in appropriate safety techniques for their specific involvement in said project;

    f)    failure to police and inspect the daily performance of its employees, contractors/sub-contractors to ensure that appropriate safety protocols were being followed;

    g)    failure to issue any written warnings and/or appropriate sanctions to the employees, contractors/sub-contractors of which it knew or, with reasonable inspection, should have known, were not in compliance with

appropriate safety regulations and industry standards concerning safety protocols;

h) failure to require of its employees, contractors/sub-contractors, especially those working at elevation, to demonstrate that all employees so situated were properly trained in safety techniques for fall protection;

i) failure to employ or ensure that its employees, contractors/sub-contractors had a "competent person" on the site of this development to conduct frequent and regular inspections of the job sites' materials and equipment to ensure the safety of its own employees and that of all contractors and sub-contractors;

j) failure to hire a "competent person" capable and trained in identifying hazards and who had the proper authority to take prompt corrective measures to eliminate obvious hazards;

k) failure to require all of its employees and employees of all contractors and sub-contractors be protected by standard fall protection methods such as guardrails, nets, personal fall arrest systems such as a body harness with lanyard and/or other appropriate fall protection devices when working in elevated areas;

l) failure to implement a fall protection method plan under the supervision of a competently qualified individual;

m) failure to provide any alternative measure for fall protection plans due to the non-feasibility of standard fall protection methods;

n) failure to comply with the OSHA requirements for a fall protection plan;

o) failure to employ individuals knowledgeable and competent as to OSHA requirements so that a proper fall protection plan could be implemented;

p) failing to have established procedures for fall protection plans while edgework at elevation was being performed by its employees and/or any employees of contractors and/or sub-contractors;

q) failure to require of its contractors/sub-contractors employing workers at elevation to demonstrate certifications proving that said workers were trained in fall protection methods;

r) failure to comply with known industry safety standards concerning fall protection including those prescribed by the National Safety Council, The Associated General Contractors of America, The American Society of

14

Safety Engineers, OSHA, ANSI, and the National Association of Home Builders, etc.;

s) failure to cease and/or postpone construction work until proper and necessary precautions could be taken to safeguard employees, including Plaintiff;

t) failure to perform a Safety Task Analysis;

u) failure to keep a proper lookout;

v) failure to properly train and supervise;

w) failure to inspect;

x) breaching their duties under the Restatement of the Law of Torts (Second);

y) such other and further acts of negligence and recklessness as will be determined by future discovery in this case.

61.    At the time of this incident, and for a long period of time prior thereto, Plaintiff, Devair DaSilva, while performing framing work at the development had been working in elevated areas, including the balcony or similar balconies from which he fell without the use of any fall protective devices as listed above.

62.    Defendant knew and/or should have known that Plaintiff and others similarly situated at said development at elevated positions were working without any of the aforementioned safety devices, including safety harnesses, appropriate scaffolding, or even the most rudimentary of wooden barricades while performing various functions on elevated areas including balconies.

63.    The negligence, carelessness and recklessness of the Defendant was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

15

WHEREFORE, Plaintiff, Devair DaSilva, demands judgment against the Defendant, Katz Builders & Developers, Inc., its agents, servants, workmen, employees, contractors and/or subcontractors, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, along with lawful interest thereon, cost of suit, and delay damages.

### COUNT IV – GROSS NEGLIGENCE
### DEVAIR DASLVA V. KATZ BUILDERS & DEVELOPERS, INC.

64.      Plaintiff hereby incorporates Paragraphs 1 through 63 as though the same were fully set forth at length herein.

65.      At all times relevant hereto, Defendant, "Katz", was aware of the fact that work was and had been performed by various workers at the Meridian project in elevated positions without the use of any fall protection devices.

66.      At all times relevant hereto, Defendant, "Katz", knew of prior serious and/or catastrophic injuries to workers at other developments in which Defendant, "Katz", was acting as the general contractor due to lack of appropriate fall protection measures.

67.      As such, the negligence of Defendant, "Katz", as described *supra* constituted more than ordinary negligence as it exhibited a callous disregard, and willfull and wanton disregard for the safety of workers such as the Plaintiff herein, such that it constituted gross negligence.

68.      The negligence, carelessness and recklessness of the Defendant was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Devair DaSilva, demands judgment against the Defendant, Katz Builders & Developers, Inc., its agents, servants, workmen, employees, contractors and/or

16

subcontractors, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00)

Dollars, along with lawful interest thereon, cost of suit, and delay damages.

### COUNT V – NEGLIGENCE
### DEVAIR DASILVA V. LAYNE THOMAS BUILDERS, INC.

69.    Plaintiff hereby incorporates by reference Paragraphs 1 through 68 as though the

same were herein set forth at length.

70.    At all times relevant hereto, it is believed and therefore averred that Defendant,

"Layne", had been contracted by Defendant, "Katz", as the framing contractor for the

development known as "The Meridian at Valley Square".

71.    At all times relevant hereto, Defendant, "Layne", undertook the supervision of the

framing aspects of the project being performed, and in connection therewith, established plans,

recommendations, designs, procedures, and specifications for the performance of said work.

72.    Defendant, "Layne", having undertaken the inspection and supervision of the

framing aspect of the work, owed a duty to those engaged in the performance of said work,

including Plaintiff, Devair DaSilva, a business invitee, to provide a reasonably safe environment,

free from unreasonable hazards, within which to perform such work.

73.    Defendant, "Katz", at all times relevant hereto, knew and/or should have known

that falls from elevated heights are one of the leading causes of severe injuries at residential

construction sites such as the one encountered by Plaintiff herein.

74.    At all times relevant hereto, Defendant, "Layne", held themselves out as

competent contractors in the field of framing residential projects with competent knowledge of

all aspects associated with same including industry standards and procedures for safety programs

specifically involving elevated positions.

17

75.    At all times relevant hereto, Defendant, "Layne", shared a joint and non-delegable responsibility with Defendant "Katz" for ensuring the safety of their own employees, as well as any sub-contractors' employees concerning adequate safety measures to be instituted at said project.

76.    At all times relevant hereto, Defendant, "Layne", with full knowledge of Defendant, "Katz", contracted with Plaintiff's employer, JC Oliveira Construction, Inc., to perform the framing and finishing work on the development.

77.    The negligence, carelessness and recklessness of the Defendant, "Layne", at the time of this incident, consisted of, but is not limited to, the following:

a)    failure to properly supervise their project so as to ensure the safety of all employees, whether employed directly by them, "MSTC, "Katz", "Layne" or their direct employees or employees of contractors and/or sub-contractors at said project by directly providing and/or ensuring the contractors and/or sub-contractors were providing and complying with appropriate safety standards;

b)    failing to hire employees, contractors/sub-contractors which had appropriate experience in the field of safety management and enforcement of safety procedures at said project;

c)    failing to draft and enforce appropriate safety compliance protocols for all aspects of said project including that of the framers similarly situated as Plaintiff, Devair DaSilva;

d)    failure to properly and carefully review all contracts and proposals of its contractors/sub-contractors to ensure that appropriate safety standards would be followed;

e)    failure to ensure and determine that all employees and the employees of its contractors/sub-contractors had been trained in appropriate safety techniques for their specific involvement in said project;

f)    failure to police and inspect the daily performance of its employees, contractors/sub-contractors to ensure that appropriate safety protocols were being followed;

18

g)  failure to issue any written warnings and/or appropriate sanctions to the employees, contractors/sub-contractors of which it knew or, with reasonable inspection, should have known, were not in compliance with appropriate safety regulations and industry standards concerning safety protocols;

h)  failure to require of its employees, contractors/sub-contractors, especially those working at elevation, to demonstrate that all employees so situated were properly trained in safety techniques;

i)  failure to employ or ensure that its employees, contractors/sub-contractors had a "competent person" on the site of this development performed frequent and regular inspections of the job sites' materials and equipment to ensure the safety of its own employees and that of all contractors and sub-contractors;

j)  failure to hire a "competent person" capable and trained in identifying hazards and who had the proper authority to take prompt corrective measures to eliminate obvious hazards;

k)  failure to require all of its employees and employees of all contractors and sub-contractors be protected by standard fall protection methods such as guardrails, nets, personal fall arrest systems such as a body harness with lanyard, and/or other appropriate fall protection devices, when working in elevated areas;

l)  failure to implement a fall protection method plan under the supervision of a competently qualified individual;

m)  failure to provide any alternative measure for fall protection plans due to the non-feasibility of standard fall protection methods;

n)  failure to comply with the OSHA requirements for a fall protection plan;

o)  failure to employ individuals knowledgeable and competent of the OSHA requirements so that a proper fall protection plan could be implemented;

p)  failing to have established procedures for fall protection plans while edgework at elevation was being performed by its employees and/or any employees of contractors and/or sub-contractors;

q)  failure to require of its contractors/sub-contractors employing workers at elevation to demonstrate certifications proving that said workers were trained in fall protection methods;

19

r)    failure to comply with known industry safety standards concerning fall protection including those prescribed by the National Safety Council, The Associated General Contractors of America, The American Society of Safety Engineers, OSHA, ANSI, and the National Association of Home Builders, etc.;

s)    failure to cease and/or postpone construction work until proper and necessary precautions could be taken to safeguard employees, including Plaintiff;

t)    failure to perform a Safety Task Analysis;

u)    failure to keep a proper lookout;

v)    failure to properly train and supervise;

w)    failure to inspect;

x)    failure to ensure that the sub-contractor which it hired to perform the framing work at said project had appropriate safety measures in place;

y)    failure to draft appropriate safety protocol procedures for review by Defendant, Katz Builders & Developers, Inc., and/or Defendant, "MSTC";

z)    failure to inquire and ensure that Plaintiff's employer, JC Oliveira Construction, had appropriate safety procedures in place while performing the framing work;

aaj    failure to draft or orally define appropriate safety protocols especially for elevated positions which would be required of employees of Plaintiff's employer, JC Oliveira Construction as their sub-contractor performing the framing work at this project.

bb)    breaching their duties under the Restatement of the Law of Torts (Second);

cc)    such other and further acts of negligence and recklessness as will be determined by future discovery in this case.

78.    At the time of this incident, and for a long period of time prior thereto, Plaintiff, Devair DaSilva, and other workers, while performing framing work at the development had been

working in elevated areas, including the balcony from which he fell without the use of any fall protective devices as listed above.

79.     Defendant knew and/or should have known that Plaintiff and others similarly situated at said development were working without any of the aforementioned safety devices, including safety harnesses, appropriate scaffolding, or even the most rudimentary of wooden barricades while performing various functions at elevated areas including balconies.

80.     The negligence, carelessness and recklessness of the Defendant was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Devair DaSilva, demands judgment against the Defendant, Layne Thomas Builders, Inc., its agents, servants, workmen, employees, contractors and/or sub-contractors, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, along with lawful interest thereon, cost of suit and delay damages.

## COUNT VI– GROSS NEGLIGENCE
### DEVAIR DASLVA V. LAYNE THOMAS BUILDERS, INC.

81.     Plaintiff hereby incorporates Paragraphs 1 through 80 as though the same were fully set forth at length herein.

82.     At all times relevant hereto, Defendant, "Layne", was aware of the fact that the framing work which they contractually agreed to perform was and had been being performed by workers at the Meridian project in elevated positions without the use of any fall protection devices.

83.     At all times relevant hereto, Defendant, "Layne", knew or should have known of prior serious and/or catastrophic injuries to workers at other developments in which Defendant, "Katz", was acting as the general contractor due to lack of appropriate fall protection measures.

21

84.    As such, the negligence of Defendant, "Layne" as described *supra* constituted more than ordinary  negligence as it exhibited a callous disregard, and willful and wanton disregard of the safety of its workers and/or its subcontractor's workers, such as the Plaintiff herein, such that it constituted gross negligence.

85.    The negligence, carelessness and recklessness of the Defendant was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Devair DaSilva, demands judgment against the Defendant, Layne Thomas Builders, Inc., its agents, servants, workmen, employees, contractors and/or sub-contractors, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, along with lawful interest thereon, cost of suit, and delay damages.

### COUNT VII
### PATRICIA OLIVEIRA V. MSTC INVESTMENTS, INC., KATZ BUILDERS & DEVELOPERS, INC., AND LAYNE THOMAS BUILDERS, INC.

86.    Plaintiff hereby incorporates by reference Paragraphs 1 through 85 as if the same were herein set forth at length.

87.    Plaintiff, Patricia Oliveira, is the wife of Plaintiff, Devair DaSilva.

88.    As a result of the injuries suffered by her husband, Plaintiff, Patricia Oliveira, has and will in the future suffer the loss and deprivations of the usual services, society and consortium of her husband and will be required to provide special services and care to him on a permanent basis.

WHEREFORE, Plaintiff, Patricia Oliveira, demands judgment against the Defendants, MSTC Investments, Inc., Katz Builders & Developers, Inc., and Layne Thomas Builders, Inc., their agents, servants, workmen, employees, contractors and/or sub-contractors, jointly and/or

22

severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, along with lawful

interest thereon, cost of suit and delay damages.

Respectfully submitted

STAMPONE D'ANGELO RENZI DIPIERO

BY: _____
JOSEPH P. STAMPONE, ESQUIRE
Attorney for Plaintiff(s)

BY: _____
JAMES P. MCNALLY, ESQUIRE
Attorney for Plaintiff(s)

BY: _____
ANDREW E. DIPIERO, JR., ESQUIRE
Attorney for Plaintiff(s)

23

Dec 04 07 01:30p                                                    p.26

## VERIFICATION

Devair DaSilva, states that he/she is the Plaintiff herein, that he/she is acquainted

with the facts set forth in the foregoing pleading, that the same are true and correct to the

best of his/her information, knowledge and belief and that this statement is made subject

to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to

authorities.


Devair da Silva
DEVAIR DASILVA

## VERIFICATION

Patricia Oliveira, states that he/she is the Plaintiff herein, that he/she is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his/her information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

_Patricia Oliveira_
PATRICIA OLIVEIRA



# DependABILITY™

## INSURANCE | BENEFITS | BONDS

**www.ifs-de.com**

# Fax

|  |  |  |  |
|---|---|---|---|
| **To:** | 18042731475 | **From:** | Marie Clucas |
| **Fax Number:** | 18042731475 | **Subject:** | |
| **Date:** | February 15, 2008 | **Pages:** | 28 |
| **Time:** | 4:29:26 PM | **Ext:** | |

**Note:**

TO:;  Amiee McColley  clm#C013817AM

1523 Concord Pike    Suite 301    Wilmington, DE   19803
Phone: 302.239.2355      800.598.0420
Fax: 302.239.5722

## A welcome *change* in insurance

Dec 04 07 01:22p

p.1

DEC 04 2007

Jennifer Holcombe
P.O. Box 3143
Newport, DE 19804
Phone: 302-994-3080 ext. 100
Fax: 302-994-3922

# FAX TRANSMISSION
## TO: Marie Clucas

**COMPANY:** IF&S
**TELE:** 239-2355
**FAX #:** 239-5722
**DATE:** 12/04/2007
**PAGES:** 27 (Including Cover Sheet)
**RE:** _____

## Comments:
Please see attached notice. Tom asked me to fax it to your attention.


Thanks,
Jennifer

# EXHIBIT B

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

ENDORSEMENT # 23

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium        $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS    10/05/2007

_____
AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Appoquinimink School District
89 Kings Highway
Dover, DE 19901

Interest of the Above:
Property Owner

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

### ENDORSEMENT # 22

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium　　$50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480　REB/DLS　10/05/2007

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Dave Hall, Inc.
350 New Churchmans Road
New Castle, DE 19720

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____ / _____
        AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

### ENDORSEMENT # 21

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium        $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS   10/05/2007

_____
AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II – WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Academy of the New Church
950E. Cathedral Road
Philadelphia, PA 19128

Interest of the Above:
Property Owner

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____/_____
AUTHORIZED REPRESENTATIVE        DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

ENDORSEMENT # 20

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium     $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480    REB/DLS    10/05/2007

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
E. Allen Reeves, Inc.
1145 York Road
Abington, PA 19001

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____  /  _____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

ENDORSEMENT # 19

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium        $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS   10/05/2007

_____
AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Governor Bacon Warehouse
 P.O. Box 559
Delaware City, DE 19706

Interest of the Above:
Property Owner

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____/_____
      AUTHORIZED REPRESENTATIVE     DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

ENDORSEMENT # 18

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium     $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS   10/05/2007

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 09/12/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Amakor, Inc.
72 Clinton Street
P.O. Box 636
Delaware City, DE 19706-0636

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 06/18/2007 | Layne Thomas Builders, Inc. |

Endorsement # 17

In consideration of the Additional Premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium    $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. bOx 1458
Harrisburg, PA 17105
#102480    REB/DLS    06/25/2007

_____
**AUTHORIZED REPRESENTATIVE**

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 06/18/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II – WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Township of Concord
689 Smithbridge Road
Glen Mills, PA 19342

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____/_____
                AUTHORIZED REPRESENTATIVE            DATE

M/E-009 (4/99)

 **EVANSTON INSURANCE COMPANY**

MARKEL

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 03/16/2007 | Layne Thomas Builders, Inc. |

Endorsement # 16

In consideration of the Additional Premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium        $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS   06/01/2007

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

_____
**AUTHORIZED REPRESENTATIVE**

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 03/16/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Leewood Mt, Zion RB Urban Renewal, LLC
C/O Leewood Real Estate Group NJ, LLC
128 South Warren Street
Trenton, NJ 08608

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____     ____/_____
                                          AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 03/19/2007 | Layne Thomas Builders, Inc. |

Endorsement # 15

It is hereby agreed and understood the Return Premium shown below is to correct premium billed twice for the same additional insured.

Return Premium        $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. box 1458
Harrisburg, PA 17105
#102480   REB/DLS   06/01/2007

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 02/05/2007 | Layne Thomas Builders, Inc. |

Endorsement # 14

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium      $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1459
Harrisburg, PA 17105
#102480   REB/DLS   02/05/2007

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 02/05/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Michael O'Sullivan Custom Builders, LLC
P.O. Box 65
Chalfont, PA 18914

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____ / _____
AUTHORIZED REPRESENTATIVE           DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 02/05/2007 | Layne Thomas Builders, Inc. |

Endorsement # 13

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium        $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P O Box 1458
Harrisburg, PA 17105
#102480    REB/DLS    02/05/2007

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 02/05/2007 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Ruth Haber Jacquinto
Unit A902
7900 Old York Road
Elkins, PA 19027

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____ /_____
AUTHORIZED REPRESENTATIVE            DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 02/02/2007 | Layne Thomas Builders, Inc. |

ENDORSEMENT # 12

In consideration of the premiums already charged, it is hereby agreed and understood Endorsement #'s 7, 8, and 9 on the policy are corrected to read as follows:

Endorsement # 8, effective 12/11/2006 is corrected to Endorsement # 9

Endorsement # 7, effective 12/19/2006 is corrected to Endorsement # 10

Endorsement # 9, effective 01/16/2007 is corrected to Endorsement # 11

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. BOx 1458
Harrisburg, PA 17105
#120480    REB/DLS    02/02/2007

AUTHORIZED REPRESENTATIVE

011-1009(7/80)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING<br>PART OF POLICY NO. | *EFFECTIVE DATE OF<br>ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 01/16/2007 | Layne Thomas Builders, Inc. |

ENDORSEMENT # 9

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium        $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480    REB/DLS   01/25/2007

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

_____
AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 12/11/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II – WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
SBCM, Inc,
P.O. Box 3085
West Chester, PA 19381

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 12/19/2006 | Layne Thomas Builders, Inc. |

ENDORSEMNT # 7

In consideration of the premium already charged, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480    REB/DLS    12/28/2006

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 12/19/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

SECTION II - WHO IS AN INSURED of the Commercial General Liability Form is amended to include:

Person or Entity:
Benchmark Builders
P.O. Box 3246
Wilmington, DE 19804-0346

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____ / _____
AUTHORIZED REPRESENTATIVE              DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

MARKEL

## ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 12/11/2006 | Layne Thomas Builders, Inc. |

ENDORSEMENT # 8

---

In consideration of the additional premium shown below, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Additional Premium        $50.00

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS   01/25/2007

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

_____
AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 12/11/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II – WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Northeast American Construction Group, LTD
137 Main Street
North Wales, PA 19454

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $50.00

_____/_____
AUTHORIZED REPRESENTATIVE              DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/15/2006 | Layne Thomas Builders, Inc. |

ENDORSEMENT # 8

In consideration of the premium already charged, it is hereby agreed and understood the attached MVE-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS   11/16/2006

_____
AUTHORIZED REPRESENTATIVE

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/15/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
MRA Architectural Services, Inc.
400 Maryland Avenue
P.O. Box 521
Easton, MD 21601

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)



# ENDORSEMENT

* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/15/2006 | Layne Thomas Builders, Inc. |

## ENDORSEMENT # 7

In consideration of the premium already charged, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480    REB/DLS    11/16/2006

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

**AUTHORIZED REPRESENTATIVE**

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/15/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Vincent Property, LLC
400 Maryland Avenue
P.O. Box 521
Easton, MD 21601

Interest of the Above:
Property Owner

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/15/2006 | Layne Thomas Builders, Inc. |

### ENDORSEMENT # 6

In consideration of the premium already charged, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS   11/16/2006

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/15/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

SECTION II – WHO IS AN INSURED of the Commercial General Liability Form is amended to include:

Person or Entity:
Willow Construction, LLC
400 Maryland Avenue
P.O. Box 521
Easton, MD 21601

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE              DATE

M/E-009 (4/99)

 **EVANSTON INSURANCE COMPANY**

## ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/01/2006 | Layne Thomas Builders, Inc. |

Endorsement # 5

In consideration of the premium already charged, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. BOx 1458
Harrisburg, PA 17105
#102480    REB/DLS   11/06/2006

_____
AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Restaurant Specialties, Inc.
RSI Construction Services
999 Polaris Parkway
Suite 111
Columbus, OH 43240

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/01/2006 | Layne Thomas Builders, Inc. |

Endorsement # 4

In consideration of the premium already charged, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480    REB/DLS    11/06/2006

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
RG Architects. LLC
111 South 6th Street
Odessa, DE 19730

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE        DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/01/2006 | Layne Thomas Builders, Inc. |

Endorsement # 3

---

In consideration of the premium already charged, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. BOx 1458
Harrisburg, PA 17105
#102480    REB/DLS    11/06/2006

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Winterthur Museum, Garden & Library, An American Country Estate
Winterthur, DE 19735

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE                        DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/01/2006 | Layne Thomas Builders, Inc. |

Endorsement # 2

In consideration of the premium already charged, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof*, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. BOx 1458
Harrisburg, PA 17105
#102480    REB/DLS    11/06/2006

AUTHORIZED REPRESENTATIVE

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 11/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Dave Hall, Inc.
350 New Churchmans Road
New Castle, DE 19720

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/19/2006 | Layne Thomas Builders, Inc. |

### ENDORSEMENT # 1

In consideration of the premium already charged, it is hereby agreed and understood the attached M/E-009(04/99) has been added to the policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

ESL, Inc.
P.O. Box 1458
Harrisburg, PA 17105
#102480   REB/DLS   10/31/2006

_____
**AUTHORIZED REPRESENTATIVE**

011-1009(7/80)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 3651 | 10/19/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Restaurant Specialties, Inc.
999 Polaris Parkway
Suite 111
Columbus, OH 43240

Interest of the Above:
Customer

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## COMMERCIAL LIABILITY DECLARATIONS

Renewal of Number 3CS 2521

**Policy Number** 3CS 2651

**Item 1. Named Insured and Mailing Address:**

Layne Thomas Builders, Inc.
P.O. Box 3343
Newport, DE 19804

"This insurance contract is issued pursuant to the Delaware Insurance Laws by an insurer neither licensed by nor under the jurisdiction of the Delaware Insurance Department."

**Item 2.** Policy Period   FROM: 10/01/2006                    TO: 10/01/2007
Term:   1 Year
12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

**Item 3.** Retroactive Date:

**Item 4.** Business Description:   General Contractor          MINIMUM & DEPOSIT

**Item 5.** In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the Insurance as stated in this policy.

This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.

| Coverage Part(s) | Form No. And Edition Date | Premium |
|---|---|---|
| Commercial General Liability Coverage Part | 011-1061 (08/02) | $45,010.00 |
| Professional Liability Coverage Part | | |
| | | |
| | | |
| | | |
| | | |
| Agency Policy Fee | | 100.00 |

Audit Period Annual unless otherwise stated: _____                    **TOTAL:** $45,110.00

**Item 6.** Forms and endorsements applicable to all Coverage Parts: CU0216(09/00)

Agents Name and Address: ESL, Inc. P.O. Box 1458, Harrisburg, PA. 17105
Agent Number: #102480 Underwriter, Ray Bender/DLS

Countersigned _10/24/2006_     By _____
                DATE                                        AUTHORIZED REPRESENTATIVE

THIS COMMERCIAL LIABILITY DECLARATIONS AND THE SUPPLEMENTAL DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.

011-1056 (9/93)

**MARKEL**

# EVANSTON INSURANCE COMPANY

## COMMERCIAL GENERAL LIABILITY COVERAGE PART
### SUPPLEMENTAL DECLARATIONS

These Supplemental Declarations form a part of policy number: <u>3CS 2651</u>

### LIMITS OF INSURANCE

| | | |
|---|---|---|
| General Aggregate Limit (other than Products/Completed Operations) | $2,000,000 | |
| Products/Completed Operations Aggregate Limit | $1,000,000 | |
| Personal and Advertising Injury Limit | $1,000,000 | |
| Each Occurrence Limit | $1,000,000 | |
| Damage to Rented Premises | $50,000 | Each Occurrence |
| Medical Expense Limit | $Excluded | Any One Person |

### BUSINESS DESCRIPTION AND LOCATION OF PREMISES COVERED BY THIS POLICY

**Form of Business:**
☐ Individual   ☐ Joint Venture   ☐ Partnership   ☒ Organization (other than Partnership or Joint Venture)

Location of all premises you own, rent or occupy: <u>(Location #1) 120B West Market Street, Newport, DE 19804</u>
(Location #2) RR 11 Box 284 Route 24 Millsboro, DE 19966

### PREMIUM

| Code No. Classification | Rating Basis | *Premium Basis | Other Basis | Rate Pr/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
|---|---|---|---|---|---|---|---|
| General Contractor | 91580 | (s) 2,760,000 | Included | $15.00 | Included | $ Included | $ 44,160.00 MP |
| | | | | | | $ | $ |
| Sub-Contractors | 91583 | Flat | Included | Included | Included | $ Included | $ Included |
| | | | | | | $ | $ |
| Carpentry | 91340 | Flat | Included | Included | Included | $ Included | $ Included |
| | | | | | | $ | $ |
| Additional Insured's, Per M/E-009(4/99) | | (o) 0-24 | Included | $850.00 | Included | $ Included | $ 850.00 MP |
| | | | | | | $ | $ |
| | | | | | | $ | $ |
| | | | | | | $ | $ |
| | | | | | | $ | $ |

*(a) Area, (c) Total Cost, (m) Admission, (p) Payroll, (s) Gross Sales, (u) Units, (o) Other

Rating Basis identified with a "*" is per 1000 of Selected Basis.

**Total Advance Premium**   $ 45,010.00

### FORMS AND ENDORSEMENTS (other than applicable forms and endorsements shown elsewhere in the policy)

Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue: 011-1093(7/00), 011-1056(9/93), 011-1061(8/02), ME001(01/05), ME002(01/05), ME043(01/05), ME048(4/99), ME143(4/99), CG0001(10/01), CG2135(10/93), CG2169(01/02)

THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL LIABILITY DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

© ISO Properties, Inc., 2000

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

## 2. Exclusions

This insurance does not apply to:

### a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

### c. Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

### d. Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

### e. Employer's Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

© ISO Properties, Inc., 2000
CG 00 01 10 01

f.  **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

(i) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

(ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

(i) Any insured; or

(ii) Any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

(i) "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

(ii) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

© ISO Properties, Inc., 2000

(e) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

g. **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

(a) Less than 26 feet long; and

(b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

h. **Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

i. **War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

j. **Damage To Property**

"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

© ISO Properties, Inc., 2000

CG 00 01 10 01

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.** **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.** **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.** **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.** **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**o.** **Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

Exclusions **c.** through **n.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section III – Limits Of Insurance.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.** **Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

 © ISO Properties, Inc., 2000

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

### 2. Exclusions

This insurance does not apply to:

a. **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

b. **Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

c. **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

d. **Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

e. **Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

f. **Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

g. **Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

h. **Wrong Description Of Prices**

"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

i. **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

j. **Insureds In Media And Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

(1) Advertising, broadcasting, publishing or telecasting;

(2) Designing or determining content of websites for others; or

(3) An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **14.a.**, **b.** and **c.** of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

k. **Electronic Chatrooms Or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

    © ISO Properties, Inc., 2000    CG 00 01 10 01

l. **Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

m. **Pollution**

"Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

n. **Pollution-Related**

Any loss, cost or expense arising out of any:

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

## COVERAGE C MEDICAL PAYMENTS

1. **Insuring Agreement**

   a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

      (1) On premises you own or rent;

      (2) On ways next to premises you own or rent; or

      (3) Because of your operations;

      provided that:

      (1) The accident takes place in the "coverage territory" and during the policy period;

      (2) The expenses are incurred and reported to us within one year of the date of the accident; and

      (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

   b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

      (1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

2. **Exclusions**

We will not pay expenses for "bodily injury":

   a. **Any Insured**

   To any insured, except "volunteer workers".

   b. **Hired Person**

   To a person hired to do work for or on behalf of any insured or a tenant of any insured.

   c. **Injury On Normally Occupied Premises**

   To a person injured on that part of premises you own or rent that the person normally occupies.

   d. **Workers Compensation And Similar Laws**

   To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

   e. **Athletics Activities**

   To a person injured while taking part in athletics.

   f. **Products-Completed Operations Hazard**

   Included within the "products-completed operations hazard".

   g. **Coverage A Exclusions**

   Excluded under Coverage **A.**

   h. **War**

   Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

   a. All expenses we incur.

b.  Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

c.  The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

d.  All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

e.  All costs taxed against the insured in the "suit".

f.  Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

g.  All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

2.  If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a.  The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b.  This insurance applies to such liability assumed by the insured;

c.  The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d.  The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e.  The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f.  The indemnitee:

(1) Agrees in writing to:

(a) Cooperate with us in the investigation, settlement or defense of the "suit";

(b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) Provides us with written authorization to:

(a) Obtain records and other information related to the "suit"; and

(b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph 2.b.(2) of Section I – Coverage A – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a.  We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b.  The conditions set forth above, or the terms of the agreement described in Paragraph f. above, are no longer met.

   © ISO Properties, Inc., 2000   CG 00 01 10 01

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

   e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

      (1) "Bodily injury" or "personal and advertising injury":

         (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

         (b) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;

         (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

         (d) Arising out of his or her providing or failing to provide professional health care services.

      (2) "Property damage" to property:

         (a) Owned, occupied or used by,

         (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

         you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

   b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

   c. Any person or organization having proper temporary custody of your property if you die, but only:

      (1) With respect to liability arising out of the maintenance or use of that property; and

      (2) Until your legal representative has been appointed.

   d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

   a. "Bodily injury" to a co-"employee" of the person driving the equipment; or

   b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

 © ISO Properties, Inc., 2000

4. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

   b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

   c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to 5. above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

1. **Bankruptcy**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

© ISO Properties, Inc., 2000
CG 00 01 10 01

**b.** If a claim is made or "suit" is brought against any insured, you must:

   **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

   **(2)** Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

   **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   **(2)** Authorize us to obtain records and other information;

   **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

   This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b. Excess Insurance**

   This insurance is excess over:

   **(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

      **(a)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

      **(b)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

      **(c)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

      **(d)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability.

   **(2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5. Premium Audit**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6. Representations**

By accepting this policy, you agree:

**a.** The statements in the Declarations are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

**7. Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**9. When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V – DEFINITIONS**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.** Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

**2.** "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

 © ISO Properties, Inc., 2000 CG 00 01 10 01

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

   c. All other parts of the world if the injury or damage arises out of:

      (1) Goods or products made or sold by you in the territory described in **a.** above;

      (2) The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; or

      (3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication

   provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   b. A sidetrack agreement;

   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   e. An elevator maintenance agreement;

   f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   Paragraph **f.** does not include that part of any contract or agreement:

      (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

      (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

         (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

         (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

      (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

© ISO Properties, Inc., 2000

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

11. "Loading or unloading" means the handling of property:

   a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

   b. While it is in or on an aircraft, watercraft or "auto"; or

   c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

   but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

   a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   b. Vehicles maintained for use solely on or next to premises you own or rent;

   c. Vehicles that travel on crawler treads;

   d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

      (1) Power cranes, shovels, loaders, diggers or drills; or

      (2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

   e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

      (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

      (2) Cherry pickers and similar devices used to raise or lower workers;

   f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

   However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

      (1) Equipment designed primarily for:

         (a) Snow removal;

         (b) Road maintenance, but not construction or resurfacing; or

         (c) Street cleaning;

      (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

      (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

  © ISO Properties, Inc., 2000  CG 00 01 10 01

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed.

         (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

         (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   b. Does not include "bodily injury" or "property damage" arising out of:

      (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

      (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

      (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

21. "Your product":

   a. Means:

      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

         (a) You;

         (b) Others trading under your name; or

         (c) A person or organization whose business or assets you have acquired; and

      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

© ISO Properties, Inc., 2000

b. Includes

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)** The providing of or failure to provide warnings or instructions.

 © ISO Properties, Inc., 2000 CG 00 01 10 01

POLICY NUMBER: 3CS 2651

COMMERCIAL GENERAL LIABILITY
CG 21 35 10 93

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# EXCLUSION – COVERAGE C – MEDICAL PAYMENTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

---

**Description and Location of Premises or Classification:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any premises or classification shown in the Schedule, Coverage C. MEDICAL PAYMENTS (Section I) does not apply and none of the references to it in the Coverage Part apply.

The following is added to SUPPLEMENTARY PAYMENTS (Section I):

**8.** Expenses incurred by the insured for first aid administered to others at the time of an accident for "bodily injury" to which this insurance applies.

 Copyright, Insurance Services Office, Inc., 1992   □

COMMERCIAL GENERAL LIABILITY
CG 21 69 01 02

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# WAR OR TERRORISM EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Exclusion **i.** under Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**2.  Exclusions**

This insurance does not apply to:

**i.  War Or Terrorism**

"Bodily injury" or "property damage" arising, directly or indirectly, out of:

**(1)** War, including undeclared or civil war; or

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these; or

**(4)** "Terrorism", including any action taken in hindering or defending against an actual or expected incident of "terrorism"

regardless of any other cause or event that contributes concurrently or in any sequence to the injury or damage.

However, with respect to "terrorism", this exclusion only applies if one or more of the following are attributable to an incident of "terrorism":

**(1)** The total of insured damage to all types of property exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the "terrorism" and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions ; or

**(2)** Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

**(a)** Physical injury that involves a substantial risk of death; or

**(b)** Protracted and obvious physical disfigurement; or

**(c)** Protracted loss of or impairment of the function of a bodily member or organ; or

**(3)** The "terrorism" involves the use, release or escape of nuclear materials, or directly or indirectly results in nuclear reaction or radiation or radioactive contamination; or

**(4)** The "terrorism" is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

© ISO Properties, Inc., 2001

**(5)** Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the "terrorism" was to release such materials.

Paragraphs **(1)** and **(2)**, immediately preceding, describe the thresholds used to measure the magnitude of an incident of "terrorism" and the circumstances in which the threshold will apply for the purpose of determining whether the Terrorism Exclusion will apply to that incident. When the Terrorism Exclusion applies to an incident of "terrorism", there is no coverage under this Coverage Part.

In the event of any incident of "terrorism" that is not subject to the Terrorism Exclusion, coverage does not apply to any loss or damage that is otherwise excluded under this Coverage Part.

Multiple incidents of "terrorism" which occur within a seventy-two hour period and appear to be carried out in concert or to have a related purpose or common leadership shall be considered to be one incident.

**B.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**War Or Terrorism**

"Personal and advertising injury" arising, directly or indirectly, out of:

**(1)** War, including undeclared or civil war; or

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these; or

**(4)** "Terrorism", including any action taken in hindering or defending against an actual or expected incident of "terrorism"

regardless of any other cause or event that contributes concurrently or in any sequence to the injury.

However, with respect to "terrorism", this exclusion only applies if one or more of the following are attributable to an incident of "terrorism":

**(1)** The total of insured damage to all types of property exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the "terrorism" and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions ; or

**(2)** Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

**(a)** Physical injury that involves a substantial risk of death; or

**(b)** Protracted and obvious physical disfigurement; or

**(c)** Protracted loss of or impairment of the function of a bodily member or organ; or

**(3)** The "terrorism" involves the use, release or escape of nuclear materials, or directly or indirectly results in nuclear reaction or radiation or radioactive contamination; or

**(4)** The "terrorism" is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

    © ISO Properties, Inc., 2001    CG 21 69 01 02

(5) Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the "terrorism" was to release such materials.

Paragraphs (1) and (2), immediately preceding, describe the thresholds used to measure the magnitude of an incident of "terrorism" and the circumstances in which the threshold will apply for the purpose of determining whether the Terrorism Exclusion will apply to that incident. When the Terrorism Exclusion applies to an incident of "terrorism", there is no coverage under this Coverage Part.

In the event of any incident of "terrorism" that is not subject to the Terrorism Exclusion, coverage does not apply to any loss or damage that is otherwise excluded under this Coverage Part.

Multiple incidents of "terrorism" which occur within a seventy-two hour period and appear to be carried out in concert or to have a related purpose or common leadership shall be considered to be one incident.

C. Exclusion h. under Paragraph 2., **Exclusions** of **Section I – Coverage C – Medical Payments** does not apply.

D. The following definition is added to the **Definitions** Section:

"Terrorism" means activities against persons, organizations or property of any nature:

1. That involve the following or preparation for the following:

   a. Use or threat of force or violence; or

   b. Commission or threat of a dangerous act; or

   c. Commission or threat of an act that interferes with or disrupts an electronic, communication, information, or mechanical system; and

2. When one or both of the following applies:

   a. The effect is to intimidate or coerce a government or the civilian population or any segment thereof, or to disrupt any segment of the economy; or

   b. It appears that the intent is to intimidate or coerce a government, or to further political, ideological, religious, social or economic objectives or to express (or express opposition to) a philosophy or ideology.

COMMERCIAL LIABILITY UMBRELLA
CU 02 16 09 00

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# DELAWARE CANCELLATION CHANGES

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

I. If you are an individual and this policy insures a "covered auto" you own is of the private passenger type, the **Cancellation** Common Policy Condition is replaced by the following:

ENDING THIS POLICY

### A. Cancellation

1. You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

2. When this policy is in effect less than 60 days and is not a renewal or continuation policy, we may cancel for any reason by mailing or delivering to you within this period written notice of cancellation at least 10 days before the effective date of cancellation.

3. When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel only for one or more of the reasons listed below. If we cancel for nonpayment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

   a. Nonpayment of premium.

   b. The policy was obtained through a material misrepresentation.

   c. Any insured violated any of the terms and conditions of the policy.

   d. The named insured knowingly failed to disclose fully his or her motor vehicle accidents and moving traffic violations, or his or her losses covered under any automobile physical damage or comprehensive coverage for the preceding 36 months, if called for in the application.

   e. As to renewal of the policy, if the insured at any time while the policy was in force failed to disclose fully to us upon request therefor, facts relative to "accidents" and losses incurred material to underwriting of the risk.

   f. Any insured made a false or fraudulent claim or knowingly aided or abetted another in the presentation of such a claim.

   g. The named insured or any other operator who either resides in the same household or customarily operates an "auto" insured under such policy:

      (1) Has, within the 36 months prior to the notice of cancellation or nonrenewal, had his or her driver's license under suspension or revocation except a person under the age of 18 whose license has been revoked or suspended:

         (a) Pursuant to Del. Code Ann. tit. 10, section 1009;

         (b) Pursuant to Del. Code Ann. tit. 4, section 904; or

         (c) For a non-driving-related drug offense pursuant to Del. Code Ann. tit. 21, section 2707(b)(11) or section 4177K.

      Additionally, Subparagraph **(1)** does not apply to a person under the age of 18 who has had his or her driver's license, driver's permit and/or driving privileges suspended, by reason of the Delaware Department of Public Safety believing that the such person is a reckless or negligent driver of a motor vehicle or has committed a serious moving traffic violation.

(2) Has a history of and is subject to epilepsy or heart attacks, and such individual cannot produce a certificate from a physician testifying to his or her unqualified ability to operate a motor vehicle safely;

(3) Has an accident record, conviction record (criminal or traffic), physical, mental or other condition which is such that his or her operation of an "auto" might endanger the public safety;

(4) Has, while the policy is in force, engaged in a competitive speed contest while operating an "auto" insured under the policy;

(5) Is addicted to or uses narcotics or other drugs;

(6) Uses alcoholic beverages to excess thereby impairing his or her ability to operate a motor vehicle;

(7) Has been convicted, or forfeited bail, during the 36 months immediately preceding the notice of cancellation or nonrenewal, for:

    (a) Any felony;

    (b) Criminal negligence resulting in death, homicide or assault arising out of the operation of a motor vehicle;

    (c) Operating a motor vehicle while in an intoxicated condition or while under the influence of drugs;

    (d) Leaving the scene of an accident without stopping to report;

    (e) Theft or unlawful taking of a motor vehicle; or

    (f) Making false statements in an application for a driver's license.

(8) Has been convicted of, or forfeited bail, for 3 or more violations, the point total for which exceeds 8 points, or 3 at fault accidents in which claims are paid in excess of $250 per accident within the 36 months immediately preceding the notice of cancellation or nonrenewal, of any law, ordinance or regulation limiting the speed of motor vehicles or any of the provisions of the motor vehicle laws of any state, violation of which constitutes a dangerous moving violation as set forth in Del. Code Ann. tit. 21, chapter 41, whether or not the violations were repetitions of the same offense or different offenses.

h. The "covered auto" is:

(1) So mechanically defective that its operation might endanger public safety;

(2) Used in carrying passengers for hire or compensation, except that the use of an "auto" for a car pool shall not be considered use of an "auto" for hire or compensation;

(3) Used in the business of transportation of flammables or explosives;

(4) An authorized emergency vehicle;

(5) Modified or changed in condition during the policy period so as to increase the risk substantially; or

(6) Subject to an inspection law and has not been inspected or, if inspected fails to qualify.

But if this policy has been written for a period of more than a year or without a fixed expiration date, we may cancel at an anniversary of its original effective date for any reason. If we cancel, we will mail or deliver to you at least 30 days written notice.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

Copyright, Insurance Services Office, Inc., 2000
CU 02 16 09 00    □

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata.

If the first Named Insured cancels, the refund may be less than pro rata. If the first Named Insured cancels, we will refund the unearned premium only if one of the following has occurred:

a. The "covered auto" is no longer owned by the first Named Insured;

b. The "covered auto" is no longer operable or capable of being repaired so as to become operable; or

c. The first Named Insured becomes self-insured under the provisions of the Delaware Insurance Code.

The cancellation will become effective even if we have not made or offered a refund.

B. Nonrenewal

1. If we decide not to renew or continue this policy we will mail or deliver to you written notice at least 30 days before the end of the policy period. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

2. If we fail to mail or deliver proper notice of nonrenewal and you obtain other insurance this policy will end on the effective date of that insurance.

C. Mailing Of Notices

We will mail by certified mail or deliver our notice of cancellation or nonrenewal to your last mailing address known to us, except that notice of cancellation for non-payment of premium will be mailed by regular mail. If notice is mailed, proof of mailing will be sufficient proof of notice.

II. For all other policies insuring "covered autos" not described in Paragraph I.:

A. Paragraph A.5. of the **Cancellation** Common Policy Condition is replaced by the following:

5. If this policy is cancelled we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata.

If the first Named Insured cancels, the refund may be less than pro rata. If the first Named Insured cancels, we will refund the unearned premium only if one of the following has occurred:

a. The "covered auto" is no longer owned by the first Named Insured;

b. The "covered auto" is no longer operated or capable of being repaired so as to become operable; or

c. The first Named Insured becomes self-insured under the provisions of the Delaware Insurance Code.

The cancellation will become effective even if we have not made or offered a refund.

B. Condition **10. When We Do Not Renew** of **Section IV - Conditions** is replaced by the following:

WHEN WE DO NOT RENEW

1. If we decide not to renew this policy, we will mail or deliver written notice of nonrenewal to the first Named Insured, at least 60 days before the expiration date, or the anniversary date if this is a policy written for a term of more than one year or with no fixed expiration date.

2. Any notice of nonrenewal will be mailed or delivered to the first Named Insured at the last mailing address known to us.

3. If notice of nonrenewal is mailed, it will be sent by certified mail.

Copyright, Insurance Services Office, Inc., 2000

# EVANSTON INSURANCE COMPANY

**MARKEL**

## DEDUCTIBLE ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

**THIS ENDORSEMENT CHANGES THE POLICY.**

## SCHEDULE

| Coverage | Amount and Basis of Deductible |
|---|---|
| If provided by this policy: Bodily Injury, Property Damage, Professional or Personal and Advertising Injury Liability | $2,500.    Per Claim |
| Exception: | $            Per Claim |

☐ If this box is so marked, the basis of deductible is amended to apply 'on a per item per claim' property damage deductible basis.

1.  Our obligation under Bodily Injury Liability, Property Damage Liability, Professional Liability, Personal and/or Advertising Injury Liability, or any other coverage under this policy, to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above. The deductible amount stated above shall be applicable to each claim and will include loss payments, adjustment, investigative and legal fees and costs, whether or not loss payment is involved.

2.  The deductible amount stated above applies under the coverages respectively to all damages sustained by one person, or organization, as the result of any one occurrence.

3.  The terms of this insurance, including those with respect to:
    (a)  Our right and duty to defend any "suits" seeking those damages; and
    (b)  Your duties in the event of an "occurrence," claim, or suit apply irrespective of the application of the deductible amount.

4.  We may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

_____ / _____

AUTHORIZED REPRESENTATIVE          DATE

M/E-048 (4/99)



# EVANSTON INSURANCE COMPANY

## MINIMUM EARNED PREMIUM AMENDMENT
## ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

**THIS ENDORSEMENT CHANGES THE POLICY.**

If this insurance policy is canceled at your request, there will be a Minimum Earned Premium retained by us of $250. or 25% (percent) of the premium, whichever is the greater. Cancellation for nonpayment of premium is considered a request by the first Named Insured for cancellation of this policy.

M/E-143 (4/99)

# **EVANSTON INSURANCE COMPANY**

**MARKEL**

## COMBINATION GENERAL ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM
OR COVERAGE PART (hereinafter referred to as Coverage Form), AND APPLIES TO THE ENTIRE POLICY.

1. Coverage under this insurance is limited to operations described under 'business description' and/or 'classification' on the declarations' pages of policy.

2. This insurance does not apply to Part 4 of Section II in the Coverage Form – Who is an insured.

3. Supplementary Payments-Coverages A & B - in the Coverage Form is amended to read with respect to 1. last paragraph: These payments will not reduce the limits of insurance, except with respect to attorneys' fees incurred by us in defense of an indemnitee of the insured, and this applies throughout Supplementary    Payments-Coverages A & B- section of this policy.

4. Insured contract to which this insurance applies means any written (A) - Lease of premises excluding indemnification to another for damage by fire to premises while rented to you or temporarily occupied by you and/or  (B) - Easement agreement except in connection with construction or demolition operations on or adjacent to a railroad, and/or (C) - Indemnification of a municipality as required by ordinance, except in connection with work for the municipality, and/or (D) - Sidetrack agreement or any easement or license agreement in connection with vehicle or pedestrian private railroad crossing at grade, and/or (E) - elevator maintenance agreement.

5. This insurance does not apply to claims arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied - in fact contract.

6. Wording in Coverage Form, 2. Exclusions, Section I- Coverages, e. Employer's Liability, is replaced by the following and applies throughout this policy:
   This insurance does not apply to liability for "Bodily Injury" to:
   an "employee" of any insured arising out of and in the course of employment or while performing duties related to the conduct of an insured's business; or (B) any injury or damage to any other person including but not limited to spouse, child, parent, brother, sister or relative of the "employee" as a consequence of (A);.  This exclusion applies whether an Insured may be liable as an employer or in any other capacity and applies to any obligation to share damages with or repay someone else who must pay damages because of the injury, as well as liability assumed under any "Insured Contract." Wherever the word "employee" appears above, it shall also mean any member, associate, co-employee, leased worker, temporary worker, union worker, volunteer, or any person or persons loaned to or volunteering services to you.

7. Fines, penalties, and punitive or exemplary damages are not covered under this policy nor are any expenses nor any obligation to share such damages or repay another.  However, this does not apply to Punitive Damages from Wrongful Death brought under Alabama's Wrongful Death Statute.

8. Professional Liability, Errors, Omission, Negligent Acts, Malpractice and/or acts of any type including rendering or failure to render any type professional service is not covered under this policy, unless such coverage is specifically endorsed onto the policy.

9. Wording in Coverage Form, 2. Exclusions, Section I - Coverages, c. Liquor Liability, last paragraph, is deleted.  Item (4) is added as follows: (4) any act or omission by any Insured, any employee of any

Insured, patrons, members, associates, volunteers or any other persons respects providing or failing to provide transportation, detaining or failing to detain any person, or any act of assuming or not assuming responsibility for the well being, supervision or care of any person allegedly under or suspected to be under the influence of alcohol.

10. This insurance does not apply to 'bodily injury', 'property damage', 'personal injury, 'advertising injury' or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused by or contributed to:

    a.    by ownership, non-ownership, maintenance, use, or entrustment to others of any 'auto', aircraft, watercraft, snowmobile, all terrain vehicle (ATV), or motorcycle.  Use includes operation and 'loading' and 'unloading'; or

    b.    from Employment- Related Practices, regardless of allegations, including but not limited to:

        (1) refusal to employ, or termination of employment; or
        (2) discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation, or other employment-related practices, policies, acts or omissions; or

    c.    as a result of discrimination of any kind, actual or alleged; or

    d.    as a result of and/or arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any insured, insured's employees, patrons or any other person(s); or

    e.    as a result of alleged negligence or other wrongdoing in the hiring, training, placement, supervision, or monitoring of others by insured; or

    f.    as a result of any person practicing for and/or participating in any contest, event or function of a sporting or athletic nature; or

    g.    by any animal, regardless whether owned by you, in your care, or on your premises; or

    h.    by any named insured covered by this policy initiating causes of action or allegations against any other insured covered by this policy; or

    i.    from intellectual property, proprietary property rights, patent, trademark and/or copyright infringement,   misappropriation of trade secret and/or practice, piracy, fraudulent  concealment, unjust enrichment, misrepresentation or negligent  misrepresentation; and/or  deceptive, false, fraudulent, misleading, unfair, unlawful or untrue business act  or practice with respect to advertising; or

    j.    from any action or omission that violates or is alleged to violate the Telephone Consumer Protection Act (TCPA), the CAN-SPAM Act of 2003, including any amendment of or addition to such laws, or any analogous local, state or federal statute, ordinance or regulation, other than the foregoing, that prohibits or limits sending, transmitting, communicating, solicitation, or distribution of material or information using e-mails, telephone, telephone facsimile machine, computer or other electronic device; or

    k.    resulting from water or moisture, and/or due to discharge, leakage, seepage, backup or overflow from sewers, mains, drains, pipes, plumbing, heating, refrigeration, air conditioning, standpipes, appliances, sprinkler systems, or ditches, streams, levees, or rain or snow admitted to the building interior; or

    l.    from Internet exposures, world-wide web, cyber system(s), computer hardware or software, electronic data, e-mail, unauthorized use, loss/misuse of data, or from loss of, alteration of, failure, error, negligence, malfunction, inadequacy of, damage to or a reduction in functionality, availability or operation of a computer system, network(s), program(s), software, data, information repository, microchip(s), integrated circuit or similar device in computer equipment or

non-computer equipment, regardless of cause, and/or resultant loss of income, whether property of the insured or any other; or

m.   from criminal acts, fraudulent, dishonest or malicious acts or omissions from any Insured, any employee of any insured or anyone for whom you may be held liable; or

11.   If this policy includes a Lessors Risk Only (LRO) classification, it is written and priced as such only on condition that your lease or agreement with tenant(s) requires (commercial) tenant(s) carry Commercial General Liability coverage with limits at least equal to the limits of this policy, names you as an additional insured on their policy, and you require and secure a certificate of insurance confirming same.  Parking areas or other land of premises leased to tenant(s) must also be covered by their insurance, or separately submitted and priced hereunder.  Failure to comply with this condition does not void your coverage, however, limits of liability hereunder will be reduced and apply as a 'sublimit' of liability, being a Combined Single Limit, $50,000 each occurrence and in the Aggregate, including loss adjustment expenses and defense.  The sublimit would be the most payable for all damages arising out of any one occurrence, and the most payable for all claims under this policy, including investigation and defense.  If such sublimits were tendered or exhausted, we would not defend or continue to defend in any suit.

12.   Where there is no coverage under this policy, there is no duty to defend.

# EVANSTON INSURANCE COMPANY

MARKEL

## ADDITIONAL CONDITIONS ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM OR COVERAGE PART (hereinafter referred to as Coverage Form), AND APPLIES TO THE ENTIRE POLICY.

This insurance does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury' or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused by or contributed to or as a result of:

1.

   (A) 'movement of land or earth' regardless whether emanating from, aggravated by, or attributable to any operations performed by or on behalf of any insured, and regardless whether first manifestation of same occurs during the policy period or prior or subsequent thereto. 'Movement of land or earth' includes, but is not limited to, instability, subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, rising, tilting, bulging, cracking, mud flow, mudslide, earthquake, shrinking or expansion of ground, slabs, footings, foundations, walls, roofs, floors, ceilings or any other real property or part thereof, or any other movements of land or earth; or

   (B) pollution, contamination, contaminants, irritants, including but not limited to injuries alleged as a result of actual, alleged or threatened exposure to and/or absorption of and/or inhalation of, and/or ingestion of, contact with, existence of, presence of, and environmental impairment, including but not limited to damage to natural habitats and species. Expenses and any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences or actions arising or alleged to have arisen out of same are not covered. All liability and expense arising out of or related to any form of actual or alleged pollution, and/or contamination, and/or environmental impairment, whether intentional or otherwise, and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any Insured or any other person or entity, is excluded throughout this policy. This includes but is not limited to devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space.

   Any loss, cost, expense, fines and/or penalties arising out of any
      (a) request, demand, order, statutory or regulatory requirement, governmental authority or directive or that of any private party or citizen action that any Insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, or in any way respond to or assess same the effects of pollutants, and/or contaminants and/or irritants, and/or environmental impairment; and/or
      (b) litigation or administrative procedure in which any Insured or others may be involved as a party as a result of actual, alleged, or threatened, discharge, dispersal, seepage, migration, release, escape, or placement of pollutants and/or contaminants and/or environmental impairments into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer, or ground water, whether sudden, accidental, deliberate, or gradual in nature or not, and regardless of when,
   are not covered.

   Pollutants and/or contaminants and/or irritants mean any solid, liquid, gaseous, thermal, acoustic, electrical, or magnetic irritant, contaminant, or pollutant, including but not limited to smoke, fumes, heat, soot, vapor, emissions, fibers, radiation, acids, alkalis, fuels, petroleums, lubricants, operating fluids, pesticides, fertilizers, paints, dust, toxic dust, spores, chemicals and waste. Waste includes but

ME-002 (1/05)

is not limited to medical waste and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

This wording supersedes and replaces all other wording on 'Pollution' in the Coverage Form attached to this policy; or

(C) asbestos, lead, silica dust, dust and/or toxic dust, fungi, bacteria, organic pathogens, bio-organic growth and/or systemic chemical poisoning

    (a) whether arising out of actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, presence of, discharge, dispersal, seepage, migration, infiltration, infestation, release, escape, growth, production or reproduction of or toxic substances from asbestos, lead, silica dust, dust and/or toxic dust, fungi, bacteria, organic pathogens, bio-organic growth and/or systemic chemical poisoning. This applies regardless of source, including but not limited to, from any goods, products or structures containing same, existence of same in any form, in occupancy or construction, manufacture, sale, transportation, handling, storage, disposal or removal of same; and

    (b) regardless of supervision, instructions, recommendations, requests, warnings or advice given or which should have been given, as well as any costs, including but not limited to abatement, mitigation, removal, containment, treatment, detoxification, neutralization, or disposal of same, or in any way respond to assess the effects of same.

Coverage does not apply to any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way, responding to, or assessing the effects by any insured or by any other person or entity.

"Fungi" hereunder means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi. However, this exclusion does not apply to any "fungi" or bacteria that are on, or are contained in, a good or product intended for bodily consumption.

(D) If contractors or subcontractors are used, it is a condition of coverage that you use only those that are insured, and carry at a minimum Commercial General Liability coverage with limits at least equal to the limits of this policy, name you as an additional insured on their policy, and carry workers compensation insurance, and you require and secure certificates of insurance confirming same. Failure to comply with this condition does not void your coverage, however, limits of liability hereunder will be reduced and apply as a 'sublimit' of liability, being a Combined Single Limit, $50,000 each occurrence and in the Aggregate, including loss adjustment expenses and defense.

The sublimit would be the most payable for all damages arising out of any one occurrence, and the most payable for all claims under this policy, including investigation and defense. If such sublimits were tendered or exhausted, we would not defend or continue to defend in any suit.

Further, there is no coverage under this policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same.

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Cadbury at Lewes
2000 Foulke Road
Suite F
Wilmington, DE 19810

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____    /_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# **EVANSTON INSURANCE COMPANY**

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
K-B Construction Company
1243 Easton Road
Warrington, PA 18976

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE              DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Key Equipment Finance
P.O. Box 3886
Bellevue, WA 98009

Interest of the Above:
Loss Payee

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____ / _____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)



# EVANSTON INSURANCE COMPANY

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Marcus Lee Associates, L.P.
1243 Easton Road
Warrington, PA 18976

Interest of the Above:
Property Owner

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____ / _____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

SECTION II - WHO IS AN INSURED of the Commercial General Liability Form is amended to include:

Person or Entity:
Norris Sales Company, Inc.
1300 East Ridge Pike
Plymouth Meeting, PA 19462

Interest of the Above:
We Rent Equipment

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____ /_____
AUTHORIZED REPRESENTATIVE            DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Pleasantville Housing Authority
156 Main Street
Pleasantville, NJ 08232

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____ / _____
AUTHORIZED REPRESENTATIVE            DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Pleasantville New Hope 2004, LP
156 Main Street
Pleasantville, NJ 08232

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE        DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

SECTION II - WHO IS AN INSURED of the Commercial General Liability Form is amended to include:

Person or Entity:
Ransome Rentals
2225 N. DuPont Highway
New Castle, DE 19720

Interest of the Above:
We Rent Equipment

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Upper Merion Township
175 West Valley Forge Road
King of Prussia, PA 19406-1802

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

SECTION II - WHO IS AN INSURED of the Commercial General Liability Form is amended to include:

Person or Entity:
Willow Construction, LLC
400 Maryland Avenue
Easton, MD 21601

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
                    AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Ingerman Construction Company
725 Cuthbert Blvd.
Cherry Hill, NJ 08002

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____ / _____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

\* *Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Nason Construction, Inc.
2000 Foulke Rd.
Sutie 4
Wilmington, DE 19810

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

SECTION II - WHO IS AN INSURED of the Commercial General Liability Form is amended to include:

Person or Entity:
Betterhomes of Seafood, Inc.
725 Cuthbert Blvd.
Cherry Hill, NJ 08002

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Chandler Heights, LP
725 Cuthbert Blvd.
Cherry Hill, NJ 08002

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____ / _____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## ADDITIONAL INSURED ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT CHANGES THE POLICY.

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
Delaware State Housing Authority
725 Cuthbert Blvd.
Cherry Hill, NJ 08002

Interest of the Above:
General Contractor

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium: $Included

_____/_____
AUTHORIZED REPRESENTATIVE            DATE

M/E-009 (4/99)

# EVANSTON INSURANCE COMPANY

**MARKEL**

## COMBINATION CONTRACTORS ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CS 2651 | 10/01/2006 | Layne Thomas Builders, Inc. |

THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM OR COVERAGE PART (hereinafter referred to as Coverage Form), AND APPLIES TO THE ENTIRE POLICY.

1. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions;  However, the following is not an "occurrence" under this policy:

   a. Actual and/or alleged defective work; and/or
   b. Actual and/or alleged defective workmanship; and/or
   c. Actual and/or alleged defective construction; and/or
   d. Actual and/or alleged negligent construction.

2. Under the Coverage Form Section I - Coverages, 2. Exclusions, the last paragraph of Exclusions J. Damage to Property, and I. Damage to Your Work, are deleted in their entirety.

3. This insurance does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury', or any injury, loss or damages, including consequential injury, loss or damage, arising directly or indirectly out of, caused by or contributed to, or resulting from

   a. claims of incremental, continuous or progressive injury or damage which began to occur, is occurring, was occurring or is alleged to have begun occurring prior to or as of the inception date of this policy; and/or

   b. any class exterior insulation and finish system (EIFS), or any part thereof, or any substantially similar system, whether in whole or in part, including but not limited to the design, manufacture, sale, distribution, handling, construction, installation, application, maintenance or repair, including remodeling, service, correction or replacement, regardless of the brand name of the system installed; and/or

   c. any invasion or existence of water or moisture, including but not limited to accidental discharge and/or leaks, and/or mold, mildew, bio-organic growth, microorganisms, biological organisms, biaerosols, organic contaminants, and/or including but not limited to, rot and deterioration of property; and/or

   d. related to 'your work' below ground surface unless, prior to your commencing work, you have either contacted the appropriate local underground locating service, or verified such contact has been made by another with that responsibility, and said service has responded and marked, including but not limited to, all underground lines, pipes, cables, utilities, prior to commencement of 'your work'; and/or

   e. run off, diversion and/or ponding of water, inadequate drainage, backup and/or overflow,  including but not limited to, water, sewer, drains, ditches, pipes, site preparation; and/or

   f. and occurring during the course of movement of any building or structure by an 'auto' or 'mobile equipment';  the period of movement 1) begins when the building or

structure is removed from its old foundation, and 2) ends when the unloading of the vehicle begins for the purpose of placing the building or structure on its new foundation; and/or

g.   any operations involving any hot tar, wand, open flame, torch or heated applications of roofing, or membrane roofing; and/or your failure to determine weather from local weather bureau or station  in advance of any roofing job, and having any 'open roof' to the elements, including but not limited to wind, hail, snow, rain, ice or any combination thereof.  'Open roof' as used here shall include any roof or section of roof where shingles, tar, felt paper, and any other protective covering has been removed, thereby leaving exposed any supporting structure, decking, building interior or contents of same to the elements; any 'open roof' must be securely covered in advance of any precipitation; and in advance of your leaving the job for any period of time.

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Evanston Insurance Company

**DEFENDANTS**
Layne Thomas Builders, Inc.
120 B West Market Street
Newport, DE  19804

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Henrico County, Virginia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: New Castle County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Kevin F. Brady (#2248)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207, 1007 North Orange Street
Wilmington, Delaware 19899-2207
(302) 658-9141

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION**  (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**  (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/CC Rates/etc<br>☐ 460 Deportation<br>☒ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/ Commodities Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor Mgmt Relations<br>☐ 730 Labor Mgmt Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION**  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. §§ 1332, 2201 and 2202: Diversity action; request for judgment declaring that insurance policy issued by plaintiff does not require plaintiff to provide indemnity or defense coverage to defendant for liability or defense costs relating to action pending in Philadelphia Court of Common Pleas

**VII. REQUESTED IN
COMPLAINT:**

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND: Amount to be determined

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

**VIII. RELATED CASE(S)
IF ANY:**   (See instructions):

DATE  May 15, 2008

SIGNATURE OF ATTORNEY OF RECORD:  *Kevin F. Brady*

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE