**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORTHO BIOTECH PRODUCTS, L.P.,         :

                         :
                  Plaintiff,       :

                         :    **Civ. No.: 05-4850 (SRC-MAS)**
          - v -             :    **In the District of New Jersey**

                         :
AMGEN INC. and AMGEN USA INC.,   :

                         :
               Defendants.    :

                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF ORTHO BIOTECH PRODUCTS, L.P.'S MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO HEALTHCORE**

       Plaintiff Ortho Biotech Products, L.P. ("Ortho"), by and through its undersigned

attorneys, hereby moves, pursuant to Federal Rules of Civil Procedure 37(a)(1) and 45(c)(2)(B)

for an order to compel HealthCore to produce a witness to testify at deposition and documents

requested by the subpoena issued by Plaintiff on February 29, 2008, and for such other and

further relief as the Court may deem just and proper.

       The basis for this motion is more fully set forth in the accompanying

Memorandum of Law and declaration of Sarah E. Zgliniec with its exhibits.

       Counsel for Ortho certifies that the subject matter of this motion was discussed

with counsel for HealthCore, but that an agreement could not be reached.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Ortho Biotech Products, L.P.*

*Of Counsel:*

William F. Cavanaugh, Jr.
Erik Haas
Sarah E. Zgliniec
A. Leah Vickers
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

Dated: May 16, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of May, 2008, the attached **PLAINTIFF ORTHO BIOTECH PRODUCTS, L.P.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO HEALTHCORE** was served upon the below-named counsel of record at the address and in the manner indicated:

Maya Eckstein, Esquire                          VIA ELECTRONIC MAIL
Hunton & Williams LLP                           <u>and FEDERAL EXPRESS</u>
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond VA  23219-4074



*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORTHO BIOTECH PRODUCTS, L.P.,

                Plaintiff,

           - v -

AMGEN INC. and AMGEN USA INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Civ. No.: 05-4850 (SRC-MAS)**
**In the District of New Jersey**

## PLAINTIFF ORTHO BIOTECH PRODUCTS, L.P.'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
## COMPLIANCE WITH SUBPOENA ISSUED TO HEALTHCORE

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Ortho Biotech Products, L.P.*

*Of Counsel:*

William F. Cavanaugh, Jr.
Erik Haas
Sarah E. Zgliniec
A. Leah Vickers
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036
(212) 336-2000

Dated: May 16, 2008

{00217506;v1}

## INTRODUCTION

Plaintiff Ortho Biotech Products, L.P. ("Ortho") respectfully submits this memorandum of law in support of its motion to compel HealthCore, an affiliate of WellPoint, Inc., to produce (1) a witness to provide deposition testimony and (2) documents as requested in Plaintiff's February 29, 2008 subpoena.

Compliance with the subpoena is essential for two reasons. First, according to testimony already given in the case, Defendant Amgen Inc. ("Amgen") hired HealthCore to undertake an analysis of the comparative dose and cost of Ortho's drug, Procrit, and Amgen's competitor drug, Aranesp, to bolster Amgen's claim that Aranesp is the less expensive option. The truth or falsity of that contention goes to the very core of Ortho's antitrust allegations in this case, which include claims that Amgen's product is actually more expensive than Ortho's, but that Amgen structured its contracts to compel physicians to buy Amgen's product by tying it illegally to other products over which Amgen has a monopoly.

Second, upon information and belief, HealthCore shared its analysis of this issue with its parent company, WellPoint, Inc. – one of the largest medical insurers in the country. Testimony has established that WellPoint implemented a differential reimbursement schedule favorable to Ortho's drug, Procrit, over Amgen's drug, Aranesp, because it determined that Procrit was the less expensive choice. HealthCore's contribution to that decision of its parent company is similarly central to Ortho's antitrust claims.

## FACTS

### A.    Summary of the Case

This is an antitrust action challenging Amgen's leverage of its legitimate monopoly power in one market to create an illegal monopoly in a second market. Amgen has a

monopoly in the market for the sale of white blood cell growth factor ("WBCGF") drugs to oncology clinics. Prior to Amgen's implementation of the contract at issue in this case, Amgen and Ortho engaged in vigorous price competition in the market for the sale of red blood cell growth factor ("RBCGF") drugs to oncology clinics. Amgen's two WBCGF drugs, Neupogen and Neulasta, are the only drugs approved by the FDA to treat the life threatening deficiency of white blood cells known as neutropenia, which often is a side effect of chemotherapy treatment. Amgen's RBCGF drug Aranesp and Ortho's RBCGF drug Procrit are both approved for the treatment of severe anemia, which also is associated with chemotherapy treatment.

Amgen's two WBCGF drugs are life saving drugs that oncology patients need and oncology clinics therefore must buy. Amgen intentionally structured the pricing on its WBCGF drugs to cause oncology clinics to lose money on administration of the WBCGF drugs to Medicare patients unless the clinics earn rebates under Amgen's oncology clinic contract, referred to as the "Amgen Portfolio Contract" or "APC." The rebates the clinics stand to earn are huge. Thus, oncology clinics lose money on WBCGF drugs if they fail to comply – but receive large payments if they comply – with the APC mandates. Amgen's APC contract violates the antitrust laws because it requires clinics to purchase Amgen's competitive RBCGF drug Aranesp in lieu of Ortho's RBCGF drug Procrit in order to receive the necessary and lucrative rebates on Amgen's WBCGF drugs.

By linking the incentives on its three drugs (Neupogen, Neulasta, and Aranesp), Amgen made it impossible for Ortho to price compete for oncology clinic RBCGF drug sales with incentives on its one drug Procrit. Amgen has obtained, and will continue to obtain, an illegal monopoly in the RBCGF drug oncology clinic market. As a result, Amgen has caused and is causing harm to Ortho and consumers.

The ultimate consumers of oncology drugs are the insurers that reimburse oncologists for the drugs (*e.g.,* Medicare and private insurers such as Aetna and WellPoint) and the patients who make coinsurance payments (or who lack insurance and bear the total cost of the drugs). Consumers are harmed by Amgen's illegal contract because, *inter alia,* it coerces oncologists to purchasing and administering Aranesp in lieu of the less costly Procrit. Amgen denies that Aranesp is more costly than Procrit, and the relative cost of these drugs is a hotly-contested issue in the antitrust case.

**B.    HealthCore's Relation to the Case**

HealthCore is related to the issues in the antitrust case by virtue of the fact that Amgen hired it as its consultant. Testimony has established that Amgen hired a number of consulting and research firms – including HealthCore – to analyze the relative cost of Procrit and Aranesp, as well as the actual doses of those drugs used by physicians. The results of that analysis, and whether they support Amgen's contention that Aranesp is the cheaper of the two drugs, go to the core of Ortho's antitrust claims.

Second, HealthCore is also related to this case in another way. HealthCore is a wholly-owned subsidiary of WellPoint, Inc., the largest health benefits company with the largest medical membership in the United States. *See* http://www.healthcore.com/history.html. On May 30, 2006, Dr. Randy Craig Axelrod – who was then employed by WellPoint – provided deposition testimony in the antitrust case. He testified, *inter alia,* that WellPoint had done an analysis of dosing and cost data for Procrit and Aranesp, and determined that Aranesp was in fact more expensive than Procrit, but that Amgen had priced Aranesp in a manner that would provide oncologists with higher profit margins than they would with Procrit. In other words, Dr. Axelrod testified that Amgen had created a pricing scheme that caused medical providers – who

are not the ultimate consumers – to purchase a drug that was more expensive to the ultimate consumers, such as WellPoint.

HealthCore is Wellpoint's strategic research arm, and states on its website that it enjoys "extensive access to medical and pharmacy claims information, laboratory result data and medical record data." *See* http://www. healthcore.com/history.html. Upon information and belief, HealthCore conducted an analysis of data concerning the actual usage of Procrit and Aranesp in patients, which WellPoint relied upon in determining the comparative cost of Procrit and Aranesp.

### C.   The Subpoena and HealthCore's Objections

On October 31, 2007, Ortho issued a subpoena for documents and testimony from WellPoint. Subsequently, on February 29, 2008, Ortho issued the Subpoena at issue on HealthCore, which, upon information and belief, also possesses relevant information. (*See* Exhibit A to accompanying Declaration of Sarah E. Zgliniec ("Zgliniec Decl."))

The Subpoena at issue requests the production of documents relating to the doses of Aranesp and Procrit, the cost of the drugs to physicians and payors (such as WellPoint), and any communications that HealthCore or WellPoint had with Amgen on these issues, as well as any compensation paid by Amgen to HealthCore. The subpoena also seeks the deposition testimony of a HealthCore representative on these issues.

On March 14, 2008, counsel for HealthCore contacted Ortho's counsel, requesting an extension of time to respond to the subpoena, to which Ortho's counsel agreed. Several days later, HealthCore's counsel requested a further extension until April 1, 2008, to which Ortho again agreed. In its response, Ortho also proposed April 11 as the date for the deposition of HealthCore's witness. (*See* Exhibit B to Zgliniec Decl.)

HealthCore's counsel responded soon thereafter, confirming that it would respond to the subpoena by April 1.  (*See* Exhibit C to Zgliniec Decl.)  With respect to the deposition, HealthCore identified Gregory Daniels as its witness, and suggested that the deposition take place in early May to accommodate Mr. Daniels' schedule.  (*Id.*)  Ortho responded, proposing that the deposition occur any day during the week of May 5.  (*See* Exhibit D to Zgliniec Decl.)

Instead of scheduling the deposition, on April 1, 2008, HealthCore responded with wholesale objections to the subpoena.  (*See* Exhibit E to Zgliniec Decl.)  Ortho responded that it disagreed (*see* Exhibit F to Zgliniec Decl.), and now seeks production of the requested documentation and testimony.  Ortho has received no subsequent response from counsel from HealthCore on this issue.

Relatedly, Ortho also met and conferred with HealthCore's counsel throughout March and April on the issue of Ortho's subpoena to WellPoint, HealthCore's parent. (HealthCore and WellPoint are represented by the same counsel.)  To date, WellPoint has also refused to make any production under that subpoena, and Ortho has recently moved to compel production under that subpoena in the District Court for the Southern District of Indiana, where WellPoint is located.

Having reached an impasse with counsel on all issues concerning both WellPoint and HealthCore, Ortho now moves to compel HealthCore's compliance with the Subpoena.

## **ARGUMENT**

### I.    **Legal Standard**

Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure provides that "[a]t any time, on notice to the commanded person, the serving party [of a subpoena] may move the issuing court for an order compelling the production or inspection."  Pursuant to Rule 45(c)(3)(A) & (B), the subject of a subpoena may be relieved from compliance only if, as

relevant here, the subpoena would: (1) "require[] disclosure of privileged or other protected matter, if no exception or waiver applies;" (2) subject the respondent "to undue burden;" or (3) require disclosure of a trade secret or other confidential commercial information.

## II.    Ortho's Subpoena Seeks the Production of Information and Testimony Central to Ortho's Case, and None of the Exceptions to Rule 45 Apply

HealthCore has made no claim that the production Ortho seeks is of privileged, trade secret, or confidential commercial information. Its sole objection, then, is of burden – and even that it has not established.

The burden on HealthCore to produce the analyses it conducted for its client, Amgen, about the discrete issues relating to the dosing and cost of Aranesp and Procrit, should constitute no significant burden at all. Moreover, any burden that may exist is outweighed by the significance of this evidence in the antitrust case. The question of whether Aranesp is indeed more costly than Procrit is a key issue in the case: HealthCore's analysis of whether Ortho's Procrit is less costly than Amgen's Aranesp is the same analysis that the factfinder in the antitrust case will ultimately employ. The results of HealthCore's analysis of that issue *for Amgen*, one of the parties in the case, could not be more relevant.

In addition, any analyses of the issue that HealthCore did for its parent, WellPoint, are similarly of central importance in this case. The evidence in the case has demonstrated that HealthCore's parent, WellPoint, implemented a differential reimbursement policy favoring Procrit, Ortho's RBCGF drug, based on its determination that Procrit is the less costly of the two RBCGF drugs available for the treatment of chemotherapy-related anemia. Upon information and belief, HealthCore contributed analysis to WellPoint's determination that Procrit was the less expensive drug. That analysis is not in the possession of any party in the

case. As such, Ortho seeks an order compelling HealthCore to produce the subpoenaed information and testimony about it.

## CONCLUSION

For the reasons stated above, Ortho respectfully requests that the Court grant Ortho's motion to compel HealthCore to comply with the Subpoena.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Ortho Biotech Products, L.P.*

*Of Counsel:*

William F. Cavanaugh, Jr.
Erik Haas
Sarah E. Zgliniec
A. Leah Vickers
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036
(212) 336-2000

Dated: May 16, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of May, 2008, the attached **PLAINTIFF ORTHO BIOTECH PRODUCTS, L.P.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO HEALTHCORE** was served upon the below-named counsel of record at the address and in the manner indicated:

Maya Eckstein, Esquire
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond VA  23219-4074

VIA ELECTRONIC MAIL
<u>and FEDERAL EXPRESS</u>

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

{00217480;v1}

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

ORTHO BIOTECH PRODUCTS, L.P.,       :

                  Plaintiff,     :

                            :   **Civ. No.: 05-4850 (SRC-MAS)**

           - v -           :   **In the District of New Jersey**

                            :

AMGEN INC. and AMGEN USA INC.,   :

                            :

             Defendants.    :

                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF SARAH E. ZGLINIEC IN SUPPORT OF PLAINTIFF
ORTHO BIOTECH PRODUCTS, L.P.'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA ISSUED TO HEALTHCORE**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Ortho Biotech Products, L.P.*

*Of Counsel:*

William F. Cavanaugh, Jr.
Erik Haas
Sarah E. Zgliniec
A. Leah Vickers
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036
(212) 336-2000

Dated: May 16, 2008

1.      I am an attorney admitted to practice in the State of New York. I am a member of the firm of Patterson Belknap Webb & Tyler LLP, counsel for Plaintiff Ortho Biotech Products, L.P. in the case captioned *Ortho Biotech Products, L.P. v. Amgen Inc. and Amgen USA Inc.*, 05 Civ. 4850 (SRC) (MAS) in the District of New Jersey.

2.      I submit this declaration in support of Plaintiff's Motion to Compel HealthCore to comply with Plaintiff's February 29, 2008 subpoena.

3.      The following documents are attached as exhibits to this declaration:

Exhibit A:     Subpoena to HealthCore, dated February 29, 2008

Exhibit B:     Email from Maya Eckstein to Erik Haas, dated March 16, 2008, and Responsive Email from Erik Haas to Maya Eckstein, dated March 17, 2008

Exhibit C:     Letter from Maya Eckstein to Erik Haas, dated March 21, 2008

Exhibit D:     Email from Erik Haas to Maya Eckstein, dated March 23, 2008

Exhibit E:     Objections of Respondent HealthCore, dated September April 1, 2008, to Subpoena of February 29, 2008

Exhibit F:     Email from Erik Haas to Maya Eckstein, dated April 2, 2008

Exhibit G:     Protective Orders in *Ortho Biotech Products, L.P. v. Amgen Inc. and Amgen U.S.A., Inc.,* 05 Civ. 4850 (D.N.J.)

4.      In addition to the correspondence listed above, counsel for Ortho has also met and conferred at length with HealthCore's counsel with respect to a separate subpoena that Ortho issued upon HealthCore's parent, WellPoint. Both of the subpoenas to HealthCore and WellPoint seek the production of similar evidence with respect to HealthCore and WellPoint's analysis of the comparative cost of Procrit and Aranesp. As the correspondence attached as Exhibits C and D shows, even before HealthCore provided its formal objections to the Subpoena, the parties met and conferred extensively as to both of these subpoenas, and reached an impasse as to both.

1473246v.1

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2008 in New York, New York.

_____
Sarah E. Zeljniec

# EXHIBIT A

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas     New York, NY 10036-6710     212.336.2000     fax 212.336.2222     www.pbwt.com

February 29, 2008

Erik Haas
Partner
(212) 336-2117
Direct Fax (212) 336-2386
ehaas@pbwt.com

Healthcore
c/o Gregory Daniel
800 Delaware Avenue, Fifth Floor
Wilmington, DE 19801-1366

> **Re:**  Ortho Biotech Products, L.P. v. Amgen Inc. and Amgen USA, Inc., Case No. 05-CV-4850 (SRC-MF) (D.N.J.)

Dear Mr. Daniel:

Attached please find a subpoena for documents and testimony related to work done by Healthcore on matters at issue in the antitrust litigation brought by Ortho against Amgen. Please call me, or have your counsel call me, to discuss any issues pertaining to the subpoena.

Very truly yours,

Erik Haas

Enclosure

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued from the

# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

ORTHO BIOTECH PRODUCTS, L.P.,

Plaintiff,

v.

AMGEN INC. and AMGEN USA INC.,

Defendants.

## SUBPOENA IN A CIVIL CASE

**CIVIL ACTION NUMBER:** <u>05-CV-4850</u>
(SRC-MF) (in the District of New Jersey)

TO:     Healthcore c/o Gregory Daniel
        800 Delaware Avenue, Fifth Floor
        Wilmington, DE 19801

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  The deposition may be recorded by sound, sound-and-visual, and/or stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Marriott Execu-Stay<br>1007 North Orange Street<br>Wilmington, DE 19801 | March 28, 2008 at 9:30 am |

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the documents or objects listed on the annexed SCHEDULE at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Patterson Belknap Webb & Tyler LLP, 1133 Sixth Avenue,<br>New York, NY 10036, c/o Erik Haas | March 18, 2008 at 9:00 am |

☐  **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *(signature)*<br>(Attorney for plaintiff Ortho Biotech Products, L.P.) | February 29, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

Erik Haas, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036.  (212) 336 2000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | | PLACE |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i)    fails to allow reasonable time for compliance;
    (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv)   subjects a person to undue burden.

(B) If a subpoena

    (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE

## DEFINITIONS

      2.    "PROCRIT" is the branded version of epoetin alfa marketed and sold by Ortho.

      3.    "ARANESP" is the branded version of darbepoetin alfa marketed and sold by Amgen.

      4.    "NEUPOGEN" is the branded version of filgrastim marketed and sold by Amgen.

      5.    "NEULASTA" is the branded version of pegfilgrastim marketed and sold by Amgen.

      6.    "Drugs at Issue" means Procrit, Aranesp, Neupogen and Neulasta.

      7.    "Document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure. The term includes, without limitation, any written, recorded, transcribed, taped, photographic, or graphic matter, any electronically, magnetically, or digitally stored information, including, without limitation, voice mail, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all copies of any of the foregoing that are different in any way from the original.

      8.    "Concerning" means referring to, relating to, pertaining to, describing, mentioning, evidencing or constituting.

      9.    "Communications" refer to all documents reflecting any verbal or written communication.

      10.    The terms "including," "include," or "includes" mean that the following list contains illustrative examples of the types of documents responsive to the request, but the list is without limitation and does not constitute an exclusive or all-encompassing listing of every type of document responsive to the request.

      11.    The term "person" shall mean (a) natural persons (also referred to as "individuals"), (b) legal entities, including, without limitation, corporations, partnerships, firms, associations, professional corporations, and proprietorships, and (c) governmental bodies or agencies.

      12.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the discovery requests inclusive rather than exclusive. Use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun. The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the discovery request documents or information that might otherwise be construed to be outside its scope.

13.    "You" or "your" or means "Healthcore" and its (a) predecessors and successors, (b) subsidiaries, affiliates and divisions, (c) current and former board members, (d) officers, directors, employees (including without limitation Gregory Daniel, Sadesh Kamot, Vince Wiley, Marcus Wilson) or (e) agents, including, but not limited to, attorneys and accountants.

14.    "Amgen" shall refer to Amgen, Inc., Amgen USA Inc. and their subsidiaries, affiliates and divisions, current and former board members, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

15.    "Ortho" shall refer to Ortho Biotech L.P. and its current and former board members, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

16.    "Payors" shall refer to any entity, agency or individual involved in the payment or reimbursement of drugs, including but not limited to private health plans, government reimbursement programs such as Medicare and Medicaid, and patients.

## INSTRUCTIONS

Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

17.    If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

18.    Provide the following information for each document withheld on the grounds of privilege:

(a)    its date;

(b)    its title;

(c)    its author;

(d)    its addressee;

(e)    the specific privilege under which it is withheld;

(f)    its general subject matter; and

(g)    a description of it that you contend is adequate to support
your contention that it is privileged.

19.    The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

20.    To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

21.    Unless otherwise specifically stated, the requests below refer to the period of January 1, 2004 to the present ("Relevant Time Period").

## DOCUMENT REQUESTS

1.    All documents concerning (a) the Drugs at Issue, (b) doses administered of the Drugs at Issue, (c) costs to physicians or Payors of the Drugs at Issue, and (d) methodologies for analyzing or calculating the relative doses administered, or costs to physicians or Payors of any of the Drugs at Issue, including without limitation:

(a)    all communications with Amgen concerning the Drugs at Issue;

(b)    all documents concerning the development and implementation on behalf of or with Amgen of any model or methodology for analyzing the doses administered or costs of the Drugs at Issue, and any results generated by such models or methodologies;

(c)    all documents concerning any propensity score analysis involving any of the Drugs at Issue;

(d)    all documents concerning presentations made to Payors concerning the doses administered or costs of the Drugs at Issue, including without limitation any presentations made to WellPoint relating to the Drugs at Issue; and

(e)    all data (including administrative claims data and electronic medical records) used to analyze the doses administered and costs of the Drugs at Issue.

2.    Documents sufficient to show all compensation paid by Amgen to you.

# EXHIBIT B

| | |
|---|---|
| **From:** | Haas, Erik (x2117) |
| **Sent:** | Monday, March 17, 2008 9:10 AM |
| **To:** | OrthoAmgenAntitrust |
| **Subject:** | FW: Subpoena to Healthcore |
| **Attachments:** | Release with Subpoena 1-22-08.pdf |

-----Original Message-----
**From:** Haas, Erik (x2117)
**Sent:** Monday, March 17, 2008 9:10 AM
**To:** 'Eckstein, Maya'
**Subject:** RE: Subpoena to Healthcore

Maya,

I am glad to hear that you will be representing Healthcore, and that you've returned from your trial (I hope it went well). I write to address the pending subpoenas on Healthcore and Wellpoint.

First, with respect to the Healthcore subpoena, we are agreeable to an extension to April 1 for the document production, and a deposition on April 11. Please advise us whether that date works for Mr. Daniels.

Second, with respect to the Wellpoint subpoena, as you requested, we obtained a consent from Mr. Axelrod for the production of his employment records, which is attached. Accordingly, please produce the requested records relating to his termination. It is unclear from your January 11 correspondence whether Wellpoint is standing on its objections to the remaining demands. We are prepared to bring the matter before the Southern District of Indiana in the first instance (as you suggest), but want to ensure there is no question remaining regarding the exhaustion of the parties' meet and confer obligations. Please advise us whether Wellpoint's position is final and, if not, what it is willing to produce. Absent an agreement on the production by this Friday, we will proceed with the motion given the clear direction from the Court that no further discovery adjournments will be allowed.

Thanks.


*Best regards,*

*Erik Haas*
*Patterson Belknap Webb & Tyler LLP*
*1133 Avenue of the Americas*
*New York, NY 10036*
*Tel: (212) 336-2117*
*Fax: (212) 336-2386*
*email: ehaas@pbwt.com*


-----Original Message-----
**From:** Eckstein, Maya [mailto:meckstein@hunton.com]
**Sent:** Sunday, March 16, 2008 5:46 PM
**To:** Haas, Erik (x2117)
**Subject:** Subpoena to Healthcore

**Importance:** High

Erik,

As I mentioned in my voicemail on Thursday, Greg Daniels (to whom the attached subpoena is addressed) was not aware of its service until Thursday (March 13). The subpoena was addressed to Greg in Delaware, but Greg is resident in Arizona and only picks up mail in Delaware when he happens to be visiting that office.

The subpoena seeks the production of documents on Tuesday, March 18. With only five-days' notice, that simply is not a sufficient amount of time to determine our responses to the subpoena and to determine whether responsive documents exist and can be produced.

In my voicemail, I asked for a one-week extension of time to respond to the subpoena (to March 25). However, I failed to consider that I will be on vacation the entire week of March 24. Thus, we would like a two-week extension -- to April 1. Please confirm that we agree on this response date.

The subpoena also seeks a deposition on March 28. As mentioned above, I will be out of the office the entire week of March 24, so we need to reschedule the deposition to a mutually agreeable date. Please provide me with alternative dates.

I look forward to hearing from you.

Maya

804-788-8788

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Hunton & Williams LLP immediately by telephone (877-374-4937) and by electronic mail to:  help_desk@hunton.com and then delete this message and all copies and backups thereof.

# EXHIBIT C



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL      804 • 788 • 8200
FAX      804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
DIRECT FAX: 804-343-4630
EMAIL: meckstein@hunton.com

FILE NO: 66029.5

March 21, 2008

**VIA EMAIL**

Erik Haas, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Re:    *Non-Party Subpoenas Re: Orthobiotec v. Amgen*

Dear Erik:

I am writing with respect to the third-party subpoenas served by Ortho Biotech in the above-noted litigation on HealthCore, Inc. ("the HealthCore Subpoena") and on WellPoint, Inc. ("the WellPoint Subpoena"). With respect to the HealthCore Subpoena, we have agreed that HealthCore will respond to the Subpoena on April 1, 2008 and that the deposition of Mr. Daniels will proceed on a mutually agreeable date. You recently proposed April 11 as a new date for the deposition. Mr. Daniels, though, is in the midst of finalizing his dissertation and, thus, is generally not available until early May. Please propose a date in early May for the deposition to proceed. Additionally, as Mr. Daniels lives and works in Phoenix, the deposition should occur there, not in Delaware.

With respect to the WellPoint Subpoena, your March 17 email asked whether the parties have exhausted their meet and confer obligations. We do not believe the parties have done so, as Ortho has yet to answer the questions posed in my January 11, 2008 letter. Specifically, Ortho has not explained why it would burden a third party with discovery that it should have sought from Amgen, a party to the above-noted litigation. The rules do not allow Ortho to burden a third party with discovery that it should have propounded on a party to the litigation. Additionally, Ortho has not explained how documents relating to Dr. Randy Axelrod's separation from WellPoint are even remotely relevant to the antitrust litigation between Ortho and Amgen. Until we have discussions on these topics, we do not believe the parties have exhausted their meet and confer obligations.



Erik Haas, Esq.
March 21, 2008
Page 2


Finally, with respect to both Subpoenas, please confirm that Ortho will reimburse WellPoint and HealthCore for its reasonable costs in collecting, reviewing, and producing responsive information, if any, as well as attorneys' fees.

As a reminder, I am on vacation next week, with very little access to voicemail or email. Accordingly, I look forward to hearing from you sometime after next week.

Sincerely yours,

Maya M. Eckstein

MME/dbg

# EXHIBIT D

**From:**  Haas, Erik (x2117)
**Sent:**  Sunday, March 23, 2008 8:43 PM
**To:**  OrthoAmgenAntitrust
**Subject:** FW: Letter -- MME to EH regarding Subpoenas to HealthCore and WellPoint

fyi

---

**From:** Haas, Erik (x2117)
**Sent:** Sunday, March 23, 2008 8:42 PM
**To:** 'Eckstein, Maya'
**Subject:** RE: Letter -- MME to EH regarding Subpoenas to HealthCore and WellPoint

Maya,

Thank you for your response.  With respect to your request for alternative dates "in early May" for Mr. Daniels' deposition, we propose any day during the week of May 5th.

With respect to the Wellpoint subpoena outstanding since October 2007, we disagree with the factual predicates for your contention that the parties have not finalized their meet and confer obligations.  First, contrary to your suggestion, Ortho's demands on Wellpoint seek documentation not within Amgen's the possession, custody or control.  As we have discussed repeatedly, moreover, to extent there is an overlap, it simply is not correct that Ortho has not sought the same documentation from Amgen.  Second, the significance to this litigation of documents pertaining to Dr. Axelrod's dismissal is self evident.  Indeed, Dr. Axelrod brought suit against Wellpoint alleging he was wrongly terminated in retaliation for implementing policies designed to mitigate the coercive nature of Amgen's bundle at issue, and the for testifying concerning those policies at the preliminary injunction hearing, in this mater.  We provided Dr. Axelrod's written consent to the production of his personnel records to address Wellpoint's purported concern regarding the confidentiality of those disclosures, and there is no legitimate basis to continue to withhold that production.  While we may disagree regarding these issues, it is apparent that the issues are framed for judicial resolution.  We will move this week for a motion to compel the production of the requested Wellpoint documentation.

Finally, Ortho repeatedly has provided assurance that it will reimburse the reasonable costs associated of responding to its subpoenas to the extent required by the Federal Rules of Civil Procedure.  Please provide itemization of those HealthCore costs and we will respond accordingly.

Best regards,

Erik Haas

---

**From:** Eckstein, Maya [mailto:meckstein@hunton.com]
**Sent:** Friday, March 21, 2008 1:37 PM
**To:** Haas, Erik (x2117)
**Subject:** Letter -- MME to EH regarding Subpoenas to HealthCore and WellPoint

**<<CORR_ Signed, scanned letter to Erik Haas re_ 3d-party subpoenas served by Ortho Biotech.PDF>>**

Maya M. Eckstein

Partner

**HUNTON & WILLIAMS** LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Phone: (804) 788-8788

Fax: (804) 343-4630

eMail: meckstein@hunton.com

website: www.hunton.com

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Hunton & Williams LLP immediately by telephone (877-374-4937) and by electronic mail to: help_desk@hunton.com and then delete this message and all copies and backups thereof.

# EXHIBIT E

# HUNTON& WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL     804 • 788 • 8200
FAX     804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
DIRECT FAX: 804-343-4630
EMAIL: meckstein@hunton.com

FILE NO: 66029.5

April 1, 2008

**Via E-Mail and Overnight Mail**

Erik Haas
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Re:    Third-Party Subpoena to Healthcore, Inc.
       *Ortho Biotech Products, L.P. v. Amgen Inc. and Amgen USA Inc.*

Dear Erik:

     I am writing in response to your February 29, 2008 subpoena ("Subpoena") to
HealthCore, Inc. ("HealthCore"), a non-party to the above-noted litigation.  The parties agreed
to extend HealthCore's time to respond to the Subpoena to April 1, 2008.  This letter serves as
HealthCore's response, without waiver of HealthCore's right to further object and respond to
the Subpoena.

## General Objections

1.  HealthCore objects to the Subpoena to the extent it seeks to impose upon HealthCore any
    obligation or responsibility greater or different than those imposed by the Federal Rules of
    Civil Procedure and the Local Rules of the United States District Court for the District of
    Delaware.

2.  HealthCore objects to the Subpoena for lack of proper service.

3.  HealthCore objects to the dates and locations designated by the Subpoena for failure to
    provide adequate notice.  *See* Fed. R. Civ. P. 45(c)(3)(A)(i).  HealthCore further objects to
    the Subpoena because it purports to require the subpoenaed person to travel more than 100
    miles from where he resides, is employed or transacts business.  *See* 45(c)(3)(A)(ii).

4.  HealthCore objects to the Subpoena to the extent it fails to state with reasonable
    particularity the matters on which examination is requested, as required by Fed. R. Civ. P.
    30(b)(6).  HealthCore further objects to the Subpoena to the extent it purports to require



Erik Haas
April 1, 2008
Page 2

any witness designated by Healthcore to testify to each and every fact or document that may be known to HealthCore regarding any particular "document", "communication", or "data". Such a request is overbroad, vague, unintelligible, unreasonably burdensome, and constitutes an improper use of the provisions of Fed. R. Civ. P. 30(b)(6).

5.  HealthCore objects to the Subpoena to the extent that the production of documents would impose an undue expense and burden, particularly on a non-party. HealthCore further objects to the Subpoena because it fails to ensure HealthCore will be reasonably compensated under Fed. R. Civ. P. 45(c)(3)(c)(ii).

6.  HealthCore objects to the Subpoena to the extent it seeks information, documents, or things not in its possession, custody, or control as those terms are defined in Fed. R. Civ. P. 34.

7.  HealthCore objects to the Subpoena to the extent each "Document Request" is overly broad, unduly burdensome, oppressive, redundant, vague, and/or ambiguous. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv).

8.  HealthCore objects to the Subpoena to the extent that each "Document Request" calls for information that is not relevant to the claims or defenses asserted in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.

9.  HealthCore objects to the Subpoena to the extent it calls for information or documents protected by any applicable privilege or doctrine precluding disclosure, including without limitation the Attorney-Client Privilege, the Work Product Doctrine and/or documents or information prepared or obtained in anticipation of litigation. HealthCore hereby asserts all such applicable privileges. Privileged documents will not be produced, but will instead be identified on an appropriate privilege log. Any disclosures by HealthCore of privileged or protected information, here or elsewhere, are inadvertent, and are not to be construed as a waiver of any such privilege or protection. HealthCore reserves the right to retract the production of any document or information produced inadvertently that is later found to fall within a general or specific category of protection.

10. HealthCore objects to the Subpoena to the extent each "Document Request" calls for the disclosure of confidential or proprietary documents, information, and/or trade secrets, or documents and information restricted from dissemination as a result of confidentiality commitments with other entities or pursuant to Court Order, statute or regulation.

# HUNTON&
# WILLIAMS

Erik Haas
April 1, 2008
Page 3

11. HealthCore objects to the Subpoena to the extent that each "Document Request" calls for information or documents to which Plaintiff has equal or greater access.

12. HealthCore objects to the Subpoena to the extent it is not ripe.

13. HealthCore reserves the right to modify and supplement its response to the Subpoena.

## Objections to Definitions and Instructions

1. HealthCore objects generally to the Subpoena's Definitions and Instructions to the extent they exceed the scope of permissible discovery or purport to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

2. HealthCore objects to Definition No. 13 to the extent that it defines "you" or "your" as including persons and/or entities over which HealthCore lacks a requisite amount of, or any, control. HealthCore further objects to Definition No. 13 to the extent that it defines "you" or "your" as including "attorneys and accountants."

3. HealthCore objects to the Subpoena's Instructions to the extent they seek to impose obligations on HealthCore beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

## Specific Objections and Responses to Document Requests

In addition to the foregoing general objections, all of which are incorporated into each Response to each request in the Subpoena as if fully restated therein, and without waiver thereof, HealthCore states the following specific objections and responses:

1.      All documents concerning (a) the Drugs at Issue, (b) doses administered of the Drugs at Issue, (c) costs to physicians or Payors of the Drugs at Issue, and (d) methodologies for analyzing or calculating the relative doses administered, or costs to physicians or Payors of any of the Drugs at Issue, including without limitation:

# HUNTON&
# WILLIAMS

Erik Haas
April 1, 2008
Page 4

     (a)    all communications with Amgen concerning the Drugs at Issue;

     (b)    all documents concerning the development and implementation on behalf of or with Amgen of any model or methodology for analyzing the doses administered or costs of the Drugs at Issue, and any results generated by such models or methodologies;

     (c)    all documents concerning any propensity score analysis involving any of the Drugs at Issue;

     (d)    all documents concerning presentations made to Payors concerning the doses administered or costs of the Drugs at Issue, including without limitation any presentations made to WellPoint, relating to the drugs at issue; and

     (e)    all data (including administrative claims data and electronic medical records) used to analyze the doses administered and costs of the Drugs at Issue.

**Response**: In addition to the above-noted General Objections, HealthCore objects to this Request to the extent it is overly broad and unduly burdensome. HealthCore further objects to this Request to the extent the terms "costs", "methodologies for analyzing or calculating the relative doses administered," "model or methodology for analyzing the doses administered," "propensity score analysis," and "presentations" are vague and ambiguous. HealthCore further objects to this Request to the extent it is untimely and fails to abide by the Court's scheduling order. HealthCore further objects to this Request to the extent it violates Fed. R. Civ. P. 26(b)(4)(B).

2.    Documents sufficient to show all compensation paid by Amgen to you.

**Response**: In addition to the above-noted General Objections, HealthCore objects to this Request to the extent it is overly broad and unduly burdensome. HealthCore further objects to the extent it calls for information that is not relevant to the claims or defenses asserted in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.



Erik Haas
April 1, 2008
Page 5


    As you can discern from the objections, the Subpoena is overly broad and otherwise objectionable in numerous respects.  To the extent you continue to seek the production of documents and a deposition, please contact me so that the requests can be appropriately narrowed.

                  Sincerely yours,

                  Maya M. Eckstein

cc:    Elizabeth Mann

# EXHIBIT F

**From:**    Haas, Erik (x2117)
**Sent:**    Wednesday, April 02, 2008 11:00 AM
**To:**    'Gittin, Diane'
**Subject:** RE: Letter re: Third-party Subpoena to Healthcore, Inc.

Maya, please be advised that we disagree with Healthcore's conclusion that the subpoena is overly broad and ambiguous, and we intend to seek the production of the requested documentation and deposition.

*Best regards,*

*Erik Haas*
*Patterson Belknap Webb & Tyler LLP*
*1133 Avenue of the Americas*
*New York, NY 10036*
*Tel: (212) 336-2117*
*Fax: (212) 336-2386*
*email: ehaas@pbwt.com*

**From:** Gittin, Diane [mailto:dgittin@hunton.com]
**Sent:** Wednesday, April 02, 2008 10:54 AM
**To:** Haas, Erik (x2117)
**Subject:** Letter re: Third-party Subpoena to Healthcore, Inc.

Good morning, it was brought to my attention that the letter emailed to you yesterday evening from Maya Eckstein was incorrectly formatted. Attached is the same letter, the only change being the paragraphs are numbered and formatted correctly. I apologize for any inconvenience.

Diane

*This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Hunton & Williams LLP immediately by telephone (877-374-4937) and by electronic mail to: help_desk@hunton.com and then delete this message and all copies and backups thereof.*

Diane Gittin/1176
Sr. Prof. Assistant to Maya Eckstein, Robert Barrett and Shayne O'Reilly
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
(804) 788-8491 (direct dial)
(804) 344-7999 (direct fax)
dgittin@hunton.com

# EXHIBIT G

Michael R. Griffinger, Esq. (MG-2944)
Michael Quinn, Esq. (MQ-2722)
Jennifer A. Hradil, Esq. (JH-0594)
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.**
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500

- and -

Bobby Burchfield, Esq.
Raymond A. Jacobsen, Esq.
Jeffrey E. Stone, Esq. Esq.
David S. Rosenbloom, Esq.
**MCDERMOTT WILL & EMERY LLP**
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Attorneys for Defendant
Amgen Inc.

RECEIVED

NOV 9  2005

AT 8:30 _____ Li
WILLIAM T. WALSH
CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTHO BIOTECH PRODUCTS, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> AMGEN, INC., <br><br> Defendant. | Civil Action No. 05-cv-04850 (SRC) |

### DISCOVERY CONFIDENTIALITY ORDER

WHEREAS, in the course of the above-captioned action, the Parties, Ortho Biotech Products, L.P. ("Ortho") and Amgen Inc. ("Amgen") (collectively, the "Parties") may seek disclosure of information that a party or nonparty witness (the "Producing Party") is required or undertakes to disclose and that such Producing Party regards as being confidential, trade secret, or proprietary ("Confidential Information"); and

WHEREAS, the Parties desire to establish a mechanism to protect the disclosure of Confidential Information in the above-referenced matter (the "Litigation"); and

WHEREAS, the Parties desire to establish a mechanism to govern the treatment, and to preserve the privileged or protected status of privileged materials inadvertently produced during discovery in the Litigation ("Privileged Materials"); and

WHEREAS, the Parties hereto, through their respective counsel, have reached an agreement governing the use, dissemination and disclosure of Confidential Information obtained through discovery in this Litigation and the inadvertent disclosure of Privileged Materials in this Litigation, and the Parties have agreed to the form of this Discovery Confidentiality Order; and

WHEREAS, the Parties have submitted affidavits and/or certifications in support of the entry of this Order as required by Local Civil Rule 5.3(b)(2); and

WHEREAS, the Court has found good cause for the entry of this Discovery Confidentiality Order,

It is on this _____ day of November, 2005, hereby

ORDERED:

1.    This Discovery Confidentiality Order shall be applicable to and govern all depositions, documents, answers to interrogatories, responses to requests for admission and all other discovery taken in this action pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to the above-captioned action including such party's predecessors, successors, parents, subsidiaries, divisions and affiliated companies and companies under the direction and/or control of a party or its owner(s), to the extent such material is designated "CONFIDENTIAL" in accordance with this Discovery Confidentiality Order.

-2-

"Document" as used in this Discovery Confidentiality Order includes the electronic, static and exact image of any written document produced in TIFF, PDF or similar electronic format.

2.     "CONFIDENTIAL" information as used herein shall mean information or tangible things that contain or embody trade secrets, proprietary, technical, research, commercial, financial or otherwise confidential information, and which the Producing Party designates in good faith as confidential at the time of production of documents or the giving of testimony or promptly thereafter.

3.     For purposes of convenience, any party may designate as CONFIDENTIAL an entire file or files if it in good faith believes that substantial portions, but not necessarily all, of the files contain such Confidential Information. A Producing Party may mark or designate information as CONFIDENTIAL as follows:

  a.     All copies of the document containing any Confidential Information shall be so marked as CONFIDENTIAL; the original need not be so marked;

  b.     Information or other data embodied and produced in its original and/or native electronic form, including without limitation, data extracted from any database query(ies), spreadsheets, or other electronic files, shall be designated CONFIDENTIAL by affixing a tag or label conspicuously to the media in which such information or other data is contained for purposes of production and shall bear a bates number or other mutually agreed-upon label;

  c.     Information that becomes available to any party via inspection, measuring, analyzing, or testing of any sample or thing received from another party and designated CONFIDENTIAL shall also be considered to be confidential without need for additional designation by the party supplying the sample of thing; and

  d.     In the case of deposition testimony, a party seeking to invoke the protection of this Discovery Confidentiality Order shall give prompt notice thereof at the deposition or within 15 days after receipt of the deposition transcript.

4.     Except as otherwise provided herein, all Confidential Information and any notes, summaries, memoranda, exhibits, or other documents that include or describe Confidential

Information supplied by any party to this action that is designated CONFIDENTIAL in

accordance with paragraph 3 herein, shall be used solely for the purpose of this Litigation and for

no other purpose whatsoever, shall be kept in confidence, and shall not be disclosed, except for

submittals to the Court as indicated herein, without prior written consent of the Producing Party

or by further order of the Court .

     5.    Access to information and material designated CONFIDENTIAL shall be limited

to:

    a.    The Court and its personnel upon the filing under seal in accordance with
paragraph 7 or with other suitable precautions to maintain the
confidentiality;

    b.    Counsel of record, employees of counsel of record, and any necessary
litigation service contractors (such as copy or exhibit preparation
services);

    c.    Up to seven (7) in house counsel and their assistants who are actively
engaged in the prosecution or defense of this action, provided that written
notice identifying such counsel is made to the Producing Party in advance
of such counsel's review of Confidential information and the Producing
Party does not object to such disclosure within five (5) days.

        i.    In the event an objection is raised, the Producing Party shall move
the Court on an expedited basis, within five (5) days after raising
such objection, for a protective order precluding such disclosure
and, pending the Court's decision on such motion, no disclosure of
Confidential information shall be made to such counsel. Absent
such motion being made, the objection will be deemed waived; and

    d.    Third party experts or independent consultants, including outside counsel
engaged by counsel of record to assist in this Litigation, provided that
prior to any such disclosure:

        i.    Written notice be given to each adverse party, (a) identifying the
third party expert or independent consultant; (b) providing the
expert or consultant's current resume or curriculum vitae, and (c)
identifying the businesses with which such expert or consultant is
affiliated or consulting; however, if such expert or consultant
asserts that such information concerning other consultancies is
confidential and should not be disclosed, such disclosure need not

be made in the first instance, but the Parties providing data or information may seek an order compelling disclosure.

ii.     No adverse party objects to disclosure to such expert or consultant within five (5) calendar days of receipt of such notice. If such objection is made within the five (5) day period, the party pursing disclosure may file a motion to compel disclosure. No disclosure shall be made until resolution of said motion; and

iii.    Each such expert or consultant signs the Written Assurance in the form attached hereto.

6.      Counsel of record shall maintain a list of all persons to whom that party discloses CONFIDENTIAL information and shall retain all the executed Written Assurances. The identity of any person to whom disclosure is made, and a copy of the executed Written Assurance for that person, shall be disclosed to the adverse party upon written request by such adverse party.

7.      In the event that a party wishes to use any CONFIDENTIAL information or any papers containing or making express reference to the contents of such material or information, in any pleading or document filed with the Court in this Litigation, the party shall move pursuant to Local Civil Rule 5.3(c) to have such pleading or document filed under seal and together with said motion may also seek to have the Court seal any related judicial proceedings. To the extent that any prospective motions, applications or judicial proceedings are discussed or addressed with the Court in connection with status, scheduling, pretrial or settlement conferences, the parties agree that they will confer with each other and seek the Court's guidance and counsel on any issues concerning anticipated motions to seal or otherwise restrict public access to any materials or judicial proceedings for purposes of simplifying and expediting compliance with the terms of this Discovery Confidentiality Order and Local Civil Rule 5.3.

8.      Nothing contained herein shall preclude reference to any information designated CONFIDENTIAL in the course of any deposition, during testimony at trial or in preparation for giving testimony, so long as the deponent and all persons attending said deposition, whether

counsel or otherwise, shall be entitled to disclosure under this Discovery Confidentiality Order and shall have complied with this Discovery Confidentiality Order by reading the Discovery Confidentiality Order and signing the attached Written Assurance. Under these circumstances, persons entitled to disclosure under this Order shall include the author of a document designated as CONFIDENTIAL or any person or entity that had received the document from the Producing Party in the regular course of business. Whenever any documents, information or other things designated as CONFIDENTIAL are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such documents, information or other things.

9.    No copies, summaries, or abstracts of information designated CONFIDENTIAL shall be made by a party or its counsel for distribution or use by persons other than those entitled to disclosure of information so designated under this Discovery Confidentiality Order.

10.    The restrictions set forth in any of the preceding paragraphs shall not apply to information and materials which:

      a.    Was in, or becomes, public knowledge not in violation of this Discovery Confidentiality Order;

      b.    Was or is acquired without obligation of secrecy from a party not a party to this Litigation having the right to disclose or otherwise supply the same; or

      c.    Through written documentation can objectively be shown to have been independently developed by the receiving party.

11.    The designation of any information or material as CONFIDENTIAL by a Producing Party shall not be construed as agreement by any other party that such information or material is in fact confidential. No party shall be obligated to challenge the status of information or material designated as CONFIDENTIAL and failure to do so shall not preclude a subsequent attack on such status. In any dispute over whether material or information is properly designated

as CONFIDENTIAL, the party asserting that the information or material is confidential shall

have the burden of proof.

    12.    Should any document or information designated CONFIDENTIAL hereunder be

disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the

same hereunder, then the Parties hereby intend that such person shall automatically be bound by

this Discovery Confidentiality Order and that such person:

    a.    Shall be informed promptly of all the provisions of this Discovery
Confidentiality Order by the party who discovers the inadvertent
disclosure;

    b.    Shall be identified immediately to the other party; and

    c.    Shall be requested to sign a Written Assurance in the form attached hereto,
which signed agreement shall be served on the opposing party.

    d.    Should the person be unwilling to sign a Written Assurance, or should the
Producing Party object to the disclosure, the disclosing party shall make
every effort to retrieve the improperly disclosed material and to prevent
further unauthorized disclosure on its own part or on the part of the
recipient of such confidential information.

    13.    If discovery is sought of a person not a party to this action ("nonparty") requiring

disclosure of such nonparty's confidential information, the confidential information disclosed by

such party may be designated by the nonparty as CONFIDENTIAL, as provided under this

Discovery Confidentiality Order, and will be subject to the same protection and procedures as

those governing disclosure of the Parties' Confidential Information.

    14.    The inadvertent production of Privileged Materials shall not be deemed a waiver

or impairment of any claim of attorney-client privilege or work product protection, provided that

the Producing Party notifies the receiving party — in writing within ten calendar days after the

inadvertent production is discovered — that the materials are Privileged Materials.

15.    A party that discovers it has received materials designated as or that appear by their plan terms to be subject to the attorney-client privilege or work product protection shall immediately disclose the materials to the Producing Party and inquire whether the production of the materials was inadvertent. Within ten calendar days of that disclosure, the Producing Party must notify the receiving party in writing whether the production was inadvertent. If the Producing Party does not respond within ten calendar days, the Producing Party waives all attorney-client privilege or work product protection with respect to the particular materials identified. During the ten-day period, counsel for the receiving party shall retain all copies of the materials and shall not analyze, reference or otherwise use the materials.

16.    Upon receiving timely written notice the Privileged Materials were inadvertently produced, the receiving party shall not analyze, reference or otherwise use the inadvertently produced Privilege Materials or information or knowledge gained exclusively from the Privileged Materials. To the extent possible, the receiving party shall destroy all copies, versions or forms of such material, including image files maintained on database servers. The receiving party also shall destroy any analyses, memoranda or notes concerning the inadvertently produced Privileged Materials or which uses the information or knowledge gained exclusively from the Privileged Materials.

17.    The Discovery Confidentiality Order and a party's compliance with the protocol set forth herein shall not be construed as a waiver by a party of its rights to object to an assertion of attorney-client privilege or work product protection. A party objecting to an assertion of attorney-client privilege or work product protection, nevertheless, shall comply with the protocol set forth herein pending resolution by the Litigation.

18.    This Discovery Confidentiality Order shall not preclude or limit any party's right to oppose discovery on any ground that would otherwise be available.

19.    This Discovery Confidentiality Order may be amended by agreement of counsel for the Parties in the form of a stipulation that shall be filed in this Litigation.  Any party for good cause shown may apply to the Court for a modification of this Discovery Confidentiality Order.

20.    The parties consent to the form and entry of this Discovery Confidentiality Order and agree to be bound by its terms as of the date first submitted to the Court for execution.

HONORABLE JOHN J. HUGHES, U.S.M.J.

Michael R. Griffinger, Esq. (MG-2944)
Michael F. Quinn, Esq. (MQ-2722)
Jennifer A. Hradil, Esq. (JH-0594)
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.**
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500

- and -

Bobby Burchfield, Esq.
Raymond A. Jacobsen, Esq.
Jeffrey E. Stone, Esq. Esq.
David S. Rosenbloom, Esq.
**MCDERMOTT WILL & EMERY LLP**
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Attorneys for Defendant
Amgen Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTHO BIOTECH PRODUCTS, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> AMGEN, INC., <br><br> Defendant. | Civil Action No. 05-cv-04850 (SRC) |

## WRITTEN ASSURANCE

_____, declares that: I reside at _____, in

the city of _____, county of _____, State of _____.

I have read the Discovery Confidentiality Order dated _____ of record in the

above-referenced matter;

I agree to comply with and be bound by the provisions of the Order;

I will keep in confidence, and will not divulge to anyone other than those permitted to have access under the terms of said Order or copy or use except solely for the purposes of this Litigation, any information, documents, or tangible things designated confidential under the Order;

I realize that any violation of the Order may subject me to sanctions by the Court, including punishment for civil contempt in a court of law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 200___.

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of May, 2008, the attached **DECLARATION OF SARAH E. ZGLINIEC IN SUPPORT OF PLAINTIFF ORTHO BIOTECH PRODUCTS, L.P.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO HEALTHCORE** was served upon the below-named counsel of record at the address and in the manner indicated:

Maya Eckstein, Esquire                                                   VIA ELECTRONIC MAIL
Hunton & Williams LLP                                                <u>and FEDERAL EXPRESS</u>
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond VA  23219-4074

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon