IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. In violation of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. §§ 1811, 1818, the Federal Deposit Insurance Corporation ("FDIC") has issued an unlawful temporary cease and desist order ("Order") against the First Bank of Delaware ("Bank"), as well as other parties that the FDIC has not specified, but that the FDIC may intend to include CompuCredit Corporation ("CompuCredit").

2. Although CompuCredit may not be an intended subject of the Order by the FDIC, and although on the facts CompuCredit lawfully cannot be the subject of such Order consistent with the FDIA, out of an abundance of caution CompuCredit files this Complaint for Injunctive Relief given the vague nature of the FDIC's Order. In the alternative, because the Order affects CompuCredit, CompuCredit may seek to join as a Plaintiff-Intervenor into the parallel action CompuCredit understands is being filed by the Bank against the FDIC.

### PARTIES

3. The Bank is a Delaware-chartered insured depository institution based in Wilmington, Delaware.

4. CompuCredit is a corporation organized under the laws of the State of Georgia and has its principal place of business in Atlanta, Georgia.

5. The FDIC is a federal agency of the United States.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 12 U.S.C. § 1818(c)(2).

7. Venue is also proper under 12 U.S.C. § 1818(c)(2), as well as 28 U.S.C. § 1391(b), because the Bank is headquartered in Wilmington, Delaware, and a substantial part of the events giving rise to this action occurred in this District.

## FACTS

8. On June 10 2008, the FDIC, pursuant to the statutory powers provided to it under 12 U.S.C § 1818(b), commenced an administrative proceeding against the Bank and CompuCredit. CompuCredit has filed an answer contesting the Notice of Charges and seeking a hearing.

9. On July 3, 2008, the FDIC issued the Order that is the subject of this Complaint. The first page and caption of the Order suggested it was directed only at the Bank. But a later operative paragraph of the Order suggested that it may apply to additional parties: "Therefore, the FDIC hereby issues this TEMPORARY ORDER TO CEASE AND DESIST (TEMPORARY ORDER) and hereby gives notice pursuant to section 8(c)(1) of the Act, 12 U.S.C. § 1818(c)(1), that the Bank and its institution-affiliated parties, successors and assigns, be and hereby are ORDERED to cease and desist from and take affirmative action as follows . . . ." Order at 2 (emphasis added). The Order itself is not clear as to whether, and to what extent, it is intended to have any application to CompuCredit.

10. CompuCredit is an independent contractor of the Bank, and strongly denies that it is an "institution-affiliated party" of the Bank within the meaning of 12 U.S.C. §

1813(u). It therefore files this action only out of an abundance of caution, to preserve its rights to seek interim relief against the Order, given its vague nature.

11. The FDIC has generally alleged in the ongoing agency proceedings that CompuCredit is an "institution-affiliated party" of the Bank. See Notice of Charges at 2, ¶ 5. In its Answer, CompuCredit has denied that it is an institution-affiliated party. The Order itself vaguely purports to apply to parties other than the Bank. See Order at 2.

12. The purpose of the provision of the FDIA permitting this Court to issue interim relief is to allow parties aggrieved by unlawful or overreaching temporary cease and desist orders of this kind from being prejudiced by them until the administrative hearing process can be completed.

13. The FDIA establishes a carefully crafted system of judicial review. Once the FDIC administrative process is complete, judicial review of that action will take place exclusively in the Court of Appeals for the Circuit in which the Bank is located or in the D.C. Circuit. See 12 U.S.C. § 1818(h)(2). By contrast, this action relates solely to the entry of interim relief against a temporary cease and desist order, like the Order here entered by the FDIC on July 3, 2008. Compare 12 U.S.C. § 1818(c)(2) (conferral of District Court jurisdiction to enter interim relief during the pendency of proceedings before the FDIC).

14. In addition, the Order specifically enjoins the completion of a transaction to which the Bank and CompuCredit are parties. See Order at 2, ¶ 1. Hence, CompuCredit is directly affected by the Order issued by the FDIC below. Thus, 12 U.S.C. § 1818(c)(2) should at least be interpreted consistent with the presumption of judicial review to permit CompuCredit to seek interim relief against the Order in the capacity of a plaintiff-intervenor.

15. Further detail concerning the relevant facts concerning the transaction at issue is provided in the complaint filed by the Bank against the FDIC seeking interim relief against the Order.

16. Should CompuCredit be denied the ability to proceed as a plaintiff in its own right against the FDIC (or if CompuCredit voluntarily decides to withdraw this action), CompuCredit reserves its right to participate as a plaintiff-intervenor in the parallel action filed by the Bank.

## CAUSE OF ACTION

(For Injunctive Relief Pursuant to the Federal Deposit Insurance Act)

17. All of the allegations contained in paragraphs 1-16 are incorporated by reference as if set forth fully herein.

18. The FDIA, 12 U.S.C. § 1818(c)(1), allows the FDIC to issue temporary cease and desist orders only after supporting a determination that the allegations set forth in the Notice of Charges are "likely to cause insolvency or significant dissipation of assets or earnings of the depository institution, or is likely to weaken the condition of the depository institution or otherwise prejudice the interests of its depositors prior to the completion of the proceedings . . . ." 12 U.S.C. § 1818(c)(1).

19. The FDIA expressly permits an action "for an injunction setting aside, limiting, or suspending the enforcement, operation, or effectiveness" of the FDIC's temporary cease and desist order. 12 U.S.C. § 1818(c)(2).

20. The FDIC, in the issuance of the Order, failed to meet the statutory criteria prescribed in 12 U.S.C. 1818(c)(1).

21. The FDIC has not established, and cannot establish, the facts necessary to meet the statutory criteria.

- 5 -

22. The FDIC has not established, and cannot establish, that the Bank's or CompuCredit's activities otherwise prejudice the interests of the depositors of the Bank.

23. Furthermore, the provisions of the Order are unsupported by the underlying Notice of Charges on which it must, by law, be based.

## PRAYER FOR RELIEF

CompuCredit demands that judgment be entered in its favor in the form of (i) injunctive relief as permitted by 12 U.S.C. § 1818(c)(2), or otherwise by law or equity, including an injunction barring the FDIC from enforcing the Order in the manner suggested in the Bank's Prayer for Relief, as issued, pending the completion of the administrative proceedings being conducted by the FDIC pursuant to its Notice of Charges; (ii) an award of attorneys' fees, costs and expenses, as appropriate, and (iii) such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William M. Lafferty (#2755)
Karl G. Randall (#5054)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
wlafferty@mnat.com
  *Attorneys for Plaintiff*
  *CompuCredit Corporation*

OF COUNSEL:

James P. Gillespie
Jeffrey B. Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Brian McCormally
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

July 11, 2008

2407813

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**RULE 7.1 DISCLOSURE STATEMENT
OF PLAINTIFF COMPUCREDIT CORPORATION**

Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff CompuCredit Corporation states the following:

CompuCredit Corporation is a publicly-held corporation and does not have a parent corporation. There is no publicly held corporation that owns 10% or more of CompuCredit Corporation's stock.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ William M. Lafferty
_____
William M. Lafferty (#2755)
Karl G. Randall (#5054)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
wlafferty@mnat.com
  *Attorneys for Plaintiff*
  *CompuCredit Corporation*

OF COUNSEL:

James P. Gillespie
Jeffrey B. Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Brian McCormally
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

July 11, 2008

2407805

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CompuCredit Corporation

**(b)** County of Residence of First Listed Plaintiff: Fulton, Georgia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William M. Lafferty, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, 1201 North Market Street, Wilmington, DE 19801, (302) 658-9200

## DEFENDANTS
Federal Deposit Insurance Corpotion

County of Residence of First Listed Defendant: Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
12 U.S.C. §§ 1811, 1818
Brief description of cause:
Seeking injunctive relief from F.D.I.C. temporary cease and desist order

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
First Bank of Delaware v. FDIC, C.A. No. ___
JUDGE
DOCKET NUMBER

DATE: 07/11/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___