**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALISSA M. JUSTISON, and ALL SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES OF McDONALD'S CORPORATION AND ITS WHOLLY OWNED SUBSIDIARIES, | * * * * * * | |
| Plaintiffs, | * * | C.A. NO. |
| v. | * * | |
| McDONALD'S CORPORATION (a Delaware corporation), and ALL OTHER WHOLLY OWNED SUBSIDIARIES OF McDONALD'S CORPORATION WHICH HAVE EMPLOYED SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES SINCE July 18, 2005, | * * * * * * * * * | JURY TRIAL DEMANDED |
| Defendants. | * | |

## COMPLAINT

## INTRODUCTION

1.     Plaintiff Alisa M. Justison ("Ms. Justison" or "Named Plaintiff") for herself individually, and on behalf of all similarly situated current and former employees of McDonald's Corporation (collectively and individually "Plaintiffs"), file this action against Defendant McDonald's Corporation ("McDonald's") and all other wholly owned subsidiaries of McDonald's that have employed Plaintiffs (collectively and singularly "Defendants") for past wages owed in the nature of unpaid overtime pay as well as other damages and remedies.

2. Defendants willfully, or with reckless disregard, violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq., as well as the applicable United States Department of Labor Regulations, including 29 C.F.R. § 541.103 et seq., when it willfully failed to pay them for overtime worked and intentionally misclassified them as "exempt" employees under the FLSA.

## JURISDICTION AND NATURE OF ACTION

3. This Court has federal question jurisdiction over this cause of action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132 and/or § 1451, as well as 28 U.S.C. § 1391(b).

5. At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

6. At all relevant times herein, Defendants employed and continue to employ persons in its places of business in furtherance of the activities of the above enterprises while engaged in commerce and, also at all relevant times herein, Defendants engaged and continue to engage in commerce by selling and/or providing goods and/or services to its customers.

7. At all relevant times herein, Defendants' businesses and enterprises have/had an annual gross volume of sales made and/or business done in an amount of not less than Five Hundred Thousand Dollars ($500,000.00).

2

8. Defendants have employed or currently employ Plaintiffs in the positions of Assistant Managers or in similar nonexempt positions.

9. Defendants have exercised and continue to exercise direction and control over the employment and compensation of Plaintiffs. Defendants employ Plaintiffs in every state in the United States of America.

10. Defendants suffered or permitted, and continue to suffer or permit Plaintiffs to work in excess of forty (40) during their work weeks without compensating them as required under the FLSA.

## PARTIES

11. Named Plaintiff, Alissa M. Justison, is an individual residing at 31 Stevens Avenue, New Castle, DE 19720 and a former employee of McDonald's Corporation.

12. Additional Plaintiffs ("Unnamed Plaintiffs") are current and former employees of Defendants who between July 18, 2005 and present did not receive all overtime compensation due them under the FLSA.

13. Ms. Justison filed a written consent to join this action. (attached hereto at Ex. A).

14. Former and current employees may file written consents to join this representational action.

15. Defendant, McDonald's Corporation, is a Delaware corporation duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

16.    Additional Defendants include all of McDonald's wholly owned subsidiaries, affiliates or any other wholly owned entity.

## FACTUAL BACKGROUND

17.    The Named Plaintiff is situated similarly to a number of current and former employees of Defendants who worked as Assistant Managers, which include 1st Assistant Managers and/or 2nd Assistant Managers (collectively "Assistant Managers") or were employed in similar nonexempt positions during the three years immediately preceding the filing of this lawsuit.

18.    Plaintiffs were required to undergo three months of training at an off site facility.

19.    During this training period Plaintiffs routinely engaged in training in excess of forty hours per week, but were not compensated for the time worked in excess of forty hours per week.

20.    As trainees, Plaintiffs supervised no employees and exercised no discretion whatsoever.

20.    During their training, Plaintiffs were required to provide their own transportation to and from the training site. Named Plaintiff's travel to and from the training facility amounted to one and one half hours to the training facility and one and one half hours from the training facility. Some Plaintiffs travel to and from the training facilities is in excess of that which Named Plaintiff traveled every day.

21.    Plaintiffs were not compensated whatsoever for this extensive travel time.

22.    Following the three month training period, Plaintiffs had the same or closely similar job duties as the Named Plaintiff. Such duties included but are not limited

4

to: preparing food, taking and filling customers' orders at the counter inside McDonald's restaurants, working at the drive through window taking orders and filling orders, taking inventory, receiving customers' money in payment for their food and making appropriate change, and removing trash from the trash cans. Such work encompassed Plaintiffs' primary duties.

23.    Plaintiffs were permitted little discretion in their duties and were required to perform those duties pursuant to Defendants' policies and procedures.

24.    Plaintiffs were unable to hire or fire other employees without the approval of a supervisor.

25.    Plaintiffs were not customarily and regularly involved in the direction of the work of two or more other full-time employees nor was such direction of two or more other full-time employees their primary duty.

26.    Plaintiffs often worked shifts with only one other employee.

27.    Plaintiffs were not permitted to exercise discretion and independent judgment with respect to matters of significance to Defendants nor was such exercise of discretion and independent judgment their primary duty.

28.    Plaintiffs were required to work predetermined hours.

29.    Plaintiffs were often required to perform substantial work duties on behalf of and for the benefit of Defendants during their meal breaks with no compensation.

30.    All Plaintiffs were paid by Defendants in the same manner in violation of the FLSA.

31.    Accordingly, the Named Plaintiff is representative of all Plaintiffs employed as Assistant Managers or other similar nonexempt positions.

32.    For the three-year period immediately preceding the filing of this Complaint, Defendants failed to pay Plaintiffs compensation for which they were entitled under the FLSA for, on average, at least 10 to 20 hours per week.  Some Plaintiffs worked in excess of this amount with no overtime compensation.

33.    Defendants willfully and knowingly misclassified Plaintiffs as "exempt" employees under the FLSA as Plaintiffs do not fall within an exemption permitted by the FLSA.

34.    Defendants knew and showed reckless disregard for the fact that their pay policies and/or practices with respect to Plaintiffs violated the FLSA.  Defendants' violations in this regard were committed willfully and recklessly in that Defendants knew that Plaintiffs were working at least 10 to 20 hours or more in excess of 40 hours per work week and that Plaintiffs were not receiving the compensation to which Plaintiffs were entitled under the FLSA.

35.    The precise amount of compensation due to Plaintiffs is unknown because the information required (i.e. time records, work schedules, etc.) are under the exclusive control of Defendants.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

36.    Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 35 by reference as if specifically set forth herein.

37.    Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continues to willfully, or with reckless disregard, violate Sections 7 and 5(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by misclassifying

Plaintiffs as an employees who are exempt from the overtime requirements of the FLSA and applicable regulations and in failing and refusing to pay time-and-a-half to Plaintiffs who routinely worked in excess of forty (40) hours per work week.

38.    Defendant is bound by federal law to pay all non-exempt employees time-and-a-half (1.5) times their regular rate of pay for all time worked in excess of forty (40) hours per work week.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39.    Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 38 by reference as if specifically set forth herein.

37.    Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continues to willfully, or with reckless disregard, violate Sections 7 and 5(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), of the overtime requirements of the FLSA and applicable regulations and in failing and refusing to pay time-and-a-half to Plaintiffs who were trainees at Defendants' training facilities and worked in excess of forty (40) hours per work week at the training facility, as well as for excessive travel time to and from the training facility.

38.    Defendant is bound by federal law to pay all non-exempt employees time-and-a-half (1.5) times their regular rate of pay for all time worked in excess of forty (40) hours per work week.

**WHEREFORE**, Plaintiffs respectfully move this Court to enter judgment in their favor and award the following relief:

a)    Pursuant to the procedure the United States Supreme Court set forth in *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 110 S.Ct. 482 (1989), approve the sending

of a Notice and Consent form to all Plaintiffs who Defendants employed as non-exempt Assistant Manager employees between July 18, 2005 and the present time. The notice shall inform each such individual of this lawsuit and the right to file a written consent to join the lawsuit as a Plaintiff;

b)    Certification of this action as a collective action brought pursuant to the FLSA, 29 U.S.C. § 216(b).

(c)    Designation of Named Plaintiff as representative of the FLSA collective action;

d)    Award Plaintiffs all compensation due for all time worked during the three years before the filing of this Complaint;

e)    Award Plaintiffs compensation at time and one half for all hours worked in excess of 40 per week during the three years before the filing of this Complaint

f)    Award Plaintiffs an equal and additional amount as liquidated damages;

g)    Award Plaintiffs costs and reasonable attorney's fees;

h)    Award Plaintiffs interest accruing from each week that Defendants failed to compensate Plaintiffs for overtime worked;

i)    Declare that Defendants' policies and/or practices identified herein are and continue to be in direct violation of the FLSA and enjoin Defendants from continuing said policies and/or practices; and

j)    Any and all such other relief as the Court deems appropriate under the circumstances.

*MARTIN & WILSON, P.A.*

Timothy J. Wilson, Esquire (#4323)
Jeffrey K. Martin, Esquire (#2407)
1508 Pennsylvania Avenue
Wilmington, Delaware 19806
(302) 777-4680 phone
(302) 777-4682 facsimile
*Attorneys for Plaintiffs*

Dated: July 18, 2008

9

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIN ON THE REVERSE OF THE FORM).

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) County of Residence for First Listed Plaintiff _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br><br>NOTE: IN LAND CONDEMNATION CASES, USE THE<br>LOCATION OF THE LAND INVOLVED |
| (c) Attorneys (Firm Name, Address, and Telephone Number)<br>Timothy J. Wilson, Esquire<br>Martin & Wilson, P.A.<br>1508 Pennsylvania Avenue<br>Wilmington, DE 19806<br>(302) 777-4681 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth In Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/ Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejection<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/ Disabilities – Employment<br>☐ 446 Amer. w/ Disabilities – Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality Of State Statutes |

| V. ORIGIN (Place an "X" in One Box only) | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): |
|---|---|
| | Brief description of cause: Fair Labor Standards Act -- Overtime Pay as well as damages and remedies |

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instruction): | JUDGE | . | DOCKET NUMBER _____ |
|---|---|---|---|---|

| DATE:  July 18, 2008 | SIGNATURE IE ATTORNEY OF RECORD |
|---|---|

**FOR OFFICIAL USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# EXHIBIT "A"

## McDONALD'S CORPORATION PLAINTIFF CONSENT FORM

I hereby consent to join the action against McDonald's Corporation, and all of its wholly owned subsidiaries ("McDonald's") as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join a subsequent action to assert these same claims. During the past three years, there were occasions when I worked over 40 hours per week for McDonald's, as an Assistant Manager when I did not receive overtime compensation.

Alissa M. Justison
31 Stevens Avenue
New Castle, DE 19720

If any of the above information has changed, please update.

_Alissa Justison_          _7-15-08_
Signature                  Date

_(302) 743-2942_
Best Telephone Numbers

_alissa_justison@yahoo.com_
Email Address

_0524_
Last Four Digits of Social Security Number

_(302) 221-0139 Kim Stevens (mom)_
Emergency Contact (in case we lose contact)

Fax, Mail or Email to:        Martin & Wilson, P.A.
                              Attn. Timothy J. Wilson
                              1508 Pennsylvania Ave.
                              Wilmington, DE 19806
                              (302) 777-4680 Telephone
                              (302) 777-4682
                              twilson@martinandwilson.com
                              Web: www.martinandwilson.com

OAO 440 (Del Rev. 10/01) Summons in a Civil Action

---

# UNITED STATES DISTRICT COURT

----------------------------------------District of DELAWARE----------------------------------------------

| | | |
|---|---|---|
| ALISSA M. JUSTISON, and<br>ALL SIMILARLY SITUATED CURRENT<br>AND FORMER EMPLOYEES OF<br>McDONALD'S CORPORATION AND<br>ITS WHOLLY OWNED SUBSIDIARIES,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S CORPORATION<br>(a Delaware corporation), and ALL<br>OTHER WHOLLY OWNED<br>SUBSIDIARIES OF McDONALD'S<br>CORPORATION WHICH HAVE<br>EMPLOYED SIMILARLY SITUATED<br>CURRENT AND FORMER<br>EMPLOYEES SINCE<br>July 16, 2005 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | C.A. NO.<br><br><br>JURY TRIAL DEMANDED |

TO:   The Prentice-Hall Corporation System, Inc.
         2711 Centerville Road, Suite 400
         Wilmington, DE  19808

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF, by and through their attorney

Timothy J. Wilson, Esquire
Martin & Wilson, PA
1508 Pennsylvania Avenue
Wilmington, DE  19806

an answer to the complaint which is served on you with this summons, within _____ 20 ____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

---

CLERK _____            DATE _____

---

(By) DEPUTY CLERK _____

OAO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G Served personally upon the defendant.    Place where    served:

G Left copies thereof at the defendant's dwellinghouse or usual place of abode with a person of     age and
discretion then residing therein.     suitable

Name of person with whom the     and
summons

G Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
Date          *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.