# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DOREEN ATKINSON,       :

           Plaintiff,       :

        v.       :

CHRISTINA SCHOOL DISTRICT,       :

           Defendants.       :

C. A. No. 08-

TRIAL BY JURY DEMANDED

## COMPLAINT

### *PARTIES*

1.     Plaintiff, Doreen Atkinson (hereinafter "Ms. Atkinson" or "Plaintiff") has at all times relevant to this Complaint been a resident of New Castle County, State of Delaware.

2.     Defendant, Christina School District (hereinafter "the District" or "Defendant") is and was at all time relevant to the Complaint a Delaware public school district operating under the laws of and within the state of Delaware. Defendant is subject to service of process through the Christina School District c/o Dr. Lillian M. Lowery, Ed. D., Superintendant at Charles R. Drew Education Support Center, 600 North Lombard Street, Wilmington, DE 19801.

### *JURISDICTION*

3.     Jurisdiction is founded on the existence of a question arising under federal statutes. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 704(a) of Title VII of the Civil Rights Act. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by federal and state law which prohibits discrimination against employees because of their gender and on the basis of retaliation.

4.      This Court has ancillary jurisdiction over Plaintiff's state law claims pursuant to the Delaware Whistleblowers Protection Act, 19 *Del. C.* § 1701 *et seq.*, a State of Delaware statute. The Court also retains jurisdiction over Plaintiffs' state common law claims.

## *FACTUAL BACKGROUND*

5.      Plaintiff began working for Christina School District in January, 2004 as a bus driver. Plaintiff was assigned to work under the supervision of Robert C. Laws, Supervisor, Transportation (hereinafter "Mr. Laws" or "Bob").

6.      During the first few weeks on the job, Plaintiff had no problems and enjoyed her job.

7.      Sometime during the Spring of 2004, Mr. Laws had a meeting with Plaintiff to discuss her bus route. During the meeting he complimented her on how well she was controlling this route which had historically been considered a problem run and which had been assigned to Plaintiff on a temporary basis.

8.      During this meeting, Mr. Laws, for no apparent reason, asked Plaintiff if she believed in cheating on her spouse. Plaintiff replied, "Why get married if you're going to cheat?" Mr. Laws mumbled, "I can't trust her." Plaintiff replied, "We're not in a  relationship so you don't need to trust me. All you need to know is that I will show up and drive the bus daily." She then left his office.

9.      Whenever Plaintiff would need to meet with Mr. Laws regarding work issues, he would repeatedly say to her, "your husband really loves you."

10.      By October, 2004, Plaintiff still had not been assigned a regular run nor was she being given any extra work. When she questioned the dispatcher as to why she wasn't being

2

given any overtime or a regular run as the other drivers were given, she was told repeatedly that they were following "Bob's orders."

11.    In October, 2004, Plaintiff met with Mr. Laws at his request. During the meeting, Mr. Laws told her that he could provide her a solution for her issue of not having a regular run, but she needed to keep this solution a secret and not to tell anyone because "he was looking out for her." Mr. Laws then started becoming more personal and asking about Plaintiff's children and her marriage. Mr. Laws kept repeating, "your husband really loves you." Plaintiff began feeling so uncomfortable due to Mr. Laws' actions and statements, so she said that she forgot that she needed to leave to go pick up her children. Stated differently, Plaintiff felt that Mr. Laws was making sexual advances towards her, so she removed herself from the problem-Mr. Laws.

12.    In 2005, Plaintiff also worked at Christiana High School (hereinafter the "high school") as a monitor between her bus routes. Mr. Laws would constantly come up to the high school to interact with her. Again, during these visits, Plaintiff felt as though Mr. Laws was coming onto her sexually.

13.    Also in 2005, the attendance office at the high school asked Plaintiff if she would like to help out in the office for a few weeks to help them get caught up because they were aware that she had office experience. Plaintiff was agreeable to this request as a means to supplement her income.

14.    However, upon learning of this, Mr. Laws went the to high school Assistant Principal, cursed at her and said that Plaintiff was *his* driver and that he didn't want her working in the attendance office. He further advised that stated he wasn't going to pay her any extra money and she was restricted from going in there. Mr. Laws told Plaintiff that if she worked in the attendance office, he would terminate her.

15.    During that same time period in 2005, Plaintiff was in the break room and Mr. Laws walked past her.  Plaintiff, just making conversation, asked him where he had been.  Mr. Laws replied that he had been in New York.  Plaintiff then stated, "Oh, you guys in charge get to go on fun trips."  Mr. Laws then grabbed Plaintiff by the arm and in a lower tone of voice said, "You couldn't have handled me because I was backed up."  Plaintiff did not reply and just walked away from him.  She was disgusted because she could never have a conversation with him that did not lead to sexual comments or influences.

16.    On another occasion, when Plaintiff met with Mr. Laws to discuss a bus problem she was having, he told her how he "slept around" and that he was "big daddy."

17.    In March, 2006, Plaintiff went to payroll regarding a shortage in her pay.  Once there, Joan Gillian told her, "Bob told me you would be coming in upset and to email him when you did."

18.    Plaintiff was owed $585.00 for two weeks for the monitor/security work that she also performed at the high school.

19.    In April, 2006, the high school Assistant Principal pulled Plaintiff to the side and asked, "What have you done to Bob Laws?  Why does he hate you so much?"  Plaintiff said, "It's what I wouldn't do," meaning that she would not sleep with Mr. Laws.  To that, the Assistant Principal replied, "Oh, I can't help you with that then because he's already ripped me a new asshole and it's still bleeding because of you."[1]

---

[1]Plaintiff regrets the graphic nature of many of the averments contained in this Complaint, yet feels that euphemistic descriptions of the incidents and/or statements made to her by Christina School District employees and two particular students would greatly diminish that to which Plaintiff was subjected. Given the causes of action alleged in this Complaint, Plaintiff feels that accuracy is warranted under the circumstances.

20.    In June, 2006, Plaintiff met with Mike Scanlon, Assistant Superintendant (hereinafter "Mr. Scanlon") to discuss issues she was having on her bus route. Mr. Scanlon asked her, "Why does Bob hate you so much? It appears that he really dislikes you." Plaintiff did not respond to Mr. Scanlon's questions about Mr. Laws. The meeting to discuss the business route issues never did happen.

21.    In Fall of 2006, Plaintiff started having problems with a student, Jane Doe[2] (hereinafter "Jane"), who was assigned to ride on her bus. Plaintiff wrote her up several times but nothing was done about Jane.

22.    Jane would refuse to board the bus, even after Plaintiff's repeated requests and constant waiting for Jane to board the bus.

23.    Jane constantly made sexual remarks and comments to Plaintiff. She would comment about Plaintiff's anatomy and what Jane would like to do with Plaintiff's breasts. Jane would stand in front of Plaintiff and move her hips in a grinding fashion toward her. Plaintiff went to Cathy Morecraft, her supervisor, and complained numerous times of the sexual advances of Jane. Ms. Morecraft laughed because, "a girl was making a pass at [her]."

24.    Jane's sexual comments and actions continued. She also assaulted another student while on Plaintiff's bus. Plaintiff again wrote her up and spoke with one of the administrator's about the situation. Plaintiff was told that Jane was told to leave Plaintiff alone.

25.    However, instead of toning down her behavior, Jane became more aggressive towards Plaintiff by throwing things at her, calling her a "bitch" and threatening that she was going to "fuck her up."

---

[2] This individual is not specifically identified because, upon information and belief, she was a minor at all relevant times.

26.     This behavior went on for months with no action by the District.  Finally, after Plaintiff wrote up Jane numerous times and complained about her vulgar behavior on a weekly basis, the District moved Jane to another bus.  However, shortly thereafter, Mr. Laws moved Jane back to Plaintiff's bus.

27.     Shortly after Jane was removed and then subsequently returned to Plaintiff's bus, Jane's brother John Doe ("John")[3] began harassing Plaintiff.  On one particular occasion, John came up behind Plaintiff and stated, "If you don't like fucking women, you must like fucking men," and with that he grabbed her breast.  Plaintiff yelled at him but he continued to lean over Plaintiff and grope her.  Plaintiff grabbed the door stick that was in her dash to stop the attack and told him that not to touch her again.  John just laughed.

28.     After Plaintiff dropped off John, she called the District and asked that a supervisor meet her to pull the video tape from the bus because she wanted to press charges against John. The District responded that they would press charges against her because she threatened a student.

29.     Plaintiff went to Mr. Laws about this incident to discuss what could be done about John and Jane who, in addition to these actions geared towards Plaintiff, were also assaulting students while on Plaintiff's bus.  Plaintiff started to tell him how students would leave her bus in tears because of the assaults from the brother and sister but Mr. Laws changed the subject and began to talk about how much Plaintiff's husband must love her.  Plaintiff just said, "never mind" and left Mr. Laws' office.

30.     In late September, 2006, Plaintiff went to Mr. Laws about the shortages in her pay and the position it was putting her in financially.  He asked her what could he do and leaned back

---

[3] This individual is not specifically identified because, upon information and belief, he was a minor at the time.

in his chair smiling at her. Plaintiff received this statement as another suggestion that she have sex with him.

31.     Shortly after this meeting, in October, 2006, Mr. Laws reduced Plaintiff's hours, thereby reducing her pay.

32.     Also in October, 2006, Plaintiff was traveling I-95 northbound transporting her students when one of the students sprayed something that caused Plaintiff and one of the students on the bus to have asthma attacks. Plaintiff called the District several times for help, stating that she and a student could not breathe. The extent of the District's assistance was to tell her to put down the windows.

33.     A teacher, Jenny Smith, traveling northbound on I-95 recognized Plaintiff's bus number and stopped to see if she could offer assistance. Ms. Smith also called the District several times for help. Another bus driver rode past Plaintiff's bus and called dispatch stating that someone should call 911 because Plaintiff was asthmatic.

34.     Plaintiff's lungs and breathing did not return to normal until after she had received a two-week dosage of steroids.

35.     In mid-November, 2006, Mr. Laws had a meeting with Plaintiff and during the meeting told her, "You know, I started back to smoking that day (referring to Plaintiff's asthma incident). Your husband must really love you because he got to the hospital so fast." He commented several times about how much Plaintiff's husband loved her and how it scared him. Plaintiff got up and said she had to go and walk out of his office.

36.     In January, 2007, Plaintiff went to payroll about the constant errors in her pay. She was told an authorized pay cut had gone into effect.

7

37.    In February, 2007, Plaintiff complained to Ms. Lovett about her continuing problems with Jane and John.  She was told that their "hands were tied with this situation because of Bob Laws.  You know how he feels about you."

38.    Jane and John continued to harass Plaintiff and told her that Mr. Laws gave them his telephone number and told them that if they had any problems with Plaintiff, they were to call him.

39.    During this same time period, on one specific occasion, when Jane was leaving the bus, she gestured as if to hit Plaintiff.  John exited the bus threatening that he was going to "fuck [her up]" and that "Bob told them he had their back," meaning that Mr. Laws gave them permission to sexually harass her and threaten her.

40.    After that incident, Plaintiff went to the District Office and told them she was going to resign because she was afraid that Jane and John were going to kill her.  She told them nothing was being done about the repeated assaults and threats.  The District asked her not to resign and to not come in to work the next day.

41.    The next morning, Dr. Freeman Williams, Assistant Superintendent, Administrative Services (hereinafter "Dr. Williams"), called Plaintiff to "get to the bottom of things."

42.    That morning, Plaintiff called Detective Mike Austin to press charges against the students but one hour later he returned her call and said that his hands were tied because Mr. Laws told him that he was handling things.

43.    Dr. Williams called Plaintiff later that day and stated that if she wanted to keep her job, she should go to the bus yard and meet with Mr. Laws.  Plaintiff told Dr. Williams that

she only would meet with Mr. Laws if a third person was present. Dr. Williams arranged for Betty Montgomery (hereinafter "Ms. Montgomery") to be present at the meeting.

44.     During the meeting between Mr. Laws and Plaintiff, Mr. Laws threatened Plaintiff in front of Ms. Montgomery and stated that if Plaintiff filed any type of [sexual harassment] claim against him, she would be fired.

45.     On March 13, 2007, Plaintiff spoke at the Christina School District Board of Education Meeting about the safety of drivers and how the District was not protecting them in being responsive to their safety concerns. Plaintiff's concerns would prove to be prophetic.

46.     On March 19, 2007, a local radio station contacted Plaintiff to speak about the driver safety issue. While on the air, Plaintiff also spoke about the sexual harassment from Mr. Laws and how the District had done nothing about it.

47.     Shortly after the School Board meeting, Dan Cruz (hereinafter "Mr. Cruz") contacted Plaintiff and advised her of a meeting that was scheduled. The attendees of this meeting were to be Plaintiff, Mr. Cruz and a member of the Human Resources Department. When Plaintiff arrived for the meeting, Mr. Cruz and Mr. Laws were there. Mr. Cruz told her not to go back to the District office again and to deal directly with Mr. Laws. Mr. Laws started laughing and told Mr. Cruz to repeat it because he didn't think Plaintiff heard it.

48.     At that meeting, Mr. Laws admitted that he was personal friends with the family of Jane and John, the students who threatened Plaintiff and grabbed her breasts. He laughed as he admitted this.

49.     Approximately one and one-half weeks later, Plaintiff had another meeting with Mr. Laws and Ms. Montgomery. At one point, Mr. Laws said angrily, "You know you complained about the student grabbing you and you were the one threatened with charges. What

do you think will happen if you file a sexual harassment complaint about me?" He then gestured with his hands, with one hand held up higher and one hand held down much lower and said, "which do you think they'll get rid of -- you (bottom) or me (top)?"

50.    On April 3, 2007, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit "1".

51.    On May 2, 2007, less than two months after Plaintiff spoke out about bus drivers' safety at the School Board Meeting, a co-worker and friend of Plaintiff's was murdered by the co-worker's ex-boyfriend. The ex-boyfriend had been hiding on the co-worker's bus.

52.    Plaintiff was transported to Christiana Care Emergency Department because of the trauma and anxiety she experienced from the murder and from her own mounting concern for her own safety while working.

53.    On May 3, 2007, Plaintiff was admitted to the partial program at Christiana Hospital with depression and acute stress disorder as a result of her co-worker's murder and due to her job-related stress. Plaintiff was given a slip from the hospital to be off work until released to return by her doctor.

54.    Plaintiff called in weekly with updates regarding ongoing therapy and care. However, Ms. Montgomery refused to take Plaintiff's calls and did not return any of Plaintiff's calls regarding requests for short-term disability papers.

55.    On or about June 17, 2007, Plaintiff called the District office and spoke with Joan Gillian ("Ms. Gillian"). Ms. Gillian said she was never informed that Plaintiff was out and that short-term disability papers should be mailed to Plaintiff.

56.     On or about June 19, 2007, Plaintiff received a letter dated June 18, 2007 from Mr. Laws advising her that effective June 18, 2007 her employment with Christiana School District was terminated due to job abandonment.  On that same day, Plaintiff received the short-term disability paperwork from the district office.

57.     On July 24, 2007, Plaintiff filed another Charge of Discrimination with the Delaware Department of Labor and the EEOC, attached hereto as Exhibit "2".

58.     The EEOC issued Plaintiff Rights to Sue for both Charges of Discrimination on April 22, 2008 attached hereto as Exhibits "3".

## FIRST CAUSE OF ACTION
### *(Gender Discrimination and Sexual Harassment)*

59.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 58.

60.     This cause of action arises under Title VII, 42 U.S.C. § 2000e(2)(a), as amended by the Civil Rights Act of 1991.

61.     Defendant intentionally and maliciously discriminated against Plaintiff on the basis of her gender (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(2)(a) when it:

   (a)    subjected Plaintiff to a hostile work environment on the basis of her gender, wherein a male supervisor berated, degraded and made derogatory sexual comments about Plaintiff;

   (b)    subjected Plaintiff to public humiliation;

   (c)    ostracized Plaintiff in front of coworkers;

   (d)    threatened to terminate Plaintiff's employment if she reported the treatment that she received.

62.     As a result of Defendant's unlawful gender discrimination, Plaintiff has lost

11

considerable pay; past, present and future and has also suffered extreme humiliation, mental

anguish, emotional pain, and damage to her reputation, both personal and professional.

### SECOND CAUSE OF ACTION
#### *(Title VII – Retaliation)*

63.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 62.

64.  This cause of action arises under Title VII, 42 U.S.C. § 2000e(2)(a).

65.  Defendant intentionally and maliciously retaliated against Plaintiff for her

complaints of violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e(2)(a) when it:

    (e)    forced Plaintiff to work in a hostile work environment;

    (f)    forced Plaintiff to continue to drive a bus route even after she had repeatedly expressed concerns regarding her safety;

    (g)    forced Plaintiff to continue to transport two students who repeatedly harassed and threatened Plaintiff's safety and overall wellbeing;

    (h)    failed to provide Plaintiff with a different daily bus route;

    (i)    willfully failed to remove the two problem students from Plaintiff's bus;

    (j)    willfully failed to rectify the discrepancies in Plaintiff's paychecks and further cut Plaintiff's hours when she questioned the differences between her paystubs and the dollar amount that was deposited into her account.

    (k)    threatened to terminate her employment if she told anybody about the treatment that she received on the job;

    (l)    terminated her employment after Plaintiff broke her silence on the treatment that she received while on the job;

    (m)    ostracized Plaintiff in front of coworkers;

66.  Defendant acted with discriminatory motive and the reasons provided by

Defendant for failing to promote and/or transfer Plaintiff are pretextual.

## THIRD CAUSE OF ACTION
### *(Violation Of The Delaware Whistleblowers' Protection Act)*

67.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 66.

68.    Defendant violated the Delaware Whistleblowers' Protection Act, 19 *Del. C.*
§1703, when it retaliated against Plaintiff for expressing and reporting her concern regarding her
safety and the safety of other bus drivers and students in the Christina School District.

69.    Defendant's retaliatory actions were carried out with malice.

70.    As a result of Defendant's violation of this statute, Plaintiff suffered and continue
to suffer loss of income, loss of other employment benefits, distress, humiliation, conscious pain,
suffering, embarrassment, other emotional harm and damage to her reputation, both personal and
professional.

## FOURTH CAUSE OF ACTION
### *(Breach Of The Implied Covenant Of Good Faith And Fair Dealing)*

71.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 70.

72.    Implied in every contract of employment in Delaware is a covenant of good faith
and fair dealing.

73.    That implied covenant of good faith and fair dealing prohibits employers from
terminating, disciplining or taking action against employees in violation of public policy as well
as from terminating, disciplining or taking action against an employee based upon falsified or
manipulated employment records to create fictitious grounds for termination.

74.    Defendant breached the covenant of good faith and fair dealing to Plaintiff by
retaliating against her for her whistle-blowing activities, her persistence regarding the safety of
bus drivers and students in the Christina School District and her reports with regard to ongoing

13

sexual harassment from one of Defendant's employees. Defendant misrepresented its motive for its retaliatory actions and based such actions upon legitimate business reasons.

75. As a result of Defendant's breach of covenant of good faith and fair dealing, Plaintiff suffered and continues to suffer loss of income, loss of other employment benefits, distress, humiliation, conscious pain, suffering, embarrassment, other emotional harm and damage to her reputation, both personal and professional.

76. As a result of Defendant's unlawful retaliation against Plaintiff, she has lost considerable pay; past, present and future and has suffered humiliation, mental anguish and emotional pain, and damage to her reputation, both personal and professional.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant in her favor for damages suffered by Plaintiff as a result of Defendant's actions, including, but not limited to, back pay, front pay, benefits (both retroactively and prospectively), compensatory damages, punitive damages, reasonable attorney's fees, the costs of litigation, pre- and post-judgment interest and such other further relief as this Honorable Court deems just and proper.

MARTIN & WILSON, P.A.

_____

TIMOTHY J. WILSON     (Bar ID 4323)
JEFFREY K. MARTIN     (Bar ID 2407)
1508 Pennsylvania Avenue
Wilmington, DE 19806
302-777-4681
twilson@martinandwilson.com
jmartin@martinandwilson.com
*Attorneys for Plaintiff*

DATED: July 21, 2008

14

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIN ON THE REVERSE OF THE FORM).

| I. (a) PLAINTIFF - DOREEN ATKINSON | DEFENDANT - CHRISTINA SCHOOL DISTRICT |
|---|---|
| (b)  County of Residence for First Listed Plaintiff  New Castle <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence for First Listed Defendant   New Castle <br> (EXCEPT IN U.S. PLAINTIFF CASES) |
| (c)  Attorneys (Firm Name, Address, and Telephone Number) <br> Timothy J. Wilson, Esquire <br> Martin & Wilson, P.A. <br> 1508 Pennsylvania Avenue <br> Wilmington, DE 19806 <br> (302) 777-4681 | NOTE:  IN LAND CONDEMNATION CASES, USE THE <br> LOCATION OF THE LAND INVOLVED <br><br> Attorneys (If Known) |

**II.  BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury - Med. Mal-practice <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth In Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark | ☐ 400 State Reapportion-ment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/ Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality Of State Statutes |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejection <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☒ 442 Employment <br> ☐ 443 Housing/ Accommoda-tions <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/ Disabilities – Employment <br> ☐ 446 Amer. w/ Disabilities – Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS – Third Party 26 USC 7609 | |

| V. ORIGIN (Place an "X" in One Box only) | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): Title VII of the Civil Rights Act of 1964, as Amended 42 U.S.C. §2000e et seq. |
|---|---|
| | Brief description of cause: Gender Discrimination, Retaliation and Delaware Whistleblowers Act |

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instruction): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE: | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| July 21, 2008 | |

**FOR OFFICIAL USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# EXHIBIT "1"

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 17C-2007-00672 |

| Delaware Department of Labor | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Doreen Atkinson** | **(302) 981-3264** | **07-28-1967** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1608 Wiegon Drive, New Castle, DE 19720** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CHRISTINA SCHOOL DISTRICT** | **101 - 200** | **(302) 366-1625** |

| Street Address | City, State and ZIP Code |
|---|---|
| **600 N. Lombard Street, Wilmington, DE 19801** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-16-2004**  Latest **03-01-2006**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Jurisdiction: Charging Party worked for Respondent in Delaware since 11/03 most recently as a Bus Driver
Charging Party's protected class: Sex (Female)
Adverse employment action: Sexual Harassment
Brief statement of allegations: Charging Party alleges she has been sexually harassed by her supervisor, Bob Laws (M/Transportation Supervisor) since January 2004. Charging Party alleges that Mr. Laws has made several comments of a sexual nature over the past few years to Charging Party. Charging Party alleges she informed Mr. Laws that his behavior was unwelcome but he continued to sexually harass her by making comments of a sexual nature. Charging Party alleges she made several complaints of sexual harassment to Michael Scanlon in June 2006, Ms. Lovick in February 2007 and Detective Austin also in February 2007. Charging Party alleges that Respondent has taken no action to correct or eliminate the behavior.
Respondent's explanation: None given
Applicable law(s): Title VII of the Civil Rights Act of 1964 as amended and the Delaware Discrimination in Employment Act
Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party alleges that every time she meets with Mr. Laws to discuss work issues; Mr. Laws changes the conversation to talk about sex. Charging Party alleges that initially when she reported the harassment to Mr. Scanlon there was meeting scheduled to discuss the complaint but the meeting was cancelled and never rescheduled despite Charging Party's continual actions to get in touch with Mr. Scanlon.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Apr 03, 2007** _Doreen Atkinson_ Date  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | |
| [X] EEOC | 17C-2007-00672 |

Delaware Department of Labor
*State or local Agency, if any*
and EEOC

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

NO

ADDITIONAL

INFORMATION

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>*Doreen Atkinson*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Apr 03, 2007
Date

*Doreen Atkinson*
Charging Party Signature

NELLY
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires 2/5/09

EEOC Form 5 (5/01)

EXHIBIT "2"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 0707040-QU 17C-2007-01093 |

| Delaware Department of Labor | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Doreen Atkinson** | **(302) 898-1281** | **07-28-1967** |

Street Address: **1608 Wiegon Drive, New Castle, DE 19720**     City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **SCHOOL DISTRICT CHRISTINA** | **Unknown** | **(302) 454-2281** |

Street Address: **400 Wyoming Road, Newark, DE 19711**     City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address     City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **06-18-2007** | **06-18-2007** |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Jurisdiction:  Charging Party worked for Respondent in Delaware since 11/03, most recently as a Driver
Charging Party's protected class:  Retaliation
Adverse employment action:  Harassment; Discharged
Brief statement of allegations:  Charging Party alleges she filed a charge of discrimination with the Delaware Department of Labor in April 2007. Charging Party alleges that in June 2006 she made a verbal complaint to Respondent regarding the harassment she was receiving from Bob Laws and staff.  Charging Party alleges that Respondent took no action to eliminate or correct this behavior.  Charging Party alleges that she then made other complaints in February 2007 regarding the sexual harassment and again Respondent took no action to eliminate or correct the behavior.  Charging Party alleges that since making these complaints and filing her charge of discrimination she has been subjected to further harassment from Bob Laws and was ultimately forced to take a medical leave of absence because of this harassment.  Charging Party alleges that she notified Donna Royer, Supervisor, at the onset of her medical leave that she would not be able to return to work until her doctor released her to return to work.  Donna Royer instructed Charging Party that she could not return to work without a doctors note stating that she is fully able to return to work with no restrictions. Ms Royer then told Charging Party to take care.  Charging Party alleges that while she was out on this medical leave Respondent terminated her employment.  Charging Party believes that respondent retaliated against her for making an internal complaint as well as filing a charge of discrimination.
Respondent's explanation:  Terminated for job abandonment
Applicable law(s):  Title VII of the Civil Rights Act of 1964 as amended and the Delaware Discrimination in Employment Act
Comparator(s) or other specific reason(s) for alleging discrimination:

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jul 24, 2007**  _Doreen Atkinson_ <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 07070409W |
| | [X] EEOC | 17C-2007-01093 |

**Delaware Department of Labor** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

*NO ADDITIONAL INFO*

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

*Doreen Atkinson*

Jul 24, 2007

*Doreen Atkinson*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 7/24/07
*(month, day, year)*

Date                          *Charging Party Signature*

*Bobbi A. DiVirgilio*

BOBBI A. DIVIRGILIO
NOTARY PUBLIC
My Commission Expires 10/17/07

EXHIBIT "3"

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

RECEIVED

APR 2 4 2008

CERTIFIED MAIL
5 04  0470

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Ms. Doreen Atkinson
c/o Timothy J. Wilson, Esquire
Law Offices of Martin & Wilson
Attorneys at Law
15 Q Pennsylvania Ave.
Wilmington, DE  19806

April 22, 2008

Re: EEOC Charge Against Christina School Dist.
    No. 17C200700672

Dear Ms. Atkinson:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    Christina School Dist.

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5054 0470

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Ms. Doreen Atkinson
c/o Timothy J. Wilson, Esquire
Law Offices of Martin & Wilson
Attorneys at Law
1508 Pennsylvania Ave.
Wilmington, DE  19806

April 22, 2008

Re:  EEOC Charge Against Christina School Dist.
     No. 17C200701093

Dear Ms. Atkinson:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     Christina School Dist.

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF DELAWARE

DOREEN ATKINSON,                              :
                                 :    C. A. No. 08-
        Plaintiff,                           :

                                 :    TRIAL BY JURY DEMANDED
    v.                                       :

CHRISTINA SCHOOL DISTRICT,                    :
                                 :
        Defendants.                          :

## SUMMONS IN A CIVIL ACTION

TO:    Christina School District
        c/o Dr. Lillian M. Lowery, Ed. D., Superintendant
        Charles R. Drew Education Support Center
        600 North Lombard Street
        Wilmington, DE 19801.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF, by and through their attorney

        Timothy J. Wilson, Esquire
        Martin & Wilson, PA
        1508 Pennsylvania Avenue
        Wilmington, DE 19806

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service

CLERK _____

DATE: _____     _____
                          (By) DEPUTY CLERK

AO 440 (Rev. 03/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on:

_____, by:

   (1) personally delivering a copy of each to the individual at this place, _____
_____ ; or

   (2) leaving a copy of each at the individual's dwelling or usual place of abode with
_____
     who resides there and is of suitable age and discretion; or

   (3) delivering a copy of each to an agent authorized by appointment or by law to receive it
     whose name is _____ ; or

   (4) returning the summons unexecuted to the court clerk on _____ .

My fees are $_____ for travel and $_____ for services, for a total of
$_____ .

Date: _____          _____
                                                      Server's signature

                                                  _____
                                                  Printed name and title

                                                  _____
                                                  Server's address