IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08- |
| THIRTY EIGHT THOUSAND TWENTY DOLLARS AND NO CENTS ($38,020.00) IN UNITED STATES CURRENCY, | : | |
| Defendant *in rem*. | : | |

**VERIFIED COMPLAINT IN REM**

Plaintiff, United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America Thirty Eight Thousand Twenty Dollars in United States Currency ($38,020.00) (the "Currency" or the "Defendant in Rem") for violations of 21 U.S.C. § 881(a).

**JURISDICTION AND VENUE**

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant in Rem property under 21 U.S.C. § 881(a). This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355. Moreover, the Court will have control over the property through the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395(c) because the Defendant in Rem was brought to this district.

## FACTS

4. On or around January 8, 2008, an officer with the Delaware River and Bay Authority Police Department observed a silver Chevrolet sedan, Massachusetts Registration #78SF93, (the "Vehicle"), traveling Northbound on I-295 on the Delaware Memorial Bridge. The officer observed the Vehicle traveling too closely to the car in front of it, operating in an unsafe manner. The officer followed the Vehicle and initiated a traffic stop shortly after exiting the bridge span.

5. The officer approached the driver of the Vehicle who presented a Maryland driver's license, identifying him as R.T. A passenger present in the front seat of the Vehicle presented a New York driver's license, identifying him as S.H.

6. The computer check of R.T.'s license showed no record on file. Upon further questioning, R.T. stated that his license was valid and he had never been stopped before. R.T. was vague and at times inconsistent concerning his travel itinerary. R.T. eventually stated that he and S.H., his "cousin" had rented the Vehicle and driven down to North Carolina. He further stated that they had driven down the previous night and he was returning S.H. to New York. No luggage was present in the car.

7. S.H.'s version of events was vague and inconsistent with that of R.T.

8. A rental slip found in the Vehicle showed the car had been rented on December 28, 2007 from JFK Airport in New York. The rental papers also indicated the car was due to be returned on January 4, 2008. S.H. was the only authorized driver of the Vehicle.

9. S.H. consented to a search of the Vehicle. During the search, law enforcement officers

        discovered a plastic bag in the passenger side glove box. Inspection of that bag revealed four layers of individually wrapped and knotted bags. Three of these layers served as additional wrapping. The last layer of bags contained the Currency.

10. Upon discovery of the Currency, R.T. stated that the Currency was his and was for "truck upgrades."

11. Subsequently, additional law enforcement officers arrived at the scene, including a K9 unit. The K9 gave a positive indication for the presence of narcotics at several locations in the Vehicle, including the passenger side glove box where the Currency was found.

12. Further testing indicated the strong presence of narcotics on the Currency. In a money discrimination search, the same K9 was able to locate the hidden Currency. In an ion scan, the Currency tested positive for cocaine.

## COUNT 1

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 12 above.

14. There is probable cause to believe that the Defendant in Rem constitutes things of value furnished or intended to be furnished in exchange for a controlled substance, and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq.

15. As a result of the foregoing, the Defendant in Rem is liable to condemnation and to forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, the Plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the Defendant in Rem; that notice of this action be given to all persons known or thought to have an interest in or right against the property; that the Defendant in Rem

be forfeited and condemned to the United States of America; that the Plaintiff be awarded its costs and disbursements in this action and for such other and further relief as the Court deems proper and just.

                                      Respectfully Submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

By: _____
       Lesley F. Wolf
       Assistant U.S. Attorney
       1007 Orange Street, Suite 700
       P.O. Box 2046
       Wilmington, Delaware 19899-2046
       (302) 573-6277

DATED: July 30, 2008

## VERIFICATION

I, Special Agent David Hughes, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: July 28, 2008

David Hughes
Special Agent

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

United States of America

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lesley F. Wolf
Assistant United States Attorney
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, Delaware 19899-2046

### DEFENDANTS

Thirty Eight Thousand Twenty Dollars and No Cents (38,020.00) in United States Currency

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
N/A

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [x] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

21 USC 881 Civil forfeiture for drug trafficking

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 7/30/2008
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



U.S. Department of Justice

United States Attorney's Office
District of Delaware

---

Nemours Building
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

July 30, 2008

**BY HAND**

Dr. Peter T. Dalleo
Clerk
United States District Court
844 King Street, Lockbox 18
Wilmington, DE 19801

    Re:   United States v. Thirty Eight Thousand Twenty Dollars and and No Cents ($38,020.00) in United States Currency

Dear Dr. Dalleo:

    Enclosed for filing are a Verified Complaint and a Warrant of Arrest in rem. Please note that pursuant to Rule G(3)(b)(I) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, the Warrant of Arrest *in rem* should be signed by a deputy clerk. I will provide the Warrant of Arrest *in rem* to the Marshal. If you have any questions, please don't hesitate to call.

                              Sincerely yours,

                              COLM F. CONNOLLY
                              United States Attorney

BY: _____
                              Lesley F. Wolf
                              Assistant United States Attorney

Enclosures