IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELAIR PRODUCE COMPANY, INC.<br>7226 Parkway Drive<br>Hanover, MD 21076<br>(410) 782-8000<br><br>    Plaintiff<br><br>    v.<br><br>JOLYHOUSE FOODS, INC., t/a<br>GOLDEN CORRAL<br>301 Wilmington Street<br>Seaford, Delaware 19973<br><br>    and<br><br>JOHN F. RITTENHOUSE, SR.,<br>301 Wilmington Street<br>Seaford, Delaware 19973<br>391 N. Dupont Highway<br><br>    and<br><br>JANET, INC. t/a GOLDEN CORRAL<br>1220 N. Market Street, Suite 806<br>Wilmington, Delaware 19801<br><br>    and<br><br>CHARLES ALARIO<br>8 Nantone Court<br>Colts Neck, New Jersey 07722<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

**(To Enforce Payment From Produce Trust)**

Belair Produce Company, Inc. (hereafter "plaintiff"), for its complaint against defendants, alleges:

- 1 -

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act (hereafter "the PACA"), 7 U.S.C. §499e(c)(5) and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District and (b) defendants' principal place of business is in this District.

## PARTIES

3. Plaintiff, a Maryland corporation with its principal place of business in Hanover, Maryland, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, Jolyhouse Foods, Inc., t/a Golden Corral ("Jolyhouse"), a Delaware corporation with a principal place of business in Seaford, Delaware, is engaged in the business of buying wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to the provisions of the PACA.

b. Defendant John F. Rittenhouse, Sr. is and was the officer and director of Jolyhouse during the period of time in question, controlled the day to day operations of Jolyhouse, and was in a position of control over the PACA trust assets belonging to plaintiff.

c. Defendant, Janet, Inc., t/a Golden Corral ("Janet"), a Delaware corporation with a principal place of business in Wilmington, Delaware, is engaged in the business of buying wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to the provisions of the PACA.

d.     Defendant Charles Alario is and was the officer and director of Janet during the period of time in question, controlled the day to day operations of Janet, and was in a position of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c).

6.     Between January 18, 2007 and March 26, 2007, plaintiff sold to defendants wholesale amounts of produce, which had been moved in interstate commerce, in the amount of $33,442.20. This amount remains unpaid.

7.     Defendants accepted the produce from plaintiff.

8.     At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.     Plaintiff preserved its interest in the PACA trust in the amount of $33,442.20 by sending invoices to defendants which contained the language required by 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce. See Statements of Account and Invoices attached hereto as Exhibits 1 and 2, respectively. (Due to the voluminous nature of the invoices, representative sample copies are attached.)

10.    Upon information and belief, Jolyhouse ceased operating the Golden Corral restaurant and transferred operational control and certain assets to Janet.

11. Defendants have not disputed the debt in any way but have failed to make payment to plaintiff in accordance with the trust provisions of PACA.

12. Defendants' failure and refusal to pay plaintiff demonstrates that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiffs and are dissipating trust assets.

Count 1

(Failure to Pay Trust Funds)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. The failure of defendants to make payment to plaintiff of trust funds in the amount of $33,442.20 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $33,442.20 to plaintiff.

Count 2

(Failure to Pay For Goods Sold)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendants failed and refused to pay plaintiff the amount of $33,442.20 owed to plaintiff for produce and other items received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $33,442.20 against the defendants, jointly and severally.

Count 3

(Unlawful Dissipation of Trust Assets by
a Corporate Official – John F. Rittenhouse, Sr.)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. Defendant John F. Rittenhouse, Sr. was an officer and director of Jolyhouse during the period of time in question, and was in a position of control over the PACA trust assets belonging to plaintiff.

19. Defendant John F. Rittenhouse, Sr. failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

20. Defendant John F. Rittenhouse, Sr.'s failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

21. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant John F. Rittenhouse, Sr. in the amount of $33,442.20.

Count 4

(Unlawful Dissipation of Trust Assets by a Corporate Official
– Charles Alario)

22. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23. Defendant Charles Alario was in a position of control over the PACA trust assets belonging

to plaintiff.

24.　　Defendant Charles Alario failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

25.　　Defendant Charles Alario's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

26.　　As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Charles Alario in the amount of $33,442.20.

Count 5

(Unlawful Possession and Failure to Pay PACA Trust Funds – Janet)

27.　　Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28.　　Upon information and belief, Jolyhouse transferred PACA trust assets belonging to plaintiff to Janet.

29.　　Said transfers to Janet by Jolyhouse were made in breach of Jolyhouse's statutory obligations under the trust provisions of the PACA.

30.　　Janet knew or should have known that said payments and transfers were made in breach of Jolyhouse's statutory trust obligations under the PACA.

31.　　Janet is presently holding trust assets belonging to plaintiff, which it refuses to turn over to plaintiff.

32. The retention and receipt by Janet of trust assets belonging to plaintiff is a violation of PACA, and the regulations promulgated thereunder, and is unlawful.

33. An actual controversy exists between the parties.

WHEREFORE, plaintiff requests an order declaring that any assets of Janet acquired and/or retained with funds transferred by Jolyhouse are PACA trust assets belonging to plaintiff, and directing Janet to disgorge and transfer any and all PACA trust assets to plaintiff, and entering judgment against defendant Janet in the amount of $33,442.20.

Count 6

(Conversion – Janet)

34. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 33 above as if fully set forth herein.

35. Plaintiff is informed and believes and thereon alleges that any and all transfers from defendants John F. Rittenhouse, Sr. and Jolyhouse to Charles Alario and Janet were transfers of trust assets belonging to plaintiff.

36. Janet converted, or is now in the process of converting, to its own use and benefit, PACA trust assets belonging to plaintiff.

37. Janet's unlawful retention and use of PACA trust assets belonging to plaintiff is willful, malicious, and oppressive and done with the intent to deprive plaintiff of its trust assets.

WHEREFORE, plaintiff requests judgment against defendant Janet in the amount of $33,442.20, plus interest and attorneys' fees.

- 8 -

## Count 6

(Interest and Attorneys' Fees)

38.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39.     Defendants failed to make full payment promptly of $33,442.20 and plaintiff has lost the use of said money.

40.     As a result of defendants' failure to make full payment promptly of $33,442.20, plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require defendants to comply with their statutory duties.

41.     Plaintiff has a contract with defendants requiring defendants to pay interest on past due accounts and to pay attorneys' fees in the event legal action is necessary to collect sums owed for produce delivered.  See Exhibit 2.

WHEREFORE, plaintiff requests judgment against defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Dated: August 19, 2008.

Wilmington, Delaware

SULLIVAN•HAZELTINE•ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (Del. Bar No. 2820)
William A. Hazeltine (Del. Bar No. 3294)
4 East 8th Street, Suite 400
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195
whazeltine@sha-llc.com

-and-

Kate Ellis
McCarron & Diess
4900 Massachusetts Avenue, N.W., Suite 310
Washington, DC  20016
Tel: (202) 364-0400
Fax: (202) 364-2731
kellis@mccarronlaw.com

## CIVIL COVER SHEET

₰JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
BELAIR PRODUCE COMPANY, INC.

### DEFENDANTS
JOLYHOUSE FOODS, INC., t/a GOLDEN CORRAL et al.

(b) County of Residence of First Listed Plaintiff: Anne Arundel
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William A. Hazeltine, Esq., Sullivan, Hazeltine & Allinson, LLC
4 E. 8th Street, Suite 400, Wilmington, Delaware 19801

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U.S.C. §499e(c)(5)
Brief description of cause:
Failure to make full payment & maintain statutory trust pursuant to PACA, as amended

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 33,442.20
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____