IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK MARQUISEE, | : | |
| | : | |
| Plaintiff, | : | C.A. No. |
| | : | |
| vs. | : | |
| | : | |
| POLICE CHIEF MICHAEL SZCZERBA; | : | |
| THE CITY OF WILMINGTON; | : | |
| SERGEANT MATTHEW W. KURTEN; | : | |
| OFFICER PURNER; OFFICER COLMERY; | : | |
| and CORPORAL CANNON | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |

## **COMPLAINT**

Plaintiff Mark Marquisee brings this case to vindicate his clearly established constitutional rights not to be unlawfully detained or subjected to retaliatory criminal charges and his right to observe and record actions of public officials on public property.

### **Introduction**

1.    This case stems out of an incident involving Mr. Mark Marquisee, a concerned citizen, taxpayer, and documentary filmmaker; and members of the Wilmington Police Department.

2.    On August 26, 2006, Mr. Marquisee witnessed the aftermath of a car accident outside of his home in Wilmington, Delaware. He stood at a distance from the scene and filmed the interactions of the officers and emergency medical professionals with the person involved in the accident.

3.      As a result of these perfectly legal activities, Mr. Marquisee – a slight, elderly man – was tackled by patrol officers, handcuffed and locked in a police car, then taken to the police station and cuffed to a bench before being released some three hours after the incident. He was then issued frivolous citations for disorderly conduct and resisting arrest, all in retaliation for his exercise of his right to monitor and record the public actions of public officials.

4.      Mr. Marquisee seeks declaratory relief and damages for these violations of his clearly established constitutional rights not to be unlawfully detained or subjected to retaliatory criminal charges and his right to observe and record actions of public officials on public property.

## Parties

5.      Plaintiff Mark Marquisee is an adult resident of Wilmington, Delaware.

6.      Defendant City of Wilmington is a municipal corporation and governmental subdivision of the State of Delaware. The City is responsible for the training and supervision of Defendants Purner, Colmery, and Kurten in the conduct of their duties as officers with the Wilmington City Police Department. The acts of these officers were committed as a result of the City's policies and customs.

7.      Defendant Purner was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

8.      Defendant Colmery was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

9.      Defendant Cannon was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

- 2 -

10.     Defendant Matthew W. Kurten was, upon information and belief, at all times
relevant to this action, a Police Sergeant with the Wilmington Police Department, and subject to
the City's training, control, and supervision, as well as responsible for the supervision of
Defendants Purner, Colmery, and Cannon.

11.     Defendant Michael Szczerba was at all times relevant to this action, the Chief of
Police of the Wilmington Police Department, and responsible for the City's training, control and
supervision of the other Defendants as well as authorized to act and to institute and/or ratify
Police Department policies, customs, or practices.

12.     At all times relevant herein, all acts performed by the individual Defendants were
done under the color and pretense of the statutes, laws, ordinances, customs, and usages of the
State of Delaware and by the individual Defendants under the authority of their positions as
police officers for the City of Wilmington.

13.     Each of the individual Defendants Purner, Colmery, Cannon, Kurten, and
Szczerba is being sued in his or her individual capacity.

## Jurisdiction and Venue

14.     This Court has original jurisdiction over the Plaintiff's federal claims pursuant to
28 U.S.C. §§ 1331 and 1343.

15.     Venue is proper in this district because all of the acts alleged herein occurred
within the District of Delaware.

## Facts

16.     Mr. Marquisee was, at the time of these incidents, a 68-year old resident of the
City of Wilmington, and a documentary filmmaker.

- 3 -

17.     For years, Mr. Marquisee has been filming events that have taken place on his street and in the area near his home.

18.     On August 26, 2006, Mr. Marquisee heard a loud bang outside of his home on North Franklin Street in Wilmington. When he saw that an SUV had crashed into a telephone pole near Ursuline Academy, he grabbed his video recorder and went to document the arrival of the ambulance and the paramedics as they attended to the driver.

19.     Mr. Marquisee stood approximately 20 feet away from the steps where the driver was seated, and filmed the emergency crew as they stabilized the driver with a neck brace. A handful of other onlookers were standing much closer to the driver, within 2-10 feet of the steps.

20.     Defendants Purner, Colmery, and Cannon were among the Wilmington Police officers present at the scene.

21.     Over the course of the next few minutes, at least two of the Defendants approached Mr. Marquisee and told him to move away. Mr. Marquisee asked why he had to move if the other onlookers were permitted to stay. One Defendant had no response; he simply walked away each time he was asked and then finally told Mr. Marquisee it was a crime scene. Another Defendant told him that he had to move for his own safety because of the cables that had fallen as a result of the accident and that were at the end of the block. Upon information and belief, this was a pretense, as this Defendant said nothing to the other onlookers.

22.     Mr. Marquisee continued to film during these conversations with the Defendants.

23.     Defendants tackled Mr. Marquisee to the ground without warning, using their combined strength to pin him down. Afraid that his camera, which he uses for his profession, would be damaged, Mr. Marquisee pleaded, "Don't make me drop my camera!" One of the officers yanked his camera out of his hand and turned it off.

- 4 -

24.     Frightened, Mr. Marquisee, a much smaller, older man than the officers, tensed up. Mr. Marquisee did not fight the officers or try to get away from them. Though Mr. Marquisee had not been charged with anything at this point or even told that he was under arrest, Defendants manipulated his arms and yelled to the onlookers, "Look – he's resisting arrest!"

25.     Defendants handcuffed Mr. Marquisee's hands behind his back so tightly that he had severe pain in his left arm. They put him in the back seat of the police car and drove him around the neighborhood for about 15 minutes before returning to the scene of the accident, where they got out of the car, and left him with the windows rolled up, in the stifling August heat. Mr. Marquisee remained locked alone in the car for about 20 minutes, during which time he thought he might die from the suffocating heat.

26.     Defendants then took Mr. Marquisee to the police station, where they handcuffed him to a bench for about two hours. Defendants charged him with disorderly conduct, allegedly in violation of 11 Del. C. § 1301(1)(e), for "unlawfully creat[ing] public annoyance by refusing to move along at the command of police ofcs," and resisting arrest, allegedly in violation of 11 Del. C. § 1257, for "unlawfully attempt[ing] to stop officers from placing him into handcuffs by tensing up and not placing his hands behind his back," though he had still not yet been told he was under arrest. Both citations were issued by the City of Wilmington and verified by Defendant Purner. The incident report filed thereafter by Defendant Purner was approved by Defendant Kurten.

27.     Upon information and belief, Defendants Purner, Colmery, and Cannon were all involved in the above-described actions, though Mr. Marquisee cannot at this time say which Defendants were involved in which portion.

28.     Mr. Marquisee retained legal counsel to challenge the two citations, incurring approximately $1000 in legal fees.

- 5 -

29.    Mr. Marquisee sought medical help and counseling. His doctor prescribed him Xanax for the anxiety and noted numbness and pain in his left arm. Mr. Marquisee's arm still bothers him sometimes, and he now experiences fright and panic when he sees police officers and police cars. His counselor has treated him for post-traumatic stress disorder.

30.    At his criminal trial on October 17, 2007, Mr. Marquisee was cleared of all the charges brought against him.

31.    Upon information and belief, there have been other incidents in the past several years in which members of the Wilmington Police Department have arbitrarily acted to deny citizens the free exercise of their First Amendment rights. For example, in 2003, several people were issued traffic tickets by Wilmington police officers for "excessive honking" for honking their horns in support of anti-war protestors. In late fall 2006, Wilmington police officers arrested a veteran in his eighties who had been peacefully protesting the treatment of veterans at the Veterans' Hospital in Elsmere, DE. He was charged with disorderly conduct. In early 2007, an anti-war protestor was cited by Wilmington police officers for disorderly conduct because he was carrying a sign with an expletive on it. In the spring of 2008, a pro-life protestor was threatened with arrest by Wilmington police officers for carrying signs deemed "offensive." This level of incidents appears inconsistent with adequate training and supervision with regard to First Amendment matters of public protest and behavior.

## COUNT ONE

### 42 U.S.C. § 1983 – Violation of Plaintiff's Rights Under the First, Fourth and Fourteenth Amendments of the United States Constitution
### (Against Defendants Purner, Colmery, Cannon, Kurten, Szczerba, and the City of Wilmington)

32. The allegations contained in the preceding paragraphs are incorporated by reference as if set forth fully herein.

33. Mr. Marquisee has a clearly established right under the First Amendment to videotape events in public, including police officers performing their public duties.

34. By forcing Mr. Marquisee to stop videotaping the public events on his street, Defendants Purner, Colmery, and Cannon unlawfully interfered with Mr. Marquisee's First Amendment right to observe and document public events.

35. Mr. Marquisee also has a clearly established right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of his person, a right that Defendants violated by arresting him without probable cause.

36. Furthermore, Mr. Marquisee has a clearly established right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive force against him.

37. Defendants Purner, Colmery, and Cannon acted intentionally, maliciously and/or in reckless disregard of Mr. Marquisee's clearly established rights, and acted in retaliation against him for the exercise of his clearly established rights.

38. Upon information and belief, Defendant Szczerba caused these constitutional violations through his deliberate indifference, in failing to properly train, supervise, and discipline police officers, including Defendants Purner, Colmery, Cannon, and Kurten, and maintaining an unconstitutional policy, custom, or practice of allowing officers to interfere with

- 7 -

or retaliate against people who seek to exercise their constitutionally protected right to observe and record public events.

39.    Defendant City of Wilmington is responsible for these constitutional violations because they were ratified by Defendant Szczerba in his capacity as Chief of Police of the Wilmington Police Department. Defendant City of Wilmington has caused these constitutional violations by maintaining, through Defendant Szczerba, unconstitutional policies, customs, or practices of failing to properly train, supervise, and discipline police officers, and of allowing officers to interfere with or retaliate against people who seek to exercise their constitutionally protected right to observe and record public events.

40.    Mr. Marquisee has been harmed by the deprivation of his constitutional rights by Defendants Purner, Colmery, Cannon, Kurten, Szczerba, and the City of Wilmington, and is entitled to redress for those violations.

## COUNT TWO

### Violation of Plaintiff's Rights Under Article I, Section 6 of the Delaware Constitution Arising From the August 26, 2006, Incident (Against Defendants Purner, Colmery, Cannon, Kurten, and Szczerba)

41.    The allegations contained in the preceding paragraphs are incorporated by reference as if set forth fully herein.

42.    The actions of the Defendants violated Mr. Marquisee's right to be free from unreasonable seizures in violation of Article I, Section 6 of the Delaware Constitution.

43.    Defendant Szczerba caused this violation of Mr. Marquisee's rights under Article I, Section 6 of the Delaware Constitution by failing to adequately train, supervise, and discipline the Officer Defendants, and by maintaining an unconstitutional policy, custom, or practice of

- 8 -

allowing officers to interfere with or retaliate against people who seek to exercise their constitutionally protected right to observe and record public events.

44.     Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a wanton negligence and disregard, or reckless indifference, to the right of Mr. Marquisee to be free from an unreasonable seizure.

45.     Mr. Marquisee was harmed by this unlawful seizure by Defendants, and, pursuant to Article I, Section 9 of the Delaware Constitution, is entitled to redress for that violation and for the harm done to him by Defendants' actions.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief on each count above:

> 1.     A declaration that Defendants' actions violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution; and Article I, Section 6 of the Delaware Constitution;
>
> 2.     Compensatory damages;
>
> 3.     Punitive damages;
>
> 4.     Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and
>
> 5.     Such other and further relief as this Court deems just.

Respectfully submitted,

Norman Monhait (No. 1040)
Rosenthal, Monhait & Goddess, P.A.
919 Market St., Ste. 1401
P.O. Box 1070
Wilmington, DE 19899
(302) 656-4433
nmonhait@rmgglaw.com

- 9 -

*/s/ Umbreen Bhatti*
Umbreen Bhatti (No. 5119)
American Civil Liberties Foundation of
Delaware
100 W. 10th St., Ste. 309
Wilmington, DE 19801
(302) 654-5326, ext. 103
ubhatti@aclu-de.org

Dated:  August 22, 2008

⊗JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARK MARQUISEE

**DEFENDANTS**   POLICE CHIEF MICHAEL SZCZERBA;
THE CITY OF WILMINGTON; SERGEANT MATTHEW W.KURTEN;
OFFICER PURNER; OFFICER COLMERY: and CORPORAL

**(b)**   County of Residence of First Listed Plaintiff   **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **New Castle**        **CANNON**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)
Norman M. Monhait, Esquire
Rosenthal Monhait & Goddess, P.A.
919 Market Street, Suite 1401, Wilmington,DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| &Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C.A. §1983

Brief description of cause:   To redress injuries for violation of First and
Fourteenth civil rights.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

See Douthwaite v. Szczerba, et al., also filed 8/22/08

JUDGE                                      DOCKET NUMBER

DATE
8/22/08

SIGNATURE OF ATTORNEY OF RECORD
Norman M. Monhait (No. 1040) 656-4433

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE